UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROSALINA AYUYU DALAL** | * | **CIVIL ACTION NO.:** _____ |
| And **CHRISTOPHER T. LEWIS** | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** _____ |
| | * | |
| **UNITED SPECIALTY INSURANCE** | * | |
| **COMPANY, ET AL.** | * | **MAGISTRATE:** _____ |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

**TO:** The Honorable Judges of the
United States District Court for the
Western District of Louisiana

Defendants, UNITED SPECIALTY INSURANCE COMPANY, ROSE LAND DEVELOPMENT LLC and WILLIAM J. PORTER, II, files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby remove this matter from the Docket of the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, to the docket of this Honorable Court. Further, Defendants Eugene Bargeman and Technology Insurance Company consent to this removal.

In support hereof, Defendants show as follows:

**Factual Background**

**I.**

On January 30, 2019, Petitioners, Rosalina Ayuyu Dalal and Christopher T. Lewis, filed this lawsuit against Defendants, United Specialty Insurance Company, Rose Land Development, LLC and William J. Porter, II in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, bearing Case No. 2019-531 "D" and entitled *"Rosalina Dalal, et al. versus United*

*Specialty Insurance Company, et al."* All Defendants originally named are not citizens of this State. Then, on March 12, 2019, an amended Petition was filed, seeking to add Eugene V. Bargeman, a Louisiana resident, as a defendant. *See Exhibit "A" – State court record (pp. 1-45 attached to first removal; remaining documents contained within Exhibit "A" comprise state court filings since remand, except for Plaintiffs' Motion to Delay Bargeman's Motion for Summary Judgment, etc., and Defendants' Stipulation to Liability which were not yet contained within the state court's database, and which are attached hereto as Exhibits "B" – State court docket sheet, "C" – Stipulation of Liability and "D" – Plaintiffs' Motion served upon these defendants January 28, 2020)..*

## II.

The claim arises from a motor vehicle accident which occurred February 28, 2018 involving three (3) vehicles being operated by Rosalina Dalal, Eugene Bargeman and William Porter, II, respectively. Plaintiffs' vehicle had come to a complete stop at a red traffic light on Nelson Road near the intersection with Woodland Drive in Lake Charles, Louisiana. Mr. Bargeman's vehicle had also come to a complete stop about eight (8) feet behind Plaintiffs' vehicle. Mr. Porter was operating a 2000 Peterbilt 379 truck bearing Mississippi license plate number A431603, hauling a 2009 FO Trailer, bearing Mississippi license plate number 315921 (2018), and collided with the rear of Mr. Bargeman's vehicle, propelling his vehicle into the rear of the Plaintiffs' vehicle. Plaintiffs testified they felt only one impact, which was the impact caused by Mr. Porter pushing Mr. Bargeman's vehicle into the rear of Plaintiffs' vehicle.

## III.

The suit was initially removed March 13, 2019, but later remanded on after the Court conducted a summary review and ruled that under Louisiana state law, the driver of a motor vehicle which rear-ends another motor vehicle is presumed negligent. The Court accepted all

well pleaded facts as true, and ruled Plaintiffs stated a cause of action against Bargeman. The Court further noted that Bargeman had not rebutted the presumption of negligence by showing he kept his vehicle under control, closely observed the forward vehicle, and followed it at a safe distance under the circumstances.

IV.

Since that remand, Bargeman's deposition has been taken, and a dispositive motion has been filed on his behalf. Bargeman has rebutted the presumption of negligence in his pleadings and deposition. Further Plaintiffs' testified they only felt one impact, as opposed to two, which would have occurred if Bargeman had collided with the rear of Plaintiffs' vehicle independent of and before Porter collided with the rear of Bargeman's vehicle. This filing is part of the state court record attached hereto.

V.

At the time of the aforesaid accident, William J. Porter, II was in the course and scope of his employment with Rose Land Development LLC, and was insured under United Specialty Insurance Company Policy No. RWD-MS7007130 issued in favor of Rose Land Development LLC, which was in effect on the date of the incident sued upon herein. Defendants have stipulated to liability, which stipulation was fax-filed with the Calcasieu Parish Clerk of Court's office on January 30, 2020. Inasmuch as it is not yet been imaged or available within the Clerk's database, a copy of same is attached as *Exhibit "C"*.

VI.

Plaintiff, Rosalina Ayuyu Dalal, alleges she suffered injury to her head, neck, back and other parts of her mind and body as a result of the incident described above, and seeks to recover damages for medical expense, hospital expense, related expenses, loss of earning capacity, loss of ability to be

gainfully employed, disability, loss of capacity to enjoy life, and past, present and future mental and psychological pain and anguish. This amount presumably exceeds $75,000, as indicated by Plaintiff's counsel who was not willing to sign a Stipulation otherwise.

**VII.**

Plaintiff, Christopher T. Lewis, alleges he suffered injury to his head, cervical, lumbar, left hip and right foot, and other parts of his mind of body, and seeks to recover damages for medical expense, hospital expense, related expenses, loss of earning capacity, loss of ability to be gainfully employed, disability, loss of capacity to enjoy life, and past, present and future mental and psychological pain and anguish.  This amount presumably exceeds $75,000, as indicated by Plaintiff's counsel who was not willing to sign a Stipulation otherwise.

**Statutory Basis for Removal – Diversity Jurisdiction**

**VIII.**

Removal is proper because this Court has jurisdiction pursuant to 28 U.S.C. § 1332. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states. . . ."

**Amount In Controversy**

**IX.**

Defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs; however, a defendant is not required "to prove to a legal certainty" that the plaintiff will recover more than the jurisdictional amount. In these

proceedings, Plaintiffs' counsel has indicated Plaintiffs' damages exceed $75,000, exclusive of interest and costs, and refused to Stipulate damages were below that amount.

**X.**

Once the defendant has met its burden of proving that the claim, more likely than not, exceeds $75,000.00, the plaintiff can only defeat removal by proving "to a legal certainty" that the claim will not exceed $75,000.00.

**XI.**

Removal is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

**Diversity**

**XII.**

Removal is proper because there is complete diversity between Plaintiffs (Louisiana citizens) and Defendants, UNITED SPECIALTY INSURANCE COMPANY, ROSE LAND DEVELOPMENT, LLC and WILLIAM J. PORTER, II, and there is no possibility of recovery against the sole in-state defendant

1. Plaintiffs are residents and citizens of the State of Louisiana, as indicated in their Petition.

2. Defendant, United Specialty Insurance Company, is a corporation organized under the laws of the State of Delaware, and domiciled in Dover, Delaware. Thus, United Specialty Insurance Company is a citizen of the State of Delaware.

3. Defendant, Rose Land Development, LLC, is a Mississippi corporation domiciled in Newton, Mississippi. Thus, Rose Land Development, LLC is a citizen of the State of Mississippi.

4. Defendant, William J. Porter, II, is a resident and citizen of the State of Mississippi.

### XIII.

A defendant can establish improper joinder by "demonstrat[ing] that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Davidson v. Ga.-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

### XIV.

Given the facts as alleged, there is no reasonable basis to predict that Bargeman will bear any liability in these proceedings.  Further, the police investigation found Bargeman was stopped prior to impact, and placed no blame or fault on him.  Still further, the deposition testimony quoted and cited in Bargeman's Motion for Summary Judgment make it clear there was only one impact, that Bargeman was eight (8) feet behind Plaintiffs' vehicle, and that Porter collided with the rear of Bargeman's vehicle which was propelled into the rear of the Plaintiffs' vehicle.  Finally, a Stipulation of Liability has been filed which establishes that William Porter alone was at fault in causing this accident.  Hence, the joinder of Bargeman (the sole local defendant) as a defendant was improper and his citizenship should be disregarded in this analysis.

**<u>Procedural Requirements For Removal</u>**

### XV.

The above captioned civil action is therefore removable to this United States District Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446.

**XVI.**

Copies of all pleadings, process, orders, and other filings in the state court suit are attached to this notice as required by 28 U.S.C. §1446(a).

**XVII.**

Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

**XVIII.**

All parties have been served, filed responsive pleadings, and co-defendants Eugene Bargeman and Technology Insurance Company consent in the filing of this removal.

**XIX.**

Further, there are motions pending: (1) Motion for Summary Judgment by E. Bargeman, et al.; (2) Motion to Delay Scheduling E. Bargeman and Technology Insurance Company's Motion for Summary Judgment, and to compel deposition of William Porter filed by Plaintiffs. Note, undersigned counsel has been communicative with Plaintiffs' counsel regarding the scheduling of the deposition of William Porter, advising he resides out of state and is working in Oklahoma. Despite the Certificate of Service on said Motion filed by Plaintiffs, undersigned counsel was not served via email on January 10, 2020, but rather was served via email January 27, 2020 and in person January 28, 2020. Both motions were set for hearing February 26, 2020 in state court prior to this removal.

**XX.**

This action is removable under and by virtue of the acts of Congress of the United States and defendant desires to remove it to this Court.

**XXI.**

Accordingly, Defendants, United Specialty Insurance Company, Rose Land Development LLC and William J. Porter IIrequests that the above-captioned action be removed to this Court, the United States District Court for the Western District of Louisiana, in accordance with the provisions of 28 U.S.C. § 1441, *et seq*.

**XXII.**

This Removal is made within one year of the filing of Plaintiffs' Petition for Damages, and is therefore timely pursuant to 28 U.S.C. § 1446(c)(1).

**XXIII.**

All defendants consent to the removal of this case to federal court.

**XXIV.**

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE,** defendants, United Specialty Insurance Company, Rose Land Development, LLC and William J. Porter, II, pray that the above numbered and entitled cause of action on the docket of the 14th Judicial District Court for the Parish of Lake Charles, State of Louisiana, be removed from said court to the docket of the United States District Court for the Western District of Louisiana, and for all other general and equitable relief.

BY:   /s Jean Ann Billeaud
JEAN ANN BILLEAUD (#24756)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
100 East Vermilion Street, Ste. 300
Lafayette, Louisiana  70501
Telephone: 337-326-5777
Facsimile: 337-504-3341
E-mail:   Jean.Billeaud@lewisbrisbois.com
*Counsel for Defendants, United Specialty Insurance Company, Rose Land Development, LLC and William J. Porter, II*

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that a copy of the foregoing Notice of Removal has been emailed and placed in the United States mail, with proper and sufficient postage affixed, addressed to:

| | |
|---|---|
| **Rosalina Ayuyu Dalal**<br>**And Christopher T. Lewis**<br>*Through counsel of record:*<br>Mark A. Delphin<br>Arthur J. O'Keefe<br>Delphin Law Offices<br>626 Broad Street<br>Lake Charles, LA  70601<br>(337) 439-3939 – Telephone<br>(337) 439-4504 – Facsimile<br>arthur@delphinlaw.com<br>markdelphin@delphinlaw.com<br>paralegal@delphinlaw.com | **Eugene Bargeman and**<br>**Technology Insurance Company**<br>*Through counsel of record:*<br>Lottie L. Bash<br>Faircloth Melton Sobel & Bash, LLC<br>105 Yorktown Drive<br>Alexandria, LA  71303<br>(318) 619-7755 -- Telephone<br>(318) 619-7744 -- Facsimile<br>LBash@fairclothlaw.com |

I hereby further certify that a copy of the foregoing Notice of Removal has also been sent via facsimile to:

**Honorable H. Lynn Jones, II**
Calcasieu Parish Clerk of Court Office
1000 Ryan Street
Lake Charles, LA  70601
(337) 437-3206 -- Facsimile

for filing in the state court action entitled:  *"Rosalina Dalal, et al. v. United Specialty Insurance, et al.* bearing Docket No. 2019-531, on the docket of the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.

Lafayette, Louisiana, this 30th day of January, 2020.

                                                /s Jean Ann Billeaud
                                              JEAN ANN BILLEAUD