FILED **JAN 3 0 2019**

**JUDICIAL DISTRICT COURT**

**VERSUS**

Kandi Madhews

DOCKET NUMBER 209-531 Div. P

**PARISH, LOUISIANA**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## In Forma Pauperis Affidavit

### All questions must be answered in full.

<u>Note:</u> Questions 2 and 3 should not be filled in if you are seeking protection from abuse.

1. Your Full Name: Christopher T. Lewis

   Social Security Number (Optional): _____  Date of Birth: _____

   Age: 27                                         Sex: M

2. Address: 241 Country Club Rd, Lot 5, Lake Charles, LA  70605
   (Box Number or Street Address)          (City and State)        (Zip Code)
   (See Note above)

3. Telephone Number(s): (HOME) _____  (WORK) Cell (337) 802-2489
   (See Note above)

4. Are you a Student? ☐ YES ☑ NO  If yes, please indicate the name of the school you
   are attending: _____  Enrollment Status: _____

5. **Current Household:**
   Single: ☑  Married: ☐  Separated: ☐  Divorced: ☐  Widowed: ☐  Intimate partner: ☐
   How many children do you support who are under 18? _____ No
   How many children live with you? 0  Do you have any other dependents? _____
   State the Name, Age and Relationship to you of the children and dependents:

   | NAME | AGE | RELATIONSHIP |
   |------|-----|--------------|
   |      |     |              |
   |      |     |              |
   |      |     |              |
   |      |     |              |

6. **What is your current Occupation?** Disabled None  Are you employed? ☐ YES ☑ NO
   (If yes, please complete the following **Employer Information**)
   Name of Employer: _____
   Address: _____
   (Street Address)        (City and State)        (Zip Code)
   Telephone Number: _____  How long have you been employed? _____

   (If you are not employed, please provide information of your **last employer**)
   Name of last employer: _____
   Address: _____
   (Street Address)        (City and State)        (Zip Code)
   How long have you been unemployed? 18 months
   What were your monthly wages? $1,250

7. **Gross Income:** (a) State your gross earned income from wages and how you are paid:
   Weekly? ☐  Bi-Weekly? ☑  Monthly? ☐        Amount/month $ 625 × 2

   (b) Apart from income or support listed in response to question 8(b) below, how much other
   income do you receive on a monthly basis?                    $ _____

   (c) Monthly Deductions: Federal Income Tax: $_____  FICA: $_____     $ _____

   (d) Other deductions: (explain) _____

   **TOTAL NET MONTHLY INCOME: (Add question 7 (a) + (b) less (c))** Disabled $ 0

Filing Date: 01/30/2019 12:00 AM
Case Number: 2019-000531
Document Name: FILE PAUPER FACTS
Page Count: 4


EXHIBIT
"A"

**8(a).** If you are married and live with a spouse, please answer:
Is your spouse employed? _____ What is the occupation of your spouse? _N/A_
Is your spouse paid Weekly?☐ Bi-Weekly?☐ Monthly?☐ Amount/month $ _____
Name of spouse's employer: _____
Address: _____

| (Street Address) | (City and State) | (Zip Code) |

Telephone Number: _____ How long has spouse been employed? _____

**8(b).** Do you or your spouse receive any of the following income or support? ☐YES ☐NO
If yes, state the monthly amount. SSI: $ _____ Disability: $ _____
Worker's Comp: $ _____ Unemployment Benefits: $ _____
Food Stamps: $ _____ TANF: $ _____ Child Support: $ _____ _N/A_
Spousal Support: $ _____ Kinship Care Subsidy Grant: $ _____ Other: $ _____

If you are a client of a legal services program funded by the Legal Service Corporation or a
Pro Bono Project that receives referrals from a legal services program and have a
combined income from questions 7 and 8 that is less than or equal to 125% of the federal
poverty level, skip all parts of question 9, and continue with question 10 on the next page.

**9.** Do you own or have an interest in any of the following? (Including community property)
**A.**

| | VALUE OF INTEREST | BALANCE OWED |
|---|---|---|
| HOUSE | $ 0 | $ |
| AUTOMOBILE | $ 0 | $ |
| TRUCK | $ 0 | $ |
| WATERCRAFT | $ 0 | $ |
| LIVESTOCK | $ 0 | $ |
| MACHINERY | $ 0 | $ |
| STOCK | $ 0 | |
| BONDS | $ 0 | |
| CERTIFICATES OF DEPOSIT | $ 0 | |
| OTHER IMMOVABLE PROPERTY | Equity $ 0 | Debt $ |

DO YOU HAVE A BANK ACCOUNT(S)? ☐YES ☑NO Amount in account(s): $ 4.70
☐CHECKING ☐SAVINGS Name and Location of Bank: _Walmart Prepaid Card / Lake Charles_
**TOTAL VALUE OF ASSETS:** $ _0_

**B. i.** List your Monthly Expenses:

| | | |
|---|---|---|
| Rent: $ | Cable: $ 122.50 | Car Note: $ |
| Lot Rent: $ 225 | Garbage: $ | Car Insurance: $ |
| House Note: $ | Medical Insurance: $ | Transportation: $ |
| House Insurance: $ | Medical Expenses: $ | Food: $ 150 |
| Gas: $ 70 | Dental Expenses: $ | Barber/ Beauty: $ |
| Electricity: $ 129.83 | Prescriptions: $ | Entertainment: $ |
| Water: $ | Life Insurance: $ | Grooming Supplies: $ |
| Telephone: $ 128.00 | Daycare: $ | Garnishment: $ |
| Property Taxes: $ | Child Support: $ | Other: $ |

Total Amount of section i: $ 700.00

**ii. Credit cards:** (List type of card and monthly payment)

| Card Name | Monthly Payment |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |

Total Amount of section ii: $ _____

**iii. Financial Loans:** (List the financial institution and your monthly payment)

| Financial Name | Monthly Payment |
|---|---|
| | |
| | |

Total Amount of section iii: $ _____

**TOTAL MONTHLY EXPENSES:** (Add 9B (i+ii+iii) =Total Monthly Expenses) $ _____

10. Does anyone regularly help you pay your expenses? ☑ YES ☐ NO
(a) If yes, state that person's name and relationship to you.
Name: _Rosalin A. Dalal_ Relationship: _Mother_
(b). Do you have any additional income or assets that are not shown above? ☐ YES ☐ NO
If you answered yes to either (a) or (b), please explain:
_I share my expenses with my mother Rosalin Dalal_
_who is also disabled. I have been paying most of my_
_expenses through loans_

11. If you have an attorney, what arrangements have you made to pay your attorney's fee?
What amount, if any, have you paid? (You are required to answer fully.)
_Contingent fee_

12. Has your attorney or the Notary Public told you that you may go to jail if you
intentionally give a false answer to any of the above questions? ☑ YES ☐ NO

## MOVER'S AFFIDAVIT

STATE OF LOUISIANA
PARISH OF _Calcasieu_

BEFORE ME the undersigned authority personally came and appeared:
_Rosalind Dalal_

who, after being duly sworn, deposed and said:

1. He/She provided the information above; that the information is furnished to the court for
the purpose of requesting permission to litigate the above captioned lawsuit without
paying the costs in advance or as they accrue or furnishing security therefor.

2. That the above information is a true and correct statement of his/her financial condition.

3. That the pleading and all allegations of fact therein are true and correct; and that
because of his/her poverty and want of means, he/she is unable to pay the costs of court
in advance or as they accrue, nor is he/she able to provide security therefor.

4. He/She has read and understands the privilege contained in the notice below.

## NOTICE

Although you may be granted the privilege of proceeding without prepayment of costs,
**SHOULD JUDGMENT BE RENDERED AGAINST YOU, YOUR STATUS AS A
PAUPER DOES NOT RELIEVE YOU OF THE OBLIGATION TO PAY THESE COSTS.**

The privilege to proceed *IN FORMA PAUPERIS* is restricted to litigants who are clearly
entitled to do so, with due regard to the nature of the proceeding, the court costs which otherwise
would have to be paid, and the ability of the litigant to pay them or to furnish security therefor,
so that the indiscriminate filing of lawsuits may be discouraged, without depriving a litigant of
the benefit of proceeding *in forma pauperis* if he/she is entitled to do so.

_Chandra Fox_
Mover's Signature

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in _Lulu Childs_
Louisiana, this _17_ day of _July_, 200 _9_ .

NOTARY PUBLIC

# THIRD PARTY AFFIDAVIT

STATE OF LOUISIANA
PARISH OF ___Calcum___

    **BEFORE ME,** personally came and appeared: ___Bernling DW___
who, after being sworn, deposed and said that he/she knows ___Christopher Lui___
well and that he/she knows that because of his/her poverty and want of means, he/she is unable
to pay the costs of court in advance or as they accrue, nor is he/she able to provide bond therefor.

                                     _____
                                       Signature of Witness

    SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in ___Lulu Charly___
Louisiana, this 1 day of ___Janu___, 2009.

                           NOTARY PUBLIC

## LEGAL SERVICE PROGRAMS' DECLARATION

    **I ATTEST** that I am a duly authorized representative of a Legal Services Program funded
by the Legal Service Corporation or a Pro Bono Project that receives referrals from one of these
Legal Service Programs, and that _____ has produced evidence
that he/she receives public assistance benefits, or that he/she has qualified to receive free legal
services based on his/her income being less than or equal to 125% of the federal poverty level
and therefore is entitled to a rebuttable presumption that he/she is entitled to the privilege of
litigating without prior payment of costs.

                           _____
                           Legal Services Program or Pro Bono Project Representative

## ORDER

    **Considering the foregoing Pleading and Affidavits:**
let ___Christopher T. Lewis___ prosecute or defend this litigation in accordance with
Louisiana Code of Civil Procedure, Article 5181, et. seq., without paying the costs in advance or
as they accrue or furnishing security therefor.

    **THUS, READ AND SIGNED,** this 20 day of ___January___, 2009, in
___Lake Charles___, Louisiana.

                         _____
                           DISTRICT JUDGE
                      **Sharon Darville Wilson**

JAN 3 0 2019      _____ JUDICIAL DISTRICT COURT

**VERSUS** *Kandi Matthews*

DOCKET NUMBER _2019 53/_ Div. _D_

_____ PARISH, LOUISIANA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### In Forma Pauperis Affidavit

#### All questions must be answered in full.

**Note:** Questions 2 and 3 should not be filled in if you are seeking protection from abuse.

1. Your Full Name: _Rosalina A. Dalal_

   Social Security Number (Optional): _____ Date of Birth: _____

   Age: _58_          Sex: _F_

2. Address: _2141 Country Club Rd, Lot 5, Lake Charles, LA 70605_
   (Box Number or Street Address)      (City and State)      (Zip Code)
   (See Note above)

3. Telephone Number(s): (HOME) _(337)602-2841_ _cell_ (WORK) _(337)802-4528_
   (See Note above)

4. Are you a Student? ☐ YES ☑ NO  If yes, please indicate the name of the school you
   are attending: _____      Enrollment Status: _____

5. Current Household:
   Single ☐ Married ☐ Separated ☑ Divorced ☐ Widowed ☐ Intimate partner ☐
   How many children do you support who are under 18? _0_
   How many children live with you? _1_  Do you have any other dependents? _0_
   State the Name, Age and Relationship to you of the children and dependents:

   | NAME | AGE | RELATIONSHIP |
   |---|---|---|
   | Christopher T. Lewis | 27 | Son |
   |  |  |  |
   |  |  |  |
   |  |  |  |

   What is your current Occupation? _Disable_ Are you employed? ☐ YES ☑ NO
   (If yes, please complete the following **Employer Information**)
   Name of Employer: _____
   Address: _____
        (Street Address)      (City and State)      (Zip Code)
   Telephone Number: _____ How long have you been employed? _____

   (If you are not employed, please provide information of your last employer)
   Name of last employer: _____
   Address: _____
        (Street Address)      (City and State)      (Zip Code)
   How long have you been unemployed? _16 years_
   What were your monthly wages? _$2,100_ _0_

   **Gross Income:** (a) State your gross earned income from wages and how you are paid:
   Weekly ☑ Bi-Weekly? ☐ Monthly? ☐      Amount/month $_____ _0_

   (b) Apart from income or support listed in response to question 8(b) below, how much other
   income do you receive on a monthly basis?      $ _0_

   (c) Monthly Deductions: Federal Income Tax: $ _____ FICA: $ _____      $ _____

   (d) Other deductions: (explain) _____

   **TOTAL NET MONTHLY INCOME:** (Add question 7 (a) + (b) less (c))      $ _0_

C M S D
Filing Date: 01/30/2019 12:00 AM
Case Number: 20190005314
Document Name: FILE PAUPER F&CTN
Page Count: 4

**8(a).** If you are married and live with a spouse, please answer:

Is your spouse employed? _N/O_ What is the occupation of your spouse? _N/A_

Is your spouse paid Weekly?☐ Bi-Weekly?☐ Monthly?☐ Amount/month $_____

Name of spouse's employer: _____

Address: _____

     (Street Address)     (City and State)     (Zip Code)

Telephone Number: _____ How long has your spouse been employed? _____

**8(b).** Do you or your spouse receive any of the following income or support? ☐YES ☐NO

If yes, state the monthly amount. SSI: $_770.00_ Disability: $_____

Worker's Comp: $_____ Unemployment Benefits: $_____

Food Stamps: $_____ TANF: $_____ Child Support: $_____

Spousal Support: $_____ Kinship Care Subsidy Grant: $_____ Other: $_____

If you are a client of a legal services program funded by the Legal Service Corporation or a Pro Bono Project that receives referrals from a legal services program and have a combined income from questions 7 and 8 that is less than or equal to 125% of the federal poverty level, skip all parts of question 9, and continue with question 10 on the next page.

**9.** Do you own or have an interest in any of the following? (Including community property)

**A.**

| | VALUE OF INTEREST | BALANCE OWED |
|---|---|---|
| HOUSE | $ | $ |
| AUTOMOBILE | $ Approximately 15,000 | $ Approximately 15,000 |
| TRUCK | $ | $ Capital One Finance Bank |
| WATERCRAFT | $ | $ |
| LIVESTOCK | $ | $ |
| MACHINERY | $ | $ |
| STOCK | $ | |
| BONDS | $ | |
| CERTIFICATES OF DEPOSIT | $ | |
| OTHER IMMOVABLE PROPERTY | Equity $ | Debt $ |

DO YOU HAVE A BANK ACCOUNT(S)?☑YES ☐NO Amount in account(s): $_100.00_

☑CHECKING ☐SAVINGS Name and Location of Bank: _Regions/Lafayette, La_

**TOTAL VALUE OF ASSETS:** $ _0_

**B. i. List your Monthly Expenses:** _Most expenses shared with my son._

| | | |
|---|---|---|
| Rent: $ | Cable: $ | Car Note: $ 473.00 |
| Lot Rent: $ | Garbage: $ | Car Insurance: $ 183.00 |
| House Note: $ | Medical Insurance: $ | Transportation: $ |
| House Insurance: $ | Medical Expenses: $ | Food: $ 200.00 |
| Gas: $ | Dental Expenses: $ | Barber/ Beauty: $ 30.00 |
| Electricity: $ | Prescriptions: $ | Entertainment: $ 10.00 |
| Water: $ | Life Insurance: $ | Grooming Supplies: $ |
| Telephone: $ | Daycare: $ | Garnishment: $ |
| Property Taxes: $ | Child Support: $ | Other: $ |

**Total Amount of section i:** $ _896.00_

**ii. Credit cards:** (List type of card and monthly payment)

| Card Name | Monthly Payment |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |

**Total Amount of section ii:** $_____

**iii. Financial Loans:** (List the financial institution and your monthly payment)

| Financial Name | Monthly Payment |
|---|---|
| | |
| | |
| | |

**Total Amount of section iii:** $_____

**TOTAL MONTHLY EXPENSES:** (Add 9B (i+ii+iii) =Total Monthly Expenses) $_____

10. Does anyone regularly help you pay your expenses? ☒ YES ☐ NO

(a) If yes, state that person's name and relationship to you.
Name: _Christopher T. Lewis_    Relationship: _Son_

(b). Do you have any additional income or assets that are not shown above? ☐ YES ☒ NO
If you answered yes to either (a) or (b), please explain:

_____

_____

11. If you have an attorney, what arrangements have you made to pay your attorney's fee? What amount, if any, have you paid? (You are required to answer fully.)
_Contingent fee_

12. Has your attorney or the Notary Public told you that you may go to jail if you intentionally give a false answer to any of the above questions? ☒ YES ☐ NO

## MOVER'S AFFIDAVIT

STATE OF LOUISIANA
PARISH OF ___Calcasieu___

    BEFORE ME the undersigned authority personally came and appeared:
_Rosalind Bedel_

who, after being duly sworn, deposed and said:

1. He/She provided the information above; that the information is furnished to the court for the purpose of requesting permission to litigate the above captioned lawsuit without paying the costs in advance or as they accrue or furnishing security therefor.

2. That the above information is a true and correct statement of his/her financial condition.

3. That the pleading and all allegations of fact therein are true and correct; and that because of his/her poverty and want of means, he/she is unable to pay the costs of court in advance or as they accrue, nor is he/she able to provide security therefor.

4. He/She has read and understands the privilege contained in the notice below.

## NOTICE

Although you may be granted the privilege of proceeding without prepayment of costs, **SHOULD JUDGMENT BE RENDERED AGAINST YOU, YOUR STATUS AS A PAUPER DOES NOT RELIEVE YOU OF THE OBLIGATION TO PAY THESE COSTS.**

The privilege to proceed *IN FORMA PAUPERIS* is restricted to litigants who are clearly entitled to do so, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or to furnish security therefor, so that the indiscriminate filing of lawsuits may be discouraged, without depriving a litigant of the benefit of proceeding *in forma pauperis* if he/she is entitled to do so.

_____
Mover's Signature

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in ___Lulu Chuh___
Louisiana, this _17_ day of ___Jan___, 200_9_.

_____
NOTARY PUBLIC

# THIRD PARTY AFFIDAVIT

STATE OF LOUISIANA
PARISH OF _____ Calcasieu _____

**BEFORE ME,** personally came and appeared: _____ Rosalyn Dudel _____
who, after being sworn, deposed and said that he/she knows _____ Rosalyn Dudel _____
well and that he/she knows that because of his/her poverty and want of means, he/she is unable
to pay the costs of court in advance or as they accrue, nor is he/she able to provide bond therefor.

_____
Signature of Witness

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in _____ Lake Charles _____
Louisiana, this 17 day of _____ Jan _____ , 200 9 .

_____
NOTARY PUBLIC

## LEGAL SERVICE PROGRAMS' DECLARATION

**I ATTEST** that I am a duly authorized representative of a Legal Services Program funded
by the Legal Service Corporation or a Pro Bono Project that receives referrals from one of these
Legal Service Programs, and that _____ has produced evidence
that he/she receives public assistance benefits, or that he/she has qualified to receive free legal
services based on his/her income being less than or equal to 125% of the federal poverty level
and therefore is entitled to a rebuttable presumption that he/she is entitled to the privilege of
litigating without prior payment of costs.

_____
Legal Services Program or Pro Bono Project Representative

## ORDER

Considering the foregoing Pleading and Affidavits:
let _____ Rosalina A. Dalal _____ prosecute or defend this litigation in accordance with
Louisiana Code of Civil Procedure, Article 5181, et, seq., without paying the costs in advance or
as they accrue or furnishing security therefor.

**THUS, READ AND SIGNED,** this 30th day of January , 200 9 , in
Lake Charles , Louisiana.

_____
DISTRICT JUDGE
**Sharon Darville Wilson**

ROSALINA AYUYU DALAL AND     :     14TH JUDICIAL DISTRICT COURT
CHRISTOPHER T. LEWIS

VS. NO. ___2019-531 D___     :     PARISH OF CALCASIEU

UNITED SPECIALTY
INSURANCE COMPANY,     :     STATE OF LOUISIANA
ROSE LAND DEVELOPMENT,
L.L.C. and WILLIAM J. PORTER, II

FILED:___JAN 3 0 2019___     :     *Kandi Matthews*
                                          DEPUTY CLERK OF COURT

SCANNED
FEB -7 2019

### PETITION FOR DAMAGES

The petition of ROSALINA AYUYU DALAL and CHRISTOPHER T. LEWIS, persons of the full age of majority, domiciled and residing in the Parish of Calcasieu, State of Louisiana, with respect represents that: the below allegations are made upon information and belief (unless the context indicates otherwise), are set out in the following non-exclusive particulars which, if inconsistent, are pled in the alternative, and petitioners do hereby plead the doctrine of strict liability, res ipsa loquitur, negligence, last clear chance, and all other theories of recovery as appropriate under the circumstances, including any aggravation of a pre-existing condition:

I.

Made defendant herein is UNITED SPECIALTY INSURANCE COMPANY, a corporation, limited liability company and/or other legal entity, authorized to do and doing business in the State of Louisiana, which may be served through the Louisiana Secretary of State, 8585 Archives Blvd., Baton Rouge, Louisiana 70809.

II.

Made defendant herein is ROSE LAND DEVELOPMENT, L.L.C., a corporation, duly authorized to and doing business in the State of Louisiana, which may be served via Long Arm Statute through its registered agent for the service of legal process, Robert M. Logan, 205 E. Church Street, Newton, MS 39345.

III.

Made defendant herein is WILLIAM J. PORTER , II, a person of the full age of majority, domiciled and residing in the City of Hickory, in the State of Mississippi, who may be served via Long Arm Statute at 3201 Albo Stamper Road, Conehatta, MS 39057.

IV.



Filing Date: 01/30/2019 12:00 AM          Page Count: 6
Case Number 2019-002531
Document Name: PETITION

PROCESSED
Date:___2-6-19___

This is a civil action to recover all damages sustained by your petitioners for personal injuries and other losses and damages against the above named defendants, UNITED SPECIALTY INSURANCE COMPANY, ROSE LAND DEVELOPMENT, L.L.C. and WILLIAM J. PORTER, II (sometimes hereinafter referred to collectively as "defendants"), each of whom are liable jointly, severally and *in solido* unto your petitioners in a sum of damages as is reasonable in the premises, together with legal interest thereon from and after the date of judicial demand, until paid, for all costs of these proceedings, and for all general and equitable relief, for the following, to-wit:

V.

On or about February 28, 2018, petitioner Rosalina Ayuyu Dalal was driving her 2016 Kia Forte northbound on Nelson Road in the City of Lake Charles, Louisiana. Petitioner Christopher T. Lewis was guest passenger in Ms. Dalal's car. As a result of traffic congestion, Ms. Dalal was required to, and did, bring her car safely to a complete stop. Eugene Bargeman was driving a 2018 Nissan Murano behind the Ms. Dalal. After Ms. Dalal came to a complete stop, Mr. Bargemen similarly brought his vehicle safely to a complete stop. Defendant, William J. Porter, II was operating a 2000 Peterbilt 379 truck hauling a 2018 FO trailer behind Mr. Bargemen. Although Mr. Bargeman slowed and brought his vehicle safely to a complete stop, Mr. Porter did not slow appropriately and did not stop. Instead, William J. Porter, II rammed his Peterbilt truck into the rear of the stopped Bargeman vehicle causing the Bargeman vehicle to be propelled into the rear of the Ms. Dalal's vehicle. As a result this collision, petitioners, Rosalina Ayuyu Dalal and Christopher T. Lewis, suffered personal injuries and other damages.

VI.

At the time of the collision identified in paragraph V. above, defendant William J. Porter, II, was operating the 2000 Peterbilt 379 truck with the knowledge, consent and permission of, and in the course and scope of his employment with, defendant, Rose Land Development, L.L.C. Rose Land Development, L.L.C. is vicariously responsible for the negligence of defendant, William J. Porter, II, under the Louisiana Civil Code and the legal doctrine of *respondeat superior*.

VII.

At all material times herein, there existed a contract and/or contracts of insurance between William J. Porter, II and United Specialty Insurance Company and/or a contract and/or contracts of insurance between Rose Land Development, L.L.C. and United Specialty Insurance Company

and/or another contract or contracts, the provisions of which make defendant, United Specialty Insurance Company liable for damages, losses, injuries and expenses suffered by the Rosalina Ayuyu Dalal and Christopher T. Lewis and made the basis of this lawsuit.

## VIII.

The sole and proximate cause of the rear end collision made the basis of this suit was the individual and/or joint and/or concurrent negligence and/or fault and/or want of care and/or strict liability of defendants, William J. Porter, II. Defendant's negligence, fault, want of care and strict liability are imputed to defendant's employer, and Rose Land Development, L.L.C., and to the insurance carrier, United Specialty Insurance Company. Defendant's tortuous conduct consists of one or more of the following acts and/or omissions which are illustrative and not exclusive and which, if inconsistent, are pled in the alternative:

    a.    He rear ended a vehicle ahead.

    b.    He failed to pay attention to traffic ahead and/or keep a good and proper lookout;

    c.    He failed maintain control over his truck;

    d.    He was following too closely;

    e.    He was driving in a careless manner;

    f.    He failed to slow and/or apply his brakes in time;

    g.    He was traveling too fast under the circumstances;

    h.    He failed to see what he should have seen or do what he should have done;

    i.    He failed to act like a reasonably prudent person under the circumstances;

    j.    He failed to avoid an automobile collision;

    k.    Any and all other acts and/or omissions constituting negligence and/or fault and/or want of care and/or strict liability which are proven at the time of trial.

All of which said acts and omissions are in direct violation of the traffic laws and ordinances of the City of Lake Charles, the Parish of Calcasieu and the State of Louisiana, which said laws, ordinances and statutes are pled herein as if copied *in extenso*.

## XI.

Petitioner, Rosalina Ayuyu Dalal, alleges that the full extent of her injuries are unknown at this time and that as a result of the above described collision and defendants' negligence and/or fault and/or want of care and/or strict liability, Rosalina Ayuyu Dalal suffered, is suffering and will

continue to suffer from pain in her head, neck and back and other parts of her mind and body, all of which injuries have necessitated petitioner to undergo medical treatment. Furthermore, by reason of the said injuries, Rosalina Ayuyu Dalal suffered and will continue to suffer physical and mental pain and anguish and has incurred and will continue to incur expenses and bills for medical attention including, but not limited to hospital bill, medical clinic bills, physician bills, fees for diagnostic testing, expenses for transportation to and from physicians' offices and other medical facilities, and other medical and medically related expenses. Petitioner has also suffered and will continue to suffer a loss of earning capacity, a loss of the ability to be gainfully employed, disability, a loss of the capacity to enjoy live and past, present and future mental and psychological pain and anguish. Petitioner is entitled to recover a sum of damages as is just and reasonable in the premises.

X.

Petitioner, Christopher T. Lewis, alleges that the full extent of his injuries are unknown at this time, and, that as a result of the above described collision and defendant's negligence and/or fault and/or want of care and/or strict liability, petitioner suffered, is suffering and will continue to suffer from pain in his head, cervical, lumbar, left hip and right foot and other parts of his mind and body, all of which injuries have necessitated petitioner to undergo medical treatment. Furthermore, by reason of the said injuries, Christopher T. Lewis has suffered and will continue to suffer physical and mental pain and anguish and has incurred and will continue to incur expenses and bills for medical attention including, but not limited to hospital charges, surgery expenses, medical clinic bills, physician bills, fees for diagnostic testing, expenses for transportation to and from physicians' offices and medical facilities and other medical and medically related expenses. Petitioner has also suffered a loss of earning capacity, a loss of the ability to be gainfully employed, disability, a loss of the capacity to enjoy live and past, present and future mental and psychological pain and anguish. Petitioner is entitled to recover a sum of damages as is just and reasonable in the premises.

XI.

In addition to her the general and special damages associated with her personal injuries, Rosalina Ayuyu Dalal also incurred property damages to her 2016 Kia Forte. These damages include the costs and expenses associated with repairing the collision damages or the total retail value of 2016 Kia Forte along with sales tax, license and title, interest petitioner paid on the

financing from the collision to date; a loss of use and depreciation of the said vehicle, travel and other expenses; and, such other collision damages as are just and proper.

XII.

Petitioners allege upon information and belief that it will be necessary to present expert testimony during the preparation for and during the trial on the merits of this case and as such, desire that all such expert witness fees and deposition costs be taxed as court costs and assessed against the said defendants.

XIII.

At this time, it appears that the amount in dispute in each of the petitioners' claims entitles each petitioner to a jury trial. Petitioners reserve their right to amend this petition as required.

XIV.

Due to petitioner's poor financial condition and want of means, petitioner Rosalina Ayuyu Dalal is unable to pay the costs of this suit in advance, as the costs accrue or to furnish security therefore; accordingly, petitioners desire and are entitled to prosecute this matter *in forma pauperis*.

XV.

Due to petitioner's poor financial condition and want of means, petitioner Christopher T. Lewis is unable to pay the costs of this suit in advance, as the costs accrue or to furnish security therefore; accordingly, petitioners desire and are entitled to prosecute this matter *in forma pauperis*.

WHEREFORE, petitioners, Rosalina Ayuyu Dalal and Christopher T. Lewis, pray that:

1)  Defendants United Specialty Insurance Company, Rose Land Development, L.L.C. and William J. Porter, II be duly served with a copy of this Petition for Damages and cited to appear herein and answer same;

2)  After the lapse of all legal delays and due proceedings had, there be judgment herein in favor of petitioners Rosalina Ayuyu Dalal and Christopher T. Lewis against defendants United Specialty Insurance Company, Rose Land Development, L.L.C. and William J. Porter, II, jointly, severally and *in solido* in an amount of damages as is just and reasonable in the premises, together with legal interest from and after the date of judicial demand, until paid, and for all costs of these proceedings and for all expert witness fees;

3)  Petitioner Rosalina Ayuyu Dalal be allowed to prosecute this matter *in forma pauperis*;

4)   Petitioner Christopher T. Lewis be allowed to prosecute this matter *in forma*

*pauperis*; and

5)   For all general and equitable relief.

By their attorney,

DELPHIN LAW OFFICES,
A PROFESSIONAL LAW CORPORATION
626 Broad Street
Lake Charles, LA 70601
(337) 439-3939 -Telephone
(337) 439-4504 - Facsimile
markdelphin@delphinlaw.com

BY:     _____
Mark A. Delphin, Esq. #4850

And:    _____
Arthur J. O'Keefe, Esq. #10183
Mailing address
626 Broad Street
Lake Charles, LA 70601
(337) 309-6122 - Telephone
(337) 439-4504 - Facsimile
Of Counsel to Delphin Law Offices

**PLEASE SERVE:**

**UNITED SPECIALTY INSURANCE COMPANY**
Through the Louisiana Secretary of State
8585 Archives Blvd.
Baton Rouge, Louisiana 70809

**ROSE LAND DEVELOPMENT, L.L.C.**
Via Long Arm Statute
through its registered agent for the service of legal process
Robert M. Logan
205 E. Church Street
Newton, MS 39345

**WILLIAM J. PORTER**
Via Long Arm Statute
3201 Albo Stamper Road
Conchatta, MS 39057

Calcasieu Parish Clerk of Court
PO Box 1030
Lake Charles, LA 70602



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

# NEW CIVIL FILING

ROSALINA AYUYU DALAL

VS.   2019-000531

UNITED SPECIALTY INSURANCE COMPANY

Carole LeBlanc
Deputy Clerk of Court

## *CMS6334133*



Notice of Service

ROSALINA AYUYU DALAL
VS.    2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

TO:   MARK A DELPHIN
      *626 BROAD ST.
      LAKE CHARLES, LA  70601-0000

Service issued to: UNITED SPECIALITY INSURANCE COMPANY

Date of Service: 02/11/2019

Number of Service: 1

Personal/Domiciliary:  PERSONAL SERVICE

Pleading served:    1600 CITATION

Issued by the Clerk of Court on the 19th day of February 2019.

*Katie Lovett*

Katie Lovett
Deputy Clerk

**\*CMS6351599\***

| | Citation | |
|---|---|---|
| ROSALINA AYUYU DALAL | | 14th Judicial District Court |
| VS.    2019-000531 |  | State of Louisiana |
| UNITED SPECIALTY INSURANCE | | Parish of Calcasieu |
| COMPANY | | |

THE STATE OF LOUISIANA

TO:   UNITED SPECIALTY INSURANCE
COMPANY
THRU LOUISIANA SECRETARY OF
STATE
8585 ARCHIVES AVE
BATON ROUGE, LA 70809

FILED ___ FEB 1 9 2019

*Katie Lovett*

Deputy Clerk of Court
Calcasieu Parish, Louisiana

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, AND ET AL (PETITION FOR DAMAGES) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 30th day of January 2019.

Issued and delivered February 6, 2019

*Emata mcphus*
Emilie McPherson
Deputy Clerk of Court

------------------------- SERVICE INFORMATION -------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___.

SERVICE       $_____            BY: _____
                                          Deputy Sheriff
MILEAGE    $_____

TOTAL $ **39.36**

Party No.    P001

I made service on the named party through the
Office of the Secretary of State on

FEB 1 1 2019
by tendering a copy of this document to
KATHY DARDEN
INS #1155
Parish of East Baton Rouge, Louisiana

**RECEIVED**
FEB 08 2019

**SCANNED**
FEB 20 2019

Filing Date 02/06/2019 04:10 PM     Page Count: 1
Case Number: 2019-000531
Document Name: Citation

[ Original Copy ]
CMS0085

Page 1 of 1

|  | Citation | 14ᵗʰ Judicial District Court |
|---|---|---|
| ROSALINA AYUYU DALAL |  | State of Louisiana |
| VS.   2019-000531 | | Parish of Calcasieu |
| UNITED SPECIALTY INSURANCE | | |
| COMPANY | | |

THE STATE OF LOUISIANA

TO: UNITED SPECIALTY INSURANCE
COMPANY
THRU LOUISIANA SECRETARY OF
STATE
8585 ARCHIVES AVE
BATON ROUGE, LA 70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, AND ET AL {PETITION FOR DAMAGES} against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 30th day of January 2019.

Issued and delivered February 6, 2019

Emilie McPherson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20____, and on the _____ day of _____ 20____, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____.

SERVICE       $_____          BY: _____
Deputy Sheriff
MILEAGE       $_____

TOTAL $_____

Party No.   P001

*CMS6337089*

Filing Date: 02/06/2019 04:10 PM       Page Count: 1
Case Number: 2019-000531
Document Name: Citation

[ File Copy ]
CMS0085                                                                 Page 1 of 1

|  |  |  |
|---|---|---|
| ROSALINA AYUYU DALAL<br>VS.    2019-000531<br>UNITED SPECIALTY INSURANCE<br>COMPANY | Citation<br> | 14th Judicial District Court<br>State of Louisiana<br>Parish of Calcasieu |

THE STATE OF LOUISIANA

TO: UNITED SPECIALTY INSURANCE
COMPANY
THRU LOUISIANA SECRETARY OF
STATE
8585 ARCHIVES AVE
BATON ROUGE, LA 70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, AND ET AL (PETITION FOR DAMAGES) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 30th day of January 2019.

Issued and delivered February 6, 2019

_____
Emilie McPherson
Deputy Clerk of Court

------------------------------- SERVICE INFORMATION -------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE      $_____          BY: _____
                                          Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    P001

*CMS6337089*

Filing Date: 02/06/2019 04:10 PM          Page Count: 1
Case Number: 2019-000531
Document Name: Citation

[ Original Copy ]
CMS9085                                                                    Page 1 of 1



|  | Citation |  |
|---|---|---|
| ROSALINA AYUYU DALAL |  | 14th Judicial District Court |
| VS.   2019-000531 |  | State of Louisiana |
| UNITED SPECIALTY INSURANCE |  | Parish of Calcasieu |
| COMPANY |  |  |

THE STATE OF LOUISIANA

TO:  UNITED SPECIALTY INSURANCE
     COMPANY
     THRU LOUISIANA SECRETARY OF
     STATE
     8585 ARCHIVES AVE
     BATON ROUGE, LA 70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, AND ET AL (PETITION FOR DAMAGES) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 30th day of January 2019.

Issued and delivered February 6, 2019

_____
Emilie McPherson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE      $_____         BY:  _____
                                      Deputy Sheriff
MILEAGE      $_____

TOTAL  $_____

Party No.    P001

**\*CMS6337089\***

Filing Date: 02/06/2019 04:10 PM      Page Count: 1
Case Number: 2019-000531
Document Name: Citation

| | Citation | |
|---|---|---|
| ROSALINA AYUYU DALAL<br>VS.    2019-000531<br>UNITED SPECIALTY INSURANCE<br>COMPANY |  | 14th Judicial District Court<br>State of Louisiana<br>Parish of Calcasieu |

THE STATE OF LOUISIANA

TO:  UNITED  SPECIALTY  INSURANCE
     COMPANY
     THRU LOUISIANA SECRETARY OF
     STATE
     8585 ARCHIVES AVE
     BATON ROUGE, LA 70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, AND ET AL (PETITION FOR DAMAGES) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 30th day of January 2019.

Issued and delivered February 6, 2019

_____
Emilie McPherson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20____, and on the _____ day of _____ 20____, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____, 20____

SERVICE       $_____        BY: _____
                                           Deputy Sheriff
MILEAGE       $_____

TOTAL $_____

Party No.    P001

**CMS6337089**

Filing Date: 02/06/2019 04:10 PM        Page Count: 1
Case Number: 2019-000531
Document Name: Citation

[ File Copy ]
CMS0085                                                              Page 1 of 1



| ROSALINA AYUYU DALAL | **Citation** | 14th Judicial District Court |
|---|---|---|
| VS.    2019-000531 | | State of Louisiana |
| UNITED SPECIALTY INSURANCE COMPANY | | Parish of Calcasieu |

**THE STATE OF LOUISIANA**

TO:    UNITED SPECIALTY INSURANCE
        COMPANY
        THRU LOUISIANA SECRETARY OF
        STATE
        8585 ARCHIVES AVE
        BATON ROUGE, LA 70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, AND ET AL (PETITION FOR DAMAGES) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 30th day of January 2019.

Issued and delivered February 6, 2019

 

 

                                     Emilie McPherson
                                     Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - **SERVICE INFORMATION** - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20____, and on the _____ day of _____ 20____, served the above named party as follows:

**PERSONAL SERVICE** on the party herein named _____

**DOMICILIARY SERVICE** on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE     $_____           BY: _____

MILEAGE     $_____                  Deputy Sheriff

TOTAL $_____

Party No.     P001

**\*CMS6337089\***

Filing Date: 02/06/2019 04:10 PM     Page Count: 1
Case Number: 2019-000531
Document Name: Citation

[ Original Copy ]
CMS9085                                                  Page 1 of 1

| | Citation | |
|---|---|---|
| ROSALINA AYUYU DALAL<br>VS.    2019-000531<br>UNITED SPECIALTY INSURANCE<br>COMPANY | | 14th Judicial District Court<br>State of Louisiana<br>Parish of Calcasieu |

THE STATE OF LOUISIANA

TO:  UNITED SPECIALTY INSURANCE
     COMPANY
     THRU LOUISIANA SECRETARY OF
     STATE
     8585 ARCHIVES AVE
     BATON ROUGE, LA 70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, AND ET AL (PETITION FOR DAMAGES) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 30th day of January 2019.

Issued and delivered February 6, 2019

Emilie McPherson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20____, and on the _____ day of _____ 20____, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____           BY: _____
                                       Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    P001

*CMS6337089*

Filing Date: 02/06/2019 04:10 PM       Page Count: 1
Case Number: 2019-000531
Document Name: Citation

[ Service Copy ]
CMS9085                                                    Page 1 of 1

Citation/Long Arm

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

### THE STATE OF LOUISIANA

TO:   ROSE LAND DEVELOPMENT LLC      PURSUANT TO LOUISIANA
      THROUGH ITS REGISTERED AGENT    LONG-ARM STATUTE
      FOR SERVICE: ROBERT M LOGAN
      205 E CHURCH STREET
      NEWTON, MS 39345

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

PETITION FOR DAMAGES

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 30TH day of
JANUARY 2019.

Issued and delivered February 6, 2019

_____
Emilie McPherson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE    $_____          BY: _____
                                    Deputy Sheriff
MILEAGE    $_____

TOTAL $_____

Party No.    P001

**\*CMS6337100\***



Citation/Long Arm

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   ROSE LAND DEVELOPMENT LLC        PURSUANT   TO   LOUISIANA
      THROUGH ITS REGISTERED AGENT     LONG-ARM STATUTE
      FOR SERVICE: ROBERT M LOGAN
      205 E CHURCH STREET
      NEWTON, MS 39345

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

PETITION FOR DAMAGES

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 30TH day of
JANUARY 2019.

Issued and delivered February 6, 2019

Emilie McPherson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE      $_____        BY: _____
                                   Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.      P001

**\*CMS6337100\***



ROSALINA AYUYU DALAL                Citation/Long Arm                14ᵗʰ Judicial District Court
VS.   2019-000531                                                    State of Louisiana
UNITED SPECIALTY INSURANCE                                          Parish of Calcasieu
COMPANY

THE STATE OF LOUISIANA

TO:   ROSE LAND DEVELOPMENT LLC        PURSUANT   TO   LOUISIANA
      THROUGH ITS REGISTERED AGENT     LONG-ARM STATUTE
      FOR SERVICE: ROBERT M LOGAN
      205 E CHURCH STREET
      NEWTON, MS 39345

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

PETITION FOR DAMAGES

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 30TH day of
JANUARY 2019.

Issued and delivered February 6, 2019

                                    _____
                                    Emilie McPherson
                                    Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20____, and on the _____ day of _____
20____, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____.

SERVICE     $_____              BY: _____
                                         Deputy Sheriff
MILEAGE     $_____

TOTAL $_____

Party No.   P001

*CMS6337100*

Filing Date: 02/06/2019 04:12 PM      Page Count: 1
Case Number: 2019-000531
Document Name: Citation/Long Arm

[ Service Copy ]
CMS0049                                                              Page 1 of 1

Citation/Long Arm

ROSALINA AYUYU DALAL
VS.    2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  WILLIAM J PORTER II
     3201 ALBO STAMPER ROAD
     CONEHATTA, MS 39057

PURSUANT TO LOUISIANA
LONG-ARM STATUTE

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

PETITION FOR DAMAGES

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 30TH day of
JANUARY 2019.

Issued and delivered February 6, 2019

_____
Emilie McPherson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20____, and on the _____ day of _____
20____, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____ _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE      $_____          BY:  _____
                                       Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.     P001

*CMS6337106*

Filing Date: 02/06/2019 04:13 PM     Page Count: 1
Case Number: 2019-000531
Document Name: Citation/Long Arm

[ File Copy ]
CMS0049

Page 1 of 1

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

Citation/Long Arm

14ᵗʰ Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   WILLIAM J PORTER II
      3201 ALBO STAMPER ROAD
      CONEHATTA, MS 39057

PURSUANT TO LOUISIANA
LONG-ARM STATUTE

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

PETITION FOR DAMAGES

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 30TH day of
JANUARY 2019.

Issued and delivered February 6, 2019

_____
Emilie McPherson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___.

SERVICE      $_____            BY: _____
                                         Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.   P001

*CMS6337106*

Filing Date: 02/06/2019 04:13 PM      Page Count  1
Case Number: 2019-000531
Document Name: Citation/Long Arm

{ Original Copy }
CMS0049

Page 1 of 1

| | Citation/Long Arm | |
|---|---|---|
| ROSALINA AYUYU DALAL<br>VS.   2019-000531<br>UNITED SPECIALTY INSURANCE<br>COMPANY |  | 14th Judicial District Court<br>State of Louisiana<br>Parish of Calcasieu |

THE STATE OF LOUISIANA

TO:   WILLIAM J PORTER II                    PURSUANT   TO   LOUISIANA
      3201 ALBO STAMPER ROAD                 LONG-ARM STATUTE
      CONEHATTA, MS 39057

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

PETITION FOR DAMAGES

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 30TH day of
JANUARY 2019.

Issued and delivered February 6, 2019

_____
Emilie McPherson
Deputy Clerk of Court

---------------------------------- SERVICE INFORMATION ----------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____
30___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____          BY:   _____
                                         Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    P001

*CMS6337106*

Filing Date: 02/06/2019 04:13 PM      Page Count: 1
Case Number: 2019-000531
Document Name: Citation/Long Arm

[ Service Copy ]
CMS0349                                                            Page 1 of 1

Volume Created 2/7/2019 10:08:13 AM     **VOL**     **of**     **DIV** D

No. _____ 2019-000531 _____

# Fourteenth Judicial District Court
# CALCASIEU PARISH, LA

ROSALINA AYUYU DALAL ET AL

*Plaintiff*

VS.

UNITED SPECIALTY INSURANCE COMPANY ET AL

*Defendant*

MARK A DELPHIN

*Attorney for Plaintiff*

*Attorney for Defendant*

Date Filed: 01/30/2019

No. 2019-000531

Preliminary Default Entered: _____



**H. LYNN JONES II**
Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu - Lake Charles, Louisiana
Ph. 337-437-3550  Fax  337-437-3350

*2019-000531*
2019-000531

The Calcasieu Parish Clerk of Court is the custodian of this record. As a courtesy we allow local attorneys to check out the records. If you have borrowed this record from our office; 14th JDC Local Rule 24 allows for a period of no more than 72 hours. Documents are also accessible through our website at www.calclerkofcourt.com.



ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

Citation/Long Arm

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  WILLIAM J PORTER II
     3201 ALBO STAMPER ROAD
     CONEHATTA, MS  39057

PURSUANT TO LOUISIANA
LONG-ARM STATUTE

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

**PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR
DAMAGES**

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of
MARCH, 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE      $_____          BY:  _____
                                        Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    P001

[ Title Copy ]
CMS0049

Citation/Long Arm



ROSALINA AYUYU DALAL
VS.    2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   WILLIAM J PORTER II          PURSUANT  TO  LOUISIANA
      3201 ALBO STAMPER ROAD       LONG-ARM STATUTE
      CONEHATTA, MS 39057

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

**PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR
DAMAGES**

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of
MARCH, 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

------------------------------------------------------------------------

SERVICE INFORMATION

Received on the _____ day of _____ 20____, and on the _____ day of _____
20____, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____.

SERVICE    $_____          BY: _____
                                      Deputy Sheriff
MILEAGE    $_____

TOTAL $_____

Party No.   P001

**CMS6371736**



ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

Citation/Long Arm

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   WILLIAM J PORTER II
3201 ALBO STAMPER ROAD
CONEHATTA, MS  39057

PURSUANT   TO   LOUISIANA
LONG-ARM STATUTE

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

**PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR
DAMAGES**

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of
MARCH, 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE        $_____                    BY: _____
                                                    Deputy Sheriff
MILEAGE       $_____

TOTAL $_____

Party No.     P001

*CMS6371736*

Filing Date: 03/12/2019 10:27 AM      Page Count  1
Case Number: 2019-000531
Document Name: Citation/Long Arm

[ Service Copy ]
CMS0049                                                                Page 1 of 1



Citation/Long Arm

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

14ᵗʰ Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   ROSE LAND DEVELOPMENT LLC          PURSUANT  TO  LOUISIANA
      THROUGH  ITS  REGISTERED  AGENT     LONG-ARM STATUTE
      FOR SERVICE: ROBERT M LOGAN
      205 E CHURCH STREET
      NEWTON, MS 39345

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

**PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR
DAMAGES**

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of
MARCH, 2019.

Issued and delivered March 12, 2019

                                    _____
                                    Byron Wilkinson
                                    Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE     $_____          BY: _____
                                        Deputy Sheriff
MILEAGE     $_____

TOTAL $_____

Party No.   P001

*CMS6371745*

Filing Date: 03/12/2019 10:30 AM    Page Count: 1
Case Number: 2019-000531
Document Name: Citation/Long Arm

[ File Copy ]
CMS0049                                          Page 1 of 1

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

Citation/Long Arm



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   ROSE LAND DEVELOPMENT LLC            PURSUANT   TO   LOUISIANA
      THROUGH ITS REGISTERED AGENT   LONG-ARM STATUTE
      FOR SERVICE: ROBERT M LOGAN
      205 E CHURCH STREET
      NEWTON, MS 39345

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

**PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR
DAMAGES**

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of
MARCH, 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____.

SERVICE      $_____          BY: _____
                                        Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    P001

*CMS6371745*

Filing Date: 03/12/2019 10:30 AM    Page Count: 1
Case Number: 2019-000531
Document Name: Citation/Long Arm

| Original Copy |
CMS0040                                                    Page 1 of 1



| ROSALINA AYUYU DALAL<br>VS.   2019-000531<br>UNITED SPECIALTY INSURANCE<br>COMPANY | Citation/Long Arm | 14ᵗʰ Judicial District Court<br>State of Louisiana<br>Parish of Calcasieu |

THE STATE OF LOUISIANA

TO:  ROSE LAND DEVELOPMENT LLC          PURSUANT  TO  LOUISIANA
THROUGH  ITS  REGISTERED  AGENT   LONG-ARM STATUTE
FOR SERVICE: ROBERT M LOGAN
205 E CHURCH STREET
NEWTON, MS 39345

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

**PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR
DAMAGES**

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of
MARCH, 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____ a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE    $_____          BY: _____
                                               Deputy Sheriff
MILEAGE    $_____

TOTAL $_____

Party No.    P001

*CMS6371745*

Filing Date: 03/12/2019 10:30 AM     Page Count: 1
Case Number: 2019-000531
Document Name: Citation/Long Arm

[ Service Copy ]
CMS0049                                                                          Page 1 of 1

ROSALINA AYUYU DALAL.
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

Citation/10 Day



14ᵗʰ Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   UNITED SPECIALTY INSURANCE
COMPANY
THRU LOUISIANA SECRETARY OF
STATE
8585 ARCHIVES AVE
BATON ROUGE, LA 70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL ET AL. (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse in the City of Lake Charles, in said Parish, within ten (10) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of MARCH 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service. RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE        $_____        BY: _____
                                        Deputy Sheriff
MILEAGE        $_____

TOTAL $_____

Party No.   P001

**\*CMS6371808\***



Citation/10 Day

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   UNITED SPECIALTY INSURANCE
      COMPANY
      THRU LOUISIANA SECRETARY OF
      STATE
      8585 ARCHIVES AVE
      BATON ROUGE, LA 70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the
demand contained in the petition of ROSALINA AYUYU DALAL ET AL   (PLAINTIFFS' FIRST
AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES)  against you, certified copy of which
petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at
the Courthouse in the City of Lake Charles, in said Parish, within ten (10) days after the service hereof, under
penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of MARCH, 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person; said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE   $_____        BY: _____
                                  Deputy Sheriff
MILEAGE   $_____

TOTAL $_____

Party No.   P001

*CMS6371808*

Filing Date: 03/12/2019 10:42 AM        Page Count: 1
Case Number: 2019-000531
Document Name: Citation/10 Day

ROSALINA AYUYU DALAL.
VS. 2019-000551
UNITED SPECIALTY INSURANCE
COMPANY

Citation/10 Day



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO: UNITED SPECIALTY INSURANCE
COMPANY
THRU LOUISIANA SECRETARY OF
STATE
8585 ARCHIVES AVE
BATON ROUGE, LA 70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, ET AL. (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse in the City of Lake Charles, in said Parish, within ten (10) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of MARCH 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___.

SERVICE      $_____           BY: _____
                                        Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.     P001

*CMS6371808*

Filing Date: 03/12/2019 10:42 AM      Page Count: 1
Case Number: 2019-000551
Document Name: Citation/10 Day

| | Citation | |
|---|---|---|
| ROSALINA AYUYU DALAL<br>VS.   2019-000531<br>UNITED SPECIALTY INSURANCE<br>COMPANY |  | 14th Judicial District Court<br>State of Louisiana<br>Parish of Calcasieu |

THE STATE OF LOUISIANA

TO:  TECHNOLOGY            INSURANCE
     COMPANY INC
     THROUGH              LOUISIANA
     SECRETARY OF STATE
     8585 ARCHIVES BLVD
     BATON ROUGE, LA 70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, ET AL   (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES)   against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ALSO ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12th day of March 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE     $_____          BY:   _____
                                       Deputy Sheriff
MILEAGE     $_____

TOTAL $_____

Party No.    P001

*CMS6371831*

Filing Date: 03/12/2019 10:48 AM     Page Count: 1
Case Number: 2019-000531
Document Name: Citation

| ROSALINA AYUYU DALAL | Citation | 14th Judicial District Court |
|---|---|---|
| VS.   2019-000531 |  | State of Louisiana |
| UNITED SPECIALTY INSURANCE | | Parish of Calcasieu |
| COMPANY | | |

THE STATE OF LOUISIANA

TO:  TECHNOLOGY            INSURANCE
     COMPANY INC
     THROUGH             LOUISIANA
     SECRETARY OF STATE
     8585 ARCHIVES BLVD
     BATON ROUGE, LA 70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, ET AL   (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES)    against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ALSO ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12th day of March 2019.

Issued and delivered March 12, 2019

Byron Wilkinson
Deputy Clerk of Court

------------------------------------------------- SERVICE INFORMATION -------------------------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE    $_____          BY: _____
                                      Deputy Sheriff
MILEAGE    $_____

TOTAL $_____

Party No.   P001

*CMS6371831*

Filing Date: 03/12/2019 10:48 AM       Page Count: 1
Case Number: 2019-000531
Document Name: Citation

[ Original Copy ]
CMS0085                                                    Page 1 of 1

<table>
<tr><td>

ROSALINA AYUYU DALAL<br>
VS.    2019-000531<br>
UNITED SPECIALTY INSURANCE<br>
COMPANY

</td><td>

Citation



</td><td>

14th Judicial District Court<br>
State of Louisiana<br>
Parish of Calcasieu

</td></tr>
</table>

THE STATE OF LOUISIANA

TO:  TECHNOLOGY      INSURANCE
      COMPANY INC
      THROUGH      LOUISIANA
      SECRETARY OF STATE
      8585 ARCHIVES BLVD
      BATON ROUGE, LA  70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, ET AL   (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES)    against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ALSO ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12th day of March 2019.

Issued and delivered March 12, 2019

 

 

                                      Byron Wilkinson
                                      Deputy Clerk of Court

-------------------------------------------- SERVICE INFORMATION --------------------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE    $_____          BY: _____
                                               Deputy Sheriff
MILEAGE    $_____

TOTAL $_____

Party No.    P001

*CMS6371831*

Filing Date: 03/12/2019 10:48 AM    Page Count: 1
Case Number: 2019-000531
Document Name: Citation



ROSALINA AYUYU DALAL
VS.    2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

Citation

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  EUGENE V BARGEMAN
2017 9TH STREET
LAKE CHARLES, LA 70601

Parish of Calcasieu, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, ET AL (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES)   against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ALSO ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12th day of March 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20____, and on the _____ day of _____ 20____, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE        $_____                      BY:  _____
                                                     Deputy Sheriff
MILEAGE        $_____

TOTAL $_____

Party No.    P001

**\*CMS6371849\***

|  | Citation |  |
|---|---|---|
| ROSALINA AYUYU DALAL.<br>VS.  2019-000531<br>UNITED SPECIALTY INSURANCE<br>COMPANY |  | 14th Judicial District Court<br>State of Louisiana<br>Parish of Calcasieu |

THE STATE OF LOUISIANA

TO:  EUGENE V BARGEMAN
     2017 9TH STREET
     LAKE CHARLES, LA 70601

Parish of Calcasieu, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, ET AL (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES)  against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ALSO ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12th day of March 2019.

Issued and delivered March 12, 2019

                                           Byron Wilkinson
                                           Deputy Clerk of Court

---------------------------------------SERVICE INFORMATION---------------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE     $_____        BY: _____
                                     Deputy Sheriff

MILEAGE     $_____

TOTAL $_____

Party No.    P001

**\*CMS6371849\***

[ Original Copy ]
CMS0085
                                                    Page 1 of 1

| | Citation | |
|---|---|---|
| ROSALINA AYUYU DALAL<br>VS.   2019-000531<br>UNITED SPECIALTY INSURANCE<br>COMPANY |  | 14ʰ Judicial District Court<br>State of Louisiana<br>Parish of Calcasieu |

THE STATE OF LOUISIANA

TO:  EUGENE V BARGEMAN
     2017 9TH STREET
     LAKE CHARLES, LA 70601

Parish of Calcasieu, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, ET AL  (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES)   against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ALSO ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12th day of March 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE        $_____        BY: _____
                                      Deputy Sheriff
MILEAGE        $_____

TOTAL $_____

Party No.    P001

**\*CMS6371849\***

Filing Date: 03/12/2019 10:51 AM      Page Count: 1
Case Number: 2019-000531
Document Name: Citation

[ Service Copy ]
CMS0385                                                                 Page 1 of 1

Notice of Service



ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

TO:   MARK A DELPHIN
*626 BROAD ST.
LAKE CHARLES, LA  70601-0000

Service issued to: EUGENE V BARGEMAN

Date of Service:  03/25/2019

Number of Service:  1

Personal/Domiciliary:  PERSONAL SERVICE

Pleading served:    1600 CITATION

Issued by the Clerk of Court on the 27th day of March 2019.

*Brianna Arabie*

Brianna Arabie
Deputy Clerk

*CMS6392334*

Filing Date: 03/12/2019 12:00 AM          Page Count: 1
Case Number: 2019-000531
Document Name: Notice of Service                    Page 1 of 1

CMS0074

Notice of Service

ROSALINA AYUYU DALAL
VS.    2019-000531
UNITED SPECIALTY INSURANCE
COMPANY



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

TO:   MARK A DELPHIN
      *626 BROAD ST.
      LAKE CHARLES, LA 70601-0000


Service issued to: EUGENE V BARGEMAN

Date of Service: 03/25/2019

Number of Service: 1

Personal/Domiciliary: PERSONAL SERVICE

Pleading served:    1600 CITATION


Issued by the Clerk of Court on the 27th day of March 2019.

*Brianna Arabie*

Brianna Arabie
Deputy Clerk


*CMS6392334*

Filing Date: 03/12/2019 12:00 AM      Page Count: 1
Case Number: 2019-000531
Document Name: Notice of Service

Page 1 of 1

CMS0074

ROSALINA AYUYU DALAL
VS.    2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

Citation



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

MAR 2 7 2019

THE STATE OF LOUISIANA

FILED

Deputy Clerk of Court
Calcasieu Parish, Louisiana

TO:   EUGENE V BARGEMAN
      2017 9TH STREET
      LAKE CHARLES, LA 70601

Parish of Calcasieu, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, ET AL  (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES)   against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ALSO ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12th day of March 2019.

Issued and delivered March 12, 2019

Byron Wilkinson
Deputy Clerk of Court

---------------------------------------- SERVICE INFORMATION ----------------------------------------

Received on the **13th** day of **3** 20**19**, and on the **25th** day of **3** 20**19**, served the above named party as follows:

PERSONAL SERVICE on the party herein named   **EUGENE BARGEMAN**

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF   **CALCASIEU**   this **25th** day of **3** 20**19**

SERVICE      $_____              BY: _____  **1535**
                                          Deputy Sheriff
MILEAGE      $_____  **6**

TOTAL $ **33.18**

Party No.    P001

SCANNED
MAR 2 9 2019

Filing Date: 03/12/2019 10:51 AM     Page Count: 1
Case Number: 2019-000531
Document Name: Citation

[ Original Copy ]
CMS0085

Page 1 of 1

Notice of Service

ROSALINA AYUYU DALAL
VS.    2019-000531
UNITED SPECIALTY INSURANCE
COMPANY



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

TO:   MARK A DELPHIN
      *626 BROAD ST.
      LAKE CHARLES, LA  70601-0000

Service issued to: UNITED SPECIALTY INS CO

Date of Service:  03/15/2019

Number of Service:  1

Personal/Domiciliary:  PERSONAL SERVICE

Pleading served:    1601 CITATION/ 10 DAY
                    PLAINTIFF'S   FRIST   AMENDING   AND   SUPPLEMENTAL
                    PETITON FOR DAMGES FILED 3/12/19

Issued by the Clerk of Court on the 26th day of March 2019.

Joseph Frazier
Deputy Clerk

## *CMS6390509*

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

Citation/10 Day



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

*Pauper*

THE STATE OF LOUISIANA

FILED   MAR 2 6 2019



Deputy Clerk of Court
Calcasieu Parish, Louisiana

TO:   UNITED SPECIALTY INSURANCE
COMPANY
THRU LOUISIANA SECRETARY OF
STATE
8585 ARCHIVES AVE
BATON ROUGE, LA 70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL ET AL   (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES)  against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse in the City of Lake Charles, in said Parish, within ten (10) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of MARCH 2019.

Issued and delivered March 12, 2019

Byron Wilkinson
Deputy Clerk of Court

----------------------------- SERVICE INFORMATION -----------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___.

SERVICE    $_____         BY: _____
                                    Deputy Sheriff
MILEAGE    $_____

TOTAL $ 39. 36

Party No.    P001

*I made service on the named party through the*
*Office of the Secretary of State on*

MAR 15 2019
*by tendering a copy of this document to*
KATHY DARDEN
DY. E. CUMMINS #1155
*Deputy Sheriff, Parish of East Baton Rouge, Louisiana*

MAR 14 2019

EBR SHERIFF'S OFFICE

SCANNED
MAR 28 2019

C M S 6 3 7 1 8 0 8
Filing Date: 03/12/2019 10:42 AM          Page Count: 1
Case Number: 2019-000531
Document Name: Citation/10 Day

[ Original Copy ]
CMS0048

Page 1 of 1

Notice of Service

ROSALINA AYUYU DALAL
VS.    2019-000531
UNITED SPECIALTY INSURANCE
COMPANY



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

TO:    MARK A DELPHIN
       *626 BROAD ST.
       LAKE CHARLES, LA  70601-0000

Service issued to: TECHNOLOGY INSURANCE CO INC

Date of Service:  03/15/2019

Number of Service:  1

Personal/Domiciliary:  PERSONAL SERVICE

Pleading served:    1600 CITATION
                    PLAINTIFF'S  FIRST  AMENDING  AND  SUPPLEMENTAL
                    PETITION FOR DAMAGES FILED 3/12/19

Issued by the Clerk of Court on the 26th day of March 2019.

Joseph Frazier
Deputy Clerk

*CMS6390504*

Filing Date: 03/12/2019 12:00 AM    Page Count: 1
Case Number: 2019-000531
Document Name: Notice of Service



| | Citation | |
|---|---|---|
| ROSALINA AYUYU DALAL | | 14th Judicial District Court |
| VS.   2019-000531 | | State of Louisiana |
| UNITED SPECIALTY INSURANCE | | Parish of Calcasieu |
| COMPANY | | *Pauper* |

THE STATE OF LOUISIANA



FILED   MAR 2 6 2019

Deputy Clerk of Court
Calcasieu Parish, Louisiana

TO:   TECHNOLOGY            INSURANCE
      COMPANY INC
      THROUGH              LOUISIANA
      SECRETARY OF STATE
      8585 ARCHIVES BLVD
      BATON ROUGE, LA  70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, ET AL  (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES)    against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ALSO ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12th day of March 2019.

Issued and delivered March 12, 2019

Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____        BY: _____
                                     Deputy Sheriff   I made service on the named party through the
MILEAGE      $_____
                                     Office of the Secretary of State on
TOTAL $ 39.36

Party No.    P001                         MAR 1 5 2019
                                     by tendering a copy of this document to
                                     KATHY DARDEN
                RECEIVED             DY. E. CUMMINS #1155
                                     Deputy Sheriff, Parish of East Baton Rouge, Louisiana
                MAR 14 2019

SCANNED                 EBR SHERIFF'S OFFICE
MAR 28 2019

Filing Date: 03/12/2019 10:48 AM     Page Count: 1
Case Number: 2019-000531
Document Name: Citation

ROSALINA AYUYU DALAL AND          :          14TH JUDICIAL DISTRICT COURT
CHRISTOPHER T. LEWIS

VS. NO. 2019-531 "D"              :          PARISH OF CALCASIEU

UNITED SPECIALTY                 :          STATE OF LOUISIANA
INSURANCE COMPANY,
ROSE LAND DEVELOPMENT,
L.L.C. and WILLIAM J. PORTER, II
                     MAR 1 2 2019
FILED:_____            :          _Darah Hollier_____
                                             DEPUTY CLERK OF COURT

## PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES

The First Amending and Supplemental Petition for Damages of plaintiffs, Rosalina Ayuyu

Dalal and Christopher T. Lewis, with respect represents that:

I.

Plaintiffs amend and supplement their original petition by adding Paragraph III(a) to read as

follows:

"III(a).

Made defendant herein is Technology Insurance Company, Inc., a corporation, limited

liability company and/or other legal entity, authorized to do and doing business in the State of

Louisiana, which may be served through the Louisiana Secretary of State, 8585 Archives Blvd.,

Baton Rouge, Louisiana 70809."

II.

Plaintiffs amend and supplement their original petition by adding Paragraph III(b) to read as

follows:

"III(b)

Made defendant herein is Eugene V. Bargeman, a person of the full age of majority,

domiciled and residing in the City of Lake Charles, State of Louisiana, who may be served at 2017

9th Street, Lake Charles, Louisiana 70601."

III.

Plaintiffs amend Paragraph IV. of plaintiffs' original Petition for Damages to read as

follows:

**SCANNED**

MAR 1 3 2019

Filing Date: 03/12/2019 10:13 AM          Page Count: 6
Case Number: 2019-000531
Document Name: SUPPLEMENTAL/AMENDING PETITION

-1-

"IV.

This is a civil action to recover all damages sustained by your petitioners for personal injuries and other losses and damages against the above named defendants, United Specialty Insurance Company, Rose Land Development, L.L.C., William J. Porter, Ii, Technology Insurance Company, Inc. and Eugene V. Bargeman, (sometimes hereinafter referred to collectively as "defendants"), each of whom are liable jointly, severally and *in solido* unto your petitioners in a sum of damages as is reasonable in the premises, together with legal interest thereon from and after the date of judicial demand, until paid, for all costs of these proceedings, and for all general and equitable relief, for the following, to-wit:"

IV.

Plaintiffs amend and supplement paragraph V of plaintiff's original petition to read as follows:

"V.

On or about February 28, 2018, petitioner Rosalina Ayuyu Dalal was driving her 2016 Kia Forte northbound on Nelson Road in the City of Lake Charles, Louisiana.  Petitioner, Christopher T. Lewis, was guest passenger in Ms. Dalal's car.  As a result of traffic congestion, Ms. Dalal was required to, and did, bring her car safely to a complete stop.  Upon petitioners' belief, Eugene V. Bargeman was driving a 2018 Nissan Murano behind Ms. Dalal.  After Ms. Dalal came to a complete stop, it is believed that Mr. Bargeman similarly brought his vehicle to a complete stop.  At the same time, Defendant, William J. Porter II, was driving behind Mr. Bargeman.  Mr. Porter was operating a 2000 Peterbilt 379 truck hauling a 2018 FO trailer.  Although Mr. Bargeman slowed his vehicle in preparation to bring his vehicle  to a complete stop, Mr. Porter did not slow appropriately and did not stop.  Instead, William J. Porter, II rammed his Peterbilt truck into the rear of the Bargeman vehicle causing the Bargeman vehicle to be propelled into the rear of the Ms. Dalal's vehicle.

Upon petitioners' belief that defendants, William J. Porter, II and/or Rose Land Development, L.L.C. and/or United Specialty Insurance Company, may have information different from and/or in addition to that possessed by plaintiffs such that defendants may allege fault against Mr. Eugene V. Bargeman in causing the February 28, 2018 collision. Plaintiffs therefore make the following alternative allegations:    Mr. Bargeman was a joint and/or concurrent cause of the

February 28, 2018 collision and was negligent and/or at fault in that he was following too closely and/or he failed to give a proper signal to a following vehicle and/or he came to an abrupt stop.

As a result of this collision, plaintiffs, Rosalina Ayuyu Dalal and Christopher T. Lewis, suffered personal injuries and other damages."

V.

Plaintiffs amend and supplement their original petition by adding Paragraph VII(a) to read as follows:

"VII(a).

At the time of the collision referred to in paragraph V of the Petition for Damages as amended, there existed a policy or policies of insurance which provided automobile liability insurance coverage for defendant Eugene V. Bargeman and/or the vehicle he was driving and this coverage was for the benefit of plaintiffs, Rosalina Ayuyu and Christopher T. Lewis.   Additionally, and/or alternatively, there existed another policy or policies of insurance, the provisions of which make Technology Insurance Company, Inc. liable for damages, losses, injuries and expenses suffered by the plaintiffs and made the basis of this lawsuit."

VI.

Plaintiffs amend and supplement Paragraph VIII of their original petition to read as follows:

"VIII.

The sole and proximate cause of the rear end collision made the basis of this suit was the individual and/or joint and/or concurrent negligence and/or fault and/or want of care and/or strict liability of defendants, William J. Porter, II and Eugene V. Bargeman. Mr. Porter's negligence, fault, want of care and/or strict liability is imputed to Rose Land Development, L.L.C. and to the insurance carrier United Specialty Insurance Company.  Mr. Bargeman's negligence, fault, want of care and/or strict liability is imputed to the insurance carrier, Technology Insurance Company, Inc. Defendants' tortuous conduct consists of one or more of the following acts and/or omissions which are illustrative and not exclusive and which, if inconsistent, are pled in the alternative:

A.   With regard to William J. Porter, II:

1.   He rear ended a vehicle ahead.

2.   He failed to pay attention to traffic ahead and/or keep a good and proper lookout;

3.   He failed maintain control over his vehicle;

-3-

4.   He was following too closely;

5.   He was driving in a careless manner;

6.   He failed to see what he should have seen or do what he should have done;

7.   He failed to act like a reasonably prudent person under the circumstances;

8.   He failed to avoid an automobile collision;

9.   Any and all other acts and/or omissions constituting negligence and/or fault and/or want of care and/or strict liability which are proven at the time of trial.

B.   With regard to Eugene V. Bargeman:

1.   He was following too closely;

2.   He failed to give a proper signal to a following vehicle;

3.   He came to an abrupt stop;

4.   Any and all other acts and/or omissions constituting negligence and/or fault and/or want of care and/or strict liability which are proven at the time of trial.

All of which said acts and omissions are in direct violation of the traffic laws and ordinances of the City of Lake Charles, the Parish of Calcasieu and the State of Louisiana, which said laws, ordinances and statutes are pled herein as if copied *in extenso*."

VI.

Plaintiffs reiterate and re-aver all the allegations of plaintiffs' original Petition for Damages, not inconsistent with the purpose of the above and foregoing First Amended and Supplemental Petition for Damages, as it copied herein *in extenso*.

WHEREFORE, plaintiffs, Rosalina Ayuyu Dalal and Christopher T. Lewis, pray that:

1)   This First Amending and Supplemental Petition for Damages be filed as prayed for and according to law;

2)   All of the allegations of plaintiffs' original Petition for Damages, not inconsistent with the purpose of the above and foregoing First Amended and Supplemental Petition for Damages, be reiterated and re-averred as if copied herein *in extenso*;

3)   Defendants, United Specialty Insurance Company, Rose Land Development, L.L.C. and William J. Porter, II be duly served with a copy of this First Amending and Supplemental Petition for Damages and cited to appear herein and answer same;

-4-

4)      Defendants, Technology Insurance Company, Inc. and Eugene V. Bargeman be duly served with a copy of the original Petition for Damages and the First Amending and Supplemental Petition for Damages and be cited to appear and answer the same;

5)      After the lapse of all legal delays and due proceedings are had, there be judgment herein in favor of plaintiffs, Rosalina Ayuyu Dalal and Christopher T. Lewis and against defendants, United Specialty Insurance Company, Rose Land Development, L.L.C., William J. Porter, II, Technology Insurance Company, Inc., and Eugene V. Bargeman, jointly, severally and in solido in a sum of damages as is reasonable in the premises, together with legal interest from and after the date of judicial demand until paid, and for all costs of these proceedings and the fees of expert witnesses; and

6)      For all orders and decrees necessary in the premises and for all costs of these proceedings and for full, general and equitable relief.

By their attorney,

DELPHIN LAW OFFICES,
A PROFESSIONAL LAW CORPORATION
626 Broad Street
Lake Charles, LA 70601
(337) 439-3939 -Telephone
(337) 439-4504 - Facsimile
markdelphin@delphinlaw.com

BY:

Mark A. Delphin, Esq. #4850
Arthur J. O'Keefe, Esq. #10183

**PLEASE SERVE:**

**PLEASE SERVE WITH FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES ONLY**

**UNITED SPECIALTY INSURANCE COMPANY**
Through the Louisiana Secretary of State
8585 Archives Blvd.
Baton Rouge, Louisiana 70809

**PLEASE SERVE WITH FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES ONLY**

**ROSE LAND DEVELOPMENT, L.L.C.**
Via Long Arm Statute
through its registered agent for the service of legal process
Robert M. Logan
205 E. Church Street

-5-

Newton, MS 39345

**PLEASE SERVE WITH FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES ONLY**

**WILLIAM J. PORTER**
Via Long Arm Statute
3201 Albo Stamper Road
Conehatta, MS 39057

**PLEASE SERVE WITH ORIGINAL PETITION FOR DAMAGES AND FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES**

**TECHNOLOGY INSURANCE COMPANY, INC.**
Through
Louisiana Secretary of State
8585 Archives Blvd.
Baton Rouge, Louisiana 70809

**PLEASE SERVE WITH ORIGINAL PETITION FOR DAMAGES AND FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES**

**EUGENE V. BARGEMAN**
2017 9th Street
Lake Charles, Louisiana 70601

-6-

Citation/Long Arm



ROSALINA AYUYU DALAL
VS.    2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:    WILLIAM J PORTER II                    PURSUANT   TO   LOUISIANA
3201 ALBO STAMPER ROAD              LONG-ARM STATUTE
CONEHATTA, MS  39057

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

**PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR
DAMAGES**

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of
MARCH, 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE        $_____                    BY:  _____
                                                    Deputy Sheriff
MILEAGE        $_____

TOTAL $_____

Party No.    P001

*CMS6371736*

Citation/Long Arm

ROSALINA AYUYU DALAL
VS.    2019-000531
UNITED SPECIALTY INSURANCE
COMPANY



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   WILLIAM J PORTER II          PURSUANT   TO   LOUISIANA
      3201 ALBO STAMPER ROAD       LONG-ARM STATUTE
      CONEHATTA, MS 39057

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

**PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR
DAMAGES**

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of
MARCH, 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____          BY:   _____
                                         Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    P001

*CMS6371736*

Citation/Long Arm



ROSALINA AYUYU DALAL
VS.     2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   WILLIAM J PORTER II
      3201 ALBO STAMPER ROAD
      CONEHATTA, MS 39057

PURSUANT TO LOUISIANA
LONG-ARM STATUTE

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

**PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR
DAMAGES**

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of
MARCH, 2019.

Issued and delivered March 12, 2019

_____

Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____            BY: _____
                                          Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    P001

*CMS6371736*

[ Service Copy ]
CMS0049

Page 1 of 1

Citation/Long Arm

ROSALINA AYUYU DALAL                                    14ᵗʰ Judicial District Court
VS.    2019-000531                                                    State of Louisiana
UNITED SPECIALTY INSURANCE                                    Parish of Calcasieu
COMPANY



THE STATE OF LOUISIANA

TO:   ROSE LAND DEVELOPMENT LLC          PURSUANT TO LOUISIANA
      THROUGH ITS REGISTERED AGENT       LONG-ARM STATUTE
      FOR SERVICE: ROBERT M LOGAN
      205 E CHURCH STREET
      NEWTON, MS 39345

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

**PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR
DAMAGES**

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of
MARCH, 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE        $_____          BY:   _____
                                          Deputy Sheriff
MILEAGE        $_____

TOTAL $_____

Party No.      P001

*CMS6371745*

Filing Date: 03/12/2019 10:30 AM        Page Count: 1
Case Number: 2019-000531
Document Name: Citation/Long Arm

[ File Copy ]
CMS0049                                                                  Page 1 of 1

Citation/Long Arm

ROSALINA AYUYU DALAL
VS.    2019-000531
UNITED SPECIALTY INSURANCE
COMPANY



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   ROSE LAND DEVELOPMENT LLC          PURSUANT   TO   LOUISIANA
      THROUGH  ITS  REGISTERED  AGENT  LONG-ARM STATUTE
      FOR SERVICE: ROBERT M LOGAN
      205 E CHURCH STREET
      NEWTON, MS  39345

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

**PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR
DAMAGES**

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of
MARCH, 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE        $_____           BY:    _____
                                            Deputy Sheriff
MILEAGE        $_____

TOTAL $_____

Party No.      P001

**\*CMS6371745\***

Filing Date: 03/12/2019 10:30 AM     Page Count: 1
Case Number: 2019-000531
Document Name: Citation/Long Arm

[ Original Copy ]
CMS0049

Page 1 of 1

Citation/Long Arm

ROSALINA AYUYU DALAL                                                        14th Judicial District Court
VS.    2019-000531                                                                                                              State of Louisiana
UNITED SPECIALTY INSURANCE                                                                                       Parish of Calcasieu
COMPANY

THE STATE OF LOUISIANA

TO:  ROSE LAND DEVELOPMENT LLC              PURSUANT   TO   LOUISIANA
     THROUGH  ITS  REGISTERED  AGENT   LONG-ARM STATUTE
     FOR SERVICE: ROBERT M LOGAN
     205 E CHURCH STREET
     NEWTON, MS  39345

Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to
comply with the demand in the petition of ROSALINA AYUYU DALAL against you,
certified copy of which petition accompanies this citation, or file your answers thereto in
writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in
said Parish, within thirty (30) days after the service hereof, under penalty of default.

**PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR
DAMAGES**

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of
MARCH, 2019.

Issued and delivered March 12, 2019

_____

Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE        $_____              BY:  _____
                                            Deputy Sheriff
MILEAGE        $_____

TOTAL $_____

Party No.    P001

*CMS6371745*

Filing Date: 03/12/2019 10:30 AM      Page Count: 1
Case Number: 2019-000531
Document Name: Citation/Long Arm

{ Service Copy }
CMS0049                                                                                                          Page 1 of 1



| | Citation/10 Day | |
|---|---|---|
| ROSALINA AYUYU DALAL<br>VS.   2019-000531<br>UNITED SPECIALTY INSURANCE<br>COMPANY | | 14th Judicial District Court<br>State of Louisiana<br>Parish of Calcasieu |

THE STATE OF LOUISIANA

TO:   UNITED SPECIALTY INSURANCE
      COMPANY
      THRU LOUISIANA SECRETARY OF
      STATE
      8585 ARCHIVES AVE
      BATON ROUGE, LA 70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL ET AL   (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES)  against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse in the City of Lake Charles, in said Parish, within ten (10) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of MARCH 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
## SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service. RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE     $_____          BY:   _____
                                        Deputy Sheriff
MILEAGE     $_____

TOTAL $_____

Party No.     P001

# *CMS6371808*

Citation/10 Day



ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   UNITED  SPECIALTY  INSURANCE
COMPANY
THRU  LOUISIANA  SECRETARY  OF
STATE
8585 ARCHIVES AVE
BATON ROUGE, LA  70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL ET AL   (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES)  against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse in the City of Lake Charles, in said Parish, within ten (10) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of MARCH 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service. RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE       $_____         BY:   _____
                                                    Deputy Sheriff
MILEAGE      $_____

TOTAL  $_____

Party No.      P001

*CMS6371808*

Citation/10 Day

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   UNITED SPECIALTY INSURANCE
COMPANY
THRU LOUISIANA SECRETARY OF
STATE
8585 ARCHIVES AVE
BATON ROUGE, LA 70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL ET AL (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES) against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse in the City of Lake Charles, in said Parish, within ten (10) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12TH day of MARCH 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

------------------------------------------------------------------------
SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service. RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE     $_____          BY:   _____
                                         Deputy Sheriff
MILEAGE     $_____

TOTAL $_____

Party No.     P001

*CMS6371808*

Citation



ROSALINA AYUYU DALAL
VS.    2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  TECHNOLOGY          INSURANCE
     COMPANY INC
     THROUGH          LOUISIANA
     SECRETARY OF STATE
     8585 ARCHIVES BLVD
     BATON ROUGE, LA 70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, ET AL  (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES)   against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ALSO ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12th day of March 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

---------------------------------- SERVICE INFORMATION ----------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE      $_____            BY:  _____
                                         Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    P001

**\*CMS6371831\***

Filing Date: 03/12/2019 10:48 AM      Page Count: 1
Case Number: 2019-000531
Document Name: Citation

Citation



ROSALINA AYUYU DALAL
VS.    2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   TECHNOLOGY          INSURANCE
      COMPANY INC
      THROUGH            LOUISIANA
      SECRETARY OF STATE
      8585 ARCHIVES BLVD
      BATON ROUGE, LA  70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, ET AL   (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES)    against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ALSO ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12th day of March 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20___

SERVICE     $_____        BY:   _____
                                      Deputy Sheriff
MILEAGE     $_____

TOTAL $_____

Party No.    P001

**\*CMS6371831\***

Filing Date: 03/12/2019 10:48 AM        Page Count: 1
Case Number: 2019-000531
Document Name: Citation

[ Original Copy ]
CMS0085



ROSALINA AYUYU DALAL
VS.     2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

**Citation**

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   TECHNOLOGY             INSURANCE
      COMPANY INC
      THROUGH              LOUISIANA
      SECRETARY OF STATE
      8585 ARCHIVES BLVD
      BATON ROUGE, LA  70809

Parish of East Baton Rouge, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, ET AL   (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES)   against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ALSO ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12th day of March 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE      $_____          BY:   _____
                                         Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.     P001

**\*CMS6371831\***

Filing Date: 03/12/2019 10:48 AM     Page Count: 1
Case Number: 2019-000531
Document Name: Citation

[ Service Copy ]
CMS0085

Page 1 of  1

Citation



ROSALINA AYUYU DALAL
VS.     2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

14ᵗʰ Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   EUGENE V BARGEMAN
      2017 9TH STREET
      LAKE CHARLES, LA  70601

Parish of Calcasieu, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, ET AL  (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES)   against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ALSO ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12th day of March 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____          BY:    _____
                                          Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    P001

**\*CMS6371849\***

Filing Date: 03/12/2019 10:51 AM     Page Count: 1
Case Number: 2019-000531
Document Name: Citation

Citation



ROSALINA AYUYU DALAL                                  14th Judicial District Court
VS.     2019-000531                                          State of Louisiana
UNITED SPECIALTY INSURANCE                              Parish of Calcasieu
COMPANY

THE STATE OF LOUISIANA

TO:   EUGENE V BARGEMAN
      2017 9TH STREET
      LAKE CHARLES, LA  70601

Parish of Calcasieu, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in
the petition of ROSALINA AYUYU DALAL, ET AL   (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL
PETITION FOR DAMAGES)   against you, certified copy of which petition accompanies this citation, or file your answers
thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within
fifteen (15) days after the service hereof, under penalty of default.

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ALSO ATTACHED HERETO AND MADE A
PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12th day of March 2019.

Issued and delivered March 12, 2019


                                              _____
                                              Byron Wilkinson
                                              Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named
party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in
said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein
being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE          $_____           BY:   _____
                                             Deputy Sheriff
MILEAGE          $_____

TOTAL $_____

Party No.      P001


**\*CMS6371849\***

Filing Date: 03/12/2019 10:51 AM       Page Count: 1
Case Number: 2019-000531
Document Name: Citation

[ Original Copy ]
CMS0085                                                              Page 1 of  1

Citation



ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   EUGENE  V BARGEMAN
2017 9TH STREET
LAKE CHARLES, LA  70601

Parish of Calcasieu, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of ROSALINA AYUYU DALAL, ET AL   (PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES)   against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

CERTIFIED COPY OF ORIGINAL PETITION FOR DAMAGES ALSO ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 12th day of March 2019.

Issued and delivered March 12, 2019

_____
Byron Wilkinson
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE        $_____              BY:    _____
                                                        Deputy Sheriff
MILEAGE       $_____

TOTAL $_____

Party No.      P001

**\*CMS6371849\***

Filing Date: 03/12/2019 10:51 AM      Page Count: 1
Case Number: 2019-000531
Document Name: Citation

[ Service Copy ]
CMS0085

Page 1 of  1

ROSALINA AYUYU DALAL AND
CHRISTOPHER T. LEWIS

VERSUS

UNITED SPECIALTY INSURANCE
COMPANY, ROSELAND DEVELOPMENT,
LLC AND WILLIAM J. PORTER, II

14TH JUDICIAL DISTRICT COURT

DOCKET NO. 2019-531 D

PARISH OF CALCASIEU

STATE OF LOUISIANA

****************************************************************

**NOTICE OF FILING OF NOTICE OF REMOVAL**

TO:  **HONORABLE H. LYNN JONES, II**
**Calcasieu Parish Clerk of Court**
**1000 Ryan Street**
**Lake Charles, LA 70601**

FILED   MAR 1 3 2019

Deputy Clerk of Court
Calcasieu Parish, Louisiana

PLEASE TAKE NOTICE that on March 13, 2019, Defendant, UNITED SPECIALTY

INSURANCE COMPANY, removed this action, "*Rosalina Ayuyu Dalal and Christopher T. Lewis*

*versus United Specialty Insurance Company, Roseland Development, LLC and William J. Porter,*

*II*", bearing Docket No. 2019-531 D, 14th Judicial District Court, for the Parish of Calcasieu, State of

Louisiana, to the United States Court for the Western District of Louisiana, Lake Charles Division.

A copy of said Notice of Removal is attached in conformity with 28 U.S.C. § 1446(d).

Lafayette, Louisiana, this the 13th day of March, 2019.

Respectfully Submitted:

JEAN ANN BILLEAUD (La. Bar No. 24756)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
100 E. Vermilion Street, Suite 300
Lafayette, Louisiana 70501
Telephone: (337) 326-5777
Facsimile: (337) 504-3341
Email: Jean.Billeaud@lewisbrisbois.com
Attorneys for Defendants, United Specialty
Insurance Company, Rose Land Development, LLC
and William J. Porter, II,

4847-8045-7098.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on opposing counsel via email:

Mark A. Delphin
Arthur J. O'Keefe
DELPHIN LAW OFFICES
626 Broad Street
Lake Charles, LA  70601
(337) 439-3939 – Telephone
(337) 439-4504 – Facsimile
markdelphin@delphinlaw.com;
arthur@delphinlaw.com;
paralegal@delphinlaw.com

Lafayette, Louisiana this 13th day of March, 2019.

_____
JEAN ANN BILLEAUD



Jean Ann Billeaud
100 East Vermilion Street, Suite 300
Lafayette, Louisiana 70501
Jean.Billeaud@lewisbrisbois.com
Direct: 337.205.4736

March 13, 2019

File No. 41903.05

**VIA FACSIMILE: (337) 437-3206**
**AND FEDEX: 7746 9527 1576**

Honorable H. Lynn Jones, II
Calcasieu Parish Clerk of Court
1000 Ryan Street
Lake Charles, LA 70601

MAR 1 3 2019
FILED
Deputy Clerk of Court
Calcasieu Parish, Louisiana

Re:   *Rosalina Ayuyu Dalal and Christopher T. Lewis v.*
*United Specialty Insurance, et al.*
14th JDC No. 2019-531, Div. "D"

Dear Honorable Clerk:

Enclosed please Defendant's Notice of Filing of Removal, together with a copy of the Notice of Removal with attachments, filed with the United States District Court, Western District of Louisiana. Please send your invoice representing filing fees herein.

In accordance with La. Rev. Stat. 13:850, we will forward the original separately within the time specified, together with the filing fee and $5.00 facsimile transmission fee required by statute. Thank you in advance for your assistance with this matter.

erely,

n Ann Billeaud for
LEWIS BRISBOIS BISGAARD & SMITH LLP

JAB:lah
Enclosure

cc:   Mark A. Delphin (markdelphin@delphinlaw.com; paralegal@delphinlaw.com)
Arthur J. O'Keefe (arthur@delphinlaw.com)

ARIZONA · CALIFORNIA · COLORADO · CONNECTICUT · FLORIDA · GEORGIA · ILLINOIS · INDIANA · KANSAS · KENTUCKY
LOUISIANA · MARYLAND · MASSACHUSETTS · MISSOURI · NEVADA · NEW JERSEY · NEW MEXICO · NEW YORK
NORTH CAROLINA · OHIO · OREGON · PENNSYLVANIA · RHODE ISLAND · TEXAS · UTAH · WASHINGTON · WEST VIRGINIA
4849-5884-6346.1

P. 1

✳ ✳ ✳  COMMUNICATION RESULT REPORT ( MAR. 14. 2019  7:47AM )  ✳ ✳ ✳

FAX HEADER 1:  CAL CLERKS OFFICE
FAX HEADER 2:

TRANSMITTED/STORED : MAR. 14. 2019  7:47AM
FILE MODE        OPTION              ADDRESS                    RESULT      PAGE
--------------------------------------------------------------------------------
8696 MEMORY TX                        13375043341               OK          1/1
--------------------------------------------------------------------------------
REASON FOR ERROR
E 1) HANG UP OR LINE FAIL                      E-2) BUSY
E-3) NO ANSWER                                 E 4) NO FACSIMILE CONNECTION

## FAX FILED

### PLEASE PUT A COPY OF THE FAX CONFIRMATION ON TOP OF YOUR ORIGINAL, AND YOUR PAYMENT WITHIN 7 DAYS

H. LYNN JONES II
Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana

FILED 3·13·19

TL ACL.

Deputy Clerk of Court
Calcasieu Parish, Louisiana

Post Office Box 1030
Lake Charles, Louisiana 70602

Main: 337-437-3550
Main Fax 337-437-3550



| To: | Jean Ann Billeaud | From: | JO ANN HANKS |
| Fax: | 337·504·3341 | Pages: | 1  Including Cover |
| Phone: | | Date: | 3·14·19 (faxed 3·13·19) |
| Re: | FAX CONFIRMATION | Return Fax: | 337-437-3206 |

☐Urgent   ☐For Review   ☐Please Comment   ☐Please Reply   ☐Please Recycle

● **Comments:**
WE RECEIVED YOUR FAX FILING OF Notice Of Removal _____ IN CASE
NUMBER 2019·531 ___ AND IT WILL BE FILED FOR THE DATE ABOVE.

FAX FILING COSTS FOR THE PLEADING FILED ABOVE IS $ 315.00
45 ___ INCLUDING EXHIBITS
___ NOT INCLUDING EXHIBITS

**PLEASE NOTE: EXHIBITS NOT FAXED WITH PLEADING WILL BE FILED FOR THE DATE ORIGINAL IS RECEIVED.**

YOU MUST FORWARD THE ORIGINAL, **TOGETHER WITH A COPY OF THIS FAX CONFIRMATION, AND YOUR PAYMENT WITHIN 7 DAYS.**

Re: Dalal, et al
vs
United Speciality, et al

THANKS,

JO ANN HANKS
DEPUTY CLERK OF COURT
COST DEPARTMENT
337-437-3550 EXT. 141

Filing Date: 03/13/2019 12:00 AM        Page Count: 2
Case Number: 2019-000531
Document Name: FAX CONFIRMATION

# FAX FILED

## PLEASE PUT A COPY OF THE FAX CONFIRMATION ON TOP OF YOUR ORIGINAL, AND YOUR PAYMENT WITHIN 7 DAYS

### H. LYNN JONES II
Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana

Post Office Box 1030
Lake Charles, Louisiana 70602



Main: 337-437-3550
Main Fax 337-437-3350

| | | | |
|---|---|---|---|
| **To:** Jean Ann Billeaud | **From:** | JO ANN HANKS | |
| **Fax:** 337.504.3341 | **Pages:** 1 | Including Cover | |
| **Phone:** | **Date:** 3.14.19 (faxed 3.13.19) | | |
| **Re:** FAX CONFIRMATION | **Return Fax:** | 337-437-3206 | |

☐ Urgent  ☐ For Review  ☐ Please Comment  ☐ Please Reply  ☐ Please Recycle

● **Comments:**
WE RECEIVED YOUR FAX FILING OF _Notice Of Removal_ IN CASE NUMBER _2019.531_ AND IT WILL BE FILED FOR THE DATE ABOVE.

FAX FILING COSTS FOR THE PLEADING FILED ABOVE IS $ _315.00_.
_45_ INCLUDING EXHIBITS
_____ NOT INCLUDING EXHIBITS

**PLEASE NOTE: EXHIBITS NOT FAXED WITH PLEADING WILL BE FILED FOR THE DATE ORIGINAL IS RECEIVED.**

YOU MUST FORWARD THE ORIGINAL, **TOGETHER WITH A COPY OF THIS FAX CONFIRMATION, AND YOUR PAYMENT WITHIN 7 DAYS.**

Re: Dalal, et al
vs
United Specialty, et al

THANKS,

JO ANN HANKS
DEPUTY CLERK OF COURT
COST DEPARTMENT
337-437-3550 EXT. 141

Fax CONFIRMATION jo ann

# H. Lynn Jones II
Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana



Post Office Box 1030
Lake Charles, Louisiana 70602

Main: 337-437-3550
Fax: 337-437-3550
**STATEMENT**

To  JEAN ANN BILLEAUD
100 E VERMILLION STREET, SUITE 300
LAFAYETTE, LA 70501-0000

In  ROSALINA AYUYU DALAL
VS.
UNITED SPECIALTY
INSURANCE COMPANY

Date: 03/18/2019                    Case Number:  2019-000531

| STATEMENT | CASE NUMBER | AMOUNT DUE |
|-----------|-------------|------------|
| 1319157   | 2019-000531 | $162.00    |

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 03/18/2019 | Your costs in above entitled numbered matter | $162.00 |
|  | Less Advance Deposit | $0.00 |
|  | Less Refunds | $0.00 |
|  | Balance Due | $162.00 |

This statement is for court costs in the above entitled case. This is a debt you owe. Please contact our office 8:30-4:30 Monday – Friday (excluding holidays) at 337-437-3550 to discuss this matter or make payment arrangements. Credit cards accepted VISA, MASTER CARD, and DISCOVER.

-------------------------------------------------------------------------------------------------
Send Remittance Portion with your payment to:
Calcasieu Parish Clerk of Court  P.O. Box 1030  Lake Charles, LA 70602

Statement: 1319157                    Case:  2019-000531        Amount Due:  $162.00
Party: UNITED SPECIALTY          Due Date: 04/17/2019
INSURANCE                                   Payment        _____
COMPANY D001
Cash☐          Chec☐

Contact Billing at 337-437-3550 with any questions regarding your Statement.

ROSALINA AYUYU DALAL AND    :    14TH JUDICIAL DISTRICT COURT
CHRISTOPHER T. LEWIS

VS. NO. 2019-531 "D"    :    PARISH OF CALCASIEU

UNITED SPECIALTY
INSURANCE COMPANY,    :    STATE OF LOUISIANA
ROSE LAND DEVELOPMENT,
L.L.C. and WILLIAM J. PORTER, II

FILED:_____    :   _____
                                  DEPUTY CLERK OF COURT

<u>EXHIBIT "A"</u>

# Delphin Law Offices
### *A Professional Law Corporation*

Mark A. Delphin*      626 Broad Street      Office: (337) 439-3939
                  Lake Charles, LA  70601    Fax:   (337) 439-4504
*Also admitted in Texas                          E-Mail:
markdelphin@delphinlaw.com

February 19, 2019

Roseland Development, LLC
Mr. Robert M. Logan
205 East Church Street
Newton, MS  39345

    RE:    Rosalina A. Dalal, et al v.  United Specialty Insurance Company, et al
           Docket No: 2019-531, D, 14th JDC

Dear Mr. Logan:

    I am pleased to enclose a certified copy of a Petition for Damages filed in the above captioned matter.

    You are being served pursuant to LSA-R.S. 13:3201 et seq., the Long Arm Statute, and have thirty (30) days from your receipt hereof to answer said petition.

    With best regards, I am

Filing Date: 03/27/2019 12:00 AM    Page Count: 2
Case Number: 2019-000531
Document Name: FILE EXHIBITS

                                        Yours truly,

                                        Mark A. Delphin    FILED 3-27-19

                                                  Deputy Clerk of Court
                                                    Calcasieu Parish, Louisiana

MAD/bc

Enclosure

VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED
7011 3500 0000 5557 8609

ROSALINA AYUYU DALAL AND      :      14TH JUDICIAL DISTRICT COURT
CHRISTOPHER T. LEWIS

VS. NO. 2019-531 "D"          :      PARISH OF CALCASIEU

UNITED SPECIALTY
INSURANCE COMPANY,         :      STATE OF LOUISIANA
ROSE LAND DEVELOPMENT,
L.L.C. and WILLIAM J. PORTER, II

FILED:_____    :    _____
                                       DEPUTY CLERK OF COURT

EXHIBIT "B"





ROSALINA AYUYU DALAL AND          :          14TH JUDICIAL DISTRICT COURT
CHRISTOPHER T. LEWIS

VS. NO. 2019-531 "D"              :          PARISH OF CALCASIEU

UNITED SPECIALTY
INSURANCE COMPANY,               :          STATE OF LOUISIANA
ROSE LAND DEVELOPMENT,
L.L.C. and WILLIAM J. PORTER, II

FILED: _3·27·19_____             :          _En D me Phu_____
                                             DEPUTY CLERK OF COURT


STATE OF LOUISIANA               :

                                             **AFFIDAVIT OF SERVICE**

PARISH OF CALCASIEU              :


        BEFORE ME, the undersigned authority, personally came and appeared BERNICE

CHRISTOPHE, 626 Broad Street, Lake Charles, Louisiana, 70601, who after being duly sworn,

said that on the 19th day of February, 2019, she served a certified copy of a Petition for Damages

under the Louisiana Long Arm Statute, LSA-R.S. 13:3204, by mailing it to ROSELAND

DEVELOPMENT LLC, to the registered agent, ROBERT LOGAN by certified mail, return

receipt requested, properly addressed and postage prepaid; that appearer received the return receipt

on February 25, 2019 which had been signed for on February 21, 2019 by Sarah H.


                                             _____
                                             BERNICE CHRISTOPHE
                                             Secretary to MARK A. DELPHIN
                                             Attorney for plaintiffs


        SWORN TO AND SUBSCRIBED before me, Notary Public, at Lake Charles, Calcasieu

Parish, Louisiana, on this 26th day of March, 2019.


                                             _____
                                             MARK A. DELPHIN · NOTARY PUBLIC
                                             My Commission Expires at Death

# H. Lynn Jones II

Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana



Post Office Box 1030
Lake Charles, Louisiana 70602

Main: 337-437-3550
Fax: 337-437-3350

MARK A DELPHIN
*626 BROAD ST.
LAKE CHARLES, LA 70601-0000

April 1, 2019

ROSALINA AYUYU DALAL
VS.     NO: 2019-000531
UNITED SPECIALTY INSURANCE COMPANY

Dear MARK DELPHIN:

We are holding  NOTICE OF REMOVAL for a deposit of  $587.26. Your attention is called to portion of
R.S. 13:842 which states as follows:

Whenever the costs have exhausted the amount of the original advance deposit, the Clerk may refuse to
perform any further function in the proceeding until the additional costs for the function have been paid, in
accordance with the fees set forth in R.S. 13:841.

**Return the enclosed payment voucher with your payment. Failure to include the payment voucher
could further delay processing of your filing.**

Sincerely,

Jo Ann Hanks
Deputy Clerk of Court

CC:
Record

## *CMS6395640*

Filing Date: 04/01/2019 10:12 AM        Page Count: 1
Case Number: 2019-000531
Document Name: Cost Letter  (Legacy data)

CMS2208   4/1/2019   10:31:15 AM

Page 1 of  1



# PAYMENT VOUCHER
## for filings being held for Cost

**Return this voucher with your payment. Failure to include the voucher could further delay processing of your filing.**

| Addressee | Docket Number | |
| --- | --- | --- |
| MARK DELPHIN | 2019-0531 | JAH |

| Amount | Party Code |
| --- | --- |
| $ 587.26 | P1 |

For office use

| emp | date | pmt type | amt |
| --- | --- | --- | --- |
| | | | |

CMS2208   4/1/2019  10:31:15 AM                                    Page 2 of 2

P. 1

x  x  x  COMMUNICATION RESULT REPORT ( APR. 2. 2019 10:50AM )  x  x  x

FAX HEADER 1:  CAL CLERKS OFFICE
FAX HEADER 2:

TRANSMITTED/STORED : APR. 2. 2019 10:49AM

| FILE | MODE | OPTION | ADDRESS | RESULT | PAGE |
|------|------|--------|---------|--------|------|
| 9134 | MEMORY TX | | 3186197744 | OK | 1/1 |

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL        E-2) BUSY
E-3) NO ANSWER                   E-4) NO FACSIMILE CONNECTION

### H. LYNN JONES II
Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana

Post Office Box 1030
Lake Charles, Louisiana 70602



Main: 337-437-3550
Main Fax 337-437-3350

| To: A. Bauard | From: Shelbie Hardy |
|---|---|
| Fax: (318) 619 - 7744 | Pages: 1  Including Cover |
| Phone: | Date: APR - 2 2019 |
| Re:  FAX CONFIRMATION | Return Fax: 337-437-3206 |

☐ Urgent  ☐ For Review  ☐ Please Comment  ☐ Please Reply  ☐ Please Recycle

Dalal  vs.  USIC

• Comments:
WE RECEIVED YOUR FAX FILING OF exception, Jury Order, RTSC, memo
IN CASE NUMBER ___2019-531___   AND IT WILL BE FILED FOR THE DATE ABOVE.

FAX FILING COSTS FOR THE PLEADING FILED ABOVE IS $ 438.00
____ INCLUDING EXHIBITS
✓ NOT INCLUDING EXHIBITS

PLEASE NOTE: EXHIBITS NOT FAXED WITH PLEADING WILL BE FILED FOR THE
DATE ORIGINAL IS RECEIVED.

YOU MUST FORWARD THE ORIGINAL, TOGETHER WITH A COPY OF THIS FAX
CONFIRMATION, AND YOU PAYMENT WITHIN 7 DAYS.

THANKS,

Shelbie Hardy
DEPUTY CLERK OF COURT
COST DEPARTMENT
337-437-3558, ext 204

# ***PLEASE NOTE THE CORRECT CIVIL FAX FILING #, (337)437-3206.***



C M S 6 3 9 7 9 0 8
Filing Date: 04/02/2019 1:01 AM
Case Number: 2019-00531
Document Name: FAX CONFIRMATION

# H. LYNN JONES II
Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana

Post Office Box 1030
Lake Charles, Louisiana 70602



Main: 337-437-3550
Main Fax 337-437-3350

| **To:** A. Bauard | **From:** Shelbie Hardy |
| **Fax** (318)619-7744 | **Pages:** 1     Including Cover |
| **Phone:** | **Date:** APR - 2 2019 |
| **Re:** FAX CONFIRMATION | **Return Fax:** 337-437-3206 |

☐Urgent   ☐For Review   ☐Please Comment   ☐Please Reply   ☐Please Recycle

Dalat vs. USIC

• **Comments:**
WE RECEIVED YOUR FAX FILING OF exception, Jury order, RTSC, memo
IN CASE NUMBER ___2019-531___   AND IT WILL BE FILED FOR THE DATE ABOVE.

FAX FILING COSTS FOR THE PLEADING FILED ABOVE IS $ 438.00
___✓___ INCLULDING EXHIBITS
___✓___ NOT INCLUDING EXHIBITS

PLEASE NOTE: EXHIBITS NOT FAXED WITH PLEADING WILL BE FILED FOR THE
DATE ORIGINAL IS RECEIVED.

YOU MUST FORWARD THE ORIGINAL, TOGETHER WITH A COPY OF THIS FAX
CONFIRMATION, AND YOU PAYMENT WITHIN 7 DAYS.

THANKS,

Shelbie Hardy
DEPUTY CLERK OF COURT
COST DEPARTMENT
337-437-3558, ext 204

# ***PLEASE NOTE THE CORRECT CIVIL FAX FILING #, (337)437-3206.***

Fax CONFIRMATION

# FAIRCLOTH MELTON SOBEL & BASH, LLC
## ATTORNEYS

JIMMY R. FAIRCLOTH, JR. LI
BARBARA BELL MELTON
DAVID R. SOBEL ²
LOTTIE L. BASH
BROOK LANDRY VILLA
DREW HOFFMANN
LAURA BETH MATTHEWS
NATE W. FRIEDMAN
MADALINE KING

105 YORKTOWN DRIVE
ALEXANDRIA, LA 71303
PHONE (318) 619-7755
FAX (318) 619-7744

www.fairclothlaw.com

OF COUNSEL
WILSON & WILSON
JENA, LA

¹ LL.M. IN LITIGATION
² ALSO ADMITTED IN GEORGIA
⁴ ALSO ADMITTED IN TEXAS

Email: aballard@fairclothlaw.com

# FACSIMILE

*LATE*

| Recipient | Regarding |
|---|---|
| Calcasieu Parish Clerk of Court | Rosalina Dalal and Christopher Lewis v. United Speciality Insurances Company, et al |

**Fax No:** 337-437-3804

**From:** Lottie L. Bash

**Date:** April 1, 2019

D4

**Pages:** ____, including cover sheet.

**Message:**

THE ATTACHED INFORMATION IS CONFIDENTIAL AND SHOULD BE DELIVERED ONLY TO THE ADDRESSEE. IF YOU HAVE RECEIVED THIS INFORMATION IN ERROR, PLEASE DESTROY IT AND CONTACT THE SENDER AT ONCE.

SCANNED
APR 23 2019

# FAIRCLOTH MELTON SOBEL & BASH, LLC

## ATTORNEYS

JIMMY R. FAIRCLOTH, JR. [1,2]
BARBARA BELL MELTON
DAVID R. SOBEL [3]
LOTTIE L. BASH
BROOK LANDRY VILLA
DREW HOFFMANN
LAURA BETH MATTHEWS
NATE W. FRIEDMAN
MADALINE KING

105 YORKTOWN DRIVE
ALEXANDRIA, LA 71303
PHONE (318) 619-7755
FAX (318) 619-7744

www.fairclothlaw.com

OF COUNSEL
WILSON & WILSON
JENA, LA

[1] LL.M. IN LITIGATION
[2] ALSO ADMITTED IN GEORGIA
[3] ALSO ADMITTED IN TEXAS

April 1, 2019

H. Lynn Jones, II
*Calcasieu Parish Clerk of Court*
P.O. Box 1030
Lakes Charles, Louisiana 70602-1030

Via Fax: (337) 437-3804

Re:   Rosalina Dalal and Christopher Lewis v. United Specialty Insurances
Company, et al
Civil Suit No: 2019-531
14th Judicial District Court, State of Louisiana

Dear Lynn:

Enclosed please find a Dilatory Exception, Motion to Strike, and Answer to Petition for Damages; and a Proposed Order for Jury Trial, which we are filing on behalf of defendants, Eugene V. Bargeman and Technology Insurance Company, Inc, in the above entitled suit.

We ask that you please provide us with certified copies of any order already entered in this matter fixing or scheduling this matter for trial, whether on exceptions, on a rule or on the merits.

We also request that you give us written notice at least ten (10) days in advance of the date fixed for trial of this case, whether on exceptions, on a rule or on the merits. We also request that you send us immediate notice of any order or judgment made or rendered in this case upon the entry of such order or judgment.

A copy of this correspondence is attached which we ask that you please stamp in acknowledgement of receipt and filing of this pleading and return to us.

Our law firm's check in the amount of $334.00 is included to cover the cost of this request.

**FAIRCLOTH MELTON SOBEL & BASH LLC**
April 1, 2019

With kind personal regards, I remain

Respectfully yours,

**FAIRCLOTH MELTON SOBEL & BASH LLC**

By: _____
Lottie L. Bash

:amb
Enclosures

cc:   Mark A. Delphin
      Arthur J. O'Keefe
      Delphin Law Offices
      626 Broad Street
      Lake Charles, Louisiana 70601

CIVIL SUIT NUMBER 2019-531

ROSALINA AYUYU DALAL AND                   14TH JUDICIAL DISTRICT COURT
CHRISTOPHER LEWIS

VERSUS                                      PARISH OF CALCASIEU

UNITED SPECIALITY INSURANCE COMPANY,
ROSE LAND DEVELOPMENT, L.L.C. and
WILLIAM J. PORTER, II                       STATE OF LOUISIANA
****************************************************************************

**DILATORY EXCEPTION, MOTION TO STRIKE AND ANSWER BY EUGENE V. BARGEMAN
AND TECHNOLOGY INSURANCE COMPANY, INC.**

NOW COME EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE COMPANY, INC.,

named defendants herein and through undersigned counsel, and for response to the original

Petition for Damages and Plaintiff's First Amending and Supplemental Petition for Damages

aver as follows:

**DILATORY EXCEPTION & MOTION TO STRIKE**

1.

The allegations contained in plaintiffs' petition for damages are vague and ambiguous

and should be stricken from the pleadings.

2.

The basis for this motion to strike and dilatory exception are set forth in the attached

memorandum in support, which is incorporated herein via reference.

**ANSWER TO THE ORIGINAL PETITION FOR DAMAGES**

1.

The allegations contained in opening/introductory paragraph of the original petition

are denied.

2.

The allegations contained in paragraph I of the original petition are denied for lack of

sufficient basis to justify a belief herein.

3.

The allegations contained in paragraph II of the original petition are denied for lack of

sufficient basis to justify a belief herein.

4.

The allegations contained in paragraph III of the original petition are denied for lack

of sufficient basis to justify a belief herein.

5.

The allegations contained in paragraph IV of the original petition do not require an admission or a denial. In the event one is required, the allegations are denied.

6.

Except as may be otherwise admitted, explained or modified herein, the allegations contained in paragraph V of the original petition are denied.

Further answering, Eugene Bargeman did properly and correctly bring his vehicle to a stop prior to William Porter ramming his Peterbilt truck into the rear of Eugene Bargeman's vehicle forcing Eugene Bargeman's vehicle into the vehicle which contained the plaintiffs.

7.

The allegations contained in paragraph VI of the original petition are denied for lack of sufficient basis to justify a belief herein.

8.

The allegations contained in paragraph VII of the original petition are denied for lack of sufficient basis to justify a belief herein.

9.

The allegations contained in paragraph VIII of the original petition are admitted.

10.

The allegations contained in the first paragraph XI of the original petition are denied.

11.

The allegations contained in the second paragraph X of the original petition are denied.

12.

The allegations contained in paragraph XI of the original petition are denied.

13.

The allegations contained in paragraph XII of the original petition do not require an admission or a denial. To the extent one is required, the allegations are denied.

14.

The allegations contained in paragraph XIII of the original petition do not require an admission or a denial. To the extent one is required, the allegations are denied.

15.

The allegations contained in paragraph XIV of the original petition are denied for lack of sufficient information in which to justify a belief therein.

16.

The allegations contained in paragraph XV of the original petition are denied for lack of sufficient information in which to justify a belief therein.

## ANSWER TO PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES

1.

Except as may be otherwise admitted, explained or modified herein, the allegations contained in paragraph I of the amending petition, adding paragraph III(a) to the original petition, are denied.

Further answering, Technology Insurance Company, Inc. is a foreign insurer authorized to do and doing business in the State of Louisiana.

2.

Except as may be otherwise admitted, explained or modified herein, the allegations contained in paragraph II of the amending petition, adding paragraph III(b) to the original petition, are denied.

Further answering, Eugene V. Bargeman is domiciled in the State of Louisiana.

3.

The allegations contained in paragraph III of the amending petition, amending paragraph IV to the original petition, are denied.

4.

The allegations contained in paragraph IV (including all sub-parts) of the amending petition, amending paragraph V to the original petition, are denied.

5.

Except as may be otherwise admitted, explained or modified herein, the allegations contained in paragraph V of the amending petition, amending paragraph VII(a) to the original petition, are denied.

Further answering, at the time of the accident which is the subject matter to this litigation (the "Accident"), Technology Insurance Company, Inc. had in full force and effect policy number TPP1175782-02, with a named insured of Paramount Nissan, LLC, which policy contains many provisions, exclusions, limitations and conditions and is the best evidence of

its contents.

6.

The allegations contained in the first paragraph VI (including all sub-parts) of the amending petition, amending paragraph VIII to the original petition, are vague and ambiguous and should be stricken from the pleadings.

Further answering, the allegations as to William J. Porter, II are admitted.  The allegations regarding Eugene V. Bargeman are denied.

7.

The allegations contained in the second paragraph VI of the amending petition do not require an admission or a denial.  To the extent one is required, the allegations are denied.

8.

The allegations contained in the prayer (including all sub-parts) of the amending petition do not require an admission or a denial. To the extent one is required, the allegations are denied.

9.

Any other allegations contained in the plaintiff's original and/or amending petition not specifically admitted, is herein denied.

**AND NOW, FURTHER ANSWERING THE PLAINTIFFS' PETITION FOR DAMAGES, THESE DEFENDANTS SHOW ALTERNATIVELY AND AFFIRMATIVELY THAT:**

1.

These defendants allege that the Accident was proximately caused in whole, or alternatively in part, by the negligence or other legal fault of persons or other entities for whom this defendant is not legally responsible, specifically William J. Porter, Rose Land Development, LLC and/or United Specialty Insurance Company, as pled by plaintiffs in their petitions, which is specifically pled in bar of, or in reduction of, or in mitigation of the damages claimed by the plaintiffs herein.

2.

Alternatively, and only in the event this Court finds that these defendants are legally responsible for the alleged injuries and/or damages claimed by plaintiffs herein, which is specifically denied, if investigation, discovery and/or evidence demonstrate that plaintiffs failed to mitigate his or her damages, these defendants plead failure to mitigate damages

as an affirmative defense, which is specifically pled in bar of, reduction of or in mitigation of the damages claimed by plaintiffs herein.

3.

Alternatively, to the extent plaintiffs' alleged injuries or damages were not caused by or related to the Accident, these defendants plead lack of causation as an affirmative defense, which is specifically pled in bar of, reduction of, or in mitigation of the damages claimed by plaintiffs herein.

4.

Alternatively, to the extent all (or alternatively portions) of plaintiffs' alleged injuries or damages are the result of pre-existing medical conditions, accident(s) and/or injury(ies) that occurred before the Accident, these defendants plead lack of causation as an affirmative defense, which is specifically pled in bar of, reduction of or in mitigation of the damages claimed by plaintiffs herein.

5.

Alternatively, to the extent all (or alternatively portions) of plaintiffs' alleged injuries or damages are the result of medical conditions, accident(s) and/or injury(ies) that occurred after the Accident, these defendants plead lack of causation as an affirmative defense, which is specifically pled in bar of, reduction of or in mitigation of the damages claimed by plaintiffs herein.

## JURY TRIAL DEMANDED

These defendants demand a trial by jury to all claims herein.

WHEREFORE these defendants,  Eugene V. Bargeman and Technology Insurance Company, Inc., pray that this Answer be deemed good and sufficient and that after due proceedings have been had that judgment be awarded to these defendants and against plaintiffs at their cost and with prejudice.

Respectfully submitted,

**FAIRCLOTH MELTON SOBEL AND BASH, LLC.**

By: _____
Lottie L. Bash (Bar Roll #26186)
Laura Beth Matthews (Bar Roll #33862)
Franklin "Drew" Hoffmann (Bar Roll #35824)
Madaline King (Bar Roll # 38301)
105 Yorktown Drive
Alexandria, Louisiana 71303
Phone: (318) 619-7755
Fax: (318) 619-7744

**ATTORNEYS FOR   EUGENE V. BARGEMAN AND
TECHNOLOGY INSURANCE COMPANY, INC.**

CIVIL SUIT NUMBER 2019-531

ROSALINA AYUYU DALAL AND                     14TH JUDICIAL DISTRICT COURT
CHRISTOPHER LEWIS

VERSUS                                       PARISH OF CALCASIEU

UNITED SPECIALITY INSURANCE COMPANY,
ROSE LAND DEVELOPMENT, L.L.C. and
WILLIAM J. PORTER, II                        STATE OF LOUISIANA
**********************************************************************************

## ORDER FOR JURY TRIAL

Considering the demand for trial by jury in the answer of the defendants,  EUGENE

V. BARGEMAN AND TECHNOLOGY INSURANCE COMPANY, INC.,

IT IS ORDERED that this case be tried by jury.

THUS DONE AND SIGNED at Lake Charles, Parish of Calcasieu, Louisiana, this ___

day of _____ 2019.


_____
JUDGE ROBERT L. WYATT
14th JUDICIAL DISTRICT COURT

CIVIL SUIT NUMBER 2019-531

ROSALINA AYUYU DALAL AND                    14TH JUDICIAL DISTRICT COURT
CHRISTOPHER LEWIS

VERSUS                                      PARISH OF CALCASIEU

UNITED SPECIALITY INSURANCE COMPANY,
ROSE LAND DEVELOPMENT, L.L.C. and
WILLIAM J. PORTER, II                       STATE OF LOUISIANA
*******************************************************************************************

## ORDER TO SHOW CAUSE

Considering the foregoing Dilatory Exceptions, Motion to Strike and Answer by ,

Eugene V. Bargeman and Technology Insurance Company, Inc.:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiffs, Rosalina Ayuyu

Dalal and Christopher Lewis, show cause on the _____ day of _____, 2019,

at _____ o'clock ____.M, why the Dilatory Exceptions and Motion to Strike filed by Eugene

V. Bargeman and Technology Insurance Company, Inc. should not be granted.

THUS DONE AND SIGNED at _____, Louisiana, this _____ day of

_____, 2019.


_____
JUDGE ROBERT L. WYATT
14TH JUDICIAL DISTRICT COURT

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been sent to all

known counsel of record via U.S. mail, postage paid:

Mark A. Delphin
Arthur J. O'Keefe
Delphin Law Offices
626 Broad Street
Lake Charles, Louisiana 70601

Alexandria, Louisiana, this 1ˢᵗ day of April, 2019.

_____
OF COUNSEL

CIVIL SUIT NUMBER 2019-531

ROSALINA AYUYU DALAL AND                    14TH JUDICIAL DISTRICT COURT
CHRISTOPHER LEWIS

VERSUS                                       PARISH OF CALCASIEU

UNITED SPECIALITY INSURANCE COMPANY,
ROSE LAND DEVELOPMENT, L.L.C. and
WILLIAM J. PORTER, II                        STATE OF LOUISIANA
*****************************************************************************************

## MEMORANDUM IN SUPPORT OF DILATORY EXCEPTIONS
## AND MOTIONS TO STRIKE

*MAY IT PLEASE THE COURT:*

Article 891 of the Louisiana Code of Civil Procedure requires that a petition "contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." La. Code Civ. Proc. art. 891. Open ended allegations must be set forth particularly, not generally. *Snoddy vs. City of Marksville,* 97-27 (La. App. 3 Cir. 10/8/97) 702 So.2d 890. Although a defendant is not entitled to demand exactitude, a petitioner must place the defendant on notice of the nature of the facts sought to be proved in order to enable the defendant to identify the cause of action and, thus, prevent the matter's future relitigation after a judgment is obtained in the current suit. *Bustamente v. Vezina,* 95-556 (La. App. 5 Cir. 1/30/96), 668 So.2d 1286.

Specifically, open-ended allegations fail to adequately inform a defendant of the nature of the facts, which preclude a defendant from forming a defense, thereby warranting an exception of vagueness. *Sikes v. McLean Trucking Co.,* 383 So.2d 111, 114 (La. App. 3 Cir. 1980). Open-ended language, such as "[a]ny and all other acts of negligence and/or fault which will be proven at trial of this matter" are vague and ambiguous and should be stricken from the pleadings. *Snoddy v. City of Marksville,* 97-327 (La. App. 3 Cir. 10/8/97), 702 So.2d 890, 899. Additionally, phrases such as "including but not limited to" are not appropriate in describing injuries. *See Sikes,* 383 So.2d at 114. When a petitioner, like the plaintiff in the instant case, includes such open-ended language, the requirements of Article 891 have not been met and the Court should sustain an exception of vagueness and ambiguity. *Snoddy,* 702 So.2d at 899.

In the case at bar, plaintiff alleges in the amended petition paragraph VI amending paragraph VIII to the original petition, b(4), by stating [a]ny and all other acts and/or

omissions constituting negligent and/or fault and/or want of care and/or strict liability which are proven at the time of trial. Clearly, plaintiff cannot leave such open-ended allegations and the language should be stricken from the pleadings.

Respectfully submitted,

**FAIRCLOTH MELTON SOBEL AND BASH, LLC.**

By: _____

Lottie L. Bash (Bar Roll #26186)
Laura Beth Matthews (Bar Roll #33862)
Franklin "Drew" Hoffmann (Bar Roll #35824)
Madaline King (Bar Roll # 38301)
105 Yorktown Drive
Alexandria, Louisiana 71303
Phone: (318) 619-7755
Fax: (318) 619-7744

**ATTORNEYS FOR   EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE COMPANY, INC.**

CIVIL SUIT NUMBER 2019-531

ROSALINA AYUYU DALAL AND                     14ᵀᴴ JUDICIAL DISTRICT COURT
CHRISTOPHER LEWIS

VERSUS                                       PARISH OF CALCASIEU  FILED _4/12/19_

UNITED SPECIALITY INSURANCE COMPANY,         _Jennifer Bost_
ROSE LAND DEVELOPMENT, L.L.C. and            Deputy Clerk of Court
WILLIAM J. PORTER, II                        Calcasieu Parish, Louisiana
                                             STATE OF LOUISIANA
************************************************************************************

## MEMORANDUM IN SUPPORT OF DILATORY EXCEPTIONS
## AND MOTIONS TO STRIKE

*MAY IT PLEASE THE COURT*:

Article 891 of the Louisiana Code of Civil Procedure requires that a petition "contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." La. Code Civ. Proc. art. 891. Open ended allegations must be set forth particularly, not generally. *Snoddy vs. City of Marksville*, 97-27 (La. App. 3 Cir. 10/8/97) 702 So.2d 890. Although a defendant is not entitled to demand exactitude, a petitioner must place the defendant on notice of the nature of the facts sought to be proved in order to enable the defendant to identify the cause of action and, thus, prevent the matter's future relitigation after a judgment is obtained in the current suit. *Bustamente v. Vezina*, 95-556 (La. App. 5 Cir. 1/30/96), 668 So.2d 1286.

Specifically, open-ended allegations fail to adequately inform a defendant of the nature of the facts, which preclude a defendant from forming a defense, thereby warranting an exception of vagueness. *Sikes v. McLean Trucking Co.*, 383 So.2d 111, 114 (La. App. 3 Cir. 1980). Open-ended language, such as "[a]ny and all other acts of negligence and/or fault which will be proven at trial of this matter" are vague and ambiguous and should be stricken from the pleadings. *Snoddy v. City of Marksville*, 97-327 (La. App. 3 Cir. 10/8/97), 702 So.2d 890, 899. Additionally, phrases such as "including but not limited to" are not appropriate in describing injuries. *See Sikes*, 383 So.2d at 114. When a petitioner, like the plaintiff in the instant case, includes such open-ended language, the requirements of Article 891 have not been met and the Court should sustain an exception of vagueness and ambiguity. *Snoddy*, 702 So.2d at 899.

In the case at bar, plaintiff alleges in the amended petition paragraph VI amending paragraph VIII to the original petition, b(4), by stating [a]ny and all other acts and/or



omissions constituting negligent and/or fault and/or want of care and/or strict liability which are proven at the time of trial. Clearly, plaintiff cannot leave such open-ended allegations and the language should be stricken from the pleadings.

Respectfully submitted,

FAIRCLOTH MELTON SOBEL AND BASH, LLC.

By: _____
Lottie L. Bash (Bar Roll #26186)
Laura Beth Matthews (Bar Roll #33862)
Franklin "Drew" Hoffmann (Bar Roll #35824)
Madaline King (Bar Roll # 38301)
105 Yorktown Drive
Alexandria, Louisiana 71303
Phone: (318) 619-7755
Fax: (318) 619-7744

ATTORNEYS FOR  EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE COMPANY, INC.

CIVIL SUIT NUMBER 2019-531

ROSALINA AYUYU DALAL AND            14TH JUDICIAL DISTRICT COURT
CHRISTOPHER LEWIS

VERSUS                              PARISH OF CALCASIEU

UNITED SPECIALITY INSURANCE COMPANY,
ROSE LAND DEVELOPMENT, L.L.C. and
WILLIAM J. PORTER, II               STATE OF LOUISIANA
*************************************************************************

## ORDER TO SHOW CAUSE

Considering the foregoing Dilatory Exceptions, Motion to Strike and Answer by ,

Eugene V. Bargeman and Technology Insurance Company, Inc.;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiffs, Rosalina Ayuyu

Dalal and Christopher Lewis, show cause on the __11__ day of __June__, 2019,

at __9⁰⁰__ o'clock __A__.M, why the Dilatory Exceptions and Motion to Strike filed by Eugene

V. Bargeman and Technology Insurance Company, Inc. should not be granted.

THUS DONE AND SIGNED at _Lake Charles_, Louisiana, this __22__ day of

__April__, 2019.

FILED _4/12/19_

_____
Deputy Clerk of Court
Calcasieu Parish, Louisiana

_____
JUDGE ROBERT L. WYATT
14TH JUDICIAL DISTRICT COURT

CALCASIEU CLERK-COST
APR 12 2019  AM11:50:29

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing has been sent to all

known counsel of record via U.S. mail, postage paid:

Mark A. Delphin
Arthur J. O'Keefe
Delphin Law Offices
626 Broad Street
Lake Charles, Louisiana 70601

Alexandria, Louisiana, this 1st day of April, 2019.

_____
OF COUNSEL

CIVIL SUIT NUMBER 2019-531

ROSALINA AYUYU DALAL AND
CHRISTOPHER LEWIS

14TH JUDICIAL DISTRICT COURT

VERSUS

PARISH OF CALCASIEU

UNITED SPECIALITY INSURANCE COMPANY,
ROSE LAND DEVELOPMENT, L.L.C. and
WILLIAM J. PORTER, II

STATE OF LOUISIANA

*********************************************************************************

### ORDER FOR JURY TRIAL

Considering the demand for trial by jury in the answer of the defendants,  EUGENE

V. BARGEMAN AND TECHNOLOGY INSURANCE COMPANY, INC.,

**IT IS ORDERED** that this case be tried by jury.

**THUS DONE AND SIGNED** at Lake Charles, _____ siana, this ____

____day of _____, 201⁹

FILED 4/12/19

_SEE ATTACHED JURY ORDER_

Deputy Clerk of Court
Calcasieu Parish, Louisiana

_____ COURT

CALCASIEU CLERK-COST
APR 12 2019  AM 11:50:21



Filing Date: 04/12/2019 12:00 AM
Case Number: 2019-000531
Document Name: JURY ORDER                    Page Count: 1

CIVIL SUIT NUMBER 2019-531

ROSALINA AYUYU DALAL AND       14TH JUDICIAL DISTRICT COURT
CHRISTOPHER LEWIS

VERSUS               PARISH OF CALCASIEU  FILED _4/12/19_

_Annette Bour_
Deputy Clerk of Court
Calcasieu Parish, Louisiana

UNITED SPECIALITY INSURANCE COMPANY,
ROSE LAND DEVELOPMENT, L.L.C. and
WILLIAM J. PORTER, II          STATE OF LOUISIANA
******************************************************************

**DILATORY EXCEPTION, MOTION TO STRIKE AND ANSWER BY EUGENE V. BARGEMAN
AND TECHNOLOGY INSURANCE COMPANY, INC.**

NOW COME EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE COMPANY, INC.,

named defendants herein and through undersigned counsel, and for response to the original

Petition for Damages and Plaintiff's First Amending and Supplemental Petition for Damages

aver as follows:

**DILATORY EXCEPTION & MOTION TO STRIKE**

1.

The allegations contained in plaintiffs' petition for damages are vague and ambiguous

and should be stricken from the pleadings.

2.

The basis for this motion to strike and dilatory exception are set forth in the attached

memorandum in support, which is incorporated herein via reference.

**ANSWER TO THE ORIGINAL PETITION FOR DAMAGES**

1.

The allegations contained in opening/introductory paragraph of the original petition

are denied.

2.

The allegations contained in paragraph I of the original petition are denied for lack of

sufficient basis to justify a belief herein.

3.

The allegations contained in paragraph II of the original petition are denied for lack of

sufficient basis to justify a belief herein.

4.

The allegations contained in paragraph III of the original petition are denied for lack

of sufficient basis to justify a belief herein.

5.

The allegations contained in paragraph IV of the original petition do not require an admission or a denial.  In the event one is required, the allegations are denied.

6.

Except as may be otherwise admitted, explained or modified herein, the allegations contained in paragraph V  of the original petition are denied.

Further answering, Eugene Bargeman did properly and correctly bring his vehicle to a stop prior to William Porter ramming his Peterbilt truck into the rear of Eugene Bargeman's vehicle forcing Eugene Bargeman's vehicle into the vehicle which contained the plaintiffs.

7.

The allegations contained in paragraph VI  of the original petition are denied for lack of sufficient basis to justify a belief herein.

8.

The allegations contained in paragraph VII  of the original petition are denied for lack of sufficient basis to justify a belief herein.

9.

The allegations contained in paragraph VIII  of the original petition are admitted.

10.

The allegations contained in the first paragraph XI of the original petition are denied.

11.

The allegations contained in the second paragraph X of the original petition are denied.

12.

The allegations contained in paragraph XI of the original petition are denied.

13.

The allegations contained in paragraph XII of the original petition do not require an admission or a denial.  To the extent one is required, the allegations are denied.

14.

The allegations contained in paragraph XIII of the original petition do not require an admission or a denial.  To the extent one is required, the allegations are denied.

15.

The allegations contained in paragraph XIV of the original petition are denied for lack of sufficient information in which to justify a belief therein.

16.

The allegations contained in paragraph XV of the original petition are denied for lack of sufficient information in which to justify a belief therein.

### ANSWER TO PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES

1.

Except as may be otherwise admitted, explained or modified herein, the allegations contained in paragraph I of the amending petition, adding paragraph III(a) to the original petition, are denied.

Further answering, Technology Insurance Company, Inc. is a foreign insurer authorized to do and doing business in the State of Louisiana.

2.

Except as may be otherwise admitted, explained or modified herein, the allegations contained in paragraph II of the amending petition, adding paragraph III(b) to the original petition, are denied.

Further answering, Eugene V. Bargeman is domiciled in the State of Louisiana.

3.

The allegations contained in paragraph III of the amending petition, amending paragraph IV to the original petition, are denied.

4.

The allegations contained in paragraph IV (including all sub-parts) of the amending petition, amending paragraph V to the original petition, are denied.

5.

Except as may be otherwise admitted, explained or modified herein, the allegations contained in paragraph V of the amending petition, amending paragraph VII(a) to the original petition, are denied.

Further answering, at the time of the accident which is the subject matter to this litigation (the "Accident"), Technology Insurance Company, Inc. had in full force and effect policy number TPP1175782-02, with a named insured of Paramount Nissan, LLC, which policy contains many provisions, exclusions, limitations and conditions and is the best evidence of

its contents.

### 6.

The allegations contained in the first paragraph VI (including all sub-parts) of the amending petition, amending paragraph VIII to the original petition, are vague and ambiguous and should be stricken from the pleadings.

Further answering, the allegations as to William J. Porter, II are admitted. The allegations regarding Eugene V. Bargeman are denied.

### 7.

The allegations contained in the second paragraph VI of the amending petition do not require an admission or a denial. To the extent one is required, the allegations are denied.

### 8.

The allegations contained in the prayer (including all sub-parts) of the amending petition do not require an admission or a denial. To the extent one is required, the allegations are denied.

### 9.

Any other allegations contained in the plaintiff's original and/or amending petition not specifically admitted, is herein denied.

**AND NOW, FURTHER ANSWERING THE PLAINTIFFS' PETITION FOR DAMAGES, THESE DEFENDANTS SHOW ALTERNATIVELY AND AFFIRMATIVELY THAT:**

### 1.

These defendants allege that the Accident was proximately caused in whole, or alternatively in part, by the negligence or other legal fault of persons or other entities for whom this defendant is not legally responsible, specifically William J. Porter, Rose Land Development, LLC and/or United Speciality Insurance Company, as pled by plaintiffs in their petitions, which is specifically pled in bar of, or in reduction of, or in mitigation of the damages claimed by the plaintiffs herein.

### 2.

Alternatively, and only in the event this Court finds that these defendants are legally responsible for the alleged injuries and/or damages claimed by plaintiffs herein, which is specifically denied, if investigation, discovery and/or evidence demonstrate that plaintiffs failed to mitigate his or her damages, these defendants plead failure to mitigate damages

as an affirmative defense, which is specifically pled in bar of, reduction of or in mitigation of the damages claimed by plaintiffs herein.

3.

Alternatively, to the extent plaintiffs' alleged injuries or damages were not caused by or related to the Accident, these defendants plead lack of causation as an affirmative defense, which is specifically pled in bar of, reduction of, or in mitigation of the damages claimed by plaintiffs herein.

4.

Alternatively, to the extent all (or alternatively portions) of plaintiffs' alleged injuries or damages are the result of pre-existing medical conditions, accident(s) and/or injury(ies) that occurred before the Accident, these defendants plead lack of causation as an affirmative defense, which is specifically pled in bar of, reduction of or in mitigation of the damages claimed by plaintiffs herein.

5.

Alternatively, to the extent all (or alternatively portions) of plaintiffs' alleged injuries or damages are the result of medical conditions, accident(s) and/or injury(ies) that occurred after the Accident, these defendants plead lack of causation as an affirmative defense, which is specifically pled in bar of, reduction of or in mitigation of the damages claimed by plaintiffs herein.

**JURY TRIAL DEMANDED**

These defendants demand a trial by jury to all claims herein.

WHEREFORE these defendants, Eugene V. Bargeman and Technology Insurance Company, Inc., pray that this Answer be deemed good and sufficient and that after due proceedings have been had that judgment be awarded to these defendants and against plaintiffs at their cost and with prejudice.

Respectfully submitted,

**FAIRCLOTH MELTON SOBEL AND BASH, LLC.**

By: _____
     Lottie L. Bash (Bar Roll #26186)
     Laura Beth Matthews (Bar Roll #33862)
     Franklin "Drew" Hoffmann (Bar Roll #35824)
     Madaline King (Bar Roll # 38301)
     105 Yorktown Drive
     Alexandria, Louisiana 71303
     Phone: (318) 619-7755
     Fax: (318) 619-7744

**ATTORNEYS FOR   EUGENE V. BARGEMAN AND
TECHNOLOGY INSURANCE COMPANY, INC.**

*"(28(19D)"*

# FAIRCLOTH MELTON SOBEL & BASH, LLC

## *ATTORNEYS*

JIMMY R. FAIRCLOTH, JR. [1,2]
BARBARA BELL MELTON
DAVID R. SOBEL [3]
LOTTIE L. BASH
BROOK LANDRY VILLA
DREW HOFFMANN
LAURA BETH MATTHEWS
NATE W. FRIEDMAN
MADALINE KING

105 YORKTOWN DRIVE
ALEXANDRIA, LA 71303
PHONE (318) 619-7755
FAX (318) 619-7744

www.fairclothlaw.com

*OF COUNSEL*
WILSON & WILSON
JENA, LA

[1] LL.M. IN LITIGATION
[2] ALSO ADMITTED IN GEORGIA
[3] ALSO ADMITTED IN TEXAS

FILED _4/2/19_

*Annette Bass*
Deputy Clerk of Court
Calcasieu Parish, Louisiana

April 1, 2019

H. Lynn Jones, II
*Calcasieu Parish Clerk of Court*
P.O. Box 1030
Lakes Charles, Louisiana 70602-1030

Via Fax: (337) 437-3804

*D4*

Re:    Rosalina Dalal and Christopher Lewis v. United Speciality Insurances
       Company, et al
       Civil Suit No: 2019-531
       14th Judicial District Court, State of Louisiana

Dear Lynn:

Enclosed please find a Dilatory Exception, Motion to Strike, and Answer to Petition for Damages; and a Proposed Order for Jury Trial, which we are filing on behalf of defendants, Eugene V. Bargeman and Technology Insurance Company, Inc, in the above entitled suit.

We ask that you please provide us with certified copies of any order already entered in this matter fixing or scheduling this matter for trial, whether on exceptions, on a rule or on the merits. *6/11/19*

We also request that you give us written notice at least ten (10) days in advance of the date fixed for trial of this case, whether on exceptions, on a rule or on the merits. We also request that you send us immediate notice of any order or judgment made or rendered in this case upon the entry of such order or judgment.

A copy of this correspondence is attached which we ask that you please stamp in acknowledgment of receipt and filing of this pleading and return to us.

Our law firm's check in the amount of $334.00 is included to cover the cost of this request.

Date _4/12/19_
Check # _8602_
From _Faircloth Melton_
Amt _$350.00_
Recd by _SHardy_

Filing Date: 04/12/2019 12:00 AM          Page Count: 2
Case Number: 2019-000531
Document Name: REQUEST WRITTEN NOTICE

**FAIRCLOTH MELTON SOBEL & BASH LLC**
April 1, 2019


With kind personal regards, I remain

Respectfully yours,

**FAIRCLOTH MELTON SOBEL & BASH LLC**

By: _____
Lottie L. Bash

:amb
Enclosures


cc:    Mark A. Delphin
       Arthur J. O'Keefe
       Delphin Law Offices
       626 Broad Street
       Lake Charles, Louisiana 70601

| | | |
|---|---|---|
| ROSALINA AYUYU DALAL AND<br>CHRISTOPHER T. LEWIS | : | 14TH JUDICIAL DISTRICT COURT |
| VS. NO. 2019-531 "D" | : | PARISH OF CALCASIEU |
| UNITED SPECIALTY<br>INSURANCE COMPANY,<br>ROSE LAND DEVELOPMENT,<br>L.L.C. and WILLIAM J. PORTER, II | : | STATE OF LOUISIANA |
| FILED: _4/16/19_ | : | _Anatta Ball_<br>DEPUTY CLERK OF COURT |

**EXHIBIT "A"**

# Delphin Law Offices
*A Professional Law Corporation*

Mark A. Delphin*                    626 Broad Street                 Office: (337) 439-3939
                                    Lake Charles, LA  70601          Fax:    (337) 439-4504
*Also admitted in Texas                                             E-Mail:
markdelphin@delphinlaw.com

April 2, 2019

Roseland Development, LLC
Mr. Robert M. Logan
205 East Church Street
Newton, MS  39345

    RE:    Rosalina A. Dalal, et al v.  United Specialty Insurance Company, et al
           Docket No: 2019-531, D, 14th JDC

Dear Mr. Logan:

    I am pleased to enclose a certified copy of a Petition for Damages filed in the above captioned matter.

    You are being served pursuant to LSA-R.S. 13:3201 et seq., the Long Arm Statute, and have thirty (30) days from your receipt hereof to answer said petition.

    With best regards, I am

                                  Yours truly,

Filing Date: 04/16/2019 12:00 AM          Page Count: 2
Case Number: 2019-000531
Document Name: FILE EXHIBITS

                                  Mark A. Delphin

MAD/bc

Enclosure

VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED
7017 2620 0000 2889 0028

ROSALINA AYUYU DALAL AND           :        14TH JUDICIAL DISTRICT COURT
CHRISTOPHER T. LEWIS

VS. NO. 2019-531 "D"               :        PARISH OF CALCASIEU

UNITED SPECIALTY
INSURANCE COMPANY,                 :        STATE OF LOUISIANA
ROSE LAND DEVELOPMENT,
L.L.C. and WILLIAM J. PORTER, II

FILED: _4/16/19_____               :        _Annette Bovel_____
                                            DEPUTY CLERK OF COURT

EXHIBIT "B"



ROSALINA AYUYU DALAL AND            :        14TH JUDICIAL DISTRICT COURT
CHRISTOPHER T. LEWIS

VS. NO. 2019-531 "D"                :        PARISH OF CALCASIEU

UNITED SPECIALTY
INSURANCE COMPANY,                  :        STATE OF LOUISIANA
ROSE LAND DEVELOPMENT,
L.L.C. and WILLIAM J. PORTER, II

FILED: _4/16/19_____                :        _Anette Boal_____
                                             DEPUTY CLERK OF COURT


STATE OF LOUISIANA                  :

PARISH OF CALCASIEU                 :        **AFFIDAVIT OF SERVICE**


     BEFORE ME, the undersigned authority, personally came and appeared BERNICE

CHRISTOPHE, 626 Broad Street, Lake Charles, Louisiana, 70601, who after being duly sworn,

said that on the 9th day of April, 2019, she served a certified copy of a Plaintiffs' First Amending

and Supplemental Petition for Damages under the Louisiana Long Arm Statute, LSA-R.S.

13:3204, by mailing it to ROSELAND DEVELOPMENT LLC, to the registered agent, ROBERT

LOGAN by certified mail, return receipt requested, properly addressed and postage prepaid; that

appearer received the return receipt on April 2019 which had been signed for on April 5, 2019 by

Judy Graham.

SCANNED

MAY - 3 2019

                                BERNICE CHRISTOPHE
                                Secretary to MARK A. DELPHIN
                                Attorney for plaintiffs

     SWORN TO AND SUBSCRIBED before me, Notary Public, at Lake Charles, Calcasieu

Parish, Louisiana, on this _9th_ day of April, 2019.

                                MARK A. DELPHIN - NOTARY PUBLIC
                                My Commission Expires at Death

CALCASIEU CLERK-COST
APR 16 2019 AM11:08:31

# Delphin Law Offices

*A Professional Law Corporation*

Mark A. Delphin*

*Also admitted in Texas

626 Broad Street
Lake Charles, LA 70601

Office: (337) 439-3939
Fax:    (337) 439-4504
E-Mail: markdelphin@delphinlaw.com

April 9, 2019

Honorable H. Lynn Jones
Clerk of Court
P.O. Box 1030
Lake Charles, LA 70602

        RE:  Dalal, et al v United Specialty Ins Co        Pl
             Docket NO: 2019-531, Div. D

Dear Clerk:

    Enclosed  herein  is  one  original  and  one  copy  of
Affidavit  of  Service  on Roseland Development, LLC.  Please
file into the record and return a time stamped copy in the
envelope provided.                        4/30/19

    With best regards, I am

                    Yours truly,

                    Mark A. Delphin

MAD/bc                              FILED  4/10/19

Enclosure                          Deputy Clerk of Court
                                   Calcasieu Parish, Louisiana

Dictated; not read

CALCASIEU CLERK-COST
APR 16 2019 AM11:03:24

Filing Date: 04/16/2019 12:00 AM        Page Count: 1
Case Number: 2019-000531
Document Name: LETTER

# H. Lynn Jones II

Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana



Post Office Box 1030
Lake Charles, Louisiana 70602

Main: 337-437-3550
Fax: 337-437-3550
**STATEMENT**

To  LOTTIE L BASH
105 YORKTOWN DRIVE
ALEXANDRIA, LA 71303

In  ROSALINA AYUYU DALAL
VS.
UNITED SPECIALTY
INSURANCE COMPANY

Date: 04/21/2019                    Case Number:    2019-000531

| STATEMENT | CASE NUMBER | AMOUNT DUE |
|-----------|-------------|------------|
| 1323724   | 2019-000531 | $300.00    |

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 04/21/2019 | Your costs in above entitled numbered matter | $300.00 |
| | Less Advance Deposit | $0.00 |
| | Less Refunds | $0.00 |
| | Balance Due | $300.00 |

This statement is for court costs in the above entitled case. This is a debt you owe. Please contact
our office 8:30-4:30 Monday – Friday (excluding holidays) at 337-437-3550 to discuss this matter or
make payment arrangements. Credit cards accepted VISA, MASTER CARD, and DISCOVER.

-----------------------------------------------------------------------------------------------------
Send Remittance Portion with your payment to:
Calcasieu Parish Clerk of Court  P.O. Box 1030  Lake Charles, LA 70602

| | | |
|---|---|---|
| Statement: 1323724 | Case: 2019-000531 | Amount Due: $300.00 |
| Party: TECHNOLOGY INSURANCE COMPANY INC D004 | Due Date: 05/21/2019 | |
| | Payment | _____ |
| | Cash ☐     Chec ☐ | |

Contact Billing at 337-437-3550 with any questions regarding your Statement.

Printed 04/21/2019 09:45 PM
CMS0096

Page  1 of 1

Rosalina Ayupa Dalal         :    **14TH JUDICIAL DISTRICT COURT**
  et al
  _____

**VS. NO:** _2019-0531_         :    **STATE OF LOUISIANA**

United Speciality Ins.       :    **PARISH OF CALCASIEU**
  Co. et al
  _____

**FILED:** _5/8/19_            :    _Amitter Bone_
                                   **DEPUTY CLERK OF COURT**

## ORDER

  **IT IS ORDERED** that at the request of _Eugene V. Bargeman_ _and Technology Insurance Company_                           , this matter be set for Trial by Jury.

  **IT IS FURTHER ORDERED** that the bond furnished for jury costs shall be in the amount of $3,600.00 and must be in one of the forms authorized by LCCP Article 5121, et seq., or be a bond executed by a surety company licensed to do business in Louisiana.

  **IT IS FURTHER ORDERED** that the bond for jury costs shall be posted with the clerk of court no later than sixty (60) days prior to trial.  Notice of the posting of the bond shall be provided to all other parties and the court by the party posting the bond.  If the bond for jury costs is not timely posted, any other party shall have an additional ten (10) days to post the required bond for jury costs.  Failure to post the bond for jury costs shall constitute a waiver of a trial by jury.

  **IT IS FURTHER ORDERED** that the clerk of court shall have the right to seek recovery of the funds paid any juror who is called and actually reports for jury service who is paid his compensation, mileage allowance, and other costs upon completion of his duty to attend, from the party or parties cast in judgment, or from the surety on any bond furnished for jury costs, notwithstanding that the judgment may be suspensively appealed or that the bond was furnished by a party not cast in judgment

  Lake Charles, Louisiana, this _22_ day of _April_ , 2019.

      ROBERT L. WYATT, District Judge
      Division D

**SERVICE INSTRUCTIONS TO THE CLERK:**

*Please mail a copy of this Order to all attorneys/unrepresented parties.* ✓

**May 07 2019**
## Notice of HEARING

ROSALINA AYUYU DALAL, ET AL

VS. NO. 2019-0531
UNITED SPECIALTY INS. CO., ET AL

State of Louisiana
14th Judicial District Court
Clerk of Court: H. LYNN JONES

Attorneys:
Mark A. Delphin
Arthur J. O'Keefe
Lottie L. Bash

**Proof at the hearing shall be limited to verified pleadings and/or affidavits.**

THE ABOVE CASE HAS BEEN ASSIGNED TO

JUDGE ROBERT L. WYATT

DEFENDANTS, TECHNOLOGY INS. CO. AND E BARGEMAN,
DILATORY EXCEPTION AND MOTION TO STRIKE [FILED: 4/12/19]
HAS BEEN SET FOR
JUNE 11, 2019 AT 9:00AM

The parties are directed to follow Rule 9.9 or 9.10 of the Uniform District Court Rules concerning filing of Memorandum & Affidavit.

ALL CORRESPONDENCE DIRECTED TO THE COURT SHOULD BE EMAILED TO THE COURT
AND INCLUDE THE CASE NUMBER IN THE SUBJECT LINE.
PLEASE NOTIFY THE COURT VIA EMAIL ON OFFICE LETTERHEAD IMMEDIATELY IN THE
EVENT THIS CASE SETTLES

Direct all inquiries to:
Kam Jakubek, Judicial Assistant          kjakubek@14jdc.org
John Turner, Law Clerk                    jturner@14jdc.org

**SCANNED**

MAY - 8 2019

# H. Lynn Jones II

Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana



Post Office Box 1030
Lake Charles, Louisiana 70602

Main: 337-437-3550
Fax: 337-437-3350

MARK A DELPHIN
*626 BROAD ST.
LAKE CHARLES, LA 70601-0000

June 12, 2019

ROSALINA AYUYU DALAL
VS.    NO: 2019-000531
UNITED SPECIALTY INSURANCE COMPANY

Dear MARK DELPHIN:

We are holding  <u>NOTICE OF REMOVAL</u> for a deposit of  $587.26. Your attention is called to portion of
R.S. 13:842 which states as follows:

Whenever the costs have exhausted the amount of the original advance deposit, the Clerk may refuse to
perform any further function in the proceeding until the additional costs for the function have been paid, in
accordance with the fees set forth in R.S. 13:841.

**Return the enclosed payment voucher with your payment. Failure to include the payment voucher
could further delay processing of your filing.**

Sincerely,

Sarah Hollier
Deputy Clerk of Court

CC: SARAH HOLLIER
Record

# *CMS6474517*

Filing Date: 06/12/2019 10:47 AM       Page Count: 1
Case Number: 2019-000531
Document Name: Cost Letter  (Legacy data)



# PAYMENT VOUCHER
## for filings being held for Cost

**Return this voucher with your payment. Failure to include the voucher could further delay processing of your filing.**

| Addressee | Docket Number |
|---|---|
| MARK DELPHIN | 2019-531 |

| Amount | Party Code |
|---|---|
| $ 58.26 | P1 |

For office use

| emp | date | pmt type | amt |
|---|---|---|---|
|  |  |  |  |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ROSALINA AYUYU DALAL, ET AL.          :          DOCKET NO. 2:19-cv-327

VERSUS                                :          JUDGE DONALD E. WALTER

UNITED SPECIALTY INS. CO., ET AL.     :          MAGISTRATE JUDGE KAY

JUDGMENT

For the reasons stated in the Report and Recommendation [doc. 22] of the Magistrate Judge previously filed herein, determining that the findings are correct under the applicable law, and noting the lack of objections to the Report and Recommendation in the record;

IT IS ORDERED that the Motion to Remand [doc. 11] be GRANTED. This case is REMANDED to the 14th Judicial District Court, Calcasieu Parish, Louisiana. The Clerk of Court is directed to certify a copy of this judgment and forward the same to the Clerk of the 14th Judicial District Court.

THUS DONE AND SIGNED in Chambers this 26th day of June, 2019.

FILED _____

Deputy Clerk of Court
Calcasieu Parish, Louisiana

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

ATTEST A TRUE COPY
TONY R. MOORE, CLERK
USDC, WESTERN DISTRICT OF LA
BY _____
DATE _____

CALCASIEU CLERK-COST
JUL 01 2019 AM09:52:19

Filing Date: 07/01/2019 12:00 AM          Page Count: 7
Case Number: 2019-000531
Document Name: EXHIBITS

CM/ECF - U.S. District Court:Western District of Louisiana          https://ecf.lawd.circ5.dcn/cgi-bin/DktRpt.pl?109152003531942-L_1_0-1

CLOSED

# U.S. District Court
## Western District of Louisiana (Lake Charles)
### CIVIL DOCKET FOR CASE #: 2:19-cv-00327-DEW-KK
#### Internal Use Only

Dalal et al v. United Specialty Insurance Co et al         Date Filed: 03/13/2019
Assigned to: Judge Donald E Walter                        Date Terminated: 06/26/2019
Referred to: Magistrate Judge Kathleen Kay                Jury Demand: Both
Demand: $0                                                Nature of Suit: 350 Motor Vehicle
Case in other court: 14th JDC (Calcasieu), 19-00531-D     Jurisdiction: Diversity
Cause: 28:1332 Diversity-Tort/Motor Vehicle (P.I.)

**Plaintiff**

**Rosalina Ayuyu Dalal**                    represented by   **Mark A Delphin**
                                                             626 Broad St
                                                             Lake Charles, LA 70601
                                                             337-439-3939
                                                             Fax: 337-439-4504
                                                             Email: markdelphin@delphinlaw.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Arthur J O'Keefe**
                                                             626 Broad St
                                                             Lake Charles, LA 70601
                                                             337-439-3939
                                                             Fax: 337-439-4504
                                                             Email: arthur@delphinlaw.com
                                                             *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Christopher T Lewis**                     represented by   **Mark A Delphin**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Arthur J O'Keefe**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             CALCASIEU CLERK-COST
                                                             JUL 01 2019 AM 09:52:33

V.

**Defendant**

**United Specialty Insurance Co**           represented by   **Jean Ann Billeaud**
                                                             Lewis Brisbois et al (LAF)
ATTEST A TRUE COPY                                           100 E Vermilion St Ste 300
TONY R. MOORE, CLERK
USDC, WESTERN DISTRICT OF LA
BY _____
DATE __6-26-19__

1 of 6                                                                                    6/26/2019, 11:36 AM

CM/ECF - U.S. District Court:Western District of Louisiana                https://ecf.lawd.circ5.dcn/cgi-bin/DktRpt.pl?109152003531942-L_1_0-1

Lafayette, LA 70501
337-205-4736
Fax: 337-504-3341
Email: Jean.Billeaud@lewisbrisbois.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rose Land Development L L C**           represented by   **Jean Ann Billeaud**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*


**Defendant**

**William J Porter, II**                   represented by   **Jean Ann Billeaud**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*


**Defendant**

**Eugene V Bargeman**                      represented by   **Lottie L Bash**
                                                           Faircloth Melton & Sobel
                                                           105 Yorktown Dr
                                                           Alexandria, LA 71303
                                                           318-619-7755
                                                           Fax: 318-619-7744
                                                           Email: lbash@fairclothlaw.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Franklin A Hoffmann**
                                                           Faircloth Melton & Sobel (BR)
                                                           9026 Jefferson Hwy Ste 200
                                                           Baton Rouge, LA 70809
                                                           225-343-9535
                                                           Fax: 225-343-9538
                                                           Email: dhoffmann@fairclothlaw.com
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Laura Beth Matthews**
                                                           Faircloth Melton & Sobel
                                                           105 Yorktown Dr
                                                           Alexandria, LA 71303
                                                           318-619-7755
                                                           Fax: 318-619-7744
                                                           Email: lmatthews@fairclothlaw.com
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Madaline Gaile King**
                                                           Faircloth Melton & Sobel (BR)

6/26/2019, 11:36 AM

9026 Jefferson Hwy Ste 200
Baton Rouge, LA 70809
225-343-9535
Fax: 225-343-9538
Email: mking@faircothlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Technology Insurance Co Inc**                 represented by **Lottie L Bash**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Franklin A Hoffmann**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Laura Beth Matthews**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Madaline Gaile King**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/13/2019 | 1 | NOTICE of Removal from 14th JDC, Calcasieu Parish, Case Number 2019-531 with Jury Demand; (Filing fee $400, receipt number 0536-3898454) filed by united specialty insurance company. (Attachments: # 1 Civil cover sheet, # 2 Exhibit) (Attorney Jean Ann Billeaud added to party united specialty insurance company(pty:dft))(aty,Billeaud, Jean) (Entered: 03/13/2019), (QC'ed on 03/15/2019, by Thigpen , M) |
| 03/13/2019 | | STATE COURT Service Returned Executed. United Specialty Insurance Co answer due 3/20/2019. ADMINISTRATIVE ENTRY: (THE PDF IMAGE CAN BE FOUND IN ATTACHMENT #2 OF DOCUMENT 1 NOTICE OF REMOVAL). (crt,Thigpen, M) (Entered: 03/14/2019), (QC'ed on 03/15/2019, by Thigpen , M) |
| 03/13/2019 | | CASE Assigned to Judge Terry A Doughty and Magistrate Judge Kathleen Kay. (crt,Thigpen, M) (Entered: 03/14/2019) |
| 03/14/2019 | 2 | NOTICE of Corporate Disclosure Statement Requirement re: 1 Notice of Removal, sent to Jean Ann Billeaud on behalf of Rose Land Development L L C, United Specialty Insurance Co. Corporate Disclosure Statement due by 3/28/2019. (crt,Thigpen, M) (Entered: 03/14/2019) |
| 03/14/2019 | 3 | PROPOSED REMOVAL ORDER referred to Magistrate Judge Kathleen Kay. (Public entry, but no electronic notice). (crt,Thigpen, M) (Entered: 03/14/2019) |

| 03/14/2019 | 4 | REMOVAL ORDER regarding state court documents, pending motions, registry funds, and admission status of counsel. Signed by Magistrate Judge Kathleen Kay on 3/14/2019. (crt,LaCombe, L) (Entered: 03/14/2019) |
| 03/20/2019 | 5 | ANSWER to Complaint with Jury Demand by William J Porter, II, Rose Land Development L L C, United Specialty Insurance Co.(aty,Billeaud, Jean) (Entered: 03/20/2019), (QC'ed on 03/21/2019, by Bunting , M) |
| 03/20/2019 | 6 | CORPORATE DISCLOSURE STATEMENT by Rose Land Development L L C. (aty,Billeaud, Jean) (Entered: 03/20/2019), (QC'ed on 03/21/2019, by Bunting , M) |
| 03/20/2019 | 7 | CORPORATE DISCLOSURE STATEMENT by United Specialty Insurance Co identifying Corporate Parent STATE NATIONAL INSURANCE COMPANY for United Specialty Insurance Co. (aty,Billeaud, Jean) (Entered: 03/20/2019), (QC'ed on 03/21/2019, by Bunting , M) |
| 03/20/2019 | 🔒 | (Court only) ***Corporate Disclosure Deadlines for Rose Land Development L L C and United Specialty Insurance Co terminated. See document #s 6 and 7 . (crt,Mitchell, P) (Entered: 03/28/2019) |
| 04/03/2019 | 8 | ORDER: Scheduling Conference set for 5/23/2019 @ 01:30 PM by phone before Magistrate Judge Kathleen Kay. (crt,Benoit, T) (Additional attachment(s) added on 4/26/2019: # 1 Attachments to scheduling order) (Benoit, T). (Entered: 04/03/2019) |
| 04/03/2019 | 9 | ELECTRONIC MINUTE ENTRY issued by the Clerk: This matter is hereby reassigned to Judge Donald E Walter. Judge Terry A Doughty no longer assigned to case. All future filings should bear the name of the new judge assignment. Approved by Chief Judge S Maurice Hicks, Jr on 4/3/2019. (crt,Whidden, C) (Entered: 04/03/2019) |
| 04/11/2019 | 10 | ANSWER to Complaint and Amending Complain with Jury Demand by Eugene V Bargeman, Technology Insurance Company, Inc.(Attorney Lottie L Bash added to party Eugene V Bargeman(pty:dft), Attorney Lottie L Bash added to party Technology Insurance Company, Inc.(pty:dft))(aty,Bash, Lottie) Modified docket text on 4/12/2019 (Bunting, M). (Entered: 04/11/2019), (QC'ed on 04/12/2019, by Bunting , M) |
| 04/11/2019 | 11 | MOTION to Remand by Rosalina Ayuyu Dalal, Christopher T Lewis. (Attachments: # 1 Table of Authorities, # 2 Memorandum / Brief, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(aty,Delphin, Mark) (Entered: 04/11/2019), (QC'ed on 04/12/2019, by Bunting , M) |
| 04/11/2019 | 🔒 | (Court only) ***Attorney added: Laura Beth Matthews,Franklin A Hoffmann,Madaline Gaile King for Eugene V Bargeman,Laura Beth Matthews,Franklin A Hoffmann,Madaline Gaile King for Technology Insurance Company, Inc. (crt,Bunting, M) (Entered: 04/12/2019) |
| 04/12/2019 | 12 | NOTICE of Motion Setting regarding: 11 MOTION to Remand . Motions referred to Magistrate Judge Kathleen Kay. (crt,Bunting, M) (Entered: 04/12/2019) |
| 04/12/2019 | 13 | NOTICE of Corporate Disclosure Statement Requirement re: 10 Answer to Complaint, sent to Lottie L Bash on behalf of Technology Insurance Company, Inc. Corporate Disclosure Statement due by 4/26/2019. (crt,Bunting, M) (Entered: 04/12/2019) |

CM/ECF - U.S. District Court:Western District of Louisiana     https://ecf.lawd.circ5.dcn/cgi-bin/DktRpt.pl?109152003531942-L_1_0-1

| 04/12/2019 | 14 | RESPONSE TO REMOVAL ORDER by William J Porter, II, Rose Land Development L L C, United Specialty Insurance Co . (Attachments: # 1 Exhibit) (aty,Billeaud, Jean) (Entered: 04/12/2019), (QC'ed on 04/15/2019, by JonesSld , P) |
|---|---|---|
| 04/12/2019 | 15 | EXHIBIT re: Response to Removal Order filed by William J Porter, II, Rose Land Development L L C, United Specialty Insurance Co. (aty,Billeaud, Jean) Modified on 4/15/2019 to edit text (JonesSld, P). (Entered: 04/12/2019), (QC'ed on 04/15/2019, by JonesSld , P) |
| 04/12/2019 | | AMENDED COMPLAINT against Eugene V Bargeman, William J Porter, II, Rose Land Development L L C, Technology Insurance Co Inc, United Specialty Insurance Co with Jury Demand filed by Rosalina Ayuyu Dalal, Christopher T Lewis. ADMINISTRATIVE ENTRY: (THE PDF IMAGE CAN BE FOUND IN ATTACHMENT #1 OF DOCUMENT 14 RESPONSE TO REMOVAL ORDER) (crt,JonesSld, P) (Entered: 04/15/2019) |
| 04/23/2019 | 16 | ANSWER to Amended Complaint, with Jury Demand by William J Porter, II, Rose Land Development L L C, United Specialty Insurance Co.(aty,Billeaud, Jean) (Entered: 04/23/2019), (QC'ed on 04/24/2019, by Bunting , M) |
| 04/26/2019 | 17 | CORPORATE DISCLOSURE STATEMENT by Technology Insurance Co Inc identifying Corporate Parent AmTrust Financial Services Inc for Technology Insurance Co Inc. (aty,Bash, Lottie) (Entered: 04/26/2019), (QC'ed on 04/26/2019, by Putch , A) |
| 04/26/2019 | 🔒 | (Court only) ***Corporate Disclosure Deadline for Technology Insurance Co Inc terminated. (crt,Putch, A) (Entered: 04/26/2019) |
| 05/02/2019 | 18 | MEMORANDUM in Opposition re 11 MOTION to Remand filed by William J Porter, II, Rose Land Development L L C, United Specialty Insurance Co. (aty,Billeaud, Jean) (Entered: 05/02/2019), (QC'ed on 05/03/2019, by Bunting , M) |
| 05/11/2019 | 19 | REPLY to Response to Motion re 11 MOTION to Remand filed by Rosalina Ayuyu Dalal, Christopher T Lewis. (Attachments: # 1 Table of Authorities)(aty,Delphin, Mark) (Entered: 05/11/2019), (QC'ed on 05/13/2019, by Bunting , M) |
| 05/16/2019 | 20 | RULE 26(f) Report by Rosalina Ayuyu Dalal, Christopher T Lewis, Eugene V Bargeman, Technology Insurance Company, Inc, William J Porter, II, Rose Land Development L L C, United Specialty Insurance Co. (aty,Delphin, Mark) Modified filers on 5/16/2019 (Bunting, M). (Entered: 05/16/2019), (QC'ed on 05/16/2019, by Bunting , M) |
| 05/21/2019 | 21 | ELECTRONIC ORDER. Given the pendency of the 11 MOTION to Remand filed by Christopher T Lewis, Rosalina Ayuyu Dalal, the Scheduling Conference currently set for 5/23/2019 at 01:30 PM is TERMINATED and a new Scheduling Conference is set for 9/5/2019 at 11:00 AM by telephone before Magistrate Judge Kathleen Kay to be held in the event the motion is denied and that action is confirmed by the district court. Signed by Magistrate Judge Kathleen Kay on 5/21/2019. (jud,Kay, Kathleen) (Entered: 05/21/2019), (QC'ed on 05/22/2019, by JonesSld , P) |
| 06/10/2019 | 22 | REPORT AND RECOMMENDATIONS re 11 MOTION to Remand filed by Christopher T Lewis, Rosalina Ayuyu Dalal. IT IS RECOMMENDED the Motion to Remand [doc. 11] is GRANTED. Objections to R&R due by 6/24/2019. Signed by Magistrate Judge Kathleen Kay on 6/10/2019. (crt,LaCombe, L) (Entered: |

| | | |
|---|---|---|
| | | 06/11/2019) |
| 06/26/2019 | 23 | JUDGMENT adopting 22 Report and Recommendations; granting 11 Motion to Remand. This case is remanded to the 14th Judicial District Court, Calcasieu Parish, Louisiana. Signed by Judge Donald E Walter on 6/26/2019. (crt,Keifer, K) (Entered: 06/26/2019) |
| 06/26/2019 | 24 | NOTICE of Remand to Clerk of 14th Judicial District Court for Calcasieu Parish. (crt,Keifer, K) (Entered: 06/26/2019) |

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### OFFICE OF THE CLERK

June 26, 2019

FILED _____

Deputy Clerk of Court
Calcasieu Parish, Louisiana

H Lynn Jones, II, Clerk of Court
14th Judicial District Court
Calcasieu Parish
P O Box 1030
Lake Charles, LA 70602

SCANNED
JUL 23 2019

In re: Civil Action No. 2:19-cv-00327-DEW-KK
DALAL ET AL V. UNITED SPECIALTY INSURANCE CO ET AL
Your Case No. 2019-00531-D

Dear Clerk:

Please be advised that the above captioned matter has been remanded to your Court. We enclose herewith a certified copy of our docket sheet and the Judgment or Order to Remand.

The official court record for the Western District of Louisiana is the electronic case filing system, CM/ECF. Our website is: http://ecf.lawd.uscourts.gov; counsel may access this database to obtain any pleadings you require.

Please acknowledge receipt on the enclosed copy of this letter.

ATTORNEYS ARE ADVISED THAT ALL FUTURE FILINGS SHOULD BE DIRECTED TO THE RECEIVING COURT NAMED ABOVE.

For questions regarding this document or transmission, please call our CM/ECF help desk at 1-866-323-1101.

THUS DONE  June 26, 2019.

TONY R. MOORE
CLERK OF COURT

K Keifer
DEPUTY CLERK OF COURT



CALCASIEU CLERK-COST
JUL 01 2019 AM09:51:50

9/10

# FAIRCLOTH MELTON SOBEL & BASH, LLC

## ATTORNEYS

JIMMY R. FAIRCLOTH, JR. [1,2]
BARBARA BELL MELTON
DAVID R. SOBEL [3]
LOTTIE L. BASH
BROOK LANDRY VILLA
DREW HOFFMANN
LAURA BETH MATTHEWS
NATE W. FRIEDMAN
MADALINE KING
MARY KATHERINE PRICE

105 YORKTOWN DRIVE
ALEXANDRIA, LA 71303
PHONE (225) 343-9535
FAX (225) 343-9538

www.fairclothlaw.com

OF COUNSEL
WILSON & WILSON
JENA, LA

[1] LL.M. IN LITIGATION
[2] ALSO ADMITTED IN GEORGIA
[3] ALSO ADMITTED IN TEXAS

July 10, 2019

FILED 7/16/19     7-17-19
                  11 0 11

Deputy Clerk of Court
Calcasieu Parish, Louisiana

Hon. H. Lynn Jones, II
*Calcasieu Parish Clerk of Court*
1000 Ryan Street
Lakes Charles, Louisiana 70601

Re:   Rosalina Ayuyu Dalal, et al. v. United Specialty Insurance Company, et al
       Civil Suit No: 2019-531
       14th Judicial District Court, State of Louisiana

Dear Clerk:

    Please find enclosed a Motion and Order to Reset Hearing. Please present the Order to the judge for signature and serve according to the instructions on the Order. Please also return a copy of the signed Order in the enclosed self-addressed stamped envelope. Per your staff, there is enough money in the suit to cover the costs associated with this filing.

                                    Sincerely,

                                    **FAIRCLOTH MELTON SOBEL & BASH, LLC**

                            By:   Madaline King
                                    Madaline King
                                    mking@fairclothlaw.com

MK/rb
Enclosure
cc:   Mark A. Delphin
       Arthur J. O'Keefe
       Delphin Law Offices
       626 Broad Street
       Lake Charles, Louisiana 70601

CIVIL SUIT NUMBER 2019-531

ROSALINA AYUYU DALAL AND      14TH JUDICIAL DISTRICT COURT
CHRISTOPHER LEWIS

VERSUS      PARISH OF CALCASIEU

UNITED SPECIALTY INSURANCE COMPANY,
ROSE LAND DEVELOPMENT, L.L.C. and
WILLIAM J. PORTER, II      STATE OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION AND ORDER TO RESET HEARING

NOW INTO COURT come Defendants, Eugene V. Bargeman and Technology Insurance

Company, Inc., through undersigned counsel, who move this Honorable Court to reset the hearing

on the Defendants' Dilatory Exception and Motion to Strike previously set for June 11, 2019 at

9:00 a.m. Defendants aver that the case had been removed at the time the hearing was set.

Considering the foregoing,

IT IS HEREBY ORDERED that the hearing on the Dilatory Exception and Motion to

Strike by Eugene V. Bargeman and Technology Insurance Company, Inc. be reset and heard before

this Court on the _10_ day of _September_, 2019 at _9:00_ A.m.

THUS DONE AND SIGNED at Calcasieu Parish, Louisiana, this ___ day of

_____, 2019.

_____
JUDGE ROBERT L. WYATT
14TH JUDICIAL DISTRICT COURT


**PLEASE SERVE AT LEAST 15 DAYS PRIOR TO THE HEARING:**

Plaintiffs, Rosalina Ayuyu Dalal and Christopher Lewis,
*through their counsel of record,*
Mark A. Delphin
Arthur J. O'Keefe
Delphin Law Offices
626 Broad Street
Lake Charles, Louisiana 70601


Respectfully submitted,

**FAIRCLOTH MELTON SOBEL & BASH, LLC**

By: _____
Lottie L. Bash (#26186)
lbash@faircothlaw.com
Laura Beth Matthews (#33862)
lmatthews@faircothlaw.com
105 Yorktown Drive
Alexandria, Louisiana 71303

Phone: (318) 619-7755
Fax: (318) 619-7744

Franklin "Drew" Hoffmann (#35824)
dhoffmann@fairclothlaw.com
Madaline King (#38301)
mking@fairclothlaw.com
9026 Jefferson Highway, Ste. 200
Baton Rouge, LA 70809
Phone: (225) 343-9535
Fax: (225) 343-9538

**ATTORNEYS FOR EUGENE V. BARGEMAN and
TECHNOLOGY INSURANCE COMPANY, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the above and foregoing has been sent to all known

counsel of record via U.S. mail, postage paid:

Mark A. Delphin
Arthur J. O'Keefe
Delphin Law Offices
626 Broad Street
Lake Charles, Louisiana 70601

Jean Ann Billeaud
Lewis Brisbois Bisgaard & Smith, LLP
100 East Vermilion Street, Suite 300
Lafayette, Louisiana 70501

Baton Rouge, Louisiana, this _____ day of July, 2019.

_____
OF COUNSEL

CALCASIEU CLERK-COURT
JUL 15 2019  PH12:20:50

- 2 -

**August 11, 2019**

**Notice of HEARING**

ROSALINA AYUYU DALAL, ET AL

VS. NO. 2019-0531

UNITED SPECIALTY INS. CO., ET AL

State of Louisiana

14th Judicial District Court

Clerk of Court: H. LYNN JONES

Attorneys:

Mark A. Delphin

Jean Ann Billeaud

Arthur J. O'Keefe

Lottie L. Bash

THE ABOVE CASE HAS BEEN ASSIGNED TO

JUDGE ROBERT L. WYATT

*Proof at the hearing shall be limited to verified pleadings and/or affidavits.*

DEFENDANTS, TECHNOLOGY INS. CO. AND E BARGEMAN,
DILATORY EXCEPTION AND MOTION TO STRIKE [FILED: 4/12/19]
HAS BEEN RESET FOR
SEPTEMBER 10, 2019 AT 9:00AM

The parties are directed to follow Rule 9.9 or 9.10 of the Uniform District Court Rules concerning filing
of Memorandum & Affidavit.

ALL CORRESPONDENCE DIRECTED TO THE COURT SHOULD BE EMAILED TO THE COURT
AND INCLUDE THE CASE NUMBER IN THE SUBJECT LINE.
PLEASE NOTIFY THE COURT VIA EMAIL ON OFFICE LETTERHEAD IMMEDIATELY IN THE
EVENT THIS CASE SETTLES

Direct all inquiries to:

Kam Jakubek, Judicial Assistant        kjakubek@14jdc.org

John Turner, Law Clerk                     jturner@14jdc.org

SCANNED

AUG 20 2019

Filing Date: 08/12/2019 12:00 AM

Case Number: 2019-000531

Document Name: EXCEPTIONS

Page Count: 1

Notice of Service

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

TO:   LOTTIE L BASH
      105 YORKTOWN DRIVE
      ALEXANDRIA, LA  71303

Service issued to: PLTF-ROSALINA AYUYU DALAL, ET AL THRU COUNSEL

Date of Service:  08/16/2019

Number of Service:  1

Personal/Domiciliary:  PERSONAL SERVICE

Pleading served:     2004 You are Hereby Notified - Civil

Issued by the Clerk of Court on the 21st day of August 2019.

*Brianna Arabie*
Brianna Arabie
Deputy Clerk

**\*CMS6562914\***

Filing Date: 08/13/2019 12:00 AM          Page Count: 1
Case Number: 2019-000531
Document Name: Notice of Service

CMS0074                                                   Page 1 of 1

You Are Hereby Notified - Civil

ROSALINA AYUYU DALAL                                              14th Judicial District Court
VS.     2019-000531                                                      State of Louisiana
UNITED SPECIALTY INSURANCE                                      Parish of Calcasieu
COMPANY



THE STATE OF LOUISIANA


TO:   ROSALINA AYUYU DALAL

      AND CHRISTOPHER LEWIS,                              FILED   AUG 21 2019
      THROUGH THEIR COUNSEL OF
      RECORD, MARK A.
      DELPHIN/ARTHUR J. O'KEEFE-
      DELPHIN LAW OFFICES                                 Deputy Clerk of Court
      626 BROAD ST.                                       Calcasieu Parish, Louisiana
      LAKE CHARLES, LA 70601

YOU ARE HEREBY NOTIFIED:

IT IS HEREBY ORDERED THAT THE HEARING ON THE DILATORY EXCEPTION AND MOTION
TO STRIKE BY EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE COMPANY, INC. BE
RESET AND HEARD BEFORE THIS COURT ON THE 10TH DAY OF SEPTEMBER, 2019 AT 9:00 A.M.

ALL IN ACCORDANCE WITH CERTIFIED COPY OF "MOTION AND ORDER TO RESET HEARING"
ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 16TH day of JULY, 2019.

Issued and delivered August 13, 2019

                                        Annette Borel
                                        Deputy Clerk of Court

------------------------------------------------------------------------
                          SERVICE INFORMATION

Received on the _16_ day of _8_ 20_19_ and on the _16_ day of _8_ 20_19_, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _Bernice Delphin Sr._

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:                                           8
PARISH OF _CAL_ _____ this _16_ day of ___ 20_19_

SERVICE        $_____          BY: _Christopher Cormier_
                                        Deputy Sheriff
MILEAGE        $_____                1018

TOTAL $ _31.06_                          2 mL

Party No.     D004

SCANNED
AUG 22 2019

Filing Date: 8/13/2019 08:58 AM    Page Count: 1
Case Number: 2019-000531
Document Name: You are Hereby Notified - Civil

[ Original Copy ]
CMS0035                                                          Pag 1 of 1

You Are Hereby Notified - Civil

ROSALINA AYUYU DALAL                                     14th Judicial District Court
VS.   2019-000531                            State of Louisiana
UNITED SPECIALTY INSURANCE                                   Parish of Calcasieu
COMPANY

THE STATE OF LOUISIANA


TO:   ROSALINA AYUYU DALAL

      AND CHRISTOPHER LEWIS,
      THROUGH THEIR COUNSEL OF
      RECORD, MARK A.
      DELPHIN/ARTHUR J. O'KEEFE-
      DELPHIN LAW OFFICES
      626 BROAD ST.
      LAKE CHARLES, LA  70601

YOU ARE HEREBY NOTIFIED:

IT IS  HEREBY ORDERED THAT THE HEARING ON THE DILATORY  EXCEPTION AND MOTION
TO STRIKE BY EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE COMPANY, INC. BE
RESET  AND HEARD BEFORE THIS COURT ON THE 10TH DAY OF SEPTEMBER, 2019 AT 9:00 A.M.

ALL IN ACCORDANCE WITH CERTIFIED COPY OF "MOTION AND ORDER TO RESET HEARING"
ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 16TH day of JULY, 2019.

Issued and delivered August 13, 2019


                                   _____
                                   Annette Borel
                                   Deputy Clerk of Court


- - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____          BY:   _____
                                        Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.   D004


**\*CMS6546143\***

Filing Date: 08/13/2019 08:58 AM      Page Count:: 1
Case Number: 2019-000531
Document Name: You are Hereby Notified - Civil

[ File Copy ]
CMS0035                                                                          Page 1 of 1

**You Are Hereby Notified - Civil**

| | | |
|---|---|---|
| ROSALINA AYUYU DALAL |  | 14th Judicial District Court |
| VS.   2019-000531 | | State of Louisiana |
| UNITED SPECIALTY INSURANCE | | Parish of Calcasieu |
| COMPANY | | |

THE STATE OF LOUISIANA

TO:  ROSALINA AYUYU DALAL

    AND CHRISTOPHER LEWIS,
    THROUGH THEIR COUNSEL OF
    RECORD, MARK A.
    DELPHIN/ARTHUR J. O'KEEFE-
    DELPHIN LAW OFFICES
    626 BROAD ST.
    LAKE CHARLES, LA  70601

YOU ARE HEREBY NOTIFIED:

IT IS  HEREBY ORDERED THAT THE HEARING ON THE DILATORY  EXCEPTION AND MOTION
TO STRIKE BY EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE COMPANY, INC. BE
RESET  AND HEARD BEFORE THIS COURT ON THE 10TH DAY OF SEPTEMBER, 2019 AT 9:00 A.M.

ALL IN ACCORDANCE WITH CERTIFIED COPY OF "MOTION AND ORDER TO RESET HEARING"
ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 16TH day of JULY, 2019.

Issued and delivered August 13, 2019

                                     _____
                                       Annette Borel
                                       Deputy Clerk of Court

------------------------------------- SERVICE INFORMATION -------------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE     $_____             BY:   _____
                                                 Deputy Sheriff
MILEAGE     $_____

TOTAL $_____

Party No.    D004

**\*CMS6546143\***

[ Original Copy ]
CMS0035

You Are Hereby Notified - Civil

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   ROSALINA AYUYU DALAL

AND CHRISTOPHER LEWIS,
THROUGH THEIR COUNSEL OF
RECORD, MARK A.
DELPHIN/ARTHUR J. O'KEEFE-
DELPHIN LAW OFFICES
626 BROAD ST.
LAKE CHARLES, LA 70601

YOU ARE HEREBY NOTIFIED:

IT IS HEREBY ORDERED THAT THE HEARING ON THE DILATORY EXCEPTION AND MOTION
TO STRIKE BY EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE COMPANY, INC. BE
RESET AND HEARD BEFORE THIS COURT ON THE 10TH DAY OF SEPTEMBER, 2019 AT 9:00 A.M.

ALL IN ACCORDANCE WITH CERTIFIED COPY OF "MOTION AND ORDER TO RESET HEARING"
ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judge of said Court, at Lake Charles, Louisiana, this 16TH day of JULY, 2019.

Issued and delivered August 13, 2019

_____
Annette Borel
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20____, and on the _____ day of _____ 20____, served the
above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living
and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said
person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE        $_____           BY:   _____
                                            Deputy Sheriff
MILEAGE        $_____

TOTAL $_____

Party No.    D004

**\*CMS6546143\***

Filing Date: 08/13/2019 08:58 AM        Page Count: 1
Case Number: 2019-000531
Document Name: You are Hereby Notified - Civil

[ Service Copy ]
CMS0035                                                                    Page 1 of 1

ROSALINA AYUYU DALAL AND
CHRISTOPHER T. LEWIS

VS. NO.

UNITED SPECIALTY
INSURANCE COMPANY,
ROSE LAND DEVELOPMENT,
L.L.C. and WILLIAM F. PORTER, II

FILED:

14TH JUDICIAL DISTRICT COURT

PARISH OF CALCASIEU

STATE OF LOUISIANA

_____
DEPUTY CLERK OF COURT

## PETITION FOR DAMAGES

The petition of ROSALINA AYUYU DALAL and CHRISTOPHER T. LEWIS, persons of the full age of majority, domiciled and residing in the Parish of Calcasieu, State of Louisiana, with respect represents that the below allegations are made upon information and belief (unless the context indicates otherwise), are set out in the following non-exclusive particulars which, if inconsistent, are pled in the alternative, and petitioners do hereby plead the doctrine of strict liability, res ipsa loquitur, negligence, last clear chance, and all other theories of recovery as appropriate under the circumstances, including any aggravation of a pre-existing condition.

I.

Made defendant herein is UNITED SPECIALTY INSURANCE COMPANY, a corporation, limited liability company and/or other legal entity, authorized to do and doing business in the State of Louisiana, which may be served through the Louisiana Secretary of State, 8585 Archives Blvd., Baton Rouge, Louisiana 70809.

II.

Made defendant herein is ROSE LAND DEVELOPMENT, L.L.C., a corporation, duly authorized to and doing business in the State of Louisiana, which may be served via Long Arm Statute through its registered agent for the service of legal process, Robert M. Logan, 205 E. Church Street, Newton, MS 39345.

III.

Made defendant herein is WILLIAM F. PORTER , II, a person of the full age of majority, domiciled and residing in the City of Hickory, in the State of Mississippi, who may be served via Long Arm Statute at 3207 Albo Stamper Road, Conehatta, MS 39057.

IV.



This is a civil action to recover all damages sustained by your petitioners for personal injuries and other losses and damages against the above named defendants, UNITED SPECIALTY INSURANCE COMPANY, ROSE LAND DEVELOPMENT, L.L.C. and WILLIAM J. PORTER, II (sometimes hereinafter referred to collectively as "defendants"), each of whom are liable jointly, severally and *in solido* unto your petitioners in a sum of damages as is reasonable in the premises, together with legal interest thereon from and after the date of judicial demand, until paid, for all costs of these proceedings, and for all general and equitable relief, for the following, to-wit:

V.

On or about February 28, 2018, petitioner Rosalina Ayuyu Dalal was driving her 2016 Kia Forte northbound on Nelson Road in the City of Lake Charles, Louisiana. Petitioner Christopher T. Lewis was guest passenger in Ms. Dalal's car. As a result of traffic congestion, Ms. Dalal was required to, and did, bring her car safely to a complete stop. Eugene Bargeman was driving a 2018 Nissan Murano behind the Ms. Dalal. After Ms. Dalal came to a complete stop, Mr. Bargeman similarly brought his vehicle safely to a complete stop. Defendant, William J. Porter, II was operating a 2000 Peterbilt 379 truck hauling a 2018 FO trailer behind Mr. Bargeman. Although Mr. Bargeman slowed and brought his vehicle safely to a complete stop, Mr. Porter did not slow appropriately and did not stop. Instead, William J. Porter, II rammed his Peterbilt truck into the rear of the stopped Bargeman vehicle causing the Bargeman vehicle to be propelled into the rear of the Ms. Dalal's vehicle. As a result this collision, petitioners, Rosalina Ayuyu Dalal and Christopher T. Lewis, suffered personal injuries and other damages.

VI.

At the time of the collision identified in paragraph V, above, defendant William J. Porter, II, was operating the 2000 Peterbilt 379 truck with the knowledge, consent and permission of, and in the course and scope of his employment with, defendant, Rose Land Development, L.L.C. Rose Land Development, L.L.C. is vicariously responsible for the negligence of defendant, William J. Porter, II, under the Louisiana Civil Code and the legal doctrine of *respondeat superior*.

VII.

At all material times herein, there existed a contract and/or contracts of insurance between William J. Porter, II and United Specialty Insurance Company and/or a contract and/or contracts of insurance between Rose Land Development, L.L.C. and United Specialty Insurance Company

2

and/or another contract or contracts, the provisions of which make defendant, United Specialty Insurance Company liable for damages, losses, injuries and expenses suffered by the Rosalina Ayuyu Dalal and Christopher T. Lewis and made the basis of this lawsuit.

VIII

The sole and proximate cause of the rear end collision made the basis of this suit was the individual and/or joint and/or concurrent negligence and/or fault and/or want of care and/or strict liability of defendants, William J. Porter, II. Defendant's negligence, fault, want of care and strict liability are imputed to defendant's employer, and Rose Land Development, L.L.C., and to the insurance carrier, United Specialty Insurance Company. Defendant's tortuous conduct consists of one or more of the following acts and/or omissions which are illustrative and not exclusive and which, if inconsistent, are pled in the alternative:

   a.      He rear ended a vehicle ahead;

   b.      He failed to pay attention to traffic ahead and/or keep a good and proper lookout;

   c.      He failed maintain control over his truck;

   d.      He was following too closely;

   e.      He was driving in a careless manner;

   f.      He failed to slow and/or apply his brakes in time;

   g.      He was traveling too fast under the circumstances;

   h.      He failed to see what he should have seen or do what he should have done;

   i.      He failed to act like a reasonably prudent person under the circumstances;

   j.      He failed to avoid an automobile collision;

   k.      Any and all other acts and/or omissions constituting negligence and/or fault and/or want of care and/or strict liability which are proven at the time of trial.

All of which said acts and omissions are in direct violation of the traffic laws and ordinances of the City of Lake Charles, the Parish of Calcasieu and the State of Louisiana, which said laws, ordinances and statutes are pled herein as if copied *in extenso*.

XI.

Petitioner, Rosalina Ayuyu Dalal, alleges that the full extent of her injuries are unknown at this time and that as a result of the above described collision and defendants' negligence and/or fault and/or want of care and/or strict liability, Rosalina Ayuyu Dalal suffered, is suffering and will

continue to suffer from pain in her head, neck and back and other parts of her mind and body, all of which injuries have necessitated petitioner to undergo medical treatment. Furthermore, by reason of the said injuries, Rosalina Ayuyu Dalal suffered and will continue to suffer physical and mental pain and anguish and has incurred and will continue to incur expenses and bills for medical attention including, but not limited to hospital bill, medical clinic bills, physician bills, fees for diagnostic testing, expenses for transportation to and from physicians' offices and other medical facilities, and other medical and medically related expenses. Petitioner has also suffered and will continue to suffer a loss of earning capacity, a loss of the ability to be gainfully employed, disability, a loss of the capacity to enjoy live and past, present and future mental and psychological pain and anguish. Petitioner is entitled to recover a sum of damages as is just and reasonable in the premises.

X.

Petitioner, Christopher T. Lewis, alleges that the full extent of his injuries are unknown at this time, and, that as a result of the above described collision and defendant's negligence and/or fault and/or want of care and/or strict liability, petitioner suffered, is suffering and will continue to suffer from pain in his head, cervical, lumbar, left hip and right foot and other parts of his mind and body, all of which injuries have necessitated petitioner to undergo medical treatment. Furthermore, by reason of the said injuries, Christopher T. Lewis has suffered and will continue to suffer physical and mental pain and anguish and has incurred and will continue to incur expenses and bills for medical attention including, but not limited to hospital charges, surgery expenses, medical clinic bills, physician bills, fees for diagnostic testing, expenses for transportation to and from physicians' offices and medical facilities and other medical and medically related expenses. Petitioner has also suffered a loss of earning capacity, a loss of the ability to be gainfully employed, disability, a loss of the capacity to enjoy live and past, present and future mental and psychological pain and anguish. Petitioner is entitled to recover a sum of damages as is just and reasonable in the premises.

XI.

In addition to her the general and special damages associated with her personal injuries, Rosalina Ayuyu Dalal also incurred property damages to her 2016 Kia Forte. These damages include the costs and expenses associated with repairing the collision damages or the total retail value of 2016 Kia Forte along with sales tax, license and title, interest petitioner paid on the

-4-

financing from the collision to date; a loss of use and depreciation of the said vehicle, travel and other expenses; and, such other collision damages as are just and proper.

XII.

Petitioners allege upon information and belief that it will be necessary to present expert testimony during the preparation for and during the trial on the merits of this case and as such, desire that all such expert witness fees and deposition costs be taxed as court costs and assessed against the said defendants.

XIII.

At this time, it appears that the amount in dispute in each of the petitioners' claims entitles each petitioner to a jury trial. Petitioners reserve their right to amend this petition as required.

XIV.

Due to petitioner's poor financial condition and want of means, petitioner Rosalina Ayuyu Dalal is unable to pay the costs of this suit in advance, as the costs accrue or to furnish security therefore; accordingly, petitioners desire and are entitled to prosecute this matter *in forma pauperis*.

XV.

Due to petitioner's poor financial condition and want of means, petitioner Christopher T. Lewis is unable to pay the costs of this suit in advance, as the costs accrue or to furnish security therefore; accordingly, petitioners desire and are entitled to prosecute this matter *in forma pauperis*.

WHEREFORE, petitioners, Rosalina Ayuyu Dalal and Christopher T. Lewis, pray that:

1.      Defendants United Specialty Insurance Company, Rose Land Development, L.L.C. and William J. Porter, II be duly served with a copy of this Petition for Damages and cited to appear herein and answer same;

2)      After the lapse of all legal delays and due proceedings had, there be judgment herein in favor of petitioners Rosalina Ayuyu Dalal and Christopher T. Lewis against defendants United Specialty Insurance Company, Rose Land Development, L.L.C. and William J. Porter, II, jointly, severally and *in solido* in an amount of damages as is just and reasonable in the premises, together with legal interest from and after the date of judicial demand, until paid, and for all costs of these proceedings and for all expert witness fees;

3)      Petitioner Rosalina Ayuyu Dalal be allowed to prosecute this matter *in forma pauperis*;

4.    Petitioner Christopher T. Lewis be allowed to prosecute this matter *in forma pauperis*; and,

5.    For all general and equitable relief.

By their attorney,

DELPHIN LAW OFFICES,
A PROFESSIONAL LAW CORPORATION
626 Broad Street
Lake Charles, LA 70601
(337) 439-3939 Telephone
(337) 439-4504    Facsimile

BY:  _____
Mark A. Delphin, Esq. #4850

And:  _____
Arthur J. O'Keefe, Esq. #10183
Mailing address
626 Broad Street
Lake Charles, LA 70601
(337) 309-6122 - Telephone
(337) 439-4504 - Facsimile
Of Counsel to Delphin Law Offices

PLEASE SERVE:

UNITED SPECIALTY INSURANCE COMPANY
Through the Louisiana Secretary of State
8585 Archives Blvd.
Baton Rouge, Louisiana 70809

ROSE LAND DEVELOPMENT, L.L.C.
Via Long Arm Statute
through its registered agent for the service of legal process
Robert M. Logan
205 E. Church Street
Newton, MS 39345

WILLIAM J. PORTER
Via Long Arm Statute
3901 Albo Stamper Road
Conehatta, MS 39057

-6-

ROSALIND AYUVO GALLAND AND
CHRISTOPHER T. LEWIS

VS. DOCKET NO. "D"

MID DELTA REALTY
INSURANCE COMPANY
BO TELLA-D DEVELOPMENT
and/or WILLIAM J PORTER, II

FILED: _____

14TH JUDICIAL DISTRICT COURT

PARISH OF CALCASIEU

STATE OF LOUISIANA

DEPUTY CLERK OF COURT

<u>PLAINTIFFS' FIRST AMENDING AND SUPPLEMENTAL
PETITION FOR DAMAGES</u>

The First Amending and Supplemental Petition for Damages of plaintiffs, Rosalind Ayuvo Galland and Christopher T. Lewis, with respect represents that:

I

Plaintiffs amend and supplement their original petition by adding Paragraph III(a) to read as follows:

III(a):

I.I. defendant herein is Technology Insurance Company, Inc., a corporation, limited liability company and/or other legal entity authorized to do and doing business in the State of Louisiana, which may be served through the Louisiana Secretary of State, 8585 Archives Blvd., Baton Rouge, Louisiana 70809.

II

Plaintiffs amend and supplement their original petition by adding Paragraph III(b) to read as follows:

III(b):

NEW defendant herein is Eugene N. Borgeman, a person of the full age of majority, domiciled and residing in the City of Lake Charles, State of Louisiana, who may be served at 2017 9th Street, Lake Charles, Louisiana 70601.

III

Plaintiffs amend Paragraph IV of plaintiffs' original Petition for Damages to read as follows:

IV.

This is a civil action for recovery of damages sustained by your petitioners for personal injuries and other losses and damages against the above named defendants, United Specialty Insurance Company, Rose Land Development, L.L.C., William J. Porter, II, Technology Insurance Company, Inc. and Eugene V. Bargeman, (sometimes hereinafter referred to collectively as defendants), each of whom are liable jointly, severally and *in solido* unto your petitioners in a sum of damages as is reasonable in the premises, together with legal interest thereon from and after the date of judicial demand, until paid, for all costs of these proceedings, and for all general and equitable relief, for the following, to wit:

IX.

Plaintiffs amend and supplement paragraphs V of plaintiff's original petition to read as follows:

V.

On or about February 28, 2018, petitioner Roselina Ayuya Dalal was driving her 2016 Kia Forte northbound on Nelson Road in the City of Lake Charles, Louisiana. Petitioner, Christopher F. Lewis, was guest passenger in Ms. Dalal's car. As a result of traffic congestion, Ms. Dalal was required to, and did, bring her car safely to a complete stop. Upon petitioners' belief, Eugene V. Bargeman was driving a 2018 Nissan Murano behind Ms. Dalal. After Ms. Dalal came to a complete stop, it is believed that Mr. Bargeman similarly brought his vehicle to a complete stop. At the same time, Defendant, William J. Porter II, was driving behind Mr. Bargeman. Mr. Porter was operating a 2000 Peterbilt 379 truck hauling a 2018 PG trailer. Although Mr. Bargeman slowed his vehicle in preparation to bring his vehicle to a complete stop, Mr. Porter did not slow appropriately and did not stop. Instead, William J. Porter, II rammed his Peterbilt truck into the rear of the Bargeman vehicle causing the Bargeman vehicle to be propelled into the rear of the Ms. Dalal's vehicle.

n. petitioners believe that defendants, William J. Porter, II and/or Rose Land Development, L.L.C. and/or United Specialty Insurance Company, may have information different from and/or in addition to that possessed by plaintiffs such that defendants may allege fault against Mr. Eugene V. Bargeman in causing the February 28, 2018 collision. Plaintiffs therefore make the following alternative allegations: Mr. Bargeman was a joint and/or concurrent cause of the

Genmar, Inc. was reckless and was negligent and/or at fault in that he was following too closely and/or he failed to give a proper signal to a following vehicle and/or he came to an abrupt stop.

As a result of this collision, plaintiffs, Rosalind Avoyo Dalel and Christopher T. Lewis, suffered personal injuries and other damages.

V.

Plaintiffs amend and supplement their original petition by adding Paragraph VII(a) to read as follows:

"VII(a)

At the time of the collision referred to in paragraph V of the Petition for Damages as amended, there existed a policy or policies of insurance which provided automobile liability insurance coverage for defendant Eugene V. Bargeman and/or the vehicle he was driving and this coverage was for the benefit of plaintiffs, Rosalind Avoyo and Christopher T. Lewis. Additionally, and/or alternatively, there existed another policy or policies of insurance, the provisions of which insure Technology Insurance Company, Inc. liable for damages, losses, injuries and expenses suffered by the plaintiffs and made the basis of this lawsuit."

VI.

Plaintiffs amend and supplement Paragraph VIII of their original petition to read as follows:

"VIII

The sole and proximate cause of the rear end collision made the basis of this suit was the individual and/or joint and/or concurrent negligence and/or fault and/or want of care and/or strict liability of defendants, William J. Porter, II and Eugene V. Bargeman. Mr. Porter's negligence, fault, want of care and/or strict liability is imputed to Rose Land Development, L.L.C. and to the insurance carrier, United Specialty Insurance Company. Mr. Bargeman's negligence, fault, want of care and/or strict liability is imputed to the insurance carrier, Technology Insurance Company, Inc. Defendants' conduct consists of one or more of the following acts and/or omissions which are illustrative and not exclusive and which, if inconsistent, are pled in the alternative:

A.     With regard to William J. Porter, II:

1.     He rear ended a vehicle ahead;

2.     He failed to pay attention to traffic ahead and/or keep a good and proper lookout;

3.     He failed maintain control over his vehicle;

4.

4.   He was following too closely;

5.   He was driving in a careless manner;

6.   He failed to see what he should have seen or do what he should have done;

7.   He failed to act like a reasonably prudent person under the circumstances;

8.   He failed to avoid an automobile collision;

9.   Any and all other acts and/or omissions constituting negligence and/or fault and/or want of care and/or strict liability which are proven at the time of trial.

B.   With regard to Eugene N. Bardeman:

1.   He was following too closely;

2.   He failed to give a proper signal to a following vehicle;

3.   He came to an abrupt stop;

4.   Any and all other acts and/or omissions constituting negligence and/or fault and/or want of care and/or strict liability which are proven at the time of trial.

All of which said acts and omissions are in direct violation of the traffic laws and ordinances of the City of Lake Charles, the Parish of Calcasieu and the State of Louisiana, which said laws, ordinances and statutes are pled herein as if copied *in extenso*."

VI.

Plaintiffs reiterate and re-aver all the allegations of plaintiffs' original Petition for Damages, not inconsistent with the purpose of the above and foregoing First Amended and Supplemental Petition for Damages, as if copied herein *in extenso*.

WHEREFORE, plaintiffs, Rosalina Ayuyu Dasal and Christopher T. Lewis, pray that:

1.   This First Amending and Supplemental Petition for Damages be filed as prayed for and according to law;

2.   All of the allegations of plaintiffs' original Petition for Damages, not inconsistent with the purpose of the above and foregoing First Amended and Supplemental Petition for Damages, be reiterated and re-averred as if pled herein *in extenso*;

3.   Defendants, United Specialty Insurance Company, Rose Land Development, L.L.C. and William O. Porter, II be duly served with a copy of this First Amending and Supplemental Petition for Damages and cited to appear herein and answer same;

Defendants, Technology Insurance Company, Inc. and Eugene N. Bargeman be duly cited with a copy of the original Petition for Damages and the First Amending and Supplemental Petition for Damages and be ordered to appear and answer to same.

After the lapse of all legal delays and due proceedings are had, there be judgment herein in favor of plaintiffs, Rosalina Avina Duran and Christopher T. Lewis and against defendants, United Specialty Insurance Company, Rose Land Development, L.L.C., William J. Prater, II, Technology Insurance Company, Inc. and Eugene N. Bargeman, jointly, severally and in solido for a sum of damages as is reasonable in the premises, together with legal interest from and after the date of judicial demand until paid, and for all costs of these proceedings and the fees of expert witnesses; and

For all orders and decrees necessary in the premises and for all costs of these proceedings and for all general and equitable relief.

By their attorney,

DELPHIN LAW OFFICES,
A PROFESSIONAL LAW CORPORATION
826 Broad Street
Lake Charles, LA 70601
(337) 436-8310 Telephone
(337) 439-1504 Facsimile

BY:

Mark A. Delphin, Esq. #4850
Arthur J. O'Keefe, Esq. #10834

PLEASE SERVE:

PLEASE SERVE WITH FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES ONLY

UNITED SPECIALTY INSURANCE COMPANY
Through the Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, Louisiana 70809

PLEASE SERVE WITH FIRST AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES ONLY

ROSE LAND DEVELOPMENT, L.L.C.
Via Long Arm Statute
Robert J. Prater
designated agent for the service of legal process
826 Court Street

Newton, MS 39345

PLEASE SERVE WITH FIRST AMENDING AND SUPPLEMENTAL PETITION FOR
DAMAGES ONLY

WILLIAM J. PORTER
Via Long Arm Statute
1201 Old Stamper Road
Lauderdale, MS 39305

PLEASE SERVE WITH ORIGINAL PETITION FOR DAMAGES AND FIRST
AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES

TECHNOLOGY INSURANCE COMPANY, INC.
Through:
Louisiana Secretary of State
8585 Archives Blvd.
Baton Rouge, Louisiana 70809

PLEASE SERVE WITH ORIGINAL PETITION FOR DAMAGES AND FIRST
AMENDING AND SUPPLEMENTAL PETITION FOR DAMAGES

EUGENE V. BARGEMAN
541 9th Street
Lake Charles, Louisiana 70601



NELSON ROAD

P.O.I 2ND

P.O.I 1ST

Not To Scale

ROSALINA AYUYU DALAL AND :          14TH JUDICIAL DISTRICT COURT
CHRISTOPHER T. LEWIS

VS. NO. 2019-531 "D"                :          PARISH OF CALCASIEU

UNITED SPECIALTY
INSURANCE COMPANY,                  :          STATE OF LOUISIANA
ROSE LAND DEVELOPMENT,
L.L.C. and WILLIAM J. PORTER, II

FILED: _____          :          _Kristen Lewis_
                                               DEPUTY CLERK OF COURT

## EXHIBITS ATTACHED TO MEMORANDUM IN
## OPPOSITION TO DILATORY EXCEPTION."

1.    Petition for Damages filed January 30, 2019

2.    Plaintiff First Supplemental and Amending Petition for Damages filed March 12, 2019

3.    Diagram from the Police report for the February 28, 2018 automobile accident

ROSALINA AYUYU DALAL AND :          14TH JUDICIAL DISTRICT COURT
CHRISTOPHER T. LEWIS

VS. NO. 2019-531 "D"            :          PARISH OF CALCASIEU

UNITED SPECIALTY
INSURANCE COMPANY.             :          STATE OF LOUISIANA
ROSE LAND DEVELOPMENT.
L.L.C. and WILLIAM J. PORTER, II

FILED:_____    :          _Kristen Lewis_
                                          DEPUTY CLERK OF COURT

## PLAINTIFFS' OPPOSITION TO EXCEPTION OF VAGUENESS FILED BY EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE COMPANY, INC.

MAY IT PLEASE THE COURT:

In their Exception of Vagueness, Technology Insurance Company, Inc. and Eugene v. Bargeman (hereafter the "Technology defendants") complain that plaintiff's Petition and First Amending and Supplemental Petition is vague. They claim, in essence, that our petition and the amended petition are too vague to allow them to properly defend against it.

They are wrong.

SCANNED

SEP 06 2019

### The Wreck

It is important to note that plaintiffs' injuries arise out of a three-vehicle collision. Mr. Lewis and his mom, Ms. Dalal, were in the lead vehicle (designated as vehicle #3 on the investigating officer's diagram below) properly stopped. The next vehicle in line (#2), was driven by the Exceptor's vehicle, with Mr. Bargeman as their driver, and the third vehicle (#1) was an 18 wheeler driven by Mr. Porter. A traumatic collision ensues, but it is unclear to Mr. Lewis and Mr. Dalal, because their backs were turned, exactly what happened behind them. At this point in the progression of the case, prior to depositions and discovery (as we were recently remanded from federal court), there are three reasonable possibilities: it is possible that Mr. Bargeman's vehicle struck the Lewis vehicle first; it is possible that Mr. Bargeman stopped too close behind the Lewis vehicle; and it is also possible that Mr. Bargeman was first struck by Mr. Porter and propelled into the Lewis vehicle. Regardless, this Honorable Court is well aware that there is a presumption that if one is struck from behind, the burden of proof shifts to the rear ending driver to prove that he is free from fault. We don't know for sure at this point whether Mr. Bargeman (the middle driver) can exculpate himself from fault, because depositions have not yet been taken. What we do know, is that Mr. Porter, the driver of the 18 wheeler who was in the best position to see and to know, has plead third party fault in his Answer. Specifically, Mr. Porter, the 18 wheeler driver, claims in

his Answer in the paragraph entitled FIFTH DEFENSE that:

>"FIFTH DEFENSE
>'Defendants aver that, to the extent that any damage or loss to Plaintiffs was caused proximately by the negligence, fault, legal fault and/or want of care of person(s) or entity(s) for whom the Defendants or any of them are not legally responsible, Plaintiffs may not recover for any such damage or loss from Defendants."

The investigating officer's drawing  really does show that this is not a complex wreck:



It is difficult to see how plaintiffs, in their two petitions, could be more clear in a three car collision where there are allegations of fault that likely concern car #2—the Technology defendants.

### What Plaintiffs Allege:

Our First Amending and Supplemental Petition for Damages, attached hereto, include these allegations with respect to the Technology Defendants:

>"V.
>"On or about February 28, 2018, petitioner Rosalina Ayuyu Dalal was driving her 2016 Kia Forte northbound on Nelson Road in the City of Lake Charles, Louisiana. Petitioner, Christopher T. Lewis, was guest passenger in Ms. Dalal's car. As a result of traffic congestion, Ms. Dalal was required to, and did, bring her car safely to a complete stop. Upon petitioners' belief, Eugene V. Bargeman was driving a 2018 Nissan Murano behind Ms. Dalal. After Ms. Dalal came to a complete stop, it is believed that Mr. Bargeman similarly brought his vehicle to a complete stop. At the same time, Defendant, William J. Porter II, was driving behind Mr. Bargeman. Mr. Porter was operating a 2000 Peterbilt 379 truck hauling a 2018 FO trailer. Although Mr. Bargeman slowed his vehicle in preparation to bring his vehicle  to a complete stop, Mr. Porter did not slow appropriately and did not stop.  Instead, William J. Porter, II rammed his Peterbilt truck into the rear of the Bargeman vehicle causing the Bargeman vehicle to be propelled into the rear of the Ms. Dalal's vehicle.
>
>Upon petitioners' belief that defendants, William J. Porter, II and/or Rose Land Development, L.L.C. and/or United Specialty Insurance Company, may have information different from and/or in addition to that possessed by plaintiffs such that defendants may allege fault against Mr. Eugene V. Bargeman in causing the February 28, 2018 collision. Plaintiffs therefore make the following alternative allegations:  Mr. Bargeman was a joint and/or concurrent cause of the February 28, 2018 collision and was negligent and/or at fault in that he was following too closely and/or he failed to give a proper signal to a following vehicle and/or he came to an abrupt stop.

As a result of this collision, plaintiffs, Rosalina Ayuyu Dalal and Christopher T. Lewis, suffered personal injuries and other damages."

\*\*\*

"VIII.

The sole and proximate cause of the rear end collision made the basis of this suit was the individual and/or joint and/or concurrent negligence and/or fault and/or want of care and/or strict liability of defendants, William J. Porter, II and Eugene V. Bargeman.  Mr. Porter's negligence, fault, want of care and/or strict liability is imputed to Rose Land Development, L.L.C. and to the insurance carrier United Specialty Insurance Company. Mr. Bargeman's negligence, fault, want of care and/or strict liability is imputed to the insurance carrier, Technology Insurance Company, Inc. Defendants' tortuous conduct consists of one or more of the following acts and/or omissions which are illustrative and not exclusive and which, if inconsistent, are pled in the alternative:

"B.    With regard to Eugene V. Bargeman:

1.    He was following too closely;

2.    He failed to give a proper signal to a following vehicle;

3.    He came to an abrupt stop;

4.    Any and all other acts and/or omissions constituting negligence and/or fault and/or want of care and/or strict liability which are proven at the time of trial.

All of which said acts and omissions are in direct violation of the traffic laws and ordinances of the City of Lake Charles, the Parish of Calcasieu and the State of Louisiana, which said laws, ordinances and statutes are pled herein as if copied *in extenso.*"

### The Law

The Technology defendants rely upon three decades old cases: *Snoddy*, 702 So. 2d 890 (La. App. 3 Cir 1997), *Sikes*, 383 So. 2d 111 (La. App 3 Cir 1980) and *Bustamante*, 668 2d 1286 (La App. 5 Cir. 1996), to support their claim that these allegations that we have offered against them are not clear enough for them to make out a defense. However, we cite this Honorable Court to a more modern and relevant pronouncement from the 3rd Circuit. Please see *Springer v. O'Neal Apartments*, 125 So. 3d 606 (La. App 3 Cir 2013), where the Court set out a more recent statement of the law:

"Louisiana is a fact pleading state under the Louisiana Code of Civil Procedure. *Ellis v. Normal Life of Louisiana*, 93–1009, p. 8 (La.App. 5 Cir. 5/31/94), 638 So.2d 422, 427. Although it has always been necessary to state a cause of action and to allege the material facts continuing a cause of action, it is not necessary to allege evidence. *See* La.Code Civ.P. art. 854. Indeed, Louisiana's system allows even the most unsophisticated plaintiffs the opportunity to have their day in court. "[T]he objection of vagueness does not entitle the defendant to demand exactitude and detail of pleading beyond what is necessary to fulfill the aims of La.Code Civ.P. arts. 854 and 891."[2] *Thomas v. Sonic*, 06–14, p. 4 (La.App. 1 Cir. 11/3/06), 950 So.2d 822, 824. A plaintiff's petition is sufficient as long as it fairly informs the defendant of the general nature of the cause of action and alleges facts sufficient to allow the defendant to prepare a defense. *Washington v. Flenniken Constr. Co.*, 188 So.2d 486 (La.App. 3 Cir.1966)."

The Court went on to hold that the amended petition "was more than sufficient to inform Defendants of the claims asserted and to allow them to prepare a defense" and observed that "[a]ny additional information sought by Defendants can be revealed during the discovery process."

And that makes sense.

## CONCLUSION

We urge the Court to overrule the Technology defendant's baseless exception.

By their attorney,

DELPHIN LAW OFFICES,
A PROFESSIONAL LAW CORPORATION
626 Broad Street
Lake Charles, LA 70601
(337) 439-3939 -Telephone
(337) 439-4504 - Facsimile

BY:

Mark A. Delphin, Esq. #4850
Arthur J. O'Keefe, Esq. #10183

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has been forwarded by e-mail only to:

Jean Ann Billeaud
Lewis Brisbois
100 E. Vermilion Street, Suite 300
Lafayette, LA 70501

Lottie L. Bash
Faircloth, Melton, Sobel & Bash, LLC
105 Yorktowne Dr.
Alexandria, LA 71303

Lake Charles, Louisiana, this ___ day of August, 2019.

MARK A. DELPHIN

ROSALINA AYUYU DALAL AND            :    14TH JUDICIAL DISTRICT COURT
CHRISTOPHER T. LEWIS

VS. NO. 2019-531 "D"                 :    PARISH OF CALCASIEU

UNITED SPECIALTY
INSURANCE COMPANY,                   :    STATE OF LOUISIANA
ROSE LAND DEVELOPMENT,
L.L.C. and WILLIAM J. PORTER, II

FILED:_____ OCT 2 4 2019

_____
DEPUTY CLERK OF COURT

## JUDGMENT ON DILATORY EXCEPTION OF VAGUENESS

The Dilatory Exception and Motion to Strike filed by defendants Technology Insurance

Company and Eugene V. Bargeman came for hearing on Tuesday, September 10, 2019.

Present:      Madaline King for defendants Technology Insurance Company and Eugene
              V. Bargeman

              Mark A. Delphin for plaintiffs Rosalina Ayuyu Dalal and Christopher T.
              Lewis

After considering the pleadings, exhibits, memoranda and argument of counsel, for the

reasons orally assigned, the Court finds as follows:

**IT IS ORDERED, ADJUDGED AND DECREED** that the Dilatory Exception and

Motion to Strike filed by defendants Technology Insurance Company and Eugene V. Bargeman

be and the same is hereby DENIED at Exceptor's cost, reserving unto the Exceptors the right to

re-urge the Dilatory Exception and Motion to Strike after reasonable discovery is conducted in this

matter.

Lake Charles, Louisiana this ___23rd___ day of ___October___, 2019.

_____
Honorable Robert L. Wyatt
Judge, Fourteenth Judicial District Court

SCANNED
NOV -7 2019

Filing Date: 10/24/2019 12:00 AM
Case Number: 2019-000531                    Page Count: 2
Document Name: JUDGMENT

## CERTIFICATE

I hereby certify that I have prepared the above and foregoing Judgment on the merits of the Dilatory Exception and Motion to Strike filed in the above captioned matter by defendants, Technology Insurance Company and Eugene V. Bargeman and that this Judgment is in accordance with the decision of Judge Robert L. Wyatt made in open court in the presence of the attorneys identified in the above and foregoing judgment and that the above and foregoing judgment has been delivered to opposing counsel, Madaline King in accordance with Rule 9.5 of the Rules for Louisiana District Courts and I have communicated with Madeline King who advises that she has no opposition to the Judgment being submitted to the Court.

Lake Charles, Louisiana this _____ day of October, 2019.

Mark A. Delphin

# H. Lynn Jones II

Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana

Post Office Box 1030
Lake Charles, Louisiana 70602



Main: 337-437-3550
Fax: 337-437-3350

November 6, 2019

TO:  MARK DELPHIN
     ARTHUR J. O'KEEFE, CO-COUNSEL
     626 BROAD STREET
     Lake Charles, LA  70601

RE:  ROSALINA AYUYU DALAL
     VS.  NO: 2019-000531
     UNITED SPECIALTY INSURANCE COMPANY

Dear MARK A DELPHIN:

In accordance with Article 1913 of the Louisiana Code of Civil Procedure, you are hereby
notified that Judgment was read and signed in the above numbered and entitled cause on the
23RD day of OCTOBER, 2019.

("JUDGMENT ON DILATORY EXCEPTION OF VAGUENESS").

Yours very truly,
H. Lynn Jones, II
Clerk of Court

CC:  JEAN ANN BILLEAUD          BY: _____
     100 E VERMILLION STREET,
     SUITE 300                  Katie Dukes
     LAFAYETTE, LA  70501-0000  Deputy Clerk of Court

LOTTIE L. BASH
105 YORKTOWN DR.
ALEXANDRIA, LA  71303

*RECORD*

I hereby certify that the above and foregoing notice was mailed by me, postage prepaid to
counsel of record for all parties and to those parties who were not represented by counsel,
directed to their last known address, on this 6th day of November 2019.

_____
Deputy Clerk of Court

**\*CMS6650252\***

Filing Date: 11/06/2019 01:32 PM          Page Count: 1
Case Number: 2019-000531
Document Name: Notice of Judgment Without Service

[ File Copy ]
CMS0024

Page 1 of 1

# H. Lynn Jones II
Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana

Post Office Box 1030
Lake Charles, Louisiana 70602



Main: 337-437-3550
Fax: 337-437-3350

November 6, 2019

TO:   MARK DELPHIN
      ARTHUR J. O'KEEFE, CO-COUNSEL
      626 BROAD STREET
      Lake Charles, LA  70601

RE:   ROSALINA AYUYU DALAL
      VS.   NO:  2019-000531
      UNITED SPECIALTY INSURANCE COMPANY

Dear MARK A DELPHIN:

In accordance with Article 1913 of the Louisiana Code of Civil Procedure, you are hereby notified that Judgment was read and signed in the above numbered and entitled cause on the 23RD day of OCTOBER, 2019.

("JUDGMENT ON DILATORY EXCEPTION OF VAGUENESS").

                              Yours very truly,
                              H. Lynn Jones, II
                              Clerk of Court


CC:   JEAN ANN BILLEAUD        BY:  _____
      100 E VERMILLION STREET,
      SUITE 300                     Katie Dukes
      LAFAYETTE, LA  70501-0000     Deputy Clerk of Court

LOTTIE L. BASH
105 YORKTOWN DR.
ALEXANDRIA, LA  71303

*RECORD*

I hereby certify that the above and foregoing notice was mailed by me, postage prepaid to counsel of record for all parties and to those parties who were not represented by counsel, directed to their last known address, on this 6th day of November 2019.


                              _____
                              Deputy Clerk of Court


**\*CMS6650252\***

Filing Date: 11/06/2019 01:32 PM          Page Count: 1
Case Number: 2019-000531
Document Name: Notice of Judgment Without Service

[ Original Copy ]
CMS0024                                            Page 1 of 1

# H. Lynn Jones II
Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana

Post Office Box 1030
Lake Charles, Louisiana 70602



Main: 337-437-3550
Fax: 337-437-3550

November 6, 2019

TO:  MARK DELPHIN
     ARTHUR J. O'KEEFE, CO-COUNSEL
     626 BROAD STREET
     Lake Charles, LA  70601

RE:  ROSALINA AYUYU DALAL
     VS.   NO:  2019-000531
     UNITED SPECIALTY INSURANCE COMPANY

Dear MARK A DELPHIN:

In accordance with Article 1913 of the Louisiana Code of Civil Procedure, you are hereby notified that Judgment was read and signed in the above numbered and entitled cause on the 23RD day of OCTOBER, 2019.

("JUDGMENT ON DILATORY EXCEPTION OF VAGUENESS").

Yours very truly,
H. Lynn Jones, II
Clerk of Court

CC:  JEAN ANN BILLEAUD          BY:  _____
     100 E VERMILLION STREET,
     SUITE 300                        Katie Dukes
     LAFAYETTE, LA  70501-0000        Deputy Clerk of Court

LOTTIE L. BASH
105 YORKTOWN DR.
ALEXANDRIA, LA  71303

*RECORD*

I hereby certify that the above and foregoing notice was mailed by me, postage prepaid to counsel of record for all parties and to those parties who were not represented by counsel, directed to their last known address, on this 6th day of November 2019.

_____
Deputy Clerk of Court

## *CMS6650252*

Filing Date: 11/06/2019 01:32 PM          Page Count: 1
Case Number: 2019-000531
Document Name: Notice of Judgment Without Service

1

```
                    14TH JUDICIAL DISTRICT COURT

                         PARISH OF CALCASIEU

                        STATE OF LOUISIANA
```

CALCASIEU CLERK-COST
JAN 09 2020 AM11:08:52

```
        ----------------------------
ROSALINA AYUYU DALAL AND    :
CHRISTOPHER T. LEWIS        :
                            :
        VS.                 :      NO. 2019-531 D
                            :
UNITED SPECIALTY            :
INSURANCE COMPANY,          :
ROSELAND DEVELOPMENT, LLC   :
AND WILLIAM J. PORTER, II   :
        ----------------------------
```

**DEPOSITION OF ROSALINA AYUYU DALAL**

    The oral deposition of **ROSALINA AYUYU DALAL** was
taken in the above-entitled cause, pursuant to the
following stipulations, before Julie H. Georgia,
Certified Court Reporter, at the Delphin Law
Offices, 626 Broad Street, Lake Charles, Louisiana,
on the 4th day of December 2019, beginning at
9:15 a.m.

FILED 1·6·2020

Deputy Clerk of Court
Calcasieu Parish, Louisiana

LAFAYETTE CERTIFIED SHORTHAND REPORTERS
              Post Office Box 52585
           yette, Louisiana  70505
               (337) 988-6477



EXHIBIT

C



34

1    A    I don't know the name of the person, but it was
2         a guy.
3    Q    Okay.  Do you know if he had any occupants in
4         his vehicle?
5    A    I don't know.  Yeah, the wife.  He was with the
6         wife.
7    Q    Okay.  And he was driving?  The male was
8         driving?
9    A    Yes.
10   Q    And how about the truck behind the SUV?  Do you
11        know who was driving that?
12   A    It was a white Caucasian guy.
13   Q    The gentleman that I referred to, Mr. Porter?
14        Does that ring any bells?
15   A    I don't know his name.
16   Q    Was there anybody else in his truck?
17   A    No.  I didn't see.
18   Q    Okay.  And where were you?  Physically, where
19        was your car right before this accident
20        happened?
21   A    We were on -- it's a stop light, but we were
22        like about six cars back, fully stopped.
23   Q    Okay.  Do you know what street you were driving
24        on?
25   A    On Nelson.

35

```
 1   Q    And did this accident happen near an
 2        intersection?  Do you have any landmark of
 3        where it happened near?
 4   A    It's near where the Walmart traffic light is.
 5        Like I said, we were like six cars behind.
 6   Q    And were you dead stopped in traffic before the
 7        accident happened?
 8   A    Yeah, I was fully stopped.
 9   Q    And to the best of your recollection, what
10        happened?
11   A    All I heard was a big boom.  And then I, you
12        know, fell forward.  I was just surprised that,
13        you know, we heard that noise, you know.  So I
14        looked at Chris, and I asked him, "Are you
15        okay?"  So Chris is like, "Mom, we just got
16        hit."  I said, "Okay."  So we got out of the
17        car, and we looked back, and we saw the SUV
18        guy.
19   Q    So when you say you heard a boom --
20   A    Yeah.
21   Q    Okay.  You heard the boom, and then you fell
22        forward?
23   A    Yeah.  You know, it caught us by surprise.
24        When the boom, we just went like that
25        (gesturing).
```

36

1  Q     Okay.  And you went forward one time?

2  A     Yeah.

3              MR. DELPHIN:  I don't want to

4         interrupt you, Jean Ann.  I want the

5         record to reflect her movement, the

6         forward motion of her body, that she was

7         making.

8              MS. BILLEAUD:  That's fine.

9  BY MS. BILLEAUD:

10 Q     So the boom that you heard, was that when your

11       car was hit?

12 A     Yes.

13 Q     Okay.  And you heard just one boom?

14 A     Yes.

15 Q     After the accident -- so you got out of your

16       car and walked around, you said?

17 A     No.  I got up, and I stood outside.  I looked

18       back, and it was a guy in the SUV said we got

19       hit.  That's all he said to us.

20 Q     Okay.  But you got out of your car?

21 A     Right.

22 Q     You and Christopher?

23 A     Yes.

24 Q     And were you able to walk around?

25 A     At that moment, I couldn't really walk because

37

```
 1        I had a hematoma on my leg.  But I got out and
 2        I stood right where my car is.
 3   Q    Got you.  Did Christopher walk around?
 4   A    Yes.
 5   Q    Did you talk -- so you spoke with the driver of
 6        the SUV?
 7   A    The SUV guy came and told me that --
 8   Q    Came to you?
 9   A    Yeah.  He said, "We got hit."
10   Q    Did he address both you and Christopher, or had
11        Christopher gone somewhere else?
12   A    I'm not sure if he was listening or whatever,
13        but that's what the guy told me.
14   Q    How about the driver of the truck behind the
15        SUV?  Did you talk to him?
16   A    Towards the end, yes.
17   Q    What do you mean, towards the end?
18   A    Like after the officer was --
19   Q    And what was discussed?  Did he talk to you, or
20        you talked to him or both?
21   A    He came and talked to the officer, and then he
22        introduced himself to me.  Then he told us what
23        his boss said.
24   Q    And what was that?
25   A    That he was going to take -- he's taking all
```

38

```
 1        the responsibility.  So the officer said, "You
 2        guys heard that?"  He pointed at him, and he
 3        goes, "Him, he's going to take care of you and
 4        you."  And he said that the boss said he was
 5        going to take all the responsibility --
 6   Q    Okay.
 7   A    -- of the accident.
 8   Q    Did you speak with anyone else, then?  I assume
 9        you spoke with the investigating officer,
10        obviously?
11   A    The police officer?
12   Q    Yes, ma'am.
13   A    He just --
14   Q    Did you talk to the officer?
15   A    Yeah.  He just gave me my ID back.  He just
16        said that he's going to take care --
17   Q    Did you speak with anybody else, then, after
18        the accident while y'all are still there
19        besides the SUV driver, my driver, or the
20        officer?
21   A    Nobody --
22   Q    Okay.
23   A    -- after that.
24   Q    How about transportation from the accident
25        site?  How did you leave the accident site?
```

```
 1        you correctly, you said you were at a complete
 2        stop; is that correct?
 3   A    Yes.
 4   Q    So you don't have any information about any
 5        speed of any vehicle; is that fair?
 6   A    Yeah.
 7             MS. BASH:  I think that's all I have.
 8        Mark may have questions.  You may have
 9        more questions.  Read and sign, just don't
10        let me forget.
11                    EXAMINATION
12   BY MR. DELPHIN:
13   Q    I have a couple of questions for you, Ms.
14        Rosalina.  You were asked as to whether or not
15        you had a wheelchair before the wreck or after
16        the wreck.  Did you have a wheelchair before
17        the wreck?
18   A    No.
19   Q    Okay.  I just wanted to make sure you made that
20        clear.  The other thing, you had gotten -- this
21        lady had asked you a lot of questions about
22        accidents throughout your lifetime such as
23        slip-and-falls, trip-and-falls, falling off a
24        ladder, injuries on the job.  Can you recall
25        any incident where you had hurt yourself before
```

Eugene Bargeman
December 4, 2019

Page 1

1               14TH JUDICIAL DISTRICT COURT

2                    PARISH OF CALCASIEU

3                    STATE OF LOUISIANA

4

5    ROSALINA AYUYU DALAL AND

6    CHRISTOPHER T. LEWIS

7

8    VERSUS                              NO. 2019-531 "D"

9

10   UNITED SPECIALTY INSURANCE

11   COMPANY, ROSE LAND DEVELOPMENT,

12   L.L.C. and WILLIAM PORTER, II

13

14        *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

15                    THE DEPOSITION OF

16                    EUGENE BARGEMAN

17

18        Taken in connection with the captioned cause,

19   pursuant to the following stipulations taken at the

20   offices of Delphin Law Firm, 626 Broad Street, Lake

21   Charles, Louisiana, on the 4th day of December,

22   2019, beginning at 2:19 p.m.

23

24

25

porters / Trial Technology Specialists
-304-8207   Notices: robin@court-video.com

**EXHIBIT**
B

Eugene Bargeman
December 4, 2019

Page 11

1   A.   Yes.

2   Q.   Okay.  Now, was his mother living with Mr.

3        Stelly at the time, or was she still living with

4        --

5   A.   No.  She stays by herself in her own home.

6   Q.   Okay.  At her home in South Lake Charles?

7   A.   Yes.

8   Q.   Okay.  So, where did this wreck take place, Mr.

9        Bargeman?

10  A.   February -- February the 28th.

11  Q.   Oh, no, sir.  I may have said "when"; I meant to

12       say "where."  What street did this --

13  A.   Nelson Road.

14  Q.   Nelson Road.  And was it at an intersection?

15  A.   It was the intersection of Nelson and Prien

16       Lake.

17  Q.   And Prien.  Okay, so just kind of tell me in

18       your own words, Mr. Bargeman, what happened?

19  A.   I was just sitting at the red light just waiting

20       for the light to change, and I know I heard -- I

21       mean, I seen the 18-wheeler driving up behind

22       me, but he kind of slowed down further back.

23       And we were just waiting for the light to

24       change.  And then the next thing I know, I heard

25       when he, like, gave his truck some gas.  And

Eugene Bargeman
December 4, 2019

Page 12

1        when he gave it some gas, I say, "Wow, he's

2        fixing to hit me."  And before I know it, "Bam."

3    Q.  It sounded like he accelerated?

4    A.  He accelerated, yeah.  He accelerated his

5        vehicle.

6    Q.  And it seems --

7    A.  And the light never did change.

8    Q.  And it seems that you found it unusual for him

9        to be accelerating his vehicle?

10   A.  Yeah, at that time.

11   Q.  Did you ever understand or find out why he would

12       accelerate his vehicle approaching a red traffic

13       signal?

14   A.  No.

15   Q.  Okay.  So, let me ask you this, Mr. Bargeman.

16       You identified Mr. Dalal and Ms. Lewis.  Is it

17       true that that they --

18            MS. BASH:

19            You said it backwards.

20   Q.  (Mr. Delphin) Ms. Dalal and Mr. Lewis.  I'm

21       sorry.  Were thy in a vehicle in front of you?

22   A.  Yes.

23   Q.  What -- can you give us a description of that

24       vehicle?

25   A.  I know it's a red vehicle.

Eugene Bargeman
December 4, 2019

1   Q.   A red vehicle?

2   A.   Yes, but I can't remember --

3   Q.   Let me see what the police officer --

4   A.   -- what kind of vehicle it is.

5   Q.   -- called it.  A Kia Forte.

6   A.   Kia Forte, yeah.

7   Q.   Does that sound about right?

8   A.   That sounds about right, yeah.

9   Q.   So, was that vehicle stopped in front of you?

10  A.   Yes.

11  Q.   And then there was you?

12  A.   Uh-huh (yes.)

13  Q.   And of course, you're going to tell us, we know

14       later that you were struck from behind by an 18-

15       wheeler.

16  A.   Yes.

17  Q.   Now, here's my question.  Between Ms. Dalal's

18       vehicle, the red vehicle, an the light, were

19       there other vehicles?

20  A.   Yes.

21  Q.   About how many others?

22  A.   I'd say about maybe five or six vehicles.

23  Q.   Five or six vehicles in front of Ms. Dalal?

24       Okay.  Well, let me ask you this?  Did you see

25       when Ms. Dalal came to a stop behind those

Eugene Bargeman
December 4, 2019

Page 16

1    A.    Yeah.  Maybe about a -- about a car length or a

2          half a car length.

3    Q.    Okay.

4          MS. BASH:

5          Probably depends on what type car.

6          THE WITNESS:

7          What type, yeah.  Because different cars

8          got different lengths.

9    Q.    (Mr. Delphin) Okay.  Well, let's see if we can

10         come up with an estimate.  Eight to ten feet; is

11         that agreeable with you?

12   A.    I'd say about eight.

13   Q.    About eight.  Okay, that's good; I don't need to

14         know exactly.  Now, we know that you would be

15         struck from the rear.  But at the time your

16         vehicle was struck, were you at a complete stop?

17   A.    A complete stop, yes.

18   Q.    Is there anything that you know of that you

19         could have done to avoid this wreck?

20   A.    No, sir, not at all.

21   Q.    Is there any -- was there anything wrong with

22         your vehicle?  And what I mean by wrong with the

23         vehicle you were operating, were there any

24         mechanical problems with it?

25   A.    No, sir.

Eugene Bargeman
December 4, 2019

Page 17

1  Q.  As far as you know, the taillights on the

2      vehicle may have worked?

3  A.  Yes.

4  Q.  And you came to a gradual controlled stop?

5  A.  Complete stop.

6  Q.  So you did not slam on your brakes?

7  A.  No.

8  Q.  And neither did Ms. Dalal, correct?

9  A.  Ms. Dalal?

10  Q.  Yeah.  She didn't slam on her brakes.  She came

11      to a --

12  A.  Well, yes.

13  Q.  -- a slow and gradual stop?

14  A.  She stopped, yeah.

15  Q.  Now, what about the vehicles in front?  Same for

16      them?  The other four or five vehicles that were

17      in front of her, did they come to a controlled

18      gradual --

19  A.  Well, the other four vehicles in front of her

20      was already probably gone after that, because

21      the light had done changed.  When he struck me

22      the light had done changed and the other vehicle

23      was not going.  I had done hit her.

24  Q.  I'd say -- what I was asking, before the

25      collision, you know, when the vehicle -- when

Eugene Bargeman
December 4, 2019

Page 18

1         the traffic began to stop for the -- the red

2         light --

3    A.   For the light.

4    Q.   -- phase, did they come to a controlled --

5    A.   Complete.

6    Q.   -- stop, or was it an emergency stop?

7    A.   No, it's a complete stop.

8    Q.   Okay, so --

9              MS. BASH:

10             I'm sorry.  He's saying complete and you're

11             saying controlled.  We may want to make

12             sure we're on the same page.

13             MR. DELPHIN:

14             Okay.

15   Q.   (Mr. Delphin) So, did they come to a slow and

16        gradual stop, or did it appear to be an

17        emergency stop?

18   A.   We were just at a stop.

19   Q.   Okay.  Nothing unusual about it?

20   A.   Nothing unusual.

21   Q.   And just like you don't criticize yourself or

22        Ms. Dalal, do you have any criticism of those

23        drivers in front of you who stopped for the

24        light?

25   A.   No.

Eugene Bargeman
December 4, 2019

Page 19

1   Q.   Okay.  I just wanted to make sure.  Okay.  So,

2        you're sitting at -- in your vehicle.  Where is

3        Ms. Stelly?  Is she in the back or she's on your

4        right?

5   A.   She's on my right in the front seat.

6   Q.   Okay.  Is anybody on their cell phone?

7   A.   No.

8   Q.   Okay.  And are y'all having a conversation or

9        are y'all silent?  What's going on?

10  A.   We're silent.  We're just sitting at the light.

11  Q.   Okay.  And -- and then you -- when did you first

12       become aware of an 18-wheeler approaching you?

13  A.   When I became aware?

14  Q.   Yeah.  When did you first notice that 18-

15       wheeler?

16  A.   As I come to a complete stop, I look in the back

17       of my mirror and I seen an 18-wheeler coming.

18  Q.   Can you give me an est --

19  A.   -- stopped.

20  Q.   -- Can you give me an est of that 18-wheeler

21       speed?

22  A.   Well, he wasn't speeding at the time he hit me.

23  Q.   Well, and I'm not saying that he was but I'm

24       asking you, can you tell me -- give me an

25       estimate of how fast you think he was going.

Eugene Bargeman
December 4, 2019

```
 1          MS. BASH:
 2              If you know.
 3          THE WITNESS:
 4              Maybe 20, 25 miles an hour.
 5   Q.   (Mr. Delphin) Okay.  20, 25 miles per hour.
 6   A.   Uh-huh (yes.)
 7   Q.   And Mr. Bargeman, I meant -- I think you said
 8        this, but I want to be sure.  So, your foot was
 9        on the brake at the time of impact?
10   A.   Yes.
11   Q.   Now, when you -- and you had said earlier you
12        had heard his vehicle accelerate.  When you
13        heard his vehicle accelerate, what did you do?
14   A.   Nothing.  I just stayed with my feet on the
15        brakes.
16   Q.   Okay.  I mean, did you kind of tense up, get
17        prepared for impact, or did you -- but did you
18        not know that there would be an impact?
19   A.   I didn't know it wouldn't be an impact.
20   Q.   But your foot was on the brake?
21   A.   But my feet was on the brake, yes.
22   Q.   Okay.  So, just to make sure I understand this:
23        The 18-wheeler runs into the rearview, correct?
24   A.   Yes.
25   Q.   And is it true that the force of that collision
```

Eugene Bargeman
December 4, 2019

1      was sufficient to knock you, the eight feet or

2      so from where you were stopped into the rear of

3      the Dalal vehicle?

4   A.   Yes.

5   Q.   So, if I were to say Mr. Bargeman was in -- was

6        hit, was at a stop, hit by the 18-wheeler and

7        propelled into the back of the Dalal vehicle,

8        that would be a true statement?

9   A.   Yes.

10  Q.   So, how would you describe the impact that you

11       experienced, Mr. Bargeman?  Would you say that

12       it was a moderate impact?  Heavy impact?  Light

13       impact?  What word would you use?

14  A.   A "boom" impact.

15  Q.   A who?

16  A.   A "boom."

17  Q.   Okay.

18           MS. BASH:

19           It's the same word that he used.

20  Q.   (Mr. Delphin) By a "boom" --

21  A.   A "boom."

22  Q.   By a "boom" impact --

23  A.   Yeah.

24  Q.   You mean it's --

25  A.   A hard impact.

Eugene Bargeman
December 4, 2019

Page 22

1    Q.   It was a hard impact?

2    A.   Yeah.

3    Q.   Enough to knock you like a cue ball -- your

4         vehicle like a cue ball into the vehicle --

5    A.   Another vehicle in front of -- yes.

6    Q.   Okay.  Now, after the collision, Mr. Bargeman,

7         did you get a chance to speak to the driver of

8         the 18-wheeler?

9    A.   Yeah.  I went and asked him, I said, "What you

10        was doing?"  I mean -- I mean, and he just say,

11        "Oh my fault," I mean, "I'm sorry."

12   Q.   Well, did you say anything like why are you

13        accelerating when you see all these cars stopped

14        at the stop sign -- at a stop light?

15   A.   No, I didn't ask him nothing.  I just asked him

16        what happened, what you was doing.

17   Q.   And all he said was what?

18   A.   "I'm sorry."

19   Q.   And did he take responsibility?

20   A.   Yes.

21   Q.   What words did he use?

22   A.   That he used sorry that he ran into the back of

23        me.

24   Q.   Did -- was it your impression that the gentleman

25        operating the 18-wheeler was on his cell phone

Eugene Bargeman
December 4, 2019

Page 27

```
 1   Q.   Okay.

 2   A.   I mean, we went to the emergency room and

 3        got checked, and she just said she wasn't

 4        hurt.

 5   Q.   Okay.  So, which emergency room did Ms.

 6        Stelly go to?

 7   A.   We went to the new hospital, Avail Health.

 8   Q.   Avail on?

 9   A.   Nelson Road.

10   Q.   Nelson Road.

11           MS. BILLEAUD:

12           What's it called, I'm sorry?

13        MR. DELPHIN:

14           Avail.

15        THE WITNESS:

16           Avail.

17        MR. DELPHIN:

18           A-v-a-i-l, the hospital with an E.R.

19           room.

20   Q.   (Mr. Delphin) I want to read this to you

21        from the police report to see if -- if you

22        believe this is accurate.  It says:  "The

23        driver of Vehicle #1; that's the 18-

24        wheeler, stated that he thought that

25        apparently traffic was moving when he ran
```

Eugene Bargeman
December 4, 2019

```
 1        into the back of Vehicle #2.  Vehicle #2
 2        was then pushed into Vehicle #3 -- Vehicle
 3        #3 being Ms. Dalal's vehicle.
 4   A.   Okay.
 5   Q.   That's true?
 6   A.   Yes.
 7   Q.   Okay.  And the second paragraph, the
 8        driver of Vehicle #2, I believe that's
 9        your, Mr. Bargeman.
10   A.   Uh-huh (yes.)
11   Q.   Stated that he was stopped due to
12        congestion when he was struck from behind
13        by Vehicle #1, which would be the 18-
14        wheeler; that's true?
15   A.   Yeah.
16   Q.   And then he stated that he was pushed into
17        Vehicle #3; that's true?
18   A.   Yes.
19   Q.   And then it says the driver of Vehicle #3,
20        and that's Ms. Dalal, states that she was
21        stopped also due to congestion when
22        Vehicle #1 struck Vehicle #2, she was then
23        struck by Vehicle #2; so that's true?
24   A.   Yes.
25   Q.   Okay. Do you know whether any of the
```

Eugene Bargeman
December 4, 2019

Page 34

1         nothing to avoid the wreck, nor could Ms.

2         Dalal?

3              MS. BASH:

4              I want to object to form.  You've got

5              two negatives goings, and I --

6              MR. DELPHIN:

7              Okay.

8              MS. BASH:

9              -- don't want a misunderstanding

10             later, I'm sorry.

11             MR. DELPHIN:

12             All right.

13   Q.   (Mr. Delphin) So, if I'm understanding

14        correctly, there was nothing you could

15        have done to avoid the wreck?

16   A.   No, sir.

17   Q.   Okay.  And --

18             MS. BASH:

19             No, he's not correct, or no, there was

20             nothing you could do to --

21             THE WITNESS:

22             Nothing I could have do to avoid the

23             wreck.

24   Q.   (Mr. Delphin) Okay.  And is it also true

25        that there was nothing that you know of

CIVIL SUIT NUMBER 2019-531

ROSALINA AYUYU DALAL AND         14TH JUDICIAL DISTRICT COURT
CHRISTOPHER LEWIS

VERSUS                          PARISH OF CALCASIEU

UNITED SPECIALTY INSURANCE COMPANY,
ROSE LAND DEVELOPMENT, L.L.C. and
WILLIAM J. PORTER, II              STATE OF LOUISIANA
**************************************************************************

**MEMORANDUM IN SUPPORT**

*MAY IT PLEASE THE COURT:*

On February 28, 2018, plaintiffs, Rosalina Ayuyu Dalal and Christopher Lewis, claim they were injured when defendant, William J. Porter, II, failed to stop behind Eugene V. Bargeman, causing his vehicle to be propelled forward into Plaintiffs' vehicle. There is no genuine issue of material fact with respect to Bargeman's lack of negligence because he had his car under control, closely observed Plaintiffs' vehicle ahead of him, and followed at a safe distance. Plaintiffs' own testimony establishes that they felt a single impact. Porter caused the collision and subsequent chain reaction. Therefore, summary judgment should be granted in favor of Bargeman and Technology Insurance Company, Inc.

CALCASIEU CLERK-COST
JAN 09 2020 AM11:08:0

## I.   FACTUAL BACKGROUND

Plaintiffs allege that they suffered damages arising from an accident that occurred on February 28, 2018 (the "Accident"). Plaintiffs came to a complete stop at a red traffic light on Nelson Road near the intersection with Woodlawn Drive in Lake Charles. Exhibit A, Depo. of Christopher Lewis at 49:4-8, 58:7-10. Bargeman came to a complete stop about 8 feet behind Plaintiffs' vehicle. Exhibit B, Depo. of Eugene Bargeman at 16:9-17. Porter was operating an 18-wheeler when he rear-ended Bargeman and propelled Bargeman's vehicle into the rear of Plaintiffs' vehicle. *Id.* at 21:5-9. Plaintiffs only felt one impact. Exhibit A at 61:16-17; Exhibit C, Depo. of Rosalina Dalal at 36:10-14.

## II.   PROCEDURAL BACKGROUND

Plaintiffs filed the instant lawsuit for claims arising out of the Accident on January 30, 2019, naming William J. Porter, II, Rose Land Development, L.L.C., and United Specialty Insurance Company as defendants. Plaintiffs filed the First Amending and Supplemental Petition for Damages on March 12, 2019, adding Eugene V. Bargeman and Technology Insurance Company, Inc. as defendants. The suit was removed to the United States District Court for the

4

FILED 1-6-2020

Deputy Clerk of Court
Calcasieu Parish, Louisiana

Western District of Louisiana, Lake Charles Division by United Specialty Insurance Company on March 13, 2019 and subsequently remanded back to this Court on June 26, 2019.

The depositions of both Plaintiffs and Bargeman have been taken. Written discovery was propounded by all parties and was answered. No trial date is scheduled. This matter is ripe for summary judgment.

### III.   LAW AND ARGUMENT

There is no genuine issue of material fact with respect to Bargeman's lack of negligence. Testimony clearly establishes that Porter caused the collision and subsequent chain reaction. Below, Defendants outline the applicable law, the summary judgment standard, the list of essential legal elements, and the statement of uncontested facts.

#### A.  Law and Argument

As this Court is well aware, the "driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." La. R.S. § 32:81(A). In a rear-end collision, the following motorist is presumed to have breached this duty. *Leblanc v. Bouzon*, 14-1041, p. 3 (La. App. 3 Cir. 3/4/15), 159 So. 3d 1144, 1146. A following motorist may rebut the presumption by establishing that he had his car under control, closely observed the vehicle ahead of him, and followed at a safe distance. *Id.* When there is no evidence in a three-vehicle incident that the second vehicle contacted the first *before* being struck by the third, summary judgment is proper. *See id.* at 1149 (emphasis added). If testimony establishes that the second vehicle was at a complete stop before being struck from behind, the third vehicle "is presumed liable as the rear-ending motorist who caused the collision and subsequent chain reaction." *See id.*

The Accident at issue occurred on Nelson Road near the intersection with Woodlawn Drive in Lake Charles. Exhibit A at 49:4-8. Plaintiffs came to a complete stop at a red traffic light behind about six other vehicles. *Id.* at 58:7-15. Bargeman was a following motorist, but he did not breach his duty to Plaintiffs. Bargeman also came to a complete stop about 8 feet behind Plaintiffs' vehicle and did not slam on his brakes. Exhibit B at 16:9-17, 17:6-7. While waiting for the light to change, Bargeman saw Porter's 18-wheeler approaching. *Id.* at 11:19-22. Bargeman heard Porter accelerate and began to worry that his vehicle would be hit when Porter rear-ended Bargeman. *Id.* at 12:1-5, 13:13-16. Bargeman kept his foot on the brake, but the impact by Porter propelled his

5

vehicle into the rear of Plaintiffs' vehicle. *Id.* at 20:20-21, 21:5-9. Bargeman testified that there was nothing he could have done to avoid the Accident. *Id.* at 16:18-20. Bargeman kept his car under control, closely observed Plaintiffs' vehicle ahead of him, and followed at a safe distance. Plaintiffs did not notice the vehicle behind them until after impact and cannot show otherwise. *See* Exhibit A at 60:1-9; Exhibit C at 35:9-18. Thus, there is no genuine issue of material fact with respect to Bargeman's lack of negligence.

Further, there is no evidence that Bargeman struck Plaintiffs' vehicle before Porter struck his. Bargeman was at a complete stop behind Plaintiffs' vehicle when Porter rear-ended him, which pushed Bargeman's vehicle into the rear of Plaintiffs' vehicle. Exhibit B at 16:9-17, 21:5-9. Plaintiffs testified that they only felt one impact. Exhibit A at 61:16-17; Exhibit C at 36:10-14. It is clear that Porter should be presumed liable as the rear-ending motorist who caused the collision and subsequent chain reaction. *Bouzon*, 159 So. 3d at 1149. Summary judgment should be granted in favor of Bargeman and Technology Insurance Company, Inc.

## B. Summary Judgment Standard

A court should grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." *See* La. Code Civ. Proc. art. 966(A); *Babin v. Winn Dixie Louisiana, Inc.*, 00-0078, p. 3 (La. 6/30/00), 764 So. 2d 37, 39. A fact is considered material when its "existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery." *Hardy v. Bowie*, 98-2821, p. 6 (La. 9/8/99), 744 So. 2d 606, 610. Further, facts are material when they potentially ensure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of the dispute. *Id.* There is no genuine issue of material fact, and the motion shall be granted if the adverse party fails to produce factual support to establish that he will be able to satisfy his burden of proof at trial. *See Hayes v. Autin*, 96-287, p. 6 (La. App. 3 Cir. 12/26/96), 685 So. 2d 691, 694, *writ denied*, 97-281 (La. 3/14/97), 690 So. 2d 41. Mere factual allegations without substance do not create a genuine issue of material fact and will not preclude summary judgment. *See Metropolitan Bank of Jefferson v. Summers*, 257 So. 2d 179 (La. App. 4 Cir. 1972), *writ refused*, 259 So. 2d 914 (La. 1972); *City of Baton Rouge v. Cannon*, 376 So. 2d 994 (La. App. 1 Cir. 1979).

6

### C. List of Essential Legal Elements

Pursuant to Louisiana Rules of Court 9.10(a)(1), Defendants submit that there is no genuine issue of material fact because the evidence is clear that Bargeman was at a complete stop before being struck from behind by Porter and that Plaintiffs only felt one impact. *Leblanc v. Bouzon*, 14-1041, p. 3 (La. App. 3 Cir. 3/4/15), 159 So. 3d 1144, 1149. Therefore, Porter caused the collision and subsequent chain reaction, while Bargeman was not negligent.

### D. Statement of Uncontested Material Facts

Pursuant to Louisiana Rules of Court 9.10(a)(2), Defendants submit that the following material facts are uncontested for purposes of this Motion:

a. Plaintiffs were at a complete stop at a red traffic light when the Accident occurred. Exhibit A, Depo. of Christopher Lewis at 49:4-8, 58:7-10.

b. Bargeman was at a complete stop about 8 feet behind Plaintiffs' vehicle when the Accident occurred. Exhibit B, Depo. of Eugene Bargeman at 16:9-17.

c. Porter rear-ended Bargeman, which pushed Bargeman's vehicle into the rear of Plaintiffs' vehicle. Exhibit B, Depo. of Eugene Bargeman at 21:5-9.

d. Plaintiffs did not notice the vehicle behind them until after contact and only felt one impact. Exhibit A, Depo. of Christopher Lewis at 60:1-9, 61:16-17; Exhibit C, Depo. of Rosalina Dalal at 35:9-18, 36:10-14.

Thus, Bargeman was not negligent and did not cause this accident.

### IV.    CONCLUSION

Bargeman did not breach his duty to Plaintiffs, as he had his car under control, closely observed Plaintiffs' vehicle ahead of him, and followed at a safe distance. Plaintiffs' own testimony establishes that they felt a single impact. On the other hand, Porter caused the collision and subsequent chain reaction. Therefore, this Motion for Summary Judgment should be granted, and Plaintiffs' claims against defendants, Eugene V. Bargeman and Technology Insurance Company, Inc., should be dismissed, with prejudice, in their entirety.

Respectfully Submitted,

**FAIRCLOTH MELTON SOBEL & BASH, LLC**

BY:  *Madali n*
 Lottie L. Bash (Bar Roll #26186)
 lbash@fairclothlaw.com
 Laura Beth Matthews (Bar Roll #33862)
 lmatthews@fairclothlaw.com
 Christopher M. Chesne (Bar Roll #38696)
 cchesne@fairclothlaw.com

105 Yorktown Drive
Alexandria, Louisiana 71303
Phone: (318) 619-7755
Fax: (318) 619-7744

Franklin "Drew" Hoffmann (Bar Roll #35824)
dhoffmann@fairclothlaw.com
Madaline King (Bar Roll #38301)
mking@fairclothlaw.com
Phone: (225) 343-9535
Fax: (225) 343-9538

**ATTORNEYS FOR EUGENE V. BARGEMAN and
TECHNOLOGY INSURANCE COMPANY, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been sent to all known counsel of record via U.S. mail, postage paid, namely:

Mark A. Delphin
Arthur J. O'Keefe
Delphin Law Offices
626 Broad Street
Lake Charles, Louisiana 70601

Jean Ann Billeaud
Lewis Brisbois Bisgaard & Smith, LLP
100 East Vermilion Street, Suite 300
Lafayette, Louisiana 70501

Baton Rouge, Louisiana, this 6th day of January, 2020.

_____
OF COUNSEL

9

61

```
 1        18-wheeler.
 2   A    That is correct.
 3   Q    All right.  And did you notice the 18-wheeler
 4        before the accident?
 5   A    No, I did not.
 6   Q    Now, what you said earlier is that you heard
 7        the boom.  Is that your first notice there was
 8        an accident was the noise?
 9   A    Yes.
10   Q    And you said you went forward?
11   A    Yeah.  I went like that (gesturing).
12   Q    So there was one boom?
13   A    Yeah, it was one boom.
14   Q    And one time you went forward?
15   A    One time.
16   Q    So one impact?
17   A    One impact.
18   Q    I assume at some point you got out of the car?
19        You got out of the car at some point?
20   A    Yes.
21   Q    Did you speak to the driver of the SUV?
22   A    No, I did not.
23   Q    Did you overhear anything said by the driver of
24        the SUV?
25   A    He just said -- yes, I did overhear.
```

62

1  Q   What did you overhear?

2  A   I just heard that he was telling Ms. Rose that

3      we both was hit.

4  Q   Any reason to dispute that statement by him?

5  A   No.

6  Q   I understand there was a lady in the car --

7  A   That's correct.

8  Q   -- with the SUV driver?

9  A   Yes.

10 Q   Did you ever speak with her?

11 A   No, ma'am.

12 Q   Did you overhear anything she may have said?

13 A   No, ma'am.  She stayed in the car the whole

14     time.

15 Q   Did you speak with the driver of the

16     18-wheeler?

17 A   No, I did not.

18 Q   Did you overhear anything the driver of the

19     18-wheeler said?

20 A   No.

21 Q   The driver of the SUV, I'm going to represent

22     to you, is a man named Eugene Bargeman.  Did

23     you know him before the accident?

24 A   No, I didn't.

25 Q   Have you ever spoken to Eugene Bargeman after

LAFAYETTE CERTIFIED SHORTHAND REPORTERS
Post Office Box 52585
Lafayette, Louisiana  70505
(337) 988-6477

63

```
 1        the accident?
 2   A    I didn't, no.
 3   Q    Do you know of anyone that has?  Let me
 4        rephrase that.  I'm sorry.  That's probably a
 5        bad question.
 6             After the day of the accident, do you know
 7        of anyone that spoke with Mr. Bargeman?
 8   A    I'm not -- I can't recall that, no.
 9   Q    You didn't speak to him?
10   A    No, I didn't.
11   Q    To the best of your knowledge, Ms. Rose didn't
12        speak to him?
13   A    Not that I remember, no.
14   Q    Mr. Bargeman was working for a company called
15        Nissan of Lake Charles at the time of the
16        accident.  Have you ever spoken to anyone from
17        Nissan of Lake Charles about this accident?
18   A    No, ma'am.
19   Q    Did you ever speak to any of the insurance --
20        any person from the insurance carrier for
21        either Mr. Bargeman or Nissan of Lake Charles
22        besides myself today?
23   A    No, ma'am.
24   Q    Fair statement:  You can't estimate how fast
25        the 18-wheeler was traveling?
```

64

1   A   I cannot, no, ma'am.

2   Q   Did you have any bruises, contusions, or cuts

3       after the accident?

4   A   No, ma'am.  No.

5   Q   Other than Ms. Rose's hematoma, which she had

6       before the accident, did you see any bruises or

7       cuts or contusions on her?

8   A   No.

9   Q   Now, if I understood you properly, you didn't

10      feel any pain until after you got to the ER and

11      the doctor?

12  A   That's correct.

13  Q   Did Ms. Rose complain of any pain at the scene

14      of the accident?

15  A   Not at the scene, no.

16  Q   When did she first complain of any pain or

17      discomfort?

18  A   When we was in the ER, and me and her was

19      waiting for about almost two-and-a-half to

20      three hours, and that's when she asked the

21      receptionist at the hospital, "What's going on?

22      Why it's taking so long because I'm hurting in

23      my back."  That's when I remember she was

24      complaining, was her back.

25  Q   Now, on the day of the accident, was Ms. Rose

65

```
 1        taking her daily medications?
 2   A    Before the accident, yes.
 3   Q    Same medications she took daily and was used to
 4        taking; is that fair?
 5   A    Yes.
 6   Q    There's no reason for you to suspect drug or
 7        alcohol was part of this accident in any way;
 8        is that correct?
 9   A    That's correct.
10   Q    And, to the best of your knowledge, Ms. Rose
11        didn't have anything alcoholic to drink in the
12        eight hours before the accident?
13   A    That's correct.
14   Q    Did you ever observe any skid marks?
15   A    No.
16   Q    Did any part of your body come in contact with
17        any part of the car?
18   A    Not that I can recall.
19   Q    Besides the driver of the 18-wheeler, the
20        driver of the SUV, the lady in the car of the
21        SUV, Ms. Rose and yourself, are you aware of
22        any other eyewitnesses to this accident?
23   A    No, ma'am.
24   Q    Do you know anything about any tickets that may
25        have been issued at the time of the accident?
```

CIVIL SUIT NUMBER 2019-531

ROSALINA AYUYU DALAL AND                    14TH JUDICIAL DISTRICT COURT
CHRISTOPHER LEWIS

VERSUS                                      PARISH OF CALCASIEU

UNITED SPECIALTY INSURANCE COMPANY,
ROSE LAND DEVELOPMENT, L.L.C. and
WILLIAM J. PORTER, II                       STATE OF LOUISIANA
*********************************************************************************

**ORDER**

CONSIDERING the foregoing Motion for Summary Judgment by Eugene V. Bargeman

and Technology Insurance Company, Inc.,

IT IS ORDERED that plaintiffs, Rosalina Ayuyu Dalal and Christopher Lewis, show cause

in this Court on the ___ day of _February_, 2020, at _9:00_ A.m. why

Summary Judgment should not be rendered in favor of these Defendants, dismissing the claims of

Plaintiffs against defendants, Eugene V. Bargeman and Technology Insurance Company, Inc.,

with prejudice, in their entirety.

THUS DONE AND SIGNED at Calcasieu Parish, Louisiana, this ___ day of

_____, 2020.

_____
JUDGE ROBERT L. WYATT
14TH JUDICIAL DISTRICT COURT

CALCASIEU CLERK-COST
JAN 09 2020 AM11:02:57

**PLEASE SET THE HEARING AT LEAST 60 DAYS FROM THIS ORDER:**
**TO ASSURE COMPLIANCE WITH THE SUMMARY JUDGMENT RULES THAT A) A HEARING MAY ONLY BE SET AT LEAST 30 DAYS AFTER THE FILING, AND B) OPPOSING PARTIES MUST BE SERVED WITH THE ORDER AT LEAST 30 DAYS PRIOR TO THE HEARING.**

**PLEASE SERVE:**

**Plaintiffs, Rosalina Ayuyu Dalal and Christopher Lewis,**
*through their counsel of record,*
Mark A. Delphin
Arthur J. O'Keefe
Delphin Law Offices
626 Broad Street
Lake Charles, Louisiana 70601

**Defendants, Williams J. Porter, II, Rose Land Development, L.L.C., and United Specialty Insurance Company,**
*through their counsel of record,*
Jean Ann Billeaud
Lewis Brisbois Bisgaard & Smith, LLP
100 East Vermilion Street, Suite 300
Lafayette, Louisiana 70501

3

FILED 1-10-2020
_____
Deputy Clerk of Court
Calcasieu Parish, Louisiana

CIVIL SUIT NUMBER 2019-531

ROSALINA AYUYU DALAL AND                    14TH JUDICIAL DISTRICT COURT
CHRISTOPHER LEWIS

VERSUS                                       PARISH OF CALCASIEU

UNITED SPECIALTY INSURANCE COMPANY,
ROSE LAND DEVELOPMENT, L.L.C. and
WILLIAM J. PORTER, II                        STATE OF LOUISIANA
*************************************************************************

## MOTION FOR SUMMARY JUDGMENT BY EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE COMPANY, INC.

NOW INTO COURT COME Eugene V. Bargeman and Technology Insurance Company, Inc., named defendants herein and through undersigned counsel, and respectfully submit this Motion for Summary Judgment pursuant to Louisiana Code of Civil Procedure articles 966 and 967, and respectfully plead as follows:

1.

For the reasons more fully stated in the Memorandum in Support, incorporated herein by reference, along with the attached exhibits, there is no genuine issue of material fact as to Bargeman's lack of negligence because he had his car under control, closely observed Plaintiffs' vehicle ahead of him, and followed at a safe distance. Plaintiffs' own testimony establishes that Bargeman did not impact Plaintiffs before William J. Porter, II rear-ended him, causing the collision. Therefore, this Motion should be granted.

2.

Submitted in support of this Motion, and incorporated via reference, are the following exhibits:

**Exhibit A:**    Excerpts from the Deposition of Christopher Lewis;

**Exhibit B:**    Excerpts from the Deposition of Eugene Bargeman; and

**Exhibit C:**    Excerpts from the Deposition of Rosalina Dalal.

WHEREFORE, defendants, Eugene V. Bargeman and Technology Insurance Company, Inc., pray that this Motion for Summary Judgment be found good and sufficient and that after due proceedings are had in a contradictory hearing, a judgment be rendered GRANTING this Motion for Summary Judgment.

1

Respectfully Submitted,

**FAIRCLOTH MELTON SOBEL & BASH, LLC**

BY: _Madalin King_ _____
        Lottie L. Bash (Bar Roll #26186)
        lbash@fairclothlaw.com
        Laura Beth Matthews (Bar Roll #33862)
        lmatthews@fairclothlaw.com
        Christopher M. Chesne (Bar Roll #38696)
        cchesne@fairclothlaw.com
        105 Yorktown Drive
        Alexandria, Louisiana 71303
        Phone: (318) 619-7755
        Fax: (318) 619-7744

        Franklin "Drew" Hoffmann (Bar Roll #35824)
        dhoffmann@fairclothlaw.com
        Madaline King (Bar Roll #38301)
        mking@fairclothlaw.com
        Phone: (225) 343-9535
        Fax: (225) 343-9538

**ATTORNEYS FOR EUGENE V. BARGEMAN and
TECHNOLOGY INSURANCE COMPANY, INC.**

2/7c        1-10-2020 "D"
                                                                    — fax —

# FAIRCLOTH MELTON SOBEL & BASH, LLC

*ATTORNEYS*

JIMMY R. FAIRCLOTH, JR.[1,2]                                    NATHAN W. FRIEDMAN
BARBARA BELL MELTON              105 YORKTOWN DRIVE             MADALINE KING
DAVID R. SOBEL[3]                ALEXANDRIA, LA 71303           MARY KATHERINE PRICE
LOTTIE L. BASH                   Phone (225) 343-9535           CHRISTOPHER M. CHESNE
                                 Fax (225) 343-9538             RICHARD "ERICK" NOREM, III

FRANKLIN "DREW" HOFFMANN                                        [1] L.L.M. IN LITIGATION
LAURA BETH MATTHEWS              www.faircloathlaw.com          [2] ALSO ADMITTED IN GEORGIA
                                                               [3] ALSO ADMITTED IN TEXAS

January 6, 2020

**VIA FAX AND U.S. MAIL**                          CALCASIEU CLERK-COST
Hon. H. Lynn Jones, II                             JAN 08 2020 AM11:02:45
*Calcasieu Parish Clerk of Court*
1000 Ryan Street
Lakes Charles, Louisiana 70601
Fax: 337-437-3206

                                                                        D4

Re:    Rosalina Ayuyu Dalal, et al. v. United Specialty Insurance Company, et al.
       Civil Suit No: 2019-531
       14th Judicial District Court, State of Louisiana

Dear Clerk:

        Please find enclosed a Motion for Summary Judgment by Eugene V. Bargeman and
Technology Insurance Company, Inc., an Order, and a Memorandum in Support, to be filed in the
above mentioned suit. Please present the Order to the judge for signature and serve according to the
instructions on the Order. Please also return a copy of the signed Order in the enclosed self-
addressed stamped envelope.

        Please advise of costs of filing and we will remit payment as well as originals promptly. Of
course, should you have any questions, please feel free to contact our office.

                                        Sincerely,

FILED  1-6-2020 -fax filed-
                                        **FAIRCLOTH MELTON SOBEL & BASH, LLC**
Deputy Clerk of Court
Calcasieu Parish, Louisiana

                                        By: _Madaline King_
                                               Madaline King
                                               mking@faircloathlaw.com

MK/mn

Enclosure

Hon. H. Lynn Jones
January 6, 2020
Page 2

cc:     Mark A. Delphin
       Arthur J. O'Keefe
       Delphin Law Offices
       626 Broad Street
       Lake Charles, Louisiana 70601

       Jean Ann Billeaud
       Lewis Brisbois Bisgaard & Smith, LLP
       100 East Vermilion Street, Suite 300
       Lafayette, Louisiana 70501

# FAIRCLOTH MELTON SOBEL & BASH, LLC

### *ATTORNEYS*

JIMMY R. FAIRCLOTH, JR. [1,2]
BARBARA BELL MELTON
DAVID R. SOBEL [3]
LOTTIE L. BASH

⎯⎯⎯⎯⎯⎯⎯⎯

FRANKLIN "DREW" HOFFMANN
LAURA BETH MATTHEWS

105 YORKTOWN DRIVE
ALEXANDRIA, LA 71303
Phone (225) 343-9535
Fax (225) 343-9538

www.fairclothlaw.com

NATHAN W. FRIEDMAN
MADALINE KING
MARY KATHERINE PRICE
CHRISTOPHER M. CHESNE
RICHARD "ERICK" NOREM, III

[1] U.S.M. IN LITIGATION
[2] ALSO ADMITTED IN GEORGIA
[3] ALSO ADMITTED IN TEXAS

January 6, 2020

**VIA FAX AND U.S. MAIL**
Hon. H. Lynn Jones, II
*Calcasieu Parish Clerk of Court*
1000 Ryan Street
Lakes Charles, Louisiana 70601
Fax: 337-437-3206

Re:     Rosalina Ayuyu Dalal, et al. v. United Specialty Insurance Company, et al.
        Civil Suit No: 2019-531
        14th Judicial District Court, State of Louisiana

Dear Clerk:

Please find enclosed a Motion for Summary Judgment by Eugene V. Bargeman and Technology Insurance Company, Inc., an Order, and a Memorandum in Support, to be filed in the above mentioned suit. Please present the Order to the judge for signature and serve according to the instructions on the Order. Please also return a copy of the signed Order in the enclosed self-addressed stamped envelope.

Please advise of costs of filing and we will remit payment as well as originals promptly. Of course, should you have any questions, please feel free to contact our office.

Sincerely,

FAIRCLOTH MELTON SOBEL & BASH, LLC

By:   *Madaline King*
      Madaline King
      mking@fairclothlaw.com

MK/mn

Enclosure

FILED 1·6·2020

*Deputy Clerk of Court*
Calcasieu Parish, Louisiana

RECEIVED TIME JAN. 6. 11:16AM

Hon. H. Lynn Jones
January 6, 2020
Page 2

cc:    Mark A. Delphin
       Arthur J. O'Keefe
       Delphin Law Offices
       626 Broad Street
       Lake Charles, Louisiana 70601

       Jean Ann Billeaud
       Lewis Brisbois Bisgaard & Smith, LLP
       100 East Vermilion Street, Suite 300
       Lafayette, Louisiana 70501

CIVIL SUIT NUMBER 2019-531

ROSALINA AYUYU DALAL AND
CHRISTOPHER LEWIS

14TH JUDICIAL DISTRICT COURT

VERSUS

PARISH OF CALCASIEU

UNITED SPECIALTY INSURANCE COMPANY,
ROSE LAND DEVELOPMENT, L.L.C. and
WILLIAM J. PORTER, II

STATE OF LOUISIANA

**********************************************************************

## MOTION FOR SUMMARY JUDGMENT BY EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE COMPANY, INC.

NOW INTO COURT COME Eugene V. Bargeman and Technology Insurance Company, Inc., named defendants herein and through undersigned counsel, and respectfully submit this Motion for Summary Judgment pursuant to Louisiana Code of Civil Procedure articles 966 and 967, and respectfully plead as follows:

1.

For the reasons more fully stated in the Memorandum in Support, incorporated herein by reference, along with the attached exhibits, there is no genuine issue of material fact as to Bargeman's lack of negligence because he had his car under control, closely observed Plaintiffs' vehicle ahead of him, and followed at a safe distance. Plaintiffs' own testimony establishes that Bargeman did not impact Plaintiffs before William J. Porter, II rear-ended him, causing the collision. Therefore, this Motion should be granted.

2.

Submitted in support of this Motion, and incorporated via reference, are the following exhibits:

**Exhibit A:**    Excerpts from the Deposition of Christopher Lewis;

**Exhibit B:**    Excerpts from the Deposition of Eugene Bargeman; and

**Exhibit C:**    Excerpts from the Deposition of Rosalina Dalal.

WHEREFORE, defendants, Eugene V. Bargeman and Technology Insurance Company, Inc., pray that this Motion for Summary Judgment be found good and sufficient and that after due proceedings are had in a contradictory hearing, a judgment be rendered GRANTING this Motion for Summary Judgment.

FILED _1·6·2070_

_[signature]_

Deputy Clerk of Court
Calcasieu Parish, Louisiana

1

RECEIVED TIME   JAN. 6.  11:16AM

Respectfully Submitted,

**FAIRCLOTH MELTON SOBEL & BASH, LLC**

BY: _Madalin Kn_____

Lottie L. Bash (Bar Roll #26186)
lbash@fairclothlaw.com
Laura Beth Matthews (Bar Roll #33862)
lmatthews@fairclothlaw.com
Christopher M. Chesne (Bar Roll #38696)
cchesne@fairclothlaw.com
105 Yorktown Drive
Alexandria, Louisiana 71303
Phone: (318) 619-7755
Fax: (318) 619-7744

Franklin "Drew" Hoffmann (Bar Roll #35824)
dhoffmann@fairclothlaw.com
Madaline King (Bar Roll #38301)
mking@fairclothlaw.com
Phone: (225) 343-9535
Fax: (225) 343-9538

**ATTORNEYS FOR EUGENE V. BARGEMAN and
TECHNOLOGY INSURANCE COMPANY, INC.**

2

CIVIL SUIT NUMBER 2019-531

ROSALINA AYUYU DALAL AND                    14TH JUDICIAL DISTRICT COURT
CHRISTOPHER LEWIS

VERSUS                                      PARISH OF CALCASIEU

UNITED SPECIALTY INSURANCE COMPANY,
ROSE LAND DEVELOPMENT, L.L.C. and
WILLIAM J. PORTER, II                       STATE OF LOUISIANA
************************************************************************

## ORDER

CONSIDERING the foregoing Motion for Summary Judgment by Eugene V. Bargeman and Technology Insurance Company, Inc.,

IT IS ORDERED that plaintiffs, Rosalina Ayuyu Dalal and Christopher Lewis, show cause in this Court on the _____ day of _____, 2020, at _____ _____.m. why Summary Judgment should not be rendered in favor of these Defendants, dismissing the claims of Plaintiffs against defendants, Eugene V. Bargeman and Technology Insurance Company, Inc., with prejudice, in their entirety.

THUS DONE AND SIGNED at Calcasieu Parish, Louisiana, this _____ day of _____, 2020.


_____
JUDGE ROBERT L. WYATT
14TH JUDICIAL DISTRICT COURT


**PLEASE SET THE HEARING AT LEAST 60 DAYS FROM THIS ORDER:**
**TO ASSURE COMPLIANCE WITH THE SUMMARY JUDGMENT RULES THAT A) A HEARING MAY ONLY BE SET AT LEAST 30 DAYS AFTER THE FILING, AND B) OPPOSING PARTIES MUST BE SERVED WITH THE ORDER AT LEAST 30 DAYS PRIOR TO THE HEARING.**

**PLEASE SERVE:**

**Plaintiffs, Rosalina Ayuyu Dalal and Christopher Lewis,**
*through their counsel of record,*
Mark A. Delphin
Arthur J. O'Keefe
Delphin Law Offices
626 Broad Street
Lake Charles, Louisiana 70601

**Defendants, Williams J. Porter, II, Rose Land Development, L.L.C.,**
**and United Specialty Insurance Company,**
*through their counsel of record,*
Jean Ann Billeaud
Lewis Brisbois Bisgaard & Smith, LLP
100 East Vermilion Street, Suite 300
Lafayette, Louisiana 70501

3

CIVIL SUIT NUMBER 2019-531

ROSALINA AYUYU DALAL AND   14TH JUDICIAL DISTRICT COURT
CHRISTOPHER LEWIS

VERSUS         PARISH OF CALCASIEU

UNITED SPECIALTY INSURANCE COMPANY,
ROSE LAND DEVELOPMENT, L.L.C. and
WILLIAM J. PORTER, II     STATE OF LOUISIANA
**************************************************************************

## **MEMORANDUM IN SUPPORT**

*MAY IT PLEASE THE COURT:*

  On February 28, 2018, plaintiffs, Rosalina Ayuyu Dalal and Christopher Lewis, claim they were injured when defendant, William J. Porter, II, failed to stop behind Eugene V. Bargeman, causing his vehicle to be propelled forward into Plaintiffs' vehicle. There is no genuine issue of material fact with respect to Bargeman's lack of negligence because he had his car under control, closely observed Plaintiffs' vehicle ahead of him, and followed at a safe distance. Plaintiffs' own testimony establishes that they felt a single impact. Porter caused the collision and subsequent chain reaction. Therefore, summary judgment should be granted in favor of Bargeman and Technology Insurance Company, Inc.

### I. FACTUAL BACKGROUND

  Plaintiffs allege that they suffered damages arising from an accident that occurred on February 28, 2018 (the "Accident"). Plaintiffs came to a complete stop at a red traffic light on Nelson Road near the intersection with Woodlawn Drive in Lake Charles. Exhibit A, Depo. of Christopher Lewis at 49:4-8, 58:7-10. Bargeman came to a complete stop about 8 feet behind Plaintiffs' vehicle. Exhibit B, Depo. of Eugene Bargeman at 16:9-17. Porter was operating an 18-wheeler when he rear-ended Bargeman and propelled Bargeman's vehicle into the rear of Plaintiffs' vehicle. *Id.* at 21:5-9. Plaintiffs only felt one impact. Exhibit A at 61:16-17; Exhibit C, Depo. of Rosalina Dalal at 36:10-14.

### II. PROCEDURAL BACKGROUND

  Plaintiffs filed the instant lawsuit for claims arising out of the Accident on January 30, 2019, naming William J. Porter, II, Rose Land Development, L.L.C., and United Specialty Insurance Company as defendants. Plaintiffs filed the First Amending and Supplemental Petition for Damages on March 12, 2019, adding Eugene V. Bargeman and Technology Insurance Company, Inc. as defendants. The suit was removed to the United States District Court for the

4

Western District of Louisiana, Lake Charles Division by United Specialty Insurance Company on March 13, 2019 and subsequently remanded back to this Court on June 26, 2019.

The depositions of both Plaintiffs and Bargeman have been taken. Written discovery was propounded by all parties and was answered. No trial date is scheduled. This matter is ripe for summary judgment.

### III.   LAW AND ARGUMENT

There is no genuine issue of material fact with respect to Bargeman's lack of negligence. Testimony clearly establishes that Porter caused the collision and subsequent chain reaction. Below, Defendants outline the applicable law, the summary judgment standard, the list of essential legal elements, and the statement of uncontested facts.

### A.  Law and Argument

As this Court is well aware, the "driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." La. R.S. § 32:81(A). In a rear-end collision, the following motorist is presumed to have breached this duty. *Leblanc v. Bouzon*, 14-1041, p. 3 (La. App. 3 Cir. 3/4/15), 159 So. 3d 1144, 1146. A following motorist may rebut the presumption by establishing that he had his car under control, closely observed the vehicle ahead of him, and followed at a safe distance. *Id.* When there is no evidence in a three-vehicle incident that the second vehicle contacted the first *before* being struck by the third, summary judgment is proper. *See id.* at 1149 (emphasis added). If testimony establishes that the second vehicle was at a complete stop before being struck from behind, the third vehicle "is presumed liable as the rear-ending motorist who caused the collision and subsequent chain reaction." *See id.*

The Accident at issue occurred on Nelson Road near the intersection with Woodlawn Drive in Lake Charles. Exhibit A at 49:4-8. Plaintiffs came to a complete stop at a red traffic light behind about six other vehicles. *Id.* at 58:7-15. Bargeman was a following motorist, but he did not breach his duty to Plaintiffs. Bargeman also came to a complete stop about 8 feet behind Plaintiffs' vehicle and did not slam on his brakes. Exhibit B at 16:9-17, 17:6-7. While waiting for the light to change, Bargeman saw Porter's 18-wheeler approaching. *Id.* at 11:19-22. Bargeman heard Porter accelerate and began to worry that his vehicle would be hit when Porter rear-ended Bargeman. *Id.* at 12:1-5, 13:13-16. Bargeman kept his foot on the brake, but the impact by Porter propelled his

5

vehicle into the rear of Plaintiffs' vehicle. *Id.* at 20:20-21, 21:5-9. Bargeman testified that there was nothing he could have done to avoid the Accident. *Id.* at 16:18-20. Bargeman kept his car under control, closely observed Plaintiffs' vehicle ahead of him, and followed at a safe distance. Plaintiffs did not notice the vehicle behind them until after impact and cannot show otherwise. *See* Exhibit A at 60:1-9; Exhibit C at 35:9-18. Thus, there is no genuine issue of material fact with respect to Bargeman's lack of negligence.

Further, there is no evidence that Bargeman struck Plaintiffs' vehicle before Porter struck his. Bargeman was at a complete stop behind Plaintiffs' vehicle when Porter rear-ended him, which pushed Bargeman's vehicle into the rear of Plaintiffs' vehicle. Exhibit B at 16:9-17, 21:5-9. Plaintiffs testified that they only felt one impact. Exhibit A at 61:16-17; Exhibit C at 36:10-14. It is clear that Porter should be presumed liable as the rear-ending motorist who caused the collision and subsequent chain reaction. *Bouzon*, 159 So. 3d at 1149. Summary judgment should be granted in favor of Bargeman and Technology Insurance Company, Inc.

### B. Summary Judgment Standard

A court should grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." *See* La. Code Civ. Proc. art. 966(A); *Babin v. Winn Dixie Louisiana, Inc.*, 00-0078, p. 3 (La. 6/30/00), 764 So. 2d 37, 39. A fact is considered material when its "existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery." *Hardy v. Bowie*, 98-2821, p. 6 (La. 9/8/99), 744 So. 2d 606, 610. Further, facts are material when they potentially ensure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of the dispute. *Id.* There is no genuine issue of material fact, and the motion shall be granted if the adverse party fails to produce factual support to establish that he will be able to satisfy his burden of proof at trial. *See Hayes v. Autin*, 96-287, p. 6 (La. App. 3 Cir. 12/26/96), 685 So. 2d 691, 694, *writ denied*, 97-281 (La. 3/14/97), 690 So. 2d 41. Mere factual allegations without substance do not create a genuine issue of material fact and will not preclude summary judgment. *See Metropolitan Bank of Jefferson v. Summers*, 257 So. 2d 179 (La. App. 4 Cir. 1972), *writ refused*, 259 So. 2d 914 (La. 1972); *City of Baton Rouge v. Cannon*, 376 So. 2d 994 (La. App. 1 Cir. 1979).

6

### C.  List of Essential Legal Elements

Pursuant to Louisiana Rules of Court 9.10(a)(1), Defendants submit that there is no genuine issue of material fact because the evidence is clear that Bargeman was at a complete stop before being struck from behind by Porter and that Plaintiffs only felt one impact. *Leblanc v. Bouzon*, 14-1041, p. 3 (La. App. 3 Cir. 3/4/15), 159 So. 3d 1144, 1149. Therefore, Porter caused the collision and subsequent chain reaction, while Bargeman was not negligent.

### D.  Statement of Uncontested Material Facts

Pursuant to Louisiana Rules of Court 9.10(a)(2), Defendants submit that the following material facts are uncontested for purposes of this Motion:

a.  Plaintiffs were at a complete stop at a red traffic light when the Accident occurred. Exhibit A, Depo. of Christopher Lewis at 49:4-8, 58:7-10.

b.  Bargeman was at a complete stop about 8 feet behind Plaintiffs' vehicle when the Accident occurred. Exhibit B, Depo. of Eugene Bargeman at 16:9-17.

c.  Porter rear-ended Bargeman, which pushed Bargeman's vehicle into the rear of Plaintiffs' vehicle. Exhibit B, Depo. of Eugene Bargeman at 21:5-9.

d.  Plaintiffs did not notice the vehicle behind them until after contact and only felt one impact. Exhibit A, Depo. of Christopher Lewis at 60:1-9, 61:16-17; Exhibit C, Depo. of Rosalina Dalal at 35:9-18, 36:10-14.

Thus, Bargeman was not negligent and did not cause this accident.

### IV.   CONCLUSION

Bargeman did not breach his duty to Plaintiffs, as he had his car under control, closely observed Plaintiffs' vehicle ahead of him, and followed at a safe distance. Plaintiffs' own testimony establishes that they felt a single impact. On the other hand, Porter caused the collision and subsequent chain reaction. Therefore, this Motion for Summary Judgment should be granted, and Plaintiffs' claims against defendants, Eugene V. Bargeman and Technology Insurance Company, Inc., should be dismissed, with prejudice, in their entirety.

Respectfully Submitted,

**FAIRCLOTH MELTON SOBEL & BASH, LLC**

BY: *Madali ...*
Lottie L. Bash (Bar Roll #26186)
lbash@fairclothlaw.com
Laura Beth Matthews (Bar Roll #33862)
lmatthews@fairclothlaw.com
Christopher M. Chesne (Bar Roll #38696)
cchesne@fairclothlaw.com

7

105 Yorktown Drive
Alexandria, Louisiana 71303
Phone: (318) 619-7755
Fax: (318) 619-7744

Franklin "Drew" Hoffmann (Bar Roll #35824)
dhoffmann@fairclothlaw.com
Madaline King (Bar Roll #38301)
mking@fairclothlaw.com
Phone: (225) 343-9535
Fax: (225) 343-9538

**ATTORNEYS FOR EUGENE V. BARGEMAN and
TECHNOLOGY INSURANCE COMPANY, INC.**

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been sent to all known counsel of record via U.S. mail, postage paid, namely:

Mark A. Delphin
Arthur J. O'Keefe
Delphin Law Offices
626 Broad Street
Lake Charles, Louisiana 70601

Jean Ann Billeaud
Lewis Brisbois Bisgaard & Smith, LLP
100 East Vermilion Street, Suite 300
Lafayette, Louisiana 70501

Baton Rouge, Louisiana, this 6th day of January, 2020.

_____
OF COUNSEL

9

1

1            14TH JUDICIAL DISTRICT COURT

2                PARISH OF CALCASIEU

3                STATE OF LOUISIANA

4

5     ---------------------------

6     ROSALINA AYUYU DALAL AND  :
      CHRISTOPHER T. LEWIS     :

7                           :

8          VS.            :     NO. 2019-531 D

9                           :

10    UNITED SPECIALTY        :
       INSURANCE COMPANY,      :

11    ROSELAND DEVELOPMENT, LLC :
       AND WILLIAM J. PORTER, II :

12     ---------------------------

13

14          DEPOSITION OF CHRISTOPHER LEWIS

15

16    The oral deposition of **CHRISTOPHER LEWIS** was

17   taken in the above-entitled cause, pursuant to the

18   following stipulations, before Julie H. Georgia,

19   Certified Court Reporter, at the Delphin Law

20   Offices, 626 Broad Street, Lake Charles, Louisiana,

21   on the 4th day of December 2019, beginning at

22   11:32 a.m.

23

24

25

LAFAYETTE CERTIFIED SHORTHAND REPORTERS
Post Office Box 52585
Lafayette, Louisiana  70505
(337) 988-6477



EXHIBIT
A

49

```
 1        traveled before, before February 28, 2018?
 2   A    I'm sorry.  I'm not understanding your
 3        question.
 4   Q    Sure.  Where did this accident take place?
 5   A    Nelson Road.
 6   Q    And was it near the intersection with Woodlawn
 7        Drive?
 8   A    Yes.
 9   Q    Is that an area in Lake Charles that you had
10        been before the accident?
11   A    I'm not understanding.  Are you asking have I
12        traveled on that road before?
13   Q    Yes, sir, before the accident.
14   A    No.  I don't drive, so --
15   Q    Okay.
16   A    I didn't drive at the time.  I don't drive.  My
17        mom always drove.
18   Q    Okay.
19   A    So I was just riding with her.  If we go to
20        Walmart, yes, we'll be on that road.  We went a
21        couple of times before the accident, way before
22        the accident, but she always drove.  I always
23        just rode with her.  So I never drove, no.
24   Q    Do you have a car?
25   A    No.
```

LAFAYETTE CERTIFIED SHORTHAND REPORTERS
Post Office Box 52585
Lafayette, Louisiana  70505
(337) 980-6477

RECEIVED TIME  JAN. 6.  11:16AM

58

1  A    Right.  Because during the rush hour, it's
2       heavy traffic, so we thought we'd just take the
3       highway to get there.
4  Q    At the time of the accident, what were y'all
5       doing?  What was the car doing at the time of
6       the accident?
7  A    It was stopped.  We was at a red light.  We had
8       about a few cars in front of us, and it was a
9       complete stop, and the light was still red at
10      the time.
11 Q    The few cars -- some people mean different
12      things by "few."  I think of the number 2.  I
13      want to ask you:  How many cars to you means a
14      few?
15 A    About six.
16 Q    Okay.  Six.  And as far as you could tell,
17      everybody in front of you was still stopped; is
18      that correct?
19 A    Correct.
20 Q    How long had you been stopped before the impact
21      occurred?
22 A    About a minute, one minute.
23 Q    Now, I'm assuming that you didn't look at a
24      timer for that.  That's just your best
25      estimate; is that fair?

LAFAYETTE CERTIFIED SHORTHAND REPORTERS
Post Office Box 52585
Lafayette, Louisiana  70505
(337) 988-6477

59

```
 1  A    That's correct.
 2  Q    And what were you and Ms. Rose doing while you
 3       were waiting for that light to change and the
 4       cars to move?
 5  A    We were just talking, just talking about
 6       nothing in general, like nothing bad or
 7       anything.  We were just talking.  Like we just
 8       talked -- we wasn't listening to music that
 9       day.  We were just talking, you know, looking
10       at the light.
11  Q    Do you know what the speed limit is in that
12       area?
13  A    45.
14  Q    And did you notice -- strike that.
15          What type of car were y'all in?
16  A    2016 red Kia Forte.
17  Q    That was Ms. Rose's car?
18  A    That is correct.
19  Q    You heard her testify about when she sold it
20       and the repairs and everything?
21  A    Yes.
22  Q    That all sounded accurate to you?
23  A    Yes.
24  Q    I understand there was an SUV behind you.
25  A    That's correct.
```

LAFAYETTE CERTIFIED SHORTHAND REPORTERS
Post Office Box 52585
Lafayette, Louisiana  70505
(337) 988-6477

60

1  Q   Did you notice the SUV before the accident?

2  A   No, I did not.

3  Q   When's the first time you noticed the SUV?

4  A   When we heard the boom.  I heard the boom, and

5      I just noticed after we went forward like that

6      for a second.  Ms. Rose asked me if I'm okay,

7      and I asked her if she's okay.  We said we're

8      okay.  I looked behind me like this first

9      (gesturing), and that's when I saw the SUV.

10  Q   And just so the record is clear, you looked

11     over your left shoulder to the back?

12  A   Yes, because I'm in the passenger's seat.

13     That's why I looked that way.  If I looked that

14     way (indicating), I'm not going to see

15     anything.

16  Q   Did you have your seatbelt on?

17  A   Yes, I did.

18  Q   Did Ms. Rose have her seatbelt on?

19  A   That is correct.

20  Q   Did any airbag deploy?

21  A   No.

22  Q   I understand there was a truck involved in this

23     accident?

24  A   That's correct.

25  Q   And when I say truck, I'm talking about an

61

```
 1        18-wheeler.
 2    A   That is correct.
 3    Q   All right.  And did you notice the 18-wheeler
 4        before the accident?
 5    A   No, I did not.
 6    Q   Now, what you said earlier is that you heard
 7        the boom.  Is that your first notice there was
 8        an accident was the noise?
 9    A   Yes.
10    Q   And you said you went forward?
11    A   Yeah.  I went like that (gesturing).
12    Q   So there was one boom?
13    A   Yeah, it was one boom.
14    Q   And one time you went forward?
15    A   One time.
16    Q   So one impact?
17    A   One impact.
18    Q   I assume at some point you got out of the car?
19        You got out of the car at some point?
20    A   Yes.
21    Q   Did you speak to the driver of the SUV?
22    A   No, I did not.
23    Q   Did you overhear anything said by the driver of
24        the SUV?
25    A   He just said -- yes, I did overhear.
```

LAFAYETTE CERTIFIED SHORTHAND REPORTERS
Post Office Box 52585
Lafayette, Louisiana  70505
(337) 988-6477

62

1  Q   What did you overhear?

2  A   I just heard that he was telling Ms. Rose that

3      we both was hit.

4  Q   Any reason to dispute that statement by him?

5  A   No.

6  Q   I understand there was a lady in the car --

7  A   That's correct.

8  Q   -- with the SUV driver?

9  A   Yes.

10 Q   Did you ever speak with her?

11 A   No, ma'am.

12 Q   Did you overhear anything she may have said?

13 A   No, ma'am.  She stayed in the car the whole

14     time.

15 Q   Did you speak with the driver of the

16     18-wheeler?

17 A   No, I did not.

18 Q   Did you overhear anything the driver of the

19     18-wheeler said?

20 A   No.

21 Q   The driver of the SUV, I'm going to represent

22     to you, is a man named Eugene Bargeman.  Did

23     you know him before the accident?

24 A   No, I didn't.

25 Q   Have you ever spoken to Eugene Bargoman after

LAFAYETTE CERTIFIED SHORTHAND REPORTERS
Post Office Box 52585
Lafayette, Louisiana  70505
(337) 988-6477

RECEIVED TIME  JAN. 6.  11:16AM

63

1    the accident?

2  A  I didn't, no.

3  Q  Do you know of anyone that has?  Let me

4    rephrase that.  I'm sorry.  That's probably a

5    bad question.

6       After the day of the accident, do you know

7    of anyone that spoke with Mr. Bargeman?

8  A  I'm not -- I can't recall that, no.

9  Q  You didn't speak to him?

10  A  No, I didn't.

11  Q  To the best of your knowledge, Ms. Rose didn't

12    speak to him?

13  A  Not that I remember, no.

14  Q  Mr. Bargeman was working for a company called

15    Nissan of Lake Charles at the time of the

16    accident.  Have you ever spoken to anyone from

17    Nissan of Lake Charles about this accident?

18  A  No, ma'am.

19  Q  Did you ever speak to any of the insurance --

20    any person from the insurance carrier for

21    either Mr. Bargeman or Nissan of Lake Charles

22    besides myself today?

23  A  No, ma'am.

24  Q  Fair statement:  You can't estimate how fast

25    the 18-wheeler was traveling?

LAFAYETTE CERTIFIED SHORTHAND REPORTERS
Post Office Box 52585
Lafayette, Louisiana  70505
(337) 988-6477

RECEIVED TIME  JAN. 6. 11:16AM

64

1   A   I cannot, no, ma'am.

2   Q   Did you have any bruises, contusions, or cuts

3       after the accident?

4   A   No, ma'am.  No.

5   Q   Other than Ms. Rose's hematoma, which she had

6       before the accident, did you see any bruises or

7       cuts or contusions on her?

8   A   No.

9   Q   Now, if I understood you properly, you didn't

10      feel any pain until after you got to the ER and

11      the doctor?

12  A   That's correct.

13  Q   Did Ms. Rose complain of any pain at the scene

14      of the accident?

15  A   Not at the scene, no.

16  Q   When did she first complain of any pain or

17      discomfort?

18  A   When we was in the ER, and me and her was

19      waiting for about almost two-and-a-half to

20      three hours, and that's when she asked the

21      receptionist at the hospital, "What's going on?

22      Why it's taking so long because I'm hurting in

23      my back."  That's when I remember she was

24      complaining, was her back.

25  Q   Now, on the day of the accident, was Ms. Rose

LAFAYETTE CERTIFIED SHORTHAND REPORTERS
Post Office Box 52585
Lafayette, Louisiana  70505
(337) 988-6477

RECEIVED TIME  JAN. 6. 11:16AM

65

1    taking her daily medications?

2  A  Before the accident, yes.

3  Q  Same medications she took daily and was used to

4    taking; is that fair?

5  A  Yes.

6  Q  There's no reason for you to suspect drug or

7    alcohol was part of this accident in any way;

8    is that correct?

9  A  That's correct.

10  Q  And, to the best of your knowledge, Ms. Rose

11    didn't have anything alcoholic to drink in the

12    eight hours before the accident?

13  A  That's correct.

14  Q  Did you ever observe any skid marks?

15  A  No.

16  Q  Did any part of your body come in contact with

17    any part of the car?

18  A  Not that I can recall.

19  Q  Besides the driver of the 18-wheeler, the

20    driver of the SUV, the lady in the car of the

21    SUV, Ms. Rose and yourself, are you aware of

22    any other eyewitnesses to this accident?

23  A  No, ma'am.

24  Q  Do you know anything about any tickets that may

25    have been issued at the time of the accident?

RECEIVED TIME  JAN. 6.  11:16AM

Eugene Bargeman
December 4, 2019

Page 1

1              14TH JUDICIAL DISTRICT COURT

2                    PARISH OF CALCASIEU

3                    STATE OF LOUISIANA

4

5    ROSALINA AYUYU DALAL AND

6    CHRISTOPHER T. LEWIS

7

8    VERSUS                      NO. 2019-531 "D"

9

10   UNITED SPECIALTY INSURANCE

11   COMPANY, ROSE LAND DEVELOPMENT,

12   L.L.C. and WILLIAM PORTER, II

13

14       * * * * * * * * * * * * * * * * * * * *

15                  THE DEPOSITION OF

16                  EUGENE BARGEMAN

17

18        Taken in connection with the captioned cause,

19   pursuant to the following stipulations taken at the

20   offices of Delphin Law Firm, 626 Broad Street, Lake

21   Charles, Louisiana, on the 4th day of December,

22   2019, beginning at 2:19 p.m.

23

24

25

Douget Court & Video Reporters / Trial Technology Specialists
800-259-9900    After hours: 337-304-8207    Notices: robin@court-video.com



EXHIBIT
B

Eugene Bargeman
December 4, 2019

Page 11

| | | |
|---|---|---|
| 1 | A. | Yes. |
| 2 | Q. | Okay.  Now, was his mother living with Mr. |
| 3 | | Stelly at the time, or was she still living with |
| 4 | | -- |
| 5 | A. | No.  She stays by herself in her own home. |
| 6 | Q. | Okay.  At her home in South Lake Charles? |
| 7 | A. | Yes. |
| 8 | Q. | Okay.  So, where did this wreck take place, Mr. |
| 9 | | Bargeman? |
| 10 | A. | February -- February the 28th. |
| 11 | Q. | Oh, no, sir.  I may have said "when"; I meant to |
| 12 | | say "where."  What street did this -- |
| 13 | A. | Nelson Road. |
| 14 | Q. | Nelson Road.  And was it at an intersection? |
| 15 | A. | It was the intersection of Nelson and Prien |
| 16 | | Lake. |
| 17 | Q. | And Prien.  Okay, so just kind of tell me in |
| 18 | | your own words, Mr. Bargeman, what happened? |
| 19 | A. | I was just sitting at the red light just waiting |
| 20 | | for the light to change, and I know I heard -- I |
| 21 | | mean, I seen the 18-wheeler driving up behind |
| 22 | | me, but he kind of slowed down further back. |
| 23 | | And we were just waiting for the light to |
| 24 | | change.  And then the next thing I know, I heard |
| 25 | | when he, like, gave his truck some gas.  And |

RECEIVED TIME  JAN. 6.  11:16AM

Eugene Bargeman
December 4, 2019

Page 12

1     when he gave it some gas, I say, "Wow, he's

2     fixing to hit me."  And before I know it, "Bam."

3     Q.   It sounded like he accelerated?

4     A.   He accelerated, yeah.  He accelerated his

5          vehicle.

6     Q.   And it seems --

7     A.   And the light never did change.

8     Q.   And it seems that you found it unusual for him

9          to be accelerating his vehicle?

10    A.   Yeah, at that time.

11    Q.   Did you ever understand or find out why he would

12         accelerate his vehicle approaching a red traffic

13         signal?

14    A.   No.

15    Q.   Okay.  So, let me ask you this, Mr. Bargeman.

16         You identified Mr. Dalal and Ms. Lewis.  Is it

17         true that that they --

18            MS. BASH:

19            You said it backwards.

20    Q.   (Mr. Delphin) Ms. Dalal and Mr. Lewis.  I'm

21         sorry.  Were thy in a vehicle in front of you?

22    A.   Yes.

23    Q.   What -- can you give us a description of that

24         vehicle?

25    A.   I know it's a red vehicle.

Douget Court & Video Reporters / Trial Technology Specialists
800-259-9900     After hours: 337-304-8207     Notices: robin@court-video.com

RECEIVED TIME  JAN. 6. 11:16AM

Eugene Bargeman
December 4, 2019

| | | |
|---|---|---|
| 1 | Q. | A red vehicle? |
| 2 | A. | Yes, but I can't remember -- |
| 3 | Q. | Let me see what the police officer -- |
| 4 | A. | -- what kind of vehicle it is. |
| 5 | Q. | -- called it.  A Kia Forte. |
| 6 | A. | Kia Forte, yeah. |
| 7 | Q. | Does that sound about right? |
| 8 | A. | That sounds about right, yeah. |
| 9 | Q. | So, was that vehicle stopped in front of you? |
| 10 | A. | Yes. |
| 11 | Q. | And then there was you? |
| 12 | A. | Uh-huh (yes.) |
| 13 | Q. | And of course, you're going to tell us, we know |
| 14 | | later that you were struck from behind by an 18- |
| 15 | | wheeler. |
| 16 | A. | Yes. |
| 17 | Q. | Now, here's my question.  Between Ms. Dalal's |
| 18 | | vehicle, the red vehicle, an the light, were |
| 19 | | there other vehicles? |
| 20 | A. | Yes. |
| 21 | Q. | About how many others? |
| 22 | A. | I'd say about maybe five or six vehicles. |
| 23 | Q. | Five or six vehicles in front of Ms. Dalal? |
| 24 | | Okay.  Well, let me ask you this?  Did you see |
| 25 | | when Ms. Dalal came to a stop behind those |

Eugene Bargeman
December 4, 2019

Page 16

```
 1    A.    Yeah.  Maybe about a -- about a car length or a
 2          half a car length.
 3    Q.    Okay.
 4          MS. BASH:
 5          Probably depends on what type car.
 6          THE WITNESS:
 7          What type, yeah.  Because different cars
 8          got different lengths.
 9    Q.    (Mr. Delphin) Okay.  Well, let's see if we can
10          come up with an estimate.  Eight to ten feet; is
11          that agreeable with you?
12    A.    I'd say about eight.
13    Q.    About eight.  Okay, that's good; I don't need to
14          know exactly.  Now, we know that you would be
15          struck from the rear.  But at the time your
16          vehicle was struck, were you at a complete stop?
17    A.    A complete stop, yes.
18    Q.    Is there anything that you know of that you
19          could have done to avoid this wreck?
20    A.    No, sir, not at all.
21    Q.    Is there any -- was there anything wrong with
22          your vehicle?  And what I mean by wrong with the
23          vehicle you were operating, were there any
24          mechanical problems with it?
25    A.    No, sir.
```

Douget Court & Video Reporters / Trial Technology Specialists
800-259-9900    After hours: 337-304-8207    Notices: robin@court-video.com

Eugene Bargeman
December 4, 2019

Page 17

1    Q.    As far as you know, the taillights on the
2          vehicle may have worked?
3    A.    Yes.
4    Q.    And you came to a gradual controlled stop?
5    A.    Complete stop.
6    Q.    So you did not slam on your brakes?
7    A.    No.
8    Q.    And neither did Ms. Dalal, correct?
9    A.    Ms. Dalal?
10   Q.    Yeah.  She didn't slam on her brakes.  She came
11         to a --
12   A.    Well, yes.
13   Q.    -- a slow and gradual stop?
14   A.    She stopped, yeah.
15   Q.    Now, what about the vehicles in front?  Same for
16         them?  The other four or five vehicles that were
17         in front of her, did they come to a controlled
18         gradual --
19   A.    Well, the other four vehicles in front of her
20         was already probably gone after that, because
21         the light had done changed.  When he struck me
22         the light had done changed and the other vehicle
23         was not going.  I had done hit her.
24   Q.    I'd say -- what I was asking, before the
25         collision, you know, when the vehicle -- when

RECEIVED TIME  JAN. 6.  11:16AM

Eugene Bargeman
December 4, 2019

Page 18

| | | |
|---|---|---|
| 1 | | the traffic began to stop for the -- the red |
| 2 | | light -- |
| 3 | A. | For the light. |
| 4 | Q. | -- phase, did they come to a controlled -- |
| 5 | A. | Complete. |
| 6 | Q. | -- stop, or was it an emergency stop? |
| 7 | A. | No, it's a complete stop. |
| 8 | Q. | Okay, so -- |
| 9 | | MS. BASH: |
| 10 | | I'm sorry.  He's saying complete and you're |
| 11 | | saying controlled.  We may want to make |
| 12 | | sure we're on the same page. |
| 13 | | MR. DELPHIN: |
| 14 | | Okay. |
| 15 | Q. | (Mr. Delphin) So, did they come to a slow and |
| 16 | | gradual stop, or did it appear to be an |
| 17 | | emergency stop? |
| 18 | A. | We were just at a stop. |
| 19 | Q. | Okay.  Nothing unusual about it? |
| 20 | A. | Nothing unusual. |
| 21 | Q. | And just like you don't criticize yourself or |
| 22 | | Ms. Dalal, do you have any criticism of those |
| 23 | | drivers in front of you who stopped for the |
| 24 | | light? |
| 25 | A. | No. |

Eugene Bargeman
December 4, 2019

Page 19

| | | |
|---|---|---|
| 1 | Q. | Okay.  I just wanted to make sure.  Okay.  So, |
| 2 | | you're sitting at -- in your vehicle.  Where is |
| 3 | | Ms. Stelly?  Is she in the back or she's on your |
| 4 | | right? |
| 5 | A. | She's on my right in the front seat. |
| 6 | Q. | Okay.  Is anybody on their cell phone? |
| 7 | A. | No. |
| 8 | Q. | Okay.  And are y'all having a conversation or |
| 9 | | are y'all silent?  What's going on? |
| 10 | A. | We're silent.  We're just sitting at the light. |
| 11 | Q. | Okay.  And -- and then you -- when did you first |
| 12 | | become aware of an 18-wheeler approaching you? |
| 13 | A. | When I became aware? |
| 14 | Q. | Yeah.  When did you first notice that 18- |
| 15 | | wheeler? |
| 16 | A. | As I come to a complete stop, I look in the back |
| 17 | | of my mirror and I seen an 18-wheeler coming. |
| 18 | Q. | Can you give me an est -- |
| 19 | A. | -- stopped. |
| 20 | Q. | -- Can you give me an est of that 18-wheeler |
| 21 | | speed? |
| 22 | A. | Well, he wasn't speeding at the time he hit me. |
| 23 | Q. | Well, and I'm not saying that he was but I'm |
| 24 | | asking you, can you tell me -- give me an |
| 25 | | estimate of how fast you think he was going. |

RECEIVED TIME  JAN. 6.  11:16AM

Eugene Bargeman
December 4, 2019

Page 20

| | | |
|---|---|---|
| 1 | | MS. BASH: |
| 2 | | If you know. |
| 3 | | THE WITNESS: |
| 4 | | Maybe 20, 25 miles an hour. |
| 5 | Q. | (Mr. Delphin) Okay.  20, 25 miles per hour. |
| 6 | A. | Uh-huh (yes.) |
| 7 | Q. | And Mr. Bargeman, I meant -- I think you said |
| 8 | | this, but I want to be sure.  So, your foot was |
| 9 | | on the brake at the time of impact? |
| 10 | A. | Yes. |
| 11 | Q. | Now, when you -- and you had said earlier you |
| 12 | | had heard his vehicle accelerate.  When you |
| 13 | | heard his vehicle accelerate, what did you do? |
| 14 | A. | Nothing.  I just stayed with my feet on the |
| 15 | | brakes. |
| 16 | Q. | Okay.  I mean, did you kind of tense up, get |
| 17 | | prepared for impact, or did you -- but did you |
| 18 | | not know that there would be an impact? |
| 19 | A. | I didn't know it wouldn't be an impact. |
| 20 | Q. | But your foot was on the brake? |
| 21 | A. | But my feet was on the brake, yes. |
| 22 | Q. | Okay.  So, just to make sure I understand this: |
| 23 | | The 18-wheeler runs into the rearview, correct? |
| 24 | A. | Yes. |
| 25 | Q. | And is it true that the force of that collision |

RECEIVED TIME JAN. 6. 11:16AM

Eugene Bargeman
December 4, 2019

Page 21

1      was sufficient to knock you, the eight feet or

2      so from where you were stopped into the rear of

3      the Dalal vehicle?

4   A. Yes.

5   Q. So, if I were to say Mr. Bargeman was in -- was

6      hit, was at a stop, hit by the 18-wheeler and

7      propelled into the back of the Dalal vehicle,

8      that would be a true statement?

9   A. Yes.

10  Q. So, how would you describe the impact that you

11     experienced, Mr. Bargeman?  Would you say that

12     it was a moderate impact?  Heavy impact?  Light

13     impact?  What word would you use?

14  A. A "boom" impact.

15  Q. A who?

16  A. A "boom."

17  Q. Okay.

18         MS. BASH:

19            It's the same word that he used.

20  Q. (Mr. Delphin) By a "boom" --

21  A. A "boom."

22  Q. By a "boom" impact --

23  A. Yeah.

24  Q. You mean it's --

25  A. A hard impact.

Douget Court & Video Reporters / Trial Technology Specialists
800-259-9900   After hours: 337-304-8207   Notices: robin@court-video.com

RECEIVED TIME  JAN. 6. 11:16AM

Eugene Bargeman
December 4, 2019

Page 22

```
 1   Q.   It was a hard impact?

 2   A.   Yeah.

 3   Q.   Enough to knock you like a cue ball -- your

 4        vehicle like a cue ball into the vehicle --

 5   A.   Another vehicle in front of -- yes.

 6   Q.   Okay.  Now, after the collision, Mr. Bargeman,

 7        did you get a chance to speak to the driver of

 8        the 18-wheeler?

 9   A.   Yeah.  I went and asked him, I said, "What you

10        was doing?"  I mean -- I mean, and he just say,

11        "Oh my fault," I mean, "I'm sorry."

12   Q.   Well, did you say anything like why are you

13        accelerating when you see all these cars stopped

14        at the stop sign -- at a stop light?

15   A.   No, I didn't ask him nothing.  I just asked him

16        what happened, what you was doing.

17   Q.   And all he said was what?

18   A.   "I'm sorry."

19   Q.   And did he take responsibility?

20   A.   Yes.

21   Q.   What words did he use?

22   A.   That he used sorry that he ran into the back of

23        me.

24   Q.   Did -- was it your impression that the gentleman

25        operating the 18-wheeler was on his cell phone
```

Douget Court & Video Reporters / Trial Technology Specialists
800-259-9900    After hours: 337-304-8207    Notices: robin@court-video.com

RECEIVED TIME   JAN. 6.  11:16AM

Eugene Bargeman
December 4, 2019

Page 27

```
 1   Q.   Okay.

 2   A.   I mean, we went to the emergency room and

 3        got checked, and she just said she wasn't

 4        hurt.

 5   Q.   Okay.  So, which emergency room did Ms.

 6        Stelly go to?

 7   A.   We went to the new hospital, Avail Health.

 8   Q.   Avail on?

 9   A.   Nelson Road.

10   Q.   Nelson Road.

11            MS. BILLEAUD:

12            What's it called, I'm sorry?

13        MR. DELPHIN:

14            Avail.

15        THE WITNESS:

16            Avail.

17        MR. DELPHIN:

18            A-v-a-i-l, the hospital with an E.R.

19            room.

20   Q.   (Mr. Delphin) I want to read this to you

21        from the police report to see if -- if you

22        believe this is accurate.  It says:  "The

23        driver of Vehicle #1; that's the 18-

24        wheeler, stated that he thought that

25        apparently traffic was moving when he ran
```

RECEIVED TIME   JAN. 6.  11:16AM

Eugene Bargeman
December 4, 2019

Page 28

```
 1        into the back of Vehicle #2.  Vehicle #2
 2        was then pushed into Vehicle #3 -- Vehicle
 3        #3 being Ms. Dalal's vehicle.
 4    A.  Okay.
 5    Q.  That's true?
 6    A.  Yes.
 7    Q.  Okay.  And the second paragraph, the
 8        driver of Vehicle #2, I believe that's
 9        your, Mr. Bargeman.
10    A.  Uh-huh (yes.)
11    Q.  Stated that he was stopped due to
12        congestion when he was struck from behind
13        by Vehicle #1, which would be the 18-
14        wheeler; that's true?
15    A.  Yeah.
16    Q.  And then he stated that he was pushed into
17        Vehicle #3; that's true?
18    A.  Yes.
19    Q.  And then it says the driver of Vehicle #3,
20        and that's Ms. Dalal, states that she was
21        stopped also due to congestion when
22        Vehicle #1 struck Vehicle #2, she was then
23        struck by Vehicle #2; so that's true?
24    A.  Yes.
25    Q.  Okay. Do you know whether any of the
```

RECEIVED TIME   JAN.  6.  11:16AM

Eugene Bargeman
December 4, 2019

Page 34

```
 1      nothing to avoid the wreck, nor could Ms.
 2      Dalal?
 3          MS. BASH:
 4          I want to object to form.  You've got
 5          two negatives goings, and I --
 6          MR. DELPHIN:
 7          Okay.
 8          MS. BASH:
 9          -- don't want a misunderstanding
10          later, I'm sorry.
11          MR. DELPHIN:
12          All right.
13   Q.   (Mr. Delphin) So, if I'm understanding
14        correctly, there was nothing you could
15        have done to avoid the wreck?
16   A.   No, sir.
17   Q.   Okay.  And --
18          MS. BASH:
19          No, he's not correct, or no, there was
20          nothing you could do to --
21          THE WITNESS:
22          Nothing I could have do to avoid the
23          wreck.
24   Q.   (Mr. Delphin) Okay.  And is it also true
25        that there was nothing that you know of
```

RECEIVED TIME JAN. 6. 11:16AM

```
                                                              1

 1               14TH JUDICIAL DISTRICT COURT

 2                   PARISH OF CALCASIEU

 3                   STATE OF LOUISIANA

 4

 5        -----------------------------
 6        ROSALINA AYUYU DALAL AND      :
          CHRISTOPHER T. LEWIS          :
 7                                       :
 8              VS.                      :    NO. 2019-531 D
                                         :
 9        UNITED SPECIALTY              :
10        INSURANCE COMPANY,            :
          ROSELAND DEVELOPMENT, LLC     :
11        AND WILLIAM J. PORTER, II     :
          -----------------------------
12

13

14          DEPOSITION OF ROSALINA AYUYU DALAL

15

16      The oral deposition of ROSALINA AYUYU DALAL was

17   taken in the above-entitled cause, pursuant to the

18   following stipulations, before Julie H. Georgia,

19   Certified Court Reporter, at the Delphin Law

20   Offices, 626 Broad Street, Lake Charles, Louisiana,

21   on the 4th day of December 2019, beginning at

22   9:15 a.m.

23

24

25
```

LAFAYETTE CERTIFIED SHORTHAND REPORTERS
Post Office Box 52585
Lafayette, Louisiana  70505
(337) 988-6477

EXHIBIT
C

34

1  A    I don't know the name of the person, but it was
2       a guy.
3  Q    Okay.  Do you know if he had any occupants in
4       his vehicle?
5  A    I don't know.  Yeah, the wife.  He was with the
6       wife.
7  Q    Okay.  And he was driving?  The male was
8       driving?
9  A    Yes.
10 Q    And how about the truck behind the SUV?  Do you
11      know who was driving that?
12 A    It was a white Caucasian guy.
13 Q    The gentleman that I referred to, Mr. Porter?
14      Does that ring any bells?
15 A    I don't know his name.
16 Q    Was there anybody else in his truck?
17 A    No.  I didn't see.
18 Q    Okay.  And where were you?  Physically, where
19      was your car right before this accident
20      happened?
21 A    We were on -- it's a stop light, but we were
22      like about six cars back, fully stopped.
23 Q    Okay.  Do you know what street you were driving
24      on?
25 A    On Nelson.

LAFAYETTE CERTIFIED SHORTHAND REPORTERS
Post Office Box 52585
Lafayette, Louisiana  70505
(337) 988-6477

RECEIVED TIME  JAN. 6.  11:16AM

35

1  Q    And did this accident happen near an
2       intersection?  Do you have any landmark of
3       where it happened near?
4  A    It's near where the Walmart traffic light is.
5       Like I said, we were like six cars behind.
6  Q    And were you dead stopped in traffic before the
7       accident happened?
8  A    Yeah, I was fully stopped.
9  Q    And to the best of your recollection, what
10      happened?
11 A    All I heard was a big boom.  And then I, you
12      know, fell forward.  I was just surprised that,
13      you know, we heard that noise, you know.  So I
14      looked at Chris, and I asked him, "Are you
15      okay?"  So Chris is like, "Mom, we just got
16      hit."  I said, "Okay."  So we got out of the
17      car, and we looked back, and we saw the SUV
18      guy.
19 Q    So when you say you heard a boom --
20 A    Yeah.
21 Q    Okay.  You heard the boom, and then you fell
22      forward?
23 A    Yeah.  You know, it caught us by surprise.
24      When the boom, we just went like that
25      (gesturing).


LAFAYETTE CERTIFIED SHORTHAND REPORTERS
Post Office Box 52585
Lafayette, Louisiana  70505
(337) 988-6477

36

1  Q    Okay.  And you went forward one time?

2  A    Yeah.

3           MR. DELPHIN:  I don't want to

4      interrupt you, Jean Ann.  I want the

5      record to reflect her movement, the

6      forward motion of her body, that she was

7      making.

8           MS. BILLEAUD:  That's fine.

9 BY MS. BILLEAUD:

10  Q    So the boom that you heard, was that when your

11      car was hit?

12  A    Yes.

13  Q    Okay.  And you heard just one boom?

14  A    Yes.

15  Q    After the accident -- so you got out of your

16      car and walked around, you said?

17  A    No.  I got up, and I stood outside.  I looked

18      back, and it was a guy in the SUV said we got

19      hit.  That's all he said to us.

20  Q    Okay.  But you got out of your car?

21  A    Right.

22  Q    You and Christopher?

23  A    Yes.

24  Q    And were you able to walk around?

25  A    At that moment, I couldn't really walk because

LAFAYETTE CERTIFIED SHORTHAND REPORTERS
Post Office Box 52585
Lafayette, Louisiana  70505
(337) 988-6477

37

1     I had a hematoma on my leg.  But I got out and
2     I stood right where my car is.
3  Q  Got you.  Did Christopher walk around?
4  A  Yes.
5  Q  Did you talk -- so you spoke with the driver of
6     the SUV?
7  A  The SUV guy came and told me that --
8  Q  Came to you?
9  A  Yeah.  He said, "We got hit."
10 Q  Did he address both you and Christopher, or had
11    Christopher gone somewhere else?
12 A  I'm not sure if he was listening or whatever,
13    but that's what the guy told me.
14 Q  How about the driver of the truck behind the
15    SUV?  Did you talk to him?
16 A  Towards the end, yes.
17 Q  What do you mean, towards the end?
18 A  Like after the officer was --
19 Q  And what was discussed?  Did he talk to you, or
20    you talked to him or both?
21 A  He came and talked to the officer, and then he
22    introduced himself to me.  Then he told us what
23    his boss said.
24 Q  And what was that?
25 A  That he was going to take -- he's taking all

38

```
 1        the responsibility.  So the officer said, "You
 2        guys heard that?"  He pointed at him, and he
 3        goes, "Him, he's going to take care of you and
 4        you."  And he said that the boss said he was
 5        going to take all the responsibility --
 6   Q    Okay.
 7   A    -- of the accident.
 8   Q    Did you speak with anyone else, then?  I assume
 9        you spoke with the investigating officer,
10        obviously?
11   A    The police officer?
12   Q    Yes, ma'am.
13   A    He just --
14   Q    Did you talk to the officer?
15   A    Yeah.  He just gave me my ID back.  He just
16        said that he's going to take care --
17   Q    Did you speak with anybody else, then, after
18        the accident while y'all are still there
19        besides the SUV driver, my driver, or the
20        officer?
21   A    Nobody --
22   Q    Okay.
23   A    -- after that.
24   Q    How about transportation from the accident
25        site?  How did you leave the accident site?
```

LAFAYETTE CERTIFIED SHORTHAND REPORTERS
Post Office Box 52585
Lafayette, Louisiana  70505
(337) 988-6477

102

```
 1    you correctly, you said you were at a complete
 2    stop; is that correct?
 3 A  Yes.
 4 Q  So you don't have any information about any
 5    speed of any vehicle; is that fair?
 6 A  Yeah.
 7         MS. BASH:  I think that's all I have.
 8    Mark may have questions.  You may have
 9    more questions.  Read and sign, just don't
10    let me forget.
11              EXAMINATION
12 BY MR. DELPHIN:
13 Q  I have a couple of questions for you, Ms.
14    Rosalina.  You were asked as to whether or not
15    you had a wheelchair before the wreck or after
16    the wreck.  Did you have a wheelchair before
17    the wreck?
18 A  No.
19 Q  Okay.  I just wanted to make sure you made that
20    clear.  The other thing, you had gotten -- this
21    lady had asked you a lot of questions about
22    accidents throughout your lifetime such as
23    slip-and-falls, trip-and-falls, falling off a
24    ladder, injuries on the job.  Can you recall
25    any incident where you had hurt yourself before
```

P. 1

```
x  x  x  COMMUNICATION RESULT REPORT ( JAN. 6. 2020 12:00PM )  x  x  x

                                        FAX HEADER 1:  CAL CLERKS OFFICE
                                        FAX HEADER 2:

TRANSMITTED/STORED : JAN. 6. 2020 11:59AM
FILE MODE        OPTION                ADDRESS              RESULT    PAGE
--------------------------------------------------------------------------
4822 MEMORY TX                         912253439538         OK        1/1
--------------------------------------------------------------------------
      REASON FOR ERROR
      E 1) HANG UP OR LINE FAIL                E 2) BUSY
      E 3) NO ANSWER                           E 4) NO FACSIMILE CONNECTION
```

## FAX FILED

## PLEASE PUT A COPY OF THE FAX CONFIRMATION ON TOP OF YOUR ORIGINAL, AND YOUR PAYMENT WITHIN 7 DAYS

### H. LYNN JONES II
Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana

Post Office Box 1030
Lake Charles, Louisiana 70602



Main: 337-437-3550
Main Fax 337-437-3350

| To: *Madaline King* | **From:** | JO ANN HANKS |
|---|---|---|
| **Fax:** *225.348.9538* | **Pages:** *1* | Including Cover |
| **Phone:** | **Date:** *1.6.2020* | |
| **Re:** FAX CONFIRMATION | **Return Fax:** 337-437-3206 | |

☐Urgent   ☐For Review   ☐Please Comment   ☐Please Reply   ☐Please Recycle

• **Comments:**
WE RECEIVED YOUR FAX FILING OF *MSJ / new rule* IN CASE NUMBER *2019-531* AND IT WILL BE FILED FOR THE DATE ABOVE.

FAX FILING COSTS FOR THE PLEADING FILED ABOVE IS $ *449.00*
*51 pgs* INCLUDING EXHIBITS
_____ NOT INCLUDING EXHIBITS

PLEASE NOTE: EXHIBITS NOT FAXED WITH PLEADING WILL BE FILED FOR THE DATE ORIGINAL IS RECEIVED.

YOU MUST FORWARD THE ORIGINAL, TOGETHER WITH A COPY OF THIS FAX CONFIRMATION, AND YOUR PAYMENT WITHIN 7 DAYS.

THANKS,

FILED *1.6.2020*   Re: *Dalal, et al*
                              *vs*
*Madaline King*
Deputy Clerk of Court
Calcasieu Parish, Louisiana    *Un. Spec. Ins, et al*

JO ANN HANKS
DEPUTY CLERK OF COURT
COST DEPARTMENT
337-437-3550  EXT. 141



Fax CONFIRMATION jo ann

# FAX FILED

## PLEASE PUT A COPY OF THE FAX CONFIRMATION ON TOP OF YOUR ORIGINAL, AND YOUR PAYMENT WITHIN 7 DAYS

### H. LYNN JONES II
Clerk of Court and Ex-Officio Recorder
Fourteenth Judicial District of Louisiana
Parish of Calcasieu
Lake Charles, Louisiana

Post Office Box 1030
Lake Charles, Louisiana 70602



Main: 337-437-3550
Main Fax 337-437-3350

---

**To:** *Madaline King*     **From:** JO ANN HANKS

**Fax:** 225·348·9538    **Pages:** 1    Including Cover

**Phone:**    **Date:** 1·6·2020

**Re:** FAX CONFIRMATION    **Return Fax:** 337-437-3206

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

---

• **Comments:**
WE RECEIVED YOUR FAX FILING OF *MSJ/next Rule* _____ IN CASE NUMBER *2019·531* AND IT WILL BE FILED FOR THE DATE ABOVE.

FAX FILING COSTS FOR THE PLEADING FILED ABOVE IS $ *449.00* .

*31 pgs* INCLUDING EXHIBITS
_____ NOT INCLUDING EXHIBITS

**PLEASE NOTE: EXHIBITS NOT FAXED WITH PLEADING WILL BE FILED FOR THE DATE ORIGINAL IS RECEIVED.**

YOU MUST FORWARD THE ORIGINAL, **TOGETHER WITH A COPY OF THIS FAX CONFIRMATION, AND YOUR PAYMENT WITHIN 7 DAYS.**

*Re: Dalal, et al*
*vs*

THANKS,

JO ANN HANKS
DEPUTY CLERK OF COURT FILED *1·6·2020*
COST DEPARTMENT
337-437-3550 EXT. 141

*un. Spec. INS, et al*

Deputy Clerk of Court
Calcasieu Parish, Louisiana

Fax CONFIRMATION jo ann

ROSALINA AYUYU DALAL AND          :       14TH JUDICIAL DISTRICT COURT
CHRISTOPHER T. LEWIS

VS. NO. 2019-531 "D"               :       PARISH OF CALCASIEU

UNITED SPECIALTY
INSURANCE COMPANY,                 :       STATE OF LOUISIANA
ROSE LAND DEVELOPMENT,
L.L.C. and WILLIAM J. PORTER, II

FILED: _____1-10-20_____          _____
                                          DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF
### PLAINTIFFS' MOTON TO DELAY SCHEDULING DEFENDANTS'
### (EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE COMPANY, INC.)
### MOTION FOR SUMMARY JUDGMENT FOR HEARING AND/OR REMOVE THE
### SAID MOTION FROM THE DOCKET AND/OR TO COMPEL THE DEPOSITION OF
### DEFENDANT WILLIAM J. PORTER, II

CALCASIEU CLERK-COST
JAN 10 2020 PM04:17:51

May it please the Court:

William J. Porter, II is an out of state eighteen wheel truck operator who operated the last

vehicle in a three car rearend collision occurring on Nelson Road in Lake Charles, La. Plaintiffs,

Rosalina Dalal and her son, Christopher Lewis, were the occupants of the lead vehicle. Mr.

Eugene V. Bargeman was the driver of the middle vehicle.

In conjunction with liability investigation of this case, plaintiffs have given their

depositions and Mr. Bargeman has given his deposition. Plaintiffs have requested that Mr.

Porter appear for and give his deposition. To date the deposition of Mr. Porter has not yet been

taken because Mr. Porter travels and has not returned to Lake Charles. The issue to be resolved

by Mr. Porter's deposition is: Did Mr. Bargeman strike the plaintiffs prior to being rearended by

Mr. Porter or after being rearended by Mr. Porter.

Defendants Eugene Bargeman and his insurer, Technology Insurance Company, Inc.

have now moved for summary judgment on the case's liability issue.

Plaintiffs are entitled to adequate discovery by law (See: La. C. C. P. Art. 966, A (3)) and

are in need of Mr. Porter's deposition in order to analyze the liability issue. Plaintiffs have filed

their motion to delay the scheduling of the Bargeman and Technology motion for summary

judgment and to compel the deposition of Mr. Porter because this deposition is now needed

without delay.

Jurisprudence provides that Mr. Porter may be compelled to appear in Lake Charles, the

situs of his alleged tort, to give his deposition. Case law also provided that the Court may

compel Mr. Porter to come to Lake Charles at defendant's expense.  Mr. Porter is insured by

United Specialty Insurance Company.  At the time of the collision, he was in the course and

scope of his employment with  Rose Land Development, L.L.C.  See: <u>In Re: Medical Review</u>

<u>Panel of James Hughes</u>, No. 2001 – 2313, , (La.App. 4 Cir. 01/23/02),   807 So.2d 1074.  Mr.

Porter his insurer and his employer have the financial means to bring Mr. Porter to Lake Charles

for his deposition.  Ms. Dalal is disabled and Mr. Lewis has been required to undergo surgery for

one of his collision related injuries and has not yet returned  to work since the collision.

     Plaintiffs pray that their motion to delay the hearing on the Bargemen and Technology

motion for summary judgment and to compel Mr. Porter to give his deposition in Lake Charles

be granted.

                              Respectfully submitted:

                              DELPHIN LAW OFFICES,
                              A PROFESSIONAL LAW CORPORATION
                              626 Broad Street
                              Lake Charles, LA 70601
                              (337) 439-3939-Telephone
                              (337) 439-4204-Facsimile

By:

                              MARK A. DELPHIN, Bar Roll #4850
                              Counsel for plaintiffs,
                              Rosalina Ayuyu Dalal and Christopher Lewis

And:

                              ARTHUR J. O'KEEFE, Bar Roll #10183
                              Of Counsel to Delphin Law Offices

ROSALINA AYUYU DALAL AND          :        14TH JUDICIAL DISTRICT COURT
CHRISTOPHER T. LEWIS

VS. NO. 2019-531 "D"              :        PARISH OF CALCASIEU

UNITED SPECIALTY                  :        STATE OF LOUISIANA
INSURANCE COMPANY,
ROSE LAND DEVELOPMENT,
L.L.C. and WILLIAM J. PORTER, II

FILED: _____1-10-2-0_____

                                           _____
                                           DEPUTY CLERK

                                           CALCASIEU CLERK-COST
                                           JAN 10 2020 PM04:17:48

                           **ORDER**

Considering the above and foregoing Plaintiffs' Motion to Delay Scheduling Defendants'

(Eugene v. Bargeman and Technology Insurance Company, Inc.) Motion for Summary Judgment

for Hearing and/or Remove the Said Motion from the Docket and/or to Compel the Deposition of

Defendant William J. Porter, II;

        IT IS HEREBY ORDERED that defendants Eugene v. Bargeman, Technology Insurance

Company, Inc., William J. Porter, II, United Specialty Insurance Company and Rose Land

Development, L.L.C. show cause on the 21st day of February, 2020 at 9:00 A.M. why

the Court should not order the following:

    1. Defendants William J. Porter, II, United Specialty Insurance Company and Rose

       Land Development, L.L.C. be ordered to produce Mr. Porter in Lake Charles, at

       their expense, to be deposed by plaintiffs;

    2. Mr. William J. Porter, II be ordered to appear at the office of plaintiffs' counsel for

       deposition and give his deposition for this case; and,

    3. The Motion for Summary Judgment of Eugene V. Bargeman and Technology

       Insurance Company be removed from the Court's scheduling docket and not be

       rescheduled for hearing until at least sixty days following the completion of the

       aforesaid deposition of Mr. William J. Porter, II.

Signed this 13th day of January, 2020 in Lake

Charles, Louisiana.

                           _____
                           JUDGE
                           Judge Robert L. Wyatt

Please serve:

Eugene V. Bargeman and

Filing Date: 01/10/2020 12:00 AM          Page Count: 2
Case Number: 2019-000531
Document Name: ORDER

Technology Insurance Company, Inc.
Through their attorney of record,
Lottie L. Bash, Esq. or
Madaline King, Esq.
Faircloth, Melton, Sobel & Bash, LLC
105 Yorktown Dr.
Alexandria, LA 71303


William J. Porter, II,
United Specialty Insurance Company and
Rose Land Development, L.L.C.
through their attorney of record,
Jean Ann Billeaud, Esq.
Lewis, Brisbois, Bisgaard & Smith, LLP
100 E. Vermilion Street, Suite 300
Lafayette, LA 70501

**Paralegal Delphin Law**

| | |
|---|---|
| **From:** | Billeaud, Jean Ann <Jean.Billeaud@lewisbrisbois.com> |
| **Sent:** | Monday, January 06, 2020 6:14 PM |
| **To:** | Mark Delphin |
| **Cc:** | Lottie Bash; Paralegal Delphin Law; Arthur OKeefe |
| **Subject:** | Re: [EXT] Christopher Lewis and Rosalina Dalal, etc |

will look into



**Jean Ann Billeaud**
Attorney
Jean.Billeaud@lewisbrisbois.com

T: 337.205.4736  F: 337.504.3341

300 E. Vermilion Street, Suite 300, Lafayette, LA 70501  |  LewisBrisbois.com

Representing clients from coast to coast. View our locations nationwide.

CALCASIEU CLERK-COST
JAN 10 2020 PM 04:17:37

On Jan 6, 2020, at 4:39 PM, Mark Delphin <markdelphin@delphinlaw.com> wrote:

External Email

1-10-20

Hello Lottie and Jean Ann,
Hope you all had a nice and relaxing Holiday Season.

We just received Lottie's MSJ and would like to schedule the depo of Jean Ann's driver asap.

Jean Ann, how can we do this? We can possibly go to him, meet him at a convenient location, or
possibly take it over the internet
Plz advise

Thanks,
Mark

Mark Delphin
Delphin Law Offices
616 Broad Street
Lake Charles, LA 70601
337-439-0640

CMSE 7 1 4 3 4 3
Filing Date: 01/10/2020 12:00 AM        Page Count: 6
Case Number: 2019-000531
Document Name: EXHIBITS

1

**Paralegal Delphin Law**

| | |
|---|---|
| From: | Paralegal Delphin Law |
| Sent: | Monday, December 02, 2019 6:40 AM |
| To: | 'Ballard, Joan Ann'; 'Laura Matthews' |
| Cc: | Leblanc, James; Delan, Laura; Madaline King; Mark Delphin; Arthur OKeefe |
| Subject: | RE: Crews |
| Attachments: | 10.21.19 Notice set 12 04 19) SENT.pdf |

Crews — I hate and hope you all had a great Thanksgiving as well

[illegible] Wednesday for our clients' depositions.

[illegible] Mr. Bargeron will appear for his deposition on Wednesday (see attached notice).

[illegible] the deposition of Mr. Porter. Please see when he will be coming back this way from [illegible]

[illegible]

[illegible]

From: [illegible]@lewisbrisbois.com
Sent: [illegible] December 01, 2019 [illegible]
To: Paralegal [illegible] <paralegaledelphinlaw.com>
Cc: [illegible] <Diane.e@lewisbrisbois.com>; Delan, Laura <Laura.Delan@lewisbrisbois.com>
Subject: RE: Crews

[illegible] happy and [illegible] Holiday.

[illegible] As I [illegible] Delan is the paralegal working on the [illegible]law [illegible] anything else we are awaiting prior to Wednesday's [illegible]

[illegible] Wednesday's depositions?

**Paralegal Delphin Law**

| | |
|---|---|
| **From:** | Paralegal Delphin Law |
| **Sent:** | Tuesday, October 22, 2019 2:00 PM |
| **To:** | Thibedaud, Jean Ann; Lottie Bash |
| **Cc:** | Mark Delphin; Madaline King |
| **Subject:** | RE: [EXT] RE: Dalal |

As to all other depos, are we good for 12/4 at our office?  May we suggest the following:

9:00 a.m. - Rosalind Dalal

11:00 a.m. - Christopher Lewis

1:30 p.m. - Eugene Bargeman

We will be using Nita Bouget Court Reporters for Mr. Bargeman's deposition.

Please let us know if this works for all of you

Thank

Paula Laird, Paralegal
Delphin Law Offices
626 Broad Street
Lake Charles, LA 70601
(337) 291-0979-direct line
(337) 433-3030
(337) 439-4304-facsimile

**From:** Thibedaud, Jean Ann <jean.thibedaud@lewisbrisbois.com>
**Sent:** Tuesday, October 22, 2019 10:06 AM
**To:** Paralegal Delphin Law <paralegal@delphinlaw.com>; Lottie Bash <LBash@fairclothlaw.com>
**Cc:** Mark Delphin <markdelphin@delphinlaw.com>; Madaline King <MKing@fairclothlaw.com>
**Subject:** [EXT] RE: Dalal

I have spoken with Mr. Porter.  He is presently on a job in Oklahoma that he does not anticipate will end before the end of the year.  I asked him to let me know as soon as he knows when he will be back in Lake Charles (between jobs).

And he does not anticipate any future jobs in Louisiana.  I did ask him to let me know if that would change.

**From:** Paralegal Delphin Law [mailto:paralegal@delphinlaw.com]
**Sent:** Tuesday, October 22, 2019 9:41 AM
**To:** Billeaud, Jean Ann; Lottie Bash
**Cc:** Mark Delphin; Madaline King
**Subject:** RE: [EXT] RE: Dalal

1

. . Mr. . . that you please see if Mr. Porter travels to LC/Louisiana occasionally so that we can schedule his
deposition ... . . . .

Thanks

. . . . . .
. . . . . .
... Broad Street
... Charles ... . . . .
. . . . . . . . . .
. . . . . . .
. . . . . . . facsimile

**From:** . . . . . . . . . . . . . . .
**Sent:** . . . . . . 2019 . . . AM
**To:** . . . . . . . . . . . . .
**Cc:** . . . . . . . . . . . .@delphinlaw.com>, Mark Delphin <markdelphin@delphinlaw.com>; Madaline King
. . . . . . . . . . .
**Subject:** . . . . . . .

. . . . . . . Mark . . . . . . for the date . Since I plan to depose your client and Mark's client, I need for you
to . . . . . . is was is the . . will take place. Let me know so I can send a notice please.

. . .

. . . . . . . . . . . . . Barton . . . ng <sc . . . othlaw.com> wrote:

. . . . . . . . . . . . . . . . . . . Jean Ann, where do you plan to set
. . .

**From:** . . . . . . . . . . . . <catalie.sq . . @paolaw.com>
**Sent:** . . . . . October . . 2019 . . . AM
**To:** . . . . . . . . . . . @pacllaw.com>, Billeaud, Jean Ann <Jean.Billeaud@lewisbrisbois.com>
**Cc:** . . . . . . . . . . . . . . @delphin . . . . .; Madaline King <MKing@fairclothlaw.com>
**Subject:** . . . . . . . . . .

When . . . . . . time these dates? . Now Mark is only available 12/4.  Please advise if you all are
. . . . . . . . . . . 12/4

. . . . . . . . . . . .
. . . . . . . . . . . .
. . . Broad Street
. . . Charles . . . . . .
. . . . . . . . . . direct line
. . . . . . . . . .
. . . . . . . . . . facsimile

2

**From:** Lottie Bash <LBash@fairclothlaw.com>
**Sent:** Friday, October 18, 2019 8:29 AM
**To:** Billeaud, Jean Ann <Jean.Billeaud@lewisbrisbois.com>; Paralegal Delphin Law <paralegal@delphinlaw.com>
**Cc:** Mark Delphin <markdelphin@delphinlaw.com>; Madaline King <MKing@fairclothlaw.com>
**Subject:** RE: EXT[RE: Dalal

I can get coverage for December 4th or 5th

Thank you
Lottie

**From:** Billeaud, Jean Ann <Jean.Billeaud@lewisbrisbois.com>
**Sent:** Friday, October 18, 2019 8:23 AM
**To:** Lottie Bash <LBash@fairclothlaw.com>; Paralegal Delphin Law <paralegal@delphinlaw.com>
**Cc:** Mark Delphin <markdelphin@delphinlaw.com>; Madaline King <MKing@fairclothlaw.com>
**Subject:** RE: EXT[RE: Dalal

Nov. dates no good. Already have a mediation and a big deposition out of town that week.

Keep in mind, I am trying to coordinate the depos I seek, with Plaintiff's request to depose my client, that will not work. He lives out of state. His depo may have to be taken near his residence. The others live in the Calcasieu parish area as far as I know. If there is a problem with that, please have Mark call me.

As far as the new dates provided, please advise which is best among Dec. 3, 4 and

thanks

**From:** Lottie Bash [mailto:LBash@fairclothlaw.com]
**Sent:** Friday, October 18, 2019 7:18 AM
**To:** Paralegal Delphin Law; Billeaud, Jean Ann
**Cc:** Mark Delphin; Madaline King
**Subject:** RE: EXT[RE: Dalal

Good morning Jean Ann, I can move some things and make the November 19th or 21st dates work. Please let me know if those work for you and will get things moved and check in on Bargeman's availability.

Thank you
Lottie

3

From: [illegible]@epbrisbois.com>
Sent: [illegible] 18, 2019 [illegible] AM
To: [illegible]
cc: [illegible] Lottie Bash <LBash@tardotniaw.com>
Subject: [illegible] Para

[illegible]
[illegible]

[illegible] William Porter & Eugene V. Bargeman on the same date.

[illegible]
[illegible] Law Office
[illegible]
[illegible] Smith
[illegible]
[illegible]

From: [illegible]@tardotniaw.com>
Sent: [illegible] 18, 2019 [illegible] AM
To: [illegible] Bash Lottie <LBash@tardotniaw.com>
Subject: [illegible] Para

[illegible] to accomplish before the end of the year.

[illegible] dates between now and then to coordinate.

[illegible]

[illegible]

Jean Ann Billeaud
Attorney

[illegible]        [illegible]@ewebrisbois.com

T: 337.205.4736  F: 337.504.3341

[illegible] LA [illegible] | ewsBisbon.com

[illegible] from coast to coast. View our locations nationwide

2/20

JDC
KBP

ROSALINA AYUYU DALAL AND         :      14TH JUDICIAL DISTRICT COURT
CHRISTOPHER T. LEWIS

VS. NO. 2019-531 "D"             :      PARISH OF CALCASIEU

UNITED SPECIALTY                                              1-13-20
INSURANCE COMPANY,               :      STATE OF LOUISIANA
ROSE LAND DEVELOPMENT,                                         "D"
L.L.C. and WILLIAM J. PORTER, II

FILED: _____1-10-20_____            _____
                                        DEPUTY CLERK

### PLAINTIFFS' MOTION TO DELAY SCHEDULING DEFENDANTS' (EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE COMPANY, INC.) MOTION FOR SUMMARY JUDGMENT FOR HEARING AND/OR REMOVE THE SAID MOTION FROM THE DOCKET AND/OR TO COMPEL THE DEPOSITION OF DEFENDANT WILLIAM J. PORTER, II

NOW INTO COURT, through undersigned counsel, come plaintiffs, ROSALINA

AYUYU DALAL and CHRISTOPHER T. LEWIS, who with respect request that:

I.

Plaintiffs have made oral and written requests to take the deposition of the William J.

Porter, II. The oral requests began prior to the written requests. The written requests began on

October 18, 2019. Attached and marked as Exh. 1 are copies of the e-mails.

II.

Mr. William J. Porter, II is a defendant and critical witness in plaintiffs' case. (Plaintiffs'

case involves a three car rearend collision in which plaintiffs occupy the lead vehicle.) Mr.

Porter's deposition is needed so that plaintiffs can analyze the liability issues particularly the

issue of whether defendant driver Eugene V. Bargeman struck the plaintiffs from the rear prior to

Mr. Bargeman being struck by Mr. Porter.

III.

As of January 8th, 2020, defendants Porter, his insurer United Specialty Insurance

Company and his employer Rose Land Development, L.L.C. have not provided deposition dates

for Mr. Porter to be deposed.

IV.

Defendants, Eugene V. Bargeman and his insurer Technology Insurance Company, Inc.

have moved for summary judgment alleging that Mr. Bargemen was stopped at the time of being

struck in the rear by Mr. Porter and further that, prior to being struck by Mr. Bargeman, did not

strike the rear of the plaintiffs' car.

**SCANNED**

**JAN 24 2020**



Filing Date: 01/10/2020 12:00 AM
Case Number: 2019-000531          Page Count: 3
Document Name: MOTION

V.

The filing of the above mentioned Motion for Summary Judgment now makes it imperative that Mr. Porter appear for and give his deposition without delay.

VI.

Plaintiffs request that defendants William J. Porter, II, United Specialty Insurance Company and Rose Land Development, L.L.C. be ordered to produce Mr. Porter at their expense in Lake Charles and that Mr. Porter be ordered to appear at the office of plaintiffs' counsel for deposition. Further, plaintiffs request that the Motion for Summary Judgment for Eugene V. Bargeman and Technology Insurance Company be removed from the Court's scheduling docket and/or not be called by the Court for hearing until at least sixty days following the completion of the deposition of Mr. William J. Porter, II.

VII.

It is imperative that plaintiffs be allowed to take the deposition of defendant William J. Porter, II so that they may properly analyze the liability issues presented in this case and, if necessary, file their opposition to the Motion for Summary Judgement of defendants Eugene V. Bargeman and Technology Insurance Company, Inc.

WHEREFORE, plaintiffs pray that this Honorable Court grant this Motion.

Respectfully submitted:

DELPHIN LAW OFFICES,
A PROFESSIONAL LAW CORPORATION
626 Broad Street
Lake Charles, LA 70601
(337) 439-3939-Telephone
(337) 439-4504-Facsimile

By: _____
MARK A. DELPHIN, Bar Roll #4850
Counsel for plaintiffs,
Rosalina Ayuyu Dalal and Christopher Lewis

And: _____
ARTHUR J. O'KEEFE, Bar Roll #10133
Of Counsel to Delphin Law Offices

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing motion has been forwarded by e-mail only to:

Jean Ann Billeaud
Lewis, Brisbois, Bisgaard & Smith, LLP
100 E. Vermilion Street, Suite 300
Lafayette, LA 70501
Jean.Billeaud@lewisbrisbois.com

Lottie L. Bash
Faircloth, Melton, Sobel & Bash, LLC
105 Yorktown Dr.
Alexandria, LA 71303
lbash@fairclothlaw.com

Lake Charles, Louisiana, this _10th_ day of January, 2020.

Arthur J. O'Keefe



ROSALINA AYUYU DALAL, ET AL

VS. NO. 2019-0531

UNITED SPECIALTY INS. CO., ET AL

State of Louisiana
14th Judicial District Court
Clerk of Court: H. LYNN JONES

Attorneys:
Mark A. Delphin
Jean Ann Billeaud
Arthur J. O'Keefe
Lottie L. Bash
Madaline King

*Proof at the hearing shall be limited to verified pleadings and/or affidavits.*

THE ABOVE CASE HAS BEEN ASSIGNED TO

JUDGE ROBERT L. WYATT

DEFENDANTS, TECHNOLOGY INS. CO. AND E BARGEMAN,
MOTION FOR SUMMARY JUDGMENT [FILED: 1/09/2020]
HAS BEEN RESET FOR
FEBRUARY 26, 2020 AT 9:00AM

The parties are directed to follow Rule 9.9 or 9.10 of the Uniform District Court Rules concerning filing of Memorandum & Affidavit.

ALL CORRESPONDENCE DIRECTED TO THE COURT SHOULD BE EMAILED TO THE COURT AND INCLUDE THE CASE NUMBER IN THE SUBJECT LINE.

Please Notify the Court via Email on Office Letterhead Immediately in the Event this Case Settles and/or Needs to be Removed from the Docket.

Kam Jakubek, Judicial Assistant       kjakubek@14jdc.org
Claire Caillier, Law Clerk       ccaillier@14jdc.org       (337) 721-3100, ext. 6422

SCANNED
JAN 1 5 2020

Notice of Service

ROSALINA AYUYU DALAL
VS.    2019-000531
UNITED SPECIALTY INSURANCE
COMPANY



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

TO:   LOTTIE L BASH
        105 YORKTOWN DRIVE
        ALEXANDRIA, LA  71303

Service issued to: WILLIAMS J PORTER, II, ET AL

Date of Service:  01/22/2020

Number of Service:  1

Personal/Domiciliary:  PERSONAL SERVICE

Pleading served:      1700 RULE
                              RULE TO SHOW CAUSE FILED 1/6/20

Issued by the Clerk of Court on the 28th day of January 2020.


                              Joseph Frazier
                              Deputy Clerk


**\*CMS6733273\***

Filing Date: 01/15/2020 12:00 AM        Page Count: 1
Case Number: 2019-000531
Document Name: Notice of Service

CMS0074                                                            Page 1 of 1



Civil Rule

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA



TO:   WILLIAM J PORTER II
ROSE LAND DEVELOPMENT,
L.L.C., AND UNITED SPECIALTY
INS COMPANY. THRU THEIR
COUNSEL OF RECORD, JEAN ANN
BILLEAUD | LEWIS BRISBOIS
BISGAARD & SMITH, LLP
100 EAST VERMILION STREET,
SUITE 300
LAFAYETTE, LA 70501

FILED   JAN 28 2020

Deputy Clerk of Court
Calcasieu Parish, Louisiana

Parish of Lafayette, Louisiana, Defendant in said suit:

YOU ARE HEREBY ORDERED TO SHOW CAUSE before this Honorable Court at the
Courthouse in Lake Charles, Louisiana, at 9:00 A.M. on the 26th day of February 2020, why:
SUMMARY JUDGMENT SHOULD NOT BE RENDERED IN FAVOR OF THESE
DEFENDANTS, DISMISSING THE CLAIMS OF PLAINTIFFS AGAINST
DEFENDANTS, EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE
COMPANY, INC., WITH PREJUDICE, IN THEIR ENTIRETY.

ALL IN ACCORDANCE WITH CERTIFIED COPY OF MOTION FOR SUMMARY
JUDGMENT BY EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE
COMPANY, INC. and ORDER ATTACHED HERETO AND MADE A PART
HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 6th day of
January 2020.

Issued and delivered January 15, 2020

Kimberly Poullard
Kimberly Poullard
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - -

Received on the 21 day of JANUARY 20 20, and on the 22 day of JANUARY
20___, served the above named party as follows:

Daniella   1038

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this ___ day of _____

SERVICE     $ 30                    BY: _____
                                       Deputy Sheriff
MILEAGE     $ .46

TOTAL $ 30.46                                      10088
                                                      8
Party No.   D004

SCANNED
JAN 29 2020

| Original Copy |
CMS0044

Filing Date: 01/15/2020 09:24 AM   Page Count: 1
Case Number: 2019-000531
Document Name: Civil Rule

Page 1 of 1

**Notice of Service**

ROSALINA AYUYU DALAL
VS.    2019-000531
UNITED SPECIALTY INSURANCE
COMPANY



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

TO:   LOTTIE L BASH
       105 YORKTOWN DRIVE
       ALEXANDRIA, LA  71303


Service issued to: ROSALINA AYUYU DALA, ET AL

Date of Service:  01/16/2020

Number of Service:  1

Personal/Domiciliary:  PERSONAL SERVICE

Pleading served:    1700 RULE


Issued by the Clerk of Court on the 23rd day of January 2020.


*Brianna Arabie*
Brianna Arabie
Deputy Clerk


## *CMS6729861*

Filing Date: 01/15/2020 12:00 AM          Page Count: 1
Case Number: 2019-000531
Document Name: Notice of Service

Civil Rule

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

*32*

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   ROSALINA AYUYU DALAL

AND     CHRISTOPHER     LEWIS,
THROUGH   THEIR   COUNSEL   OF
RECORD,       MARK       A.
DELPHIN/ARTHUR   J.   O'KEEFE-
DELPHIN LAW OFFICES
626 BROAD ST.
LAKE CHARLES, LA 70601

JAN 2 3 2020

*Brown Carte*

Parish of Calcasieu, Louisiana, Plaintiff in said suit:

YOU ARE HEREBY ORDERED TO SHOW CAUSE before this Honorable Court at the
Courthouse in Lake Charles, Louisiana, at 9:00 A.M. on the 26th day of February 2020, why:
SUMMARY JUDGMENT SHOULD NOT BE RENDERED IN FAVOR OF THESE
DEFENDANTS, DISMISSING THE CLAIMS OF PLAINTIFFS AGAINST
DEFENDANTS, EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE
COMPANY, INC., WITH PREJUDICE, IN THEIR ENTIRETY.

ALL IN ACCORDANCE WITH CERTIFIED COPY OF MOTION FOR SUMMARY
JUDGMENT BY EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE
COMPANY, INC. and ORDER ATTACHED HERETO AND MADE A PART
HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 6th day of
January 2020.

Issued and delivered January 15, 2020

*Kimberly Poullard*

Kimberly Poullard
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED
PARISH OF _____ this _____ day of _____ 20___.

SERVICE                                         Cost:        31.16
Suit: 1-2019-000531
MARK A DELPHIN
626 BROAD ST
LC LA 70601
Person Served:  KEISHA MILLER SEC
Received:  01/15/2020     Served:    01/16/2020  10:10am
Deputy:  DAVIS       Miles:  2.00  Type:    PERSONAL



JAN 24 2020

BY:

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY



Civil Rule

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:  ROSALINA AYUYU DALAL

AND   CHRISTOPHER   LEWIS,
THROUGH THEIR COUNSEL OF
RECORD,       MARK       A.
DELPHIN/ARTHUR   J.   O'KEEFE-
DELPHIN LAW OFFICES
626 BROAD ST.
LAKE CHARLES, LA  70601

Parish of Calcasieu, Louisiana, Plaintiff in said suit:

YOU ARE HEREBY ORDERED TO SHOW CAUSE before this Honorable Court at the
Courthouse in Lake Charles, Louisiana, at 9:00 A.M. on the 26th day of February 2020, why:
SUMMARY JUDGMENT SHOULD NOT BE RENDERED IN FAVOR OF THESE
DEFENDANTS, DISMISSING THE CLAIMS OF PLAINTIFFS AGAINST
DEFENDANTS, EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE
COMPANY, INC., WITH PREJUDICE, IN THEIR ENTIRETY.

ALL IN ACCORDANCE WITH CERTIFIED COPY OF MOTION FOR SUMMARY
JUDGMENT BY EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE
COMPANY, INC. and ORDER ATTACHED HERETO AND MADE A PART
HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 6th day of
January 2020.

Issued and delivered January 15, 2020

_____
Kimberly Poullard
Deputy Clerk of Court

------------------------------------ SERVICE INFORMATION ------------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE        $_____              BY:   _____
                                               Deputy Sheriff
MILEAGE        $_____

TOTAL $_____

Party No.    D004

*CMS6717017*

Filing Date: 01/15/2020 09:04 AM     Page Count:: 1
Case Number: 2019-000531
Document Name: Civil Rule

[ File Copy ]
CMS0044                                                            Page 1 of 1

Civil Rule

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   ROSALINA AYUYU DALAL

AND    CHRISTOPHER    LEWIS,
THROUGH THEIR COUNSEL OF
RECORD,       MARK       A.
DELPHIN/ARTHUR  J.  O'KEEFE-
DELPHIN LAW OFFICES
626 BROAD ST.
LAKE CHARLES, LA  70601

Parish of Calcasieu, Louisiana, Plaintiff in said suit:

YOU ARE HEREBY ORDERED TO SHOW CAUSE before this Honorable Court at the
Courthouse in Lake Charles, Louisiana, at 9:00 A.M. on the 26th day of February 2020, why:
SUMMARY JUDGMENT SHOULD NOT BE RENDERED IN FAVOR OF THESE
DEFENDANTS, DISMISSING THE CLAIMS OF PLAINTIFFS AGAINST
DEFENDANTS, EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE
COMPANY, INC., WITH PREJUDICE, IN THEIR ENTIRETY.

ALL IN ACCORDANCE WITH CERTIFIED COPY OF MOTION FOR SUMMARY
JUDGMENT BY EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE
COMPANY, INC. and ORDER ATTACHED HERETO AND MADE A PART
HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 6th day of
January 2020.

Issued and delivered January 15, 2020

_____
Kimberly Poullard
Deputy Clerk of Court

---------------------------------------- SERVICE INFORMATION ----------------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE        $_____                      BY: _____
                                                    Deputy Sheriff
MILEAGE        $_____

TOTAL $_____

Party No.      D004

*CMS6717017*

Filing Date: 01/15/2020 09:04 AM        Page Count: 1
Case Number: 2019-000531
Document Name: Civil Rule

[ Original Copy ]
CMS0044                                                         Page 1 of 1



Civil Rule

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   ROSALINA AYUYU DALAL

AND   CHRISTOPHER   LEWIS,
THROUGH THEIR COUNSEL OF
RECORD,       MARK        A.
DELPHIN/ARTHUR   J.   O'KEEFE-
DELPHIN LAW OFFICES
626 BROAD ST.
LAKE CHARLES, LA  70601

Parish of Calcasieu, Louisiana, Plaintiff in said suit:

YOU ARE HEREBY ORDERED TO SHOW CAUSE before this Honorable Court at the
Courthouse in Lake Charles, Louisiana, at 9:00 A.M. on the 26th day of February 2020, why:
SUMMARY JUDGMENT SHOULD NOT BE RENDERED IN FAVOR OF THESE
DEFENDANTS, DISMISSING THE CLAIMS OF PLAINTIFFS AGAINST
DEFENDANTS, EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE
COMPANY, INC., WITH PREJUDICE, IN THEIR ENTIRETY.

ALL IN ACCORDANCE WITH CERTIFIED COPY OF MOTION FOR SUMMARY
JUDGMENT BY EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE
COMPANY, INC. and ORDER ATTACHED HERETO AND MADE A PART
HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 6th day of
January 2020.

Issued and delivered January 15, 2020

_____
Kimberly Poullard
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE       $_____          BY: _____
                                        Deputy Sheriff
MILEAGE       $_____

TOTAL $_____

Party No.     D004

**\*CMS6717017\***

Filing Date: 01/15/2020 09:04 AM     Page Count:: 1
Case Number: 2019-000531
Document Name: Civil Rule

[ Service Copy ]
CMS0044

Page 1 of 1

<table>
<tr><td>

ROSALINA AYUYU DALAL<br>
VS.   2019-000531<br>
UNITED SPECIALTY INSURANCE<br>
COMPANY

</td><td>

Civil Rule



</td><td>

14th Judicial District Court<br>
State of Louisiana<br>
Parish of Calcasieu

</td></tr>
</table>

THE STATE OF LOUISIANA

TO:   WILLIAM  J PORTER II
      ROSE   LAND   DEVELOPMENT,
      L.L.C.,AND   UNITED   SPECIALTY
      INS   COMPANY.   THRU   THEIR
      COUNSEL OF RECORD, JEAN ANN
      BILLEAUD   |   LEWIS   BRISBOIS
      BISGAARD & SMITH, LLP
      100   EAST   VERMILION   STREET,
      SUITE 300
      LAFAYETTE, LA 70501

Parish of Lafayette, Louisiana, Defendant in said suit:

YOU ARE HEREBY ORDERED TO SHOW CAUSE before this Honorable Court at the
Courthouse in Lake Charles, Louisiana, at 9:00 A.M. on the 26th day of February 2020, why:
SUMMARY JUDGMENT SHOULD NOT BE RENDERED IN FAVOR OF THESE
DEFENDANTS, DISMISSING THE CLAIMS OF PLAINTIFFS AGAINST
DEFENDANTS, EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE
COMPANY, INC., WITH PREJUDICE, IN THEIR ENTIRETY.


ALL IN ACCORDANCE WITH CERTIFIED COPY OF MOTION FOR SUMMARY
JUDGMENT BY EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE
COMPANY, INC. and ORDER ATTACHED HERETO AND MADE A PART
HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 6th day of
January 2020.

Issued and delivered January 15, 2020

_____

Kimberly Poullard
Deputy Clerk of Court

------------------------------------ SERVICE INFORMATION ------------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE        $_____           BY:   _____
                                           Deputy Sheriff
MILEAGE        $_____

TOTAL $_____

Party No.      D004

**\*CMS6717068\***

Filing Date: 01/15/2020 09:24 AM     Page Count:: 1
Case Number: 2019-000531
Document Name: Civil Rule

[ File Copy ]                                              Page 1 of 1
CMS0044

ROSALINA AYUYU DALAL
VS.    2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

Civil Rule



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   WILLIAM J PORTER II
      ROSE    LAND    DEVELOPMENT,
      L.L.C.,AND   UNITED   SPECIALTY
      INS    COMPANY.   THRU   THEIR
      COUNSEL   OF  RECORD,  JEAN  ANN
      BILLEAUD   |   LEWIS   BRISBOIS
      BISGAARD & SMITH, LLP
      100  EAST  VERMILION  STREET,
      SUITE 300
      LAFAYETTE, LA 70501

Parish of Lafayette, Louisiana, Defendant in said suit:

YOU ARE HEREBY ORDERED TO SHOW CAUSE before this Honorable Court at the
Courthouse in Lake Charles, Louisiana, at 9:00 A.M. on the 26th day of February 2020, why:
SUMMARY JUDGMENT SHOULD NOT BE RENDERED IN FAVOR OF THESE
DEFENDANTS, DISMISSING THE CLAIMS OF PLAINTIFFS AGAINST
DEFENDANTS, EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE
COMPANY, INC., WITH PREJUDICE, IN THEIR ENTIRETY.

ALL IN ACCORDANCE WITH CERTIFIED COPY OF MOTION FOR SUMMARY
JUDGMENT BY EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE
COMPANY, INC. and ORDER ATTACHED HERETO AND MADE A PART
HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 6th day of
January 2020.

Issued and delivered January 15, 2020

_____
Kimberly Poullard
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

<u>PERSONAL SERVICE</u> on the party herein named _____

<u>DOMICILIARY SERVICE</u> on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____            BY: _____
                                        Deputy Sheriff
MILEAGE      $_____

TOTAL $_____

Party No.    D004

**\*CMS6717068\***

[ Original Copy ]
CMS0044

Page 1 of 1



ROSALINA AYUYU DALAL       Civil Rule      14th Judicial District Court
VS.   2019-000531                            State of Louisiana
UNITED SPECIALTY INSURANCE                 Parish of Calcasieu
COMPANY

THE STATE OF LOUISIANA

TO:   WILLIAM J PORTER II
       ROSE LAND DEVELOPMENT,
       L.L.C.,AND UNITED SPECIALTY
       INS COMPANY. THRU THEIR
       COUNSEL OF RECORD, JEAN ANN
       BILLEAUD | LEWIS BRISBOIS
       BISGAARD & SMITH, LLP
       100 EAST VERMILION STREET,
       SUITE 300
       LAFAYETTE, LA 70501

Parish of Lafayette, Louisiana, Defendant in said suit:

YOU ARE HEREBY ORDERED TO SHOW CAUSE before this Honorable Court at the
Courthouse in Lake Charles, Louisiana, at 9:00 A.M. on the 26th day of February 2020, why:
SUMMARY JUDGMENT SHOULD NOT BE RENDERED IN FAVOR OF THESE
DEFENDANTS, DISMISSING THE CLAIMS OF PLAINTIFFS AGAINST
DEFENDANTS, EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE
COMPANY, INC., WITH PREJUDICE, IN THEIR ENTIRETY.


ALL IN ACCORDANCE WITH CERTIFIED COPY OF MOTION FOR SUMMARY
JUDGMENT BY EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE
COMPANY, INC. and ORDER ATTACHED HERETO AND MADE A PART
HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 6th day of
January 2020.

Issued and delivered January 15, 2020

                             _____
                             Kimberly Poullard
                             Deputy Clerk of Court

-------------------------------------- SERVICE INFORMATION --------------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen
years, living and residing in said domicile and whose name and other facts connected with this service, I learned
by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20____

SERVICE      $_____             BY:   _____
                                            Deputy Sheriff
MILEAGE    $_____

TOTAL $_____

Party No.     D004

**\*CMS6717068\***

| January 21, 2020 |
| :---: |
| **Notice of HEARING** |

ROSALINA AYUYU DALAL, ET AL

  VS. NO. 2019-0531

UNITED SPECIALTY INS. CO., ET AL

State of Louisiana

14th Judicial District Court

Clerk of Court: H. LYNN JONES

Attorneys:

Mark A. Delphin

Jean Ann Billeaud

Arthur J. O'Keefe

Lottie L. Bash

Madaline King

*Proof at the hearing shall be limited to verified pleadings and/or affidavits.*

THE ABOVE CASE HAS BEEN ASSIGNED TO

JUDGE ROBERT L. WYATT

PLAINTIFFS' MOTION TO DELAY SCHEDULING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

AND/OR

REMOVE THE MOTION FROM THE DOCEKT

AND/OR

TO COMPEL THE DEPOSITION OF THE DEFENDANT W. J. PORTER, II [FILED: 1/13/2020]

HAS BEEN SET FOR

FEBRUARY 26, 2020 AT 9:00AM

**IN ADDITION TO**

DEFENDANTS, TECHNOLOGY INS. CO. AND E BARGEMAN,

MOTION FOR SUMMARY JUDGMENT [FILED: 1/09/2020]

The parties are directed to follow Rule 9.9 or 9.10 of the Uniform District Court Rules concerning filing of Memorandum & Affidavit.

ALL CORRESPONDENCE DIRECTED TO THE COURT SHOULD BE EMAILED TO THE COURT AND INCLUDE THE CASE NUMBER IN THE SUBJECT LINE.

Please Notify the Court via Email on Office Letterhead Immediately in the Event this Case Settles and/or Needs to be Removed from the Docket.

Kam Jakubek, Judicial Assistant    kjakubek@14jdc.org

Claire Caillier, Law Clerk    ccaillier@14jdc.org    (337) 721-3100, ext. 6422

Filing Date: 1/21/2020 12:00 AM    Page Count: 1

Case Number: 2019-00531

Document Name: MOTION

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY



Civil Rule

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   WILLIAM J PORTER II
      UNITED SPECIALTY INSURANCE
      COMPANY AND ROSE LAND
      DEVELOPMENT, LLC THROUGH
      THEIR ATTORNEY OF RECORD,
      JEAN ANN BILLEAUD, ESQ.
      LEWIS, BRISBOIS, BISGAARD &
      SMITH,                    LLP
      100 E. VERMILION STREET, SUITE
      300
      LAFAYETTE, LA 70501

Parish of Lafayette, Louisiana, Defendant in said suit:

YOU ARE HEREBY ORDERED TO SHOW CAUSE before this Honorable Court at the
Courthouse in Lake Charles, Louisiana, at 9:00 A.M. on the 26th day of February 2020, why:
THE COURT SHOULD NOT ORDER THE FOLLOWING:

1.   DEFENDANTS WILLIAM J PORTER, II, UNITED SPECIALTY INSURANCE
COMPANY AND ROSE LAND DEVELOPMENT, L.L.C. BE ORDERED TO
PRODUCE MR. PORTER IN LAKE CHARLES, AT THEIR EXPENSE, TO BE
DEPOSED BY PLAINTIFFS;

2.   MR. WILLIAM J. PORTER, II BE ORDERED TO APPEAR AT THE OFFICE OF
PLAINTIFFS' COUNSEL FOR DEPOSITION AND GIVE HIS DEPOSITION FOR
THIS CASE; AND,

3.   THE MOTION FOR SUMMARY JUDGMENT OF EUGENE V. BARGEMAN
AND TECHNOLOGY INSURANCE COMPANY BE REMOVED FROM THE
COURT'S SCHEDULING DOCKET AND NOT BE RESCHEDULED FOR
HEARING UNTIL AT LEAST SIXTY DAYS FOLLOWING THE COMPLETION OF
THE AFORESAID DEPOSITION OF MR. WILLIAM J. PORTER, II.

ALL IN ACCORDANCE WITH CERTIFIED COPY OF PLAINTIFFS' MOTION TO
DELAY SCHEDULING DEFENDANTS' (EUGENE V BARGEMAN AND
TECHNOLOGY INSURANCE COMPANY, INC.) MOTION FOR SUMMARY
JUDGMENT FOR HEARING AND/OR REMOVE THE SAID MOTION FROM THE
DOCKET AND/OR TO COMPEL THE DEPOSITION OF DEFENDANT WILLIAM
J. PORTER, II and ORDER ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 10th day of
January 2020.

Issued and delivered January 24, 2020

_____
Kimberly Poullard
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile

**\*CMS6731179\***

Filing Date: 01/24/2020 12:00 AM      Page Count: 2
Case Number: 2019-000531
Document Name: Civil Rule

[ File Copy ]
CMS0044                                                    Page 1 of 2

in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED:

PARISH OF _____ this _____ day of _____ 20_____

SERVICE          $_____                     BY:      _____
                                                                            Deputy Sheriff

MILEAGE       $_____

TOTAL $_____

Party No.        P001

Civil Rule

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   WILLIAM J PORTER II
      UNITED SPECIALTY INSURANCE
      COMPANY AND ROSE LAND
      DEVELOPMENT, LLC THROUGH
      THEIR ATTORNEY OF RECORD,
      JEAN ANN BILLEAUD, ESQ.
      LEWIS, BRISBOIS, BISGAARD &
      SMITH,                    LLP
      100 E. VERMILION STREET, SUITE
      300
      LAFAYETTE, LA 70501

Parish of Lafayette, Louisiana, Defendant in said suit:

YOU ARE HEREBY ORDERED TO SHOW CAUSE before this Honorable Court at the
Courthouse in Lake Charles, Louisiana, at 9:00 A.M. on the 26th day of February 2020, why:
THE COURT SHOULD NOT ORDER THE FOLLOWING:

1.  DEFENDANTS WILLIAM J PORTER, II, UNITED SPECIALTY INSURANCE
COMPANY AND ROSE LAND DEVELOPMENT, L.L.C. BE ORDERED TO
PRODUCE MR. PORTER IN LAKE CHARLES, AT THEIR EXPENSE, TO BE
DEPOSED BY PLAINTIFFS;

2.  MR. WILLIAM J. PORTER, II BE ORDERED TO APPEAR AT THE OFFICE OF
PLAINTIFFS' COUNSEL FOR DEPOSITION AND GIVE HIS DEPOSITION FOR
THIS CASE; AND,

3.   THE MOTION FOR SUMMARY JUDGMENT OF EUGENE V. BARGEMAN
AND TECHNOLOGY INSURANCE COMPANY BE REMOVED FROM THE
COURT'S SCHEDULING DOCKET AND NOT BE RESCHEDULED FOR
HEARING UNTIL AT LEAST SIXTY DAYS FOLLOWING THE COMPLETION OF
THE AFORESAID DEPOSITION OF MR. WILLIAM J. PORTER, II.

ALL IN ACCORDANCE WITH CERTIFIED COPY OF PLAINTIFFS' MOTION TO
DELAY SCHEDULING DEFENDANTS' (EUGENE V BARGEMAN AND
TECHNOLOGY INSURANCE COMPANY, INC.) MOTION FOR SUMMARY
JUDGMENT FOR HEARING AND/OR REMOVE THE SAID MOTION FROM THE
DOCKET AND/OR TO COMPEL THE DEPOSITION OF DEFENDANT WILLIAM
J. PORTER, II and ORDER ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 10th day of
January 2020.

Issued and delivered January 24, 2020

_____

Kimberly Poullard
Deputy Clerk of Court

------------------------------------ SERVICE INFORMATION ------------------------------------

Received on the _____ day of _____ 20____, and on the _____ day of _____
20____, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile

**\*CMS6731179\***

Filing Date: 01/24/2020 12:00 AM     Page Count=: 2
Case Number: 2019-000531
Document Name: Civil Rule

[ Original Copy ]
CMS0044

in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE         $_____               BY:   _____
                                                 Deputy Sheriff
MILEAGE         $_____

TOTAL $_____

Party No.      P001

Civil Rule

ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY



14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   WILLIAM J PORTER II
UNITED SPECIALTY INSURANCE
COMPANY AND ROSE LAND
DEVELOPMENT, LLC THROUGH
THEIR ATTORNEY OF RECORD,
JEAN ANN BILLEAUD, ESQ.
LEWIS, BRISBOIS, BISGAARD &
SMITH,                                 LLP
100 E. VERMILION STREET, SUITE
300
LAFAYETTE, LA 70501

Parish of Lafayette, Louisiana, Defendant in said suit:

YOU ARE HEREBY ORDERED TO SHOW CAUSE before this Honorable Court at the
Courthouse in Lake Charles, Louisiana, at 9:00 A.M. on the 26th day of February 2020, why:
THE COURT SHOULD NOT ORDER THE FOLLOWING:

1.  DEFENDANTS WILLIAM J PORTER, II, UNITED SPECIALTY INSURANCE
COMPANY AND ROSE LAND DEVELOPMENT, L.L.C. BE ORDERED TO
PRODUCE MR. PORTER IN LAKE CHARLES, AT THEIR EXPENSE, TO BE
DEPOSED BY PLAINTIFFS;

2.  MR. WILLIAM J. PORTER, II BE ORDERED TO APPEAR AT THE OFFICE OF
PLAINTIFFS' COUNSEL FOR DEPOSITION AND GIVE HIS DEPOSITION FOR
THIS CASE; AND,

3.   THE MOTION FOR SUMMARY JUDGMENT OF EUGENE V. BARGEMAN
AND TECHNOLOGY INSURANCE COMPANY BE REMOVED FROM THE
COURT'S SCHEDULING DOCKET AND NOT BE RESCHEDULED FOR
HEARING UNTIL AT LEAST SIXTY DAYS FOLLOWING THE COMPLETION OF
THE AFORESAID DEPOSITION OF MR. WILLIAM J. PORTER, II.

ALL IN ACCORDANCE WITH CERTIFIED COPY OF PLAINTIFFS' MOTION TO
DELAY SCHEDULING DEFENDANTS' (EUGENE V BARGEMAN AND
TECHNOLOGY INSURANCE COMPANY, INC.) MOTION FOR SUMMARY
JUDGMENT FOR HEARING AND/OR REMOVE THE SAID MOTION FROM THE
DOCKET AND/OR TO COMPEL THE DEPOSITION OF DEFENDANT WILLIAM
J. PORTER, II and ORDER ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 10th day of
January 2020.

Issued and delivered January 24, 2020

_____

Kimberly Poullard
Deputy Clerk of Court

------------------------------------- SERVICE INFORMATION -------------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____
20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile

**\*CMS6731179\***

Filing Date: 01/24/2020 12:00 AM      Page Count:: 2
Case Number: 2019-000531
Document Name: Civil Rule

[ Service Copy ]
CMS0044

Page 1 of 2

in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE          $_____          BY:      _____
                                                 Deputy Sheriff

MILEAGE        $_____

TOTAL $_____

Party No.      P001

| ROSALINA AYUYU DALAL | Civil Rule | 14th Judicial District Court |
|---|---|---|
| VS.   2019-000531 | | State of Louisiana |
| UNITED SPECIALTY INSURANCE | | Parish of Calcasieu |
| COMPANY | | |



THE STATE OF LOUISIANA

TO:   EUGENE V BARGEMAN
     and   TECHNOLOGY INSURANCE
     COMPANY, INC., THROUGH THEIR
     ATTORNEY OF RECORD, LOTTIE
     L. BASH, ESQ OR MADALINE KING,
     ESQ
     FAIRCLOTH, MELTON, SOBEL &
     BASH, LLC
     105 YORKTOWN DR.
     ALEXANDRIA, LA 71303

Parish of Rapides, Louisiana, Defendant in said suit:

YOU ARE HEREBY ORDERED TO SHOW CAUSE before this Honorable Court at the Courthouse in Lake Charles, Louisiana, at 9:00 A.M. on the 26th day of February 2020, why: THE COURT SHOULD NOT ORDER THE FOLLOWING:

1.   DEFENDANTS WILLIAM J PORTER, II, UNITED SPECIALTY INSURANCE COMPANY AND ROSE LAND DEVELOPMENT, L.L.C. BE ORDERED TO PRODUCE MR. PORTER IN LAKE CHARLES, AT THEIR EXPENSE, TO BE DEPOSED BY PLAINTIFFS;

2.   MR. WILLIAM J. PORTER, II BE ORDERED TO APPEAR AT THE OFFICE OF PLAINTIFFS' COUNSEL FOR DEPOSITION AND GIVE HIS DEPOSITION FOR THIS CASE; AND,

3.   THE MOTION FOR SUMMARY JUDGMENT OF EUGENE V. BARGEMAN AND TECHNOLOGY INSURANCE COMPANY BE REMOVED FROM THE COURT'S SCHEDULING DOCKET AND NOT BE RESCHEDULED FOR HEARING UNTIL AT LEAST SIXTY DAYS FOLLOWING THE COMPLETION OF THE AFORESAID DEPOSITION OF MR. WILLIAM J. PORTER, II.

ALL IN ACCORDANCE WITH CERTIFIED COPY OF PLAINTIFFS' MOTION TO DELAY SCHEDULING DEFENDANTS' (EUGENE V BARGEMAN AND TECHNOLOGY INSURANCE COMPANY, INC.) MOTION FOR SUMMARY JUDGMENT FOR HEARING AND/OR REMOVE THE SAID MOTION FROM THE DOCKET AND/OR TO COMPEL THE DEPOSITION OF DEFENDANT WILLIAM J. PORTER, II and ORDER ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 10th day of January 2020.

Issued and delivered January 24, 2020

                             Kimberly Poullard
                             Deputy Clerk of Court

SERVICE INFORMATION

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile

## *CMS6731135*

Filing Date: 01/24/2020 12:00 AM     Page Count:: 2
Case Number: 2019-000531
Document Name: Civil Rule

in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED:

PARISH OF _____ this _____ day of _____ 20_____

SERVICE          $_____              BY:    _____

MILEAGE          $_____                     Deputy Sheriff

TOTAL $_____

Party No.       P001



ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

Civil Rule

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   EUGENE V BARGEMAN
       and TECHNOLOGY INSURANCE
       COMPANY, INC., THROUGH THEIR
       ATTORNEY OF RECORD, LOTTIE
       L. BASH, ESQ OR MADALINE KING,
       ESQ
       FAIRCLOTH, MELTON, SOBEL &
       BASH, LLC                    |
       105 YORKTOWN DR.
       ALEXANDRIA, LA 71303

Parish of Rapides, Louisiana, Defendant in said suit:

YOU ARE HEREBY ORDERED TO SHOW CAUSE before this Honorable Court at the
Courthouse in Lake Charles, Louisiana, at 9:00 A.M. on the 26th day of February 2020, why:
THE COURT SHOULD NOT ORDER THE FOLLOWING:

1.   DEFENDANTS WILLIAM J PORTER, II, UNITED SPECIALTY INSURANCE
COMPANY AND ROSE LAND DEVELOPMENT, L.L.C. BE ORDERED TO
PRODUCE MR. PORTER IN LAKE CHARLES, AT THEIR EXPENSE, TO BE
DEPOSED BY PLAINTIFFS;

2.   MR. WILLIAM J. PORTER, II BE ORDERED TO APPEAR AT THE OFFICE OF
PLAINTIFFS' COUNSEL FOR DEPOSITION AND GIVE HIS DEPOSITION FOR
THIS CASE; AND,

3.   THE MOTION FOR SUMMARY JUDGMENT OF EUGENE V. BARGEMAN
AND TECHNOLOGY INSURANCE COMPANY BE REMOVED FROM THE
COURT'S SCHEDULING DOCKET AND NOT BE RESCHEDULED FOR
HEARING UNTIL AT LEAST SIXTY DAYS FOLLOWING THE COMPLETION OF
THE AFORESAID DEPOSITION OF MR. WILLIAM J. PORTER, II.

ALL IN ACCORDANCE WITH CERTIFIED COPY OF PLAINTIFFS' MOTION TO
DELAY SCHEDULING DEFENDANTS' (EUGENE V BARGEMAN AND
TECHNOLOGY INSURANCE COMPANY, INC.) MOTION FOR SUMMARY
JUDGMENT FOR HEARING AND/OR REMOVE THE SAID MOTION FROM THE
DOCKET AND/OR TO COMPEL THE DEPOSITION OF DEFENDANT WILLIAM
J. PORTER, II and ORDER ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 10th day of
January 2020.

Issued and delivered January 24, 2020

_____

Kimberly Poullard
Deputy Clerk of Court

- - - - - - - - - - - - - - - - - - - SERVICE INFORMATION - - - - - - - - - - - - - - - - - - -

Received on the _____ day of _____ 20___, and on the _____ day of _____
20____, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile

## *CMS6731135*

Filing Date: 01/24/2020 12:00 AM      Page Count:: 2
Case Number: 2019-000531
Document Name: Civil Rule

in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED:

PARISH OF _____ this _____ day of _____ 20_____

SERVICE          $_____          BY:          _____

                                                                      Deputy Sheriff

MILEAGE          $_____

TOTAL $_____

Party No.          P001



ROSALINA AYUYU DALAL
VS.   2019-000531
UNITED SPECIALTY INSURANCE
COMPANY

Civil Rule

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   EUGENE V BARGEMAN
      and   TECHNOLOGY   INSURANCE
      COMPANY, INC., THROUGH THEIR
      ATTORNEY OF RECORD, LOTTIE
      L. BASH, ESQ OR MADALINE KING,
      ESQ
      FAIRCLOTH, MELTON, SOBEL  &
      BASH,  LLC                |
      105 YORKTOWN DR.
      ALEXANDRIA, LA  71303

Parish of Rapides, Louisiana, Defendant in said suit:

YOU ARE HEREBY ORDERED TO SHOW CAUSE before this Honorable Court at the
Courthouse in Lake Charles, Louisiana, at 9:00 A.M. on the 26th day of February 2020, why:
THE COURT SHOULD NOT ORDER THE FOLLOWING:

1.   DEFENDANTS WILLIAM J PORTER, II, UNITED SPECIALTY INSURANCE
COMPANY AND ROSE LAND DEVELOPMENT, L.L.C. BE ORDERED TO
PRODUCE MR. PORTER IN LAKE CHARLES, AT THEIR EXPENSE, TO BE
DEPOSED BY PLAINTIFFS;

2.   MR. WILLIAM J. PORTER, II BE ORDERED TO APPEAR AT THE OFFICE OF
PLAINTIFFS' COUNSEL FOR DEPOSITION AND GIVE HIS DEPOSITION FOR
THIS CASE; AND,

3.    THE MOTION FOR SUMMARY JUDGMENT OF EUGENE V. BARGEMAN
AND TECHNOLOGY INSURANCE COMPANY BE REMOVED FROM THE
COURT'S SCHEDULING DOCKET AND NOT BE RESCHEDULED FOR
HEARING UNTIL AT LEAST SIXTY DAYS FOLLOWING THE COMPLETION OF
THE AFORESAID DEPOSITION OF MR. WILLIAM J. PORTER, II.

ALL IN ACCORDANCE WITH CERTIFIED COPY OF PLAINTIFFS' MOTION TO
DELAY   SCHEDULING   DEFENDANTS'   (EUGENE  V   BARGEMAN   AND
TECHNOLOGY   INSURANCE   COMPANY,   INC.)   MOTION   FOR   SUMMARY
JUDGMENT FOR HEARING AND/OR REMOVE THE SAID MOTION FROM THE
DOCKET AND/OR TO COMPEL THE DEPOSITION OF DEFENDANT WILLIAM
J. PORTER, II and ORDER ATTACHED HERETO AND MADE A PART HEREOF.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 10th day of
January 2020.

Issued and delivered January 24, 2020

_____
Kimberly Poullard
Deputy Clerk of Court

------------------------------- SERVICE INFORMATION -------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____
20____, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile

## *CMS6731135*

Filing Date: 01/24/2020 12:00 AM      Page Count: 2
Case Number: 2019-000531
Document Name: Civil Rule

{ Service Copy }
CMS0044

Page 1 of 2

in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE      $_____                           BY:   _____
                                                                              Deputy Sheriff
MILEAGE     $_____

TOTAL $_____

Party No.      P001