UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROSALINA AYUYU DALAL, ET AL.** | : | **DOCKET NO. 20-cv-0144** |
| **VERSUS** | : | **JUDGE JAMES CAIN, JR.** |
| **UNITED SPECIALTY INS. CO., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Second Motion to Remand [Doc 11] filed by plaintiffs Rosalina Ayuyu Dalal and Christopher T. Lewis. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. The first proceeding, bearing docket number 19-cv-327 of this court (referred to hereafter as "Dalal 1"), was remanded to Calcasieu Parish, Louisiana. The matter was removed again for reasons detailed below. Defendants William J. Porter, II, Rose Land Development L.L.C., and United Specialty Insurance Company oppose remand. Doc 20.

For the reasons states below, **IT IS RECOMMENDED** that the Motion to Remand [Doc. 11] be **DENIED** and that all claims against Eugene V. Bargeman be **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

This action arises out of a car accident that occurred in Calcasieu Parish, Louisiana, on February 28, 2018, involving three vehicles. Doc 1, att. 1, p. 10, ¶ 5. On January 30, 2019, the plaintiffs filed suit in the 14th Judicial District Court in the Parish of Calcasieu. *Id*., p. 9. Made

defendants therein were United Specialty Insurance Company, Rose Land Development, L.L.C., and William J. Porter, II (hereafter referred to collectively as "the Porter defendants"). *Id*. The plaintiffs are residents of and domiciled in Louisiana. *Id*. United Specialty Insurance Company is a Delaware corporation with its principal place of business in Texas. Doc. 6, p. 1. Rose Land Development, L.L.C. is a Mississippi corporation with its principal place of business in Mississippi. Doc. 5, p. 1. William J. Porter, II is a resident and domiciliary of the State of Mississippi. Doc. 1, pp. 5-6, ¶ 12.

The accident involved several vehicles that rear-ended each other. Doc 1, att. 1, p. 10, ¶ 5. Plaintiffs were in the lead vehicle and the initial defendants included the driver of the rearmost vehicle, Porter, along with his insurer and employer. *Id*. The rearmost vehicle struck the vehicle in front of it, which collided with the plaintiff's vehicle. *Id*. On March 12, 2019, the driver of the "middle" vehicle, Eugene V. Bargeman, a resident and domiciliary of the State of Louisiana, was added as a defendant in state court. *Id*., p. 54, ¶ 3.

Dalal 1 was removed on March 13, 2019, pursuant to 28 U.S.C. § 1332(a) claiming there existed diversity jurisdiction. 19-cv-327, doc. 1. Plaintiffs moved to remand to state court on the theory that in-state defendant Bargeman destroyed diversity. 19-cv-327, doc. 11. In their Opposition to Plaintiff's Motion to Remand, defendants argued that Bargeman was improperly joined as a defendant and his citizenship should be ignored for the purpose of establishing diversity. 19-cv-327, doc. 18, p. 2-3. We examined Louisiana substantive law which provides that there exists a rebuttable presumption of negligence against a rear-ending motorist. 19-cv-327, doc. 22, p. 5. Noting that Bargeman had not rebutted the presumption of negligence against him, this court found that plaintiffs stated a valid cause of action and therefore joinder of Bargeman was not

improper. *Id*., p. 6. The District Court accepted our finding that Bargeman, an in-state defendant, destroyed diversity and remanded the case to state court on June 10, 2019. 19-cv-327, doc. 23.

After remand of Dalal 1, the parties engaged in discovery. Plaintiffs—the driver and passenger of the lead vehicle—as well as the "middle" driver, defendant Bargeman, were deposed. Doc. 9, atts. 3-5. On January 6, 2020, defendant Bargeman filed a Motion for Summary Judgment in state court. Doc. 1, att. 1, p. 203. Plaintiffs moved the state court on January 10, 2020, to delay the Motion for Summary Judgment hearing as they had not yet deposed defendant Porter, and alternatively, moved to compel Porter's deposition.[1]  *Id*., pp. 255-256.

On January 30, 2020, the Porter defendants filed a Stipulation of Liability, which admitted Porter's sole fault in causing both rear-end collisions. Doc. 1, att. 3.  That same day, the Porter defendants filed the second Notice of Removal here.  Doc. 1. In the Notice of Removal, defendants again argue that defendant Bargeman was improperly joined and therefore his citizenship should be disregarded for purposes of the diversity inquiry. *Id*., p. 6 ¶ 14. Defendants argue that, since remand to state court in June 2019, discovery has revealed that there is no reasonable basis to predict that Bargeman, the sole in-state defendant, will bear any liability. *Id*. Defendants point to deposition testimony of defendant Bargeman and both plaintiffs, arguing the collective testimony establishes that Bargeman stopped eight feet behind the plaintiffs' vehicle, and plaintiffs only felt a single impact at the time of the collision. *Id*. As such, defendants urge that defendant Porter was solely at fault, because Porter hit Bargeman and propelled him into the plaintiffs' vehicle. *Id*. In support of their position, defendants also attached Porter's Stipulation of Liability to the Notice of Removal.  Doc. 1, att. 3. Thus, defendants maintain that plaintiffs have no possibility of recovery

---

[1] Following the second removal, Bargeman filed another Motion for Summary Judgment in federal court. Doc. 9. As they did in state court, plaintiffs then moved to continue the hearing on the Motion for Summary Judgment until after they could depose Porter. Compare doc. 13 with doc. 13, att. 6. As of the plaintiffs' most recent filing in this Court, they had not deposed Porter. Doc. 27, p. 1.

against Bargeman; as a result, he is improperly joined and does not destroy diversity. Doc. 1, p. 6, ¶ 14.

Plaintiffs timely filed this Motion to Remand arguing that defendant Bargeman was not improperly joined because he is still a viable defendant. Plaintiffs contend that they have an interest in conducting further discovery as to Bargeman's liability. Doc. 11, att. 3, pp. 7-8. In particular, plaintiffs argue that, since they have not deposed defendant Porter who possesses the "most knowledge" of the accident, a cause of action against Bargeman persists. *Id.*, p. 8. Plaintiffs also argue that the defendants' Stipulation of Liability [Doc. 1, att. 3] is an improper attempt to invoke federal subject matter jurisdiction. *Id.*, p. 9.

Defendants oppose plaintiffs' Motion to Remand arguing that the deposition testimony, along with Porter defendants' Stipulation of Liability rebuts the presumption of negligence against Bargeman and that deposing Porter is unnecessary in light of the stipulation. Doc. 20, pp. 6-7. Plaintiffs counter that they are not bound by defendants' stipulation and it does not affect their claim against Bargeman. Doc. 21, p. 2, ¶ 5. Defendants also argue in their Supplemental Opposition to Plaintiffs' Motion to Remand maintain that plaintiffs had a chance to depose Porter on April 27, 2020, but failed to do so. Doc. 29, pp. 1-2. Plaintiffs maintain that an unforeseen event made conducting the deposition impossible on that date, and they have consistently requested Porter's presence at a deposition since before the fall of 2019. Doc. 27, pp. 1-2.

## II.
### LAW AND APPLICATION

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). Parties may not consent to nor waive subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). The defendants sought removal on the basis of diversity of citizenship, a form

of subject matter jurisdiction providing federal district courts with original jurisdiction over matters between "citizens of different [s]tates" with an amount "in controversy exceed[ing] the sum or value of $75,000." 28 U.S.C. § 1332. We note that this matter was previously removed on the basis of improper joinder of the non-diverse defendant Bargeman, but it was remanded as the district court concluded defendants failed to rebut the presumption of negligence against Bargeman. A defendant may seek a second removal petition where pleadings, facts, or events give rise to a new ground for removal, even if it is on the same theory of federal jurisdiction. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).

In order for the cause of action to be "between citizens of different [s]tates," complete diversity must exist amongst the parties. *Id*. Complete diversity of citizenship requires that "each defendant [be] a citizen of a different [s]tate from each plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A court may disregard a non-diverse party's citizenship for purposes of determining subject matter jurisdiction if the party was improperly joined. *Allen v. Walmart Stores*, 907 F.3d 170, 183 (5th Cir. 2018). The Porter defendants as the removing party bear the burden of demonstrating improper joinder. *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989). The non-diverse party is improperly joined where "there is no possibility of recovery by the plaintiff against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)). To determine whether a plaintiff can recover against the in-state defendant, a court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*.

The misstatement or omission of facts that would determine the propriety of joinder allows the district court to "pierce the pleadings and conduct a summary inquiry." *Id*. Accordingly, the

court may consider summary judgment-type evidence along with controlling state law "to determine whether the plaintiff has a basis in fact for the claim." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007); *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990). If there is a "reasonable basis for predicting that the state law might impose liability on the facts involved" then the joinder of the in-state defendant is not improper, and the case should be remanded to state court. *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). However, the possibility of liability must be "reasonable and not merely theoretical." *Id.* Additionally, "[t]he district court must also take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *McKee v. Kansas City Southern Ry. Co*, 358 F.3d 329, 334 (5th Cir. 2004) (quoting *Travis*, 326 F.3d at 649).

Predicting the plaintiffs' ability to recover against defendant Bargeman requires an examination of relevant state law. *Smallwood*, 385 F.3d at 573. Drivers have a duty to other motorists to use reasonable care in operating their vehicles and following vehicles must maintain a reasonable distance behind the leading vehicle. *Andersen v. Craig*, 401 So.2d 1022, 1026 (La. Ct. App. 4th 1981). Under Louisiana law, a following motorist is presumed negligent when he rear-ends a leading motorist, but the following motorist can rebut this presumption by proving that he "kept his vehicle under control, closely observed the forward vehicle, and followed at a safe distance under the circumstances." *Covington v. Hughes*, 402 So.2d 198, 200 (La. Ct. App. 1st Cir. 1981) (citing *Eubanks v. Brasseal*, 310 So.2d 550, 553 (La. 1975)). A Louisiana court has imposed sole fault on the rearmost driver under facts similar to this case, wherein (1) the lead driver and middle driver came to a complete stop at a stoplight prior to being hit, (2) the middle driver stopped a reasonable distance behind the lead driver; and (3) the middle driver did not hit the lead driver's

vehicle prior to being rear-ended. *Leblanc v. Bouzon*, 159 So.3d 1144, 1147 (La. Ct. App. 3d Cir. 2015); *See also Ebarb v. Matlock*, 69 So.3d 516, 521 (La. Ct. App. 2d Cir. 2011) ("Generally, where other vehicles are able to stop behind the lead vehicle, the driver of the last vehicle that precipitates the chain reaction collision is negligent.").

Plaintiffs fail to allege specific facts that give rise to a negligence claim against defendant Bargeman, but only argue that they have an interest in performing a further investigation and deposing defendant Porter, who has already stipulated to sole liability. Doc. 11, att. 3, p. 8. Here, plaintiff's pleadings lack specific facts that would assist in determining the propriety of joinder, such as facts demonstrating that Bargeman breached his duty of care. Doc. 1, att. 1, pp. 55-57, ¶ 5-7. Thus, we may "pierce the pleadings" and examine summary judgment-type evidence in determining the viability of plaintiff's claims. *Smallwood*, 385 F.3d at 573.

Defendants submit that the following shows a rebuttal of the presumption of negligence against Bargeman: (1) the police investigation found Bargeman not to be at fault in the collision; (2) deposition testimony from Bargeman stating that he came to a complete stop eight feet behind plaintiffs' vehicle prior to the collision; (3) deposition testimony from the plaintiffs stating that they only felt one impact; (4) defendant Porter's Stipulation of Liability to sole fault for the collision. Doc. 1, p. 6, ¶ 14. As such, defendants argue that there is "no reasonable basis to predict that Bargeman will bear any liability in these proceedings." *Id*. We agree.

Examining the facts in the light most favorable to the plaintiff and considering the state of Louisiana law, it appears that there is no reasonable basis to predict that state law would impose liability upon defendant Bargeman. Plaintiffs do not point to any summary judgment-type evidence that would support their claim against defendant Bargeman, but only speculate that further discovery could produce more information as to Bargeman's liability. Doc. 11, att. 3, p. 2.

The collective deposition testimony establishes that Bargeman came to a gradual stop eight feet behind the plaintiffs prior to the collision and did not have mechanical issues with his vehicle otherwise causing the accident. Doc. 9, atts. 3-5. The depositions, coupled with defendant Porter's Stipulation of Liability, indicate that Porter was solely at fault for the collision and propelled Bargeman's vehicle into the plaintiffs' vehicle. There is no reasonable possibility that plaintiffs could recover against defendant Bargeman under these facts, nor will deposing Porter develop facts sufficient to support a negligence claim. *See Leblanc*, 159 So.3d at 1147.

We should consider the status of discovery and plaintiffs' opportunity to develop claims against the non-diverse defendant. *McKee*, 358 F.3d at 334. In Dalal 1, discovery had yet to take place; now, however, parties have had ample opportunity for discovery. Plaintiffs argue that they may still have a cause of action against Bargeman since deposing Porter could reveal additional information about the accident that would show Bargeman's fault. Doc. 11, att. 3, p. 8.[2] However Porter has already stipulated that Bargeman's vehicle came to a complete stop and that he collided with Bargeman's vehicle, causing Bargeman to hit the plaintiffs' vehicle. Doc. 1, att. 3, p. 2. As defendants argued, deposing Porter at this juncture would be futile in light of his Stipulation of Liability. Doc. 20, p. 7. Clearly, the plaintiffs had the opportunity to develop a theory of recovery against defendant Bargeman. Since they still plead no facts supporting a claim against Bargeman, such existence of a claim remains "merely theoretical." *Plains Trust Co.*, 313 F.3d at 312. As such, we recommend that defendant Bargeman be dismissed as improperly joined and that the plaintiff's motion be denied.

---

[2] See also plaintiff's Motion to Continue Hearing on Defendants' Motion for Summary Judgment, wherein the plaintiff argued for a continuance until after they had deposed Porter. Doc. 13, p. 1-2, ¶ 2. Plaintiff maintained that Porter's deposition was required to resolve the liability issues in the case since Porter had the best view of the accident and most knowledge of the facts. *Id.*, att. 3, pp. 3-5. Defendants submit that they attempted to schedule Porter's deposition in April of this year, but plaintiffs postponed scheduling at the last minute. Doc. 29, pp. 1-2.

Plaintiffs argue that the Porter defendants' Stipulation of Liability "attempts to deprive" plaintiffs of the ability to determine defendant Bargeman's fault. Doc. 11, att. 3, p. 8. Plaintiffs also assert that the Stipulation of Liability is no more than an attempt to invoke federal jurisdiction.[3] *Id.*, p. 9. Though Plaintiffs correctly point out that parties may not confer federal subject matter jurisdiction by agreement, their argument misses the point. The Porter defendants filed a stipulation clearly in recognition of the facts of the case, as revealed in discovery and set forth in Bargeman's List of Material Facts in his Motion for Summary Judgment. Doc. 9, att. 2. The depositions revealed that Mr. Porter took responsibility for the collision at the accident scene. Doc. 20, att. 1, pp. 6-7; att. 3, p. 16. Properly filing a Stipulation of Liability supported by the facts does not constitute consent to federal jurisdiction in a prohibited manner.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** the Motion to Remand [doc. 11] is **DENIED** and that all claims against Eugene V. Bargeman be **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

---

[3] Plaintiffs argued that the Porter defendants' original affirmative defense alleged possible third-party fault, which implies that Bargeman is partially at fault. Doc. 11, att. 3, p. 8. This argument also fails because the defendants' Stipulation of Liability necessarily means they are no longer taking the position that Bargeman was partially at fault.

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of November, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE