UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ROSALINA AYUYU DALAL**                **CASE NO.  2:20-CV-00144**

**VERSUS**                              **JUDGE JAMES D. CAIN, JR.**

**UNITED SPECIALTY INSURANCE CO**       **MAGISTRATE JUDGE KAY**
**ET AL**

### MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 44) filed by Marisa Kay Morrill, Daniel Braunstein, David Braunstein, Donald Braunstein, Michael Cruz and Christopher T. Lewis, who through counsel move for judgment in their favor as a matter of law holding the following:

1. Rosaline Ayuya Dalal and Christopher T. Lewis were rear-ended by a vehicle operated by Eugene v. Bargeman, who was rear-ended and pushed into the rear of Ms. Dalal's vehicle by a vehicle operated by William J. Porter, II.  Rosalina Ayuyu Dalal and Christopher T. Lewis are victims of this rear-end collision and bear no (0%) fault in causing the collision.

2. As the apparent cause of a chain reaction three vehicle rear end collision, defendant, William Jr. Porter, II is presumed to be at fault and bears the burden of exculpating himself from liability for the damages of Rosalina Ayuyu Dalal and Christopher T. Lewis.

3. William J. Porter, II cannot prove that he is free of negligence in causing the collision involving Rosalina Ayuyu Dalal and Christopher T. Lewis. Since Mr. Porter cannot exculpate himself from liability, he must be found to be at fault in causing the collision.

4. At the time of the collision, William J. Porter, II was acting in the course and scope of his employment with Rose Land Development, L.L.C. and therefore, Rose Land Development, L.L.C. is vicariously liable for the negligence of William J. Porter, II.

5. William J. Porter, II acted alone in causing the rear end collision. Mr. Bargeman, the operator of the middle vehicle, has been proven to be free of fault. There is no other potential third-party fault. Therefore, the defense of third party fault asserted by William J. Porter, II is without merit and should be stricken.

6. At the time of the collision, United Specialty Insurance Company was the liability insurer of William J. Porter, II. The applicable limit of coverage of the policy is one million ($1,000,000) dollars plus legal interest and court costs.

7. At the time of the collision, Mrs. Rosalina Ayuyu Dalal was insured for automobile liability by the Nationwide Property and Casualty Company.

8. The determination of the nature and extent of the injuries and damages suffered by Rosalina Ayuyu Dalal and Christopher Lewis is reserved for trial and/or a future date.

## FACTUAL STATEMENT

This lawsuit involves a three -vehicle collision. Rosalina Dalal was the operator of the lead vehicle; Christopher Lewis was a passenger in her vehicle. Due to congested traffic, Ms. Dalal had stopped and was rear-ended by Eugene Bargemen, who was rear-ended by an eighteen wheeler truck operated by Defendant William J. Porter, II.

Ms. Dalal has sued Mr. Porter and his employer and insurer and later amended to add Defendant Mr. Bargeman and his insurer. The suit was originally filed in state court and later removed to this Court. In a Report and Recommendation[1] pursuant to a Motion to Remand, the Magistrate Judge concluded that the third or rear most vehicle was operated by Mr. Porter, II who rear-ended Mr. Bargemen who was legally stopped. Mr. Bargeman was pushed into Ms. Dalal's vehicle which was legally stopped. This Court adopted the Report and Recommendation and denied the remand.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

---

[1] Doc. 31.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

The instant Motion for Summary Judgment filed by Plaintiffs requests a judgment recognizing that at the time of the collision that is the subject of this lawsuit, Defendant Porter was solely at fault, and in the course and scope of his employment with Rose Land Development, L.L.C. ("Rose Land"), and that both Mr. Porter and Rose Land are insured for the torts of Mr. Porter by a policy of insurance issued by United Specialty Insurance Company. In addition, Plaintiff seek a finding that the United Specialty Insurance

Company policy provides coverage in the amount of one million ($1,000,000.00) dollars plus interest and costs.

Defendants, United Specialty, Rose Land and Wiilam J. Porter, II, contend that there is a genuine issue of material fact as to the standing of Michael Cruz because he may not be the biological son of Rosalina Dalal. This issue is not before the Court and will not be addressed herein. Should Defendants desire that the Court address this issue, they should file the appropriate motion.

Defendants refer the Court to a previous Stipulation filed in state court on or about January 30, 2020[2] wherein the parties agreed as follows:

1.

The accident of February 28, 2018 involving three (3) vehicles being operated by Rosaline Dalal, Eugene Bargeman and William Porter, II, respectively, as described in Plaintiffs' Petition for Damages, as amen3ded (sic), was caused solely by the negligence of William J. Porter, II.

2.

Plaintiffs' vehicle had come to a complete stop at a red traffic light on Nelson Road near the intersection with Woodland Drive in Lake Charles, Louisiana.  Mr. Bargeman's vehicle had also come to a complete stop about eight (8) feet behind Plaintiffs' vehicle.  Mr. Porter was operating a 2000 Peterbilt 379 truck bearing Mississippi license plate number A431603,

---

[2] Plaintiff's exhibit 4.

hauling a 2009 FO Trailer, bearing Mississippi license plate number 315921 (2018), and collided with the rear of Mr. Bargeman's vehicle, propelling his vehicle into the rear of the Plaintiffs' vehicle. Plaintiffs testified they felt only one impact, which was the impact caused by Mr. Porter pushing Mr. Bargeman's vehicle into the rear of Plaintiffs' vehicle.

3.

At the time of the aforesaid accident, William J. Porter, II was in the course and scope of his employment with Rose Land Development LLC, and was insured under United Specialty Insurance Company Policy No. RWD-MS7007130 issued in favor of Rose Land Development LLC, which was in effect on the date of the incident sued upon herein.

4.

Defendants dispute any connection between Plaintiff's alleged injuries and the aforesaid incident, and Plaintiffs are placed on their full proof of establishing that any such alleged injuries were caused by the aforesaid incident.[3]

The Stipulation was signed by Defense counsel on or about January 20, 2020. Due to the Stipulation of Liability, Defendants argue that Plaintiffs' motion should be denied as moot. Plaintiffs maintain that its motion seeks to dismiss Defendants' Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, and twelfth defense.

---

[3] Plaintiffs' exhibit 4.

     Defendants have provided no summary judgment evidence to establish that Plaintiffs Rosalina Ayuyu Dalal and Christopher T. Lewis were at fault in the collision, nor have Defendants submitted evidence that Defendant Porter is not solely at fault for the collision. Defendants have provided no summary judgment evidence to establish that Defendant Porter was not acting in the course and scope of his employer, Rose Land, or that the operator of the middle vehicle, Mr. Bargeman was at fault.  Defendants have provided no summary judgment evidence that the United Specialty policy should not be applied and that its applicable limit of coverage of the policy is one million ($1,000,000.00) dollars. Defendants state that there is an issue of fact as to "[w]hether the policy issued by United Specialty Insurance Company in favor of Rose Land Development LLC provided coverage for 'legal interest and court costs'?" However, Defendants make nor argument, nor provide the court with any case law to support their position.

     The Court finds that Defendants have failed to present any summary judgment evidence to create a genuine issue of material fact for trial.

## **CONCLUSION**

     The Court will grant Plaintiff's Motion for Summary Judgment finding that Defendant Porter is solely at fault in the collision, that Defendant Porter was within the course and scope of his employment, that the policy issued by United Specialty provides coverage for $1,000,000.00 dollars including legal interest and court costs, and at the time of the collision, Mrs. Rosalina Ayuyu Dalal was insured for automobile liability by Nationwide Property and Casualty Company.

However, as noted by the Stipulation, because Defendants dispute any connection between Plaintiff's alleged injuries and the incident, Plaintiffs bear the burden at trial to prove that their alleged injuries were caused by the collision.

**THUS DONE AND SIGNED** in Chambers on this 17th day of September, 2021.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE